JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jacovetti Law, P.C.

**DEFENDANTS**
James Everett Shelton

**(b)** County of Residence of First Listed Plaintiff: Queens
*(EXCEPT IN U.S. PLAINTIFF CASES)*
194 Old Country Rd
Mineola NY 11501

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joshua L Thomas
225 Wilmington West Chester Pk, Ste 200
Chadds Ford PA 19317

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 18 USC 1961
Brief description of cause: False litigation by Defendant

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 1/6/20
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

JAN -9 2020

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Jacquett Law PC  194 Old Country Rd Minolta NY 11501

Address of Defendant: James Everett Shelton  316 Covered Bridge Road, King of Prussia, PA 19449

Place of Accident, Incident or Transaction: 194 Old Country Rd. Minolta NY 11501

---

**RELATED CASE, IF ANY:**

Case Number: 18-03723    Judge: JDW    Date Terminated: N/A

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes [X]  No [ ]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes [ ]  No [X]

I certify that, to my knowledge, the within case [X] is  [ ] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/6/20    /s/ John — Must sign here    312476
Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**

[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[X] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[X] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
    *(Please specify):* _____

THIS CASE IS RELATED TO: 18CV3723

CIVIL ACTION NO.  
CRIMINAL NO.  20CV163

ASSIGNED TO: Judge Wolson

---

*(The effect of this certification is to remove the case from eligibility...)*

I, Joshua Thomas, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 1/6/20    Sign here if applicable    312476
Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JAN -9 2020

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Jacovetti Law PC : CIVIL ACTION
v. :
Shelton : NO. 20  163

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

1/6/20                Joshua Thomas             Plaintiff
**Date**              **Attorney-at-law**       **Attorney for**

215-806-1733          848-314-8910              JoshuaLThomas@gmail.com
**Telephone**         **FAX Number**            **E-Mail Address**

(Civ. 660) 10/02

JAN -9 2020


Case 2:20-cv-00163-JDW   Document 1   Filed 01/09/20   Page 4 of 16

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOVETTI LAW, P.C.<br>194 OLD COUNTRY ROAD<br>MINEOLTA, NY 11501, | CIVIL ACTION NO.: **20    163**<br><br>*Civil Action* |
| ROBERT C. JACOVETTI<br>194 OLD COUNTRY ROAD<br>MINEOLTA, NY 11501, | |
| FCS CAPITAL LLC,<br>30 MONTGOMERY STREET SUITE 1200<br>JERSEY CITY, NJ 07302 | |
| BARRY SHARGEL INDIVIDUALLY AND<br>AS MANAGING MEMBER OF FCS<br>CAPITAL LLC,<br>30 MONTGOMERY STREET SUITE 1200<br>JERSEY CITY, NJ 07302 | |
| AND | |
| EMIL YASHAYEV INDIVIDUALLY AND<br>AS MANAGING MEMBER OF FCS<br>CAPITAL LLC,<br>30 MONTGOMERY STREET SUITE 1200<br>JERSEY CITY, NJ 07302 | FILED<br>JAN -9 2020<br>KATE BARKMAN, Clerk<br>By_____ Dep. Clerk |
| PLAINTIFFS,<br><br>V.<br><br>JAMES EVERETT SHELTON<br>316 COVERED BRIDGE ROAD<br>KING OF PRUSSIA, PA 19406<br><br>AND<br><br>FINAL VERDICT SOLUTIONS<br>316 COVERED BRIDGE ROAD<br>KING OF PRUSSIA, PA 19406<br><br>AND | |

DAN BOGER
333 DEAN DRIVE
ROCKVILLE MARYLAND 20551

DEFENDANTS.

## COMPLAINT

Plaintiffs, JACOVETTI LAW, P.C., ROBERT C. JACOVETTI, FCS CAPITAL LLC, BARRY SHARGEL INDIVIDUALLY AND AS MANAGING MEMBER OF FCS CAPITAL LLC AND EMIL YASHAYEV ("Plaintiffs"), by and through their undersigned counsel, hereby submit this Complaint against Defendants, JAMES EVERETT SHELTON, (Shelton) and FINAL VERDICT SOLUTIONS and in support thereof, states as follows:

### I. Parties and Jurisdiction

1. Plaintiff JACOVETTI LAW, P.C. is, a firm in the State of New York with a principle place of business located at 194 Old Country Road Mineolta, NY 11501.

2. Plaintiff ROBERT C. JACOVETTI is the principal of JACOVETTI LAW, P.C., PC with a principle place of business located at/within 194 Old Country Road Mineolta, NY 11501.

3. Plaintiff FCS CAPITAL LLC is a business with a principle place of business located at 30 Montgomery Street Suite 1200 Jersey City, NJ 07302.

4. Plaintiff BARRY SHARGEL is a managing member of FCS CAPITAL LLC which is a business with a principle place of business located at 30 Montgomery Street Suite 1200 Jersey City, NJ 07302.

5. Plaintiff EMIL YASHAYEV is a managing member of FCS CAPITAL LLC which is a business with a principle place of business located at 30 Montgomery Street Suite 1200 Jersey City, NJ 07302.

6. Defendant JAMES EVERETT SHELTON is of majority age residing in his home located at 316 Covered Bridge Road King of Prussia, PA 19406.

7. Defendant FINAL VERDICT SOLUTIONS is an entity run out of JAMES EVERETT SHELTON's home located at 316 Covered Bridge Road King of Prussia, PA 19406.

8. Defendant DAN BOGER is of majority age residing in his home located at 333 Dean Drive Rockville, Maryland 20551.

9. Jurisdiction is based on 28 U.S. Code § 1332(a). The amount in controversy is in excess of $75,000.00;

10. Jurisdiction is also based on 28 U.S. Code § 1331 as the issue in controversy arising under the Constitution, laws, or treaties of the United States,

11. This Court has supplemental jurisdiction over Defendant pursuant to 28 U.S. Code § 1367 for all state claims.

12. At all times relevant and material hereto the named Defendant did act on its own individual behalf and as agents, servants, servicers, workmen and/or employees of each other, under each other's management, supervision, direction and control.

## II. Background Material Facts

1. Defendant Shelton runs a scheme and is a well known serial filer of carbon copy complaints, alleging TCPA (Telephone Consumer Protection Act) and other similar actions against various firms and forcing them into settlement based on materially

misrepresented facts and/or entirely fabricated scenarios that Shelton alleges.

2. Shelton then uses the firm that he runs out of his own home, Final Verdict Solutions, to essentially collect on the judgments that he forces upon these companies, in order to collect the settlement that was agreed to.

3. Often times, Shelton will either hold himself out as an attorney or use two specific attorneys for his scheme, Bryan Anthony Reo (REO) of REO LAW LLC which only uses a business address of PO Box 5100 Mentor, Ohio 44061 and Clayton S. Morrow of Morrow & Artim, P.C. 304 Ross St., 7th Fl. Pittsburgh, PA 15219.

4. At the time of filing, Shelton has 21 cases alone in the Eastern District of Pennsylvania that were filed and upon information and belief, 29 total around the country. [1]

5. To perpetuate this scheme, Shelton will often induce companies to call him, then claim they called him improperly, sue and they will settle rather than fight a protracted battle.

6. One of the more recent cases is against the Plaintiffs in this matter SHELTON v. FCS CAPITAL LLC et al at 2:18-cv-03723-JDW.

7. In that case, the original complaint was filed on August 30, 2018.

8. An amended complaint was then filed on November 13, 2018, and included Plaintiffs

---

[1] 2:08-cv-77863-ER SHELTON v. TYCO INTERNATIONAL (U.S.) INC. et al; 2:96-cv-03437-LB HAFFEY, et al v. SOFAMOR DANEK GROUP, et al; 2:16-cv-01650-PD SHELTON v. EXPERIAN INFORMATION SOLUTIONS, INC. et al;
2:17-cv-02367-JHS SHELTON v. MARK D. GUIDUBALDI & ASSOCIATES LLC et al; 2:17-cv-02368-LDD SHELTON v. DOAN SOLUTIONS, LLC et al; 2:17-cv-02620-TJS SHELTON v. ICAPITAL; CASH GROUP INC. et al; 2:17-cv-02851-GJP SHELTON v. MERCHANT SOURCE INC. ("MSI") et al; 2:17-cv-03301-RBS SHELTON v. FUNDBOX, INC.; 2:17-cv-04063-RBS SHELTON v. NATIONAL; GAS & ELECTRIC, LLC; 2:18-cv-01655-MAK SHELTON v. CENTERPOINTE LENDING STUDENT LOAN SERVICES et al; 2:18-cv-02070-NIQA SHELTON v. TARGET ADVANCE LLC; 2:18-cv-02071-CFK SHELTON v. FAST ADVANCE FUNDING, LLC; 2:18-cv-02072-TJS SHELTON v. PARAMOUNT HOLDING COMPANY, LLC; 2:18-cv-02186-TJS SHELTON v. CAPITAL; ADVANCES LLC et al; 2:18-cv-02187-CFK SHELTON v. ARETE FINANCIAL; GROUP et al; 2:18-cv-02259-PBT SHELTON v. RFR CAPITAL; LLC et al; 2:18-cv-02545-MSG SHELTON v. NATIONAL; STUDENT ASSIST LLC et al; 2:18-cv-02759-GEKP SHELTON v. IVEST 360, LLC; 2:18-cv-03723-JDW SHELTON v. FCS CAPITAL; LLC et al; 5:19-cv-02466-JFL SHELTON v. TRIFECTA SOLAR LLC et al; and 2:18-cv-04375-CFK SHELTON et al v. DIRECT ENERGY, LP, et al .

Jacovetti Law, P.C. and Robert C. Jacovetti.

9. A Safe harbor letter was sent informing Shelton of these bad acts. (See Exhibit A).

10. In fact, he attempted to get a default against these parties, however, once a motion to vacate said default was filed, he withdrew the case against Jacovetti Law, P.C. and Robert C. Jacovetti on February 6, 2019.

11. This was not before he and his attorneys threatened Jacovetti and his firm several times, with emails and phone calls and potentially defaming Mr. Jacovetti and his firm with the suit itself, as well as all other Plaintiffs.

12. At that time, Shelton's attorneys, Reo and Morrow both entered the case.

13. The problem with this case, is that it was setup for the sole purpose of extracting as settlement, based on false pretenses.

14. Substantially all of the "facts" alleged by Shelton are either palpable incorrect, or misstated to intentionally be misleading.

15. First, the T-mobile usage screenshot and also the email that Shelton received did not come from any of the Plaintiffs, rather it came from an entity known as "Fast Advance" at the time in question.

16. Shelton sent information to Plaintiff Robert C. Jacovetti as "evidence" in that case. (See Exhibits B and C – T-mobile usage screenshot and email to Shelton

17. Further, Business Debt Experts and Business Debt Relief, LLC are not actual companies nor are they actual D/B/A's and as such, all facts alleged by Shelton in this regard are simply not accurate or have any relation with reality.

18. Michael Deangelis was an employee of Fast Advance Funding (FAF) during the time that Shelton is alleging.

19. In fact, Shelton even mentions this in his Complaint, yet still continues to reference the improper parties.

20. Mr. Deangelis was calling from his personal cell phone which none of the parties in this case have an authority over.

21. Further, Mr. Deangelis was sending emails from FAF after May 1st and therefore he could not be working for any Plaintiffs because the emails would have been sent from a Plaintiff entity, which they were not.

22. While the phone number 347-707-7942 is a number owned by FCS Capital LLC, the number could have been spoofed by Michael Deanglis in order to get back at the Plaintiffs for firing him.

23. Further, the application that Deanglis sent Shelton from his "FAF" email with Plaintiff's letter head was once again something that could have been done for "revenge" and the documents were something Deanglis had from his time working with Plaintiff before the time in question.

24. Further, paragraph 62 on page 14 of the complaint is a phone number that is owned by Plaintiff but that was not Deanglis' old number.

25. Further, on page 19, paragraph 110 on the Complaint, pursuant to internal call records, that number did not make the alleged call at that time.

26. On paragraph 71 on page 15 of the complaint, where calls are alleged, an internal review of the phone records show those calls did not happen at that time.

27. Further, the alleged number does not do text messaging, auto dialer or touch 1 calls, so these assertions are not accurate.

28. Additionally, Shelton claims that Anthony Diaz called him several times from May

through August.

29. However, during this time, Shelton engaged in conversation with Anthony and expressed interest in Plaintiff's service, that is why Anthony kept calling him to follow up on previous conversations.

30. In Shelton's call log on 10/17/2018 a text was allegedly sent from a number ending in 3787.

31. Plaintiffs have reviewed all activity for that extension for that day.

32. It was two calls that came in; nothing going out and that number does not, in fact, send texts.

33. Further, Shelton says that Terrell called him multiple times and yet again, the phone records do not match this.

34. Finally, it is clear these actions are all being brought for the same purpose by Shelton and his attorneys and has been doing so for some time.

35. However, Shelton continues to try and pursue this case improperly against the remaining Defendants.

36. Defendant Dan Boger has often assisted Shelton in these matters, communicated directly with Plaintiffs, and is incorporated by reference in the aforementioned actions.

## COUNT ONE – ALL DEFENDANTS
## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

1. Plaintiff hereby incorporate by reference all preceding paragraphs as if set forth at length herein.

2. Further, there is an action for Racketeer Influenced and Corrupt Organizations Act (RICO), Pub.L. 91–452, Title IX, 84 Stat. 941, as amended, 18 U.S.C. §§ 1961–1968, because there

was a "pattern of racketeering activity," which the statute defines as "at least two acts of racketeering activity" within a ten year period. 18 U.S.C. § 1961(5); Tabas, 47 F.3d at 1290.

3. At all times relevant and material hereto the Defendants did use electronic transmission, including fax, internet, in order to engage in deceptive and fraudulent practices, to wit: the deceptive, fraudulent and unlawful taking, theft and attempted conversion of Plaintiff's property – all of which is in violation of 18 U.S. Code § 1343.

4. Further, there is an action for Racketeer Influenced and Corrupt Organizations Act (RICO), Pub.L. 91–452, Title IX, 84 Stat. 941, as amended, 18 U.S.C. §§ 1961–1968, because there was a "pattern of racketeering activity," which the statute defines as "at least two acts of racketeering activity" within a ten year period. 18 U.S.C. § 1961(5); Tabas, 47 F.3d at 1290.

5. Defendants have established a 'pattern of activity', by an 'enterprise', which has committed 'predicate acts', those acts never occurring more than ten years apart from the previous act(s).

6. The RICO statute is intended to address repeat, rather than one-shot, criminal activity.

7. For this reason, "the heart of any RICO complaint is the allegation of a pattern of racketeering." *See Agency Holding Corp. v. Malley-Duff & Assoc., Inc.*, 483 U.S. 143, 154 (1987).

8. The RICO statute also proscribes activities involving the "collection of an unlawful debt" as a separate basis for a RICO claim. *See 18 U.S.C. § 1962(a)-(c)*.

9. Wary of seeing "garden variety" fraud cases dressed up as federal claims, federal courts have used the "pattern" element as a means "to trim off the excesses of a civil RICO claim." *See United States v. O'Connor*, 910 F.2d 1466, 1468 (7th Cir. 1990).

10. Federal courts have revealed some difficulty articulating exactly what type of proof is sufficient to meet the "pattern" element. *See U.S. Textiles, Inc. v. Anheuser-Busch Cos.*, 911 F.2d 1261, 1266 (7th Cir. 1990) *("[A] definition for precisely what activity will constitute a 'pattern' for purposes of the RICO statute has eluded the federal courts.")*.

11. Nonetheless, the aforementioned facts support this claim in this action.

12. In fact, the continued pursuit by Defendants clearly illustrates that the actions are still ongoing, to this day.

**WHEREFORE,** the Plaintiff demand judgment against all Defendants, individually, jointly and severally for damages, interests and costs of suit including:

    a. Punitive and/or treble damages;

    b. Damages as permitted by statute;

    c. Counsel fees;

    d. All other relief this Court deems necessary and just.

### COUNT TWO – SHELTON
### Wire Fraud

13. Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth at length herein.

14. At all times relevant and material hereto the Defendant did use electronic transmission, including fax, internet, in order to engage in deceptive and fraudulent practices, to wit: the

deceptive, fraudulent and unlawful filing of friviolous lawsuits, including the one against the Plaintiffs in this matter.

15. Further, there is an action for Racketeer Influenced and Corrupt Organizations Act (RICO), Pub.L. 91–452, Title IX, 84 Stat. 941, as amended, 18 U.S.C. §§ 1961–1968, because there was a "pattern of racketeering activity," which the statute defines as "at least two acts of racketeering activity" within a ten year period. 18 U.S.C. § 1961(5); Tabas, 47 F.3d at 1290.

16. There is no question Shelton, his collection firm, and his attorneys, file these frivolous suits for the sole purpose of extracting finds from companies.

17. As was previously stated, they have filed dozens of these cases, and continue to do so across the country.

18. There is no reason why this process should be permitted to continue.

**WHEREFORE,** the Plaintiff demand judgment against all Defendant, individually, jointly and severally for damages, interests and costs of suit including:

  e. Punitive and/or treble damages;

  f. Damages as permitted by statute;

  g. Counsel fees;

  h. All other relief this Court deems necessary and just.

### COUNT THREE – SHELTON
### Defamation

19. Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth at length herein.

20. At all times relevant herein, Defendant has published statements both orally and through the filing of his complaints that are false and negative representations concerning Plaintiffs.

21. At a minimum, Defendant has published these statements in the complaints that were filed.

22. The statements made by Defendant are false, as the actions alleged was purely caused by Defendant's bad faith actions and/or other parties.

23. Defendant knew, or should have known, that the statements that it made were false when made and that it had no factual basis for making the statements that it did, as Plaintiffs had notified Defendant that the statements were false for the aforementioned reasons and, nevertheless, Defendant continued to publish such statements up to and through the present time.

24. The written statements and publications are libel per se.

25. The oral statements and publications are slander per se.

26. In addition, and despite the repeated notices from Plaintiff, Defendant has acted with malice by failing to withdraw this complaints.

27. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages, and harm to Plaintiff that are outlined more fully above and, as a result, Defendant are liable to compensate Plaintiff for the full amount of actual, compensatory, and punitive damages, as well as other such relief, as permitted by law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs requests that this Court enter judgment in their favor and against Defendant, as follows:

    a. Awarding Plaintiff actual damages against Defendant;
    b. Awarding Plaintiff damages for emotional distress against Defendant;

        c.    Awarding Plaintiff attorneys' fees and costs against Defendant;
        d.    Imposing any other appropriate monetary sanctions against Defendant; and
        e.    Any other relief that this Court deems just and proper.

## COUNT FOUR – ALL DEFENDANTS
## UNJUST ENRICHMENT

28. Plaintiffs hereby incorporate by reference all preceding allegations as if fully set forth at length herein.

29. Under Pennsylvania law, a claim of unjust enrichment must allege the following elements: (1) plaintiff conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) acceptance and retention by the defendant of the benefits, under the circumstances, would make it inequitable for the defendant to retain the benefit without paying for the value of the benefit. *Com. ex. rel. Pappert v. TAP Pharm. Prods., Inc.*, 885A.2d 1127 (Pa. Commw. 2005).

30. Because of the numerous aforementioned misrepresentations, Defendants attempt to be unjustly enriched by Plaintiffs.

31. Defendants either through intentional actions or gross negligence continued to attempt to enriched through their actions.

32. Accordingly, Defendants are attempting to receive a benefit they are not entitled to.

**WHEREFORE,** the Plaintiff demand judgment against all Defendants, individually, jointly and severally for damages, interests and costs of suit including:

    a. Punitive and/or treble damages;

    b. Damages as permitted by statute;

    c. Counsel fees;

    d. All other relief this Court deems necessary and just.

Dated: 1/6/2020

/s/ Joshua Thomas

Joshua Thomas, Esquire
Joshua L. Thomas & Associates
225 Wilmington-West Chester Pike
Suite 200
Chadds Ford, PA 19317
Attorney for Plaintiff