UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JACOVETTI LAW, P.C., ET AT.,**  Plaintiffs,  v.  **JAMES EVERETT SHELTON, ET AL.,**  Defendants. | Case No. 2:20-cv-00163-JDW  Hon. Joshua D. Wolson |

**DEFENDANTS JAMES EVERETT SHELTON'S AND FINAL VERDICT SOLUTIONS' ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES**

NOW COMES James Everett Shelton ("Shelton") and Final Verdict Solutions ("FVS") (Shelton and FVS collectively "Defendants"[1]), and hereby propound upon Jacovetti Law, P.C. ("JL"), Robert C. Jacovetti ("Jacovetti"), FCS Capital, LLC ("FCS"), Barry Shargel ("Shargel"), and Emil Yashayev ("Yashayev") (JL, Jacovetti, FCS, Shargel, and Yashayev collectively "Plaintiffs") and this Honorable Court Defendants James Everett Shelton's and Final Verdict Solutions' Answer to Plaintiffs' Complaint with Affirmative Defenses:

**ANSWER**

**I.  PARTIES AND JURISDICTION**

1. No contest.
2. No contest.
3. No contest.
4. No contest.

---

[1] The term "Defendants" for purposes of this Answer does not include Dan Boger, a co-defendant who is not represented by the undersigned attorney.

5. No contest.

6. No contest.

7. No contest.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.

## II. BACKGROUND MATERIAL FACTS

1. [2]Denied as untrue; to wit: Shelton does not run a "scheme" of filing Telephone Consumer Protection Act (the "TCPA") civil actions whereby Shelton forces defendants into settlement based upon "misrepresented facts and/or entirely fabricated scenarios[.]" Shelton brings forth and litigates only meritorious claims against tortfeasors who wrong Shelton by violating the TCPA.

2. Denied as untrue that Shelton "forces" judgments upon companies. No contest that Shelton engages in debt collection-related efforts against tortfeasors who owe Shelton money.

---

[2] Section II of Plaintiffs' Complaint restarts the numbering of the paragraphs at 1. The numbering of the paragraphs of Defendants' Answer will correlate to the same numbering system used by Plaintiffs.

3. Denied as untrue that Shelton holds himself out as an attorney or that Shelton engages in a "scheme." Admitted as true that Shelton has previously retained the legal services of Attorney Bryan A. Reo of Reo Law, LLC, and Attorney Clayton S. Morrow of Morrow & Artim, P.C., to sue tortfeasors who have wronged Shelton.

4. No contest. Shelton further avers that Shelton is willing, able, and eager to sue companies which violate federal statutory law.

5. Denied as untrue; to wit: Shelton does not engage in a "scheme," and Shelton does not "induce companies to call him." No contest that Shelton has sued companies which violate the TCPA and that companies which violate the TCPA often elect to settle than to "fight a protracted battle."

6. No contest.

7. No contest.

8. No contest.

9. No contest.

10. No contest.

11. Denied as untrue that Jacovetti and JL were "threatened" by Defendants or that Jacovetti and JL would be subjected to defamation by Defendants via the filing of a complaint.

12. No contest.

13. Denied as untrue; to wit: Shelton's claims against the defendants in the civil action described by Plaintiffs were meritorious. Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

14. Denied as untrue; to wit: Shelton's claims against the defendants in the civil action described by Plaintiffs were meritorious. Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

15. Denied as untrue; to wit: Shelton's claims against the defendants in the civil action described by Plaintiffs were meritorious. Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

16. No contest.

17. Denied as untrue; to wit: Shelton's claims against the defendants in the civil action described by Plaintiffs were meritorious. Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs. Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs. Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs. Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.  Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.  Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.  Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.  Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.  Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.  Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.  Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs. Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs. Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs. Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs. Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs. Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

34. Denied as untrue; to wit: Shelton brings forth meritorious claims against tortfeasors which violate the TCPA. Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

35. Denied as untrue; to wit: Shelton brings forth meritorious claims against tortfeasors which violate the TCPA. Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

36. No contest.

## COUNT ONE – ALL DEFENDANTS
## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

1. Defendants hereby incorporated by reference all preceding paragraphs of this Answer as if fully set forth herein.

2. Denied as untrue; to wit: Defendants did not engage in a pattern of racketeering activity. Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

3. Denied as untrue; to wit: Defendants did not engage in a pattern of racketeering activity. Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

4. Denied as untrue; to wit: Defendants did not engage in a pattern of racketeering activity. Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

5. Denied as untrue; to wit: Defendants did not engage in a pattern of racketeering activity. Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation. Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation. Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.  Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.  Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.  Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

11. Denied as untrue; to wit:  Defendants did not engage in any criminal or tortious conduct against Plaintiffs.  Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

12. Denied as untrue; to wit:  Defendants do not engage in any criminal or tortious conduct against Plaintiffs.  Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

WHEREFORE, Defendants pray that this Honorable Court will find that no cause exists as to Plaintiffs' claim for relief against Defendants and that the Court will sanction Plaintiffs accordingly by awarding Defendants any and all attorney's fees and costs which Defendants incur to defend the instant civil action which is on its face frivolous.

### COUNT TWO – SHELTON
### Wire Fraud

13. Defendants hereby incorporated by reference all preceding paragraphs of this Answer as if fully set forth herein.

14. Denied as untrue; to wit:  Defendants did not engage in "deceptive and fraudulent practices."  Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

15. Denied as untrue; to wit:  Defendants did not engage in a pattern of racketeering activity. Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

16. Denied as untrue; to wit:  Defendants do not file frivolous civil actions.  Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

17. No contest that Shelton has filed "dozens" of TCPA-related civil actions, but denied as untrue that said cases are frivolous or actionable in and of themselves.

18. Denied as untrue; to wit:  if companies which violate the TCPA do not want to be sued, then they should stop calling victims like Shelton.  Unless and until telephone calls which violate the TCPA cease being made to Shelton's telephone, the lawsuits will continue.

    WHEREFORE, Defendants pray that this Honorable Court will find that no cause exists as to Plaintiffs' claim for relief against Defendants and that the Court will sanction Plaintiffs accordingly by awarding Defendants any and all attorney's fees and costs which Defendants incur to defend the instant civil action which is on its face frivolous.

### COUNT THREE – SHELTON
### Defamation

19. Defendants hereby incorporated by reference all preceding paragraphs of this Answer as if fully set forth herein.

20. Denied as untrue that Shelton has published statements concerning Plaintiffs which are false and negative

21. No contest that Shelton has written statements in complaints which were filed, but Shelton further avers that the same are privileged pursuant to the judicial proceedings privilege.

22. Denied as untrue; to wit:  Shelton's claims against people who and companies which wrong Shelton are meritorious.  Shelton further avers that the same are privileged pursuant to the judicial proceedings privilege.

23. Denied as untrue; to wit:  Shelton's claims against people who and companies which wrong Shelton are meritorious.  Shelton further avers that the same are privileged pursuant to the judicial proceedings privilege.

24. Denied as untrue; to wit:  Shelton's claims against people who and companies which wrong Shelton are meritorious.  Shelton further avers that the same are privileged pursuant to the judicial proceedings privilege.

25. Denied as untrue; to wit:  Shelton's claims against people who and companies which wrong Shelton are meritorious.  Shelton further avers that the same are privileged pursuant to the judicial proceedings privilege.

26. Denied as untrue; to wit:  Shelton's claims against people who and companies which wrong Shelton are meritorious.  Shelton further avers that the same are privileged pursuant to the judicial proceedings privilege.

27. Denied as untrue; to wit:  Shelton's claims against people who and companies which wrong Shelton are meritorious.  Shelton further avers that the same are privileged pursuant to the judicial proceedings privilege.

WHEREFORE, Defendants pray that this Honorable Court will find that no cause exists as to Plaintiffs' claim for relief against Defendants and that the Court will sanction Plaintiffs

accordingly by awarding Defendants any and all attorney's fees and costs which Defendants incur to defend the instant civil action which is on its face frivolous.

## COUNT FOUR – ALL DEFENDANTS
### Unjust Enrichment

28. Defendants hereby incorporated by reference all preceding paragraphs of this Answer as if fully set forth herein.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.  Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

30. Denied as untrue.  Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

31. Denied as untrue.  Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

32. Denied as untrue.  Defendants further aver that Plaintiffs are improperly trying to relitigate a case which was resolved on the merits in favor of Shelton.

WHEREFORE, Defendants pray that this Honorable Court will find that no cause exists as to Plaintiffs' claim for relief against Defendants and that the Court will sanction Plaintiffs accordingly by awarding Defendants any and all attorney's fees and costs which Defendants incur to defend the instant civil action which is on its face frivolous.

## **AFFIRMATIVE DEFENSES**

1. All of Plaintiffs' instant claims against Defendants are frivolous via the doctrines of *res judicata*; to wit:   in *James Everett Shelton v. FCS Capital LLC*, Case No. 2:18-cv-03723-JDW at the United States District Court for the Eastern District of Pennsylvania, Shelton prevailed on the merits and Plaintiffs are trying to relitigate Shelton's previous claims in the instant civil action.

See Exhibit A - *James Everett Shelton v. FCS Capital LLC*, Case No. 2:18-cv-03723-JDW Opinion (E.D. Pa. December 11, 2019); Exhibit B - *James Everett Shelton v. FCS Capital LLC*, Case No. 2:18-cv-03723-JDW Order (E.D. Pa. December 11, 2019).

2. Plaintiffs' claims against Defendants are frivolous via the common law judicial proceedings privilege.

                                              Respectfully submitted,

                                              **REO LAW, LLC**

                                              /s/ Bryan A. Reo
                                              Bryan A. Reo, Esq.
                                              P.O. Box 5100
                                              Mentor, OH 44061
                                              (T):  (216) 505-0811
                                              (E):  reo@reolaw.org
                                              *Attorney for James Everett Shelton and Final Verdict Solutions- Pro Hac Admission Pending*

Dated:  February 10, 2020

## CERTIFICATE OF SERVICE

I, Bryan A. Reo, affirm that I am an attorney of record for a party to the above-captioned civil action, and on February 10, 2020, I submitted Defendants James Everett Shelton's and Final Verdict Solutions' Answer to Plaintiffs' Complaint with Affirmative Defenses to the Court's Electronic Filing System, which should provide notification to all attorneys of record that said filing has been submitted.

/s/ Bryan A. Reo
Bryan A. Reo, Esq.
P.O. Box 5100
Mentor, OH 44061
(T): (216) 505-0811
(E): reo@reolaw.org
*Attorney for James Everett Shelton and Final Verdict Solutions Pro Hac Admission Pending*

Dated: February 10, 2020