**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JACOVETTI LAW, P.C., ET AT.,** | Case No. 2:20-cv-00163-JDW |
| Plaintiffs, | Hon. Joshua D. Wolson |
| v. | |
| **JAMES EVERETT SHELTON, ET AL.,** | |
| Defendants. | |

**DEFENDANTS JAMES EVERETT SHELTON'S AND FINAL VERDICT SOLUTIONS'**
**MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO**
**FED. R. CIV. P. 12(C)**

**(ORAL ARGUMENT NOT REQUESTED)**

NOW COMES James Everett Shelton ("Shelton") and Final Verdict Solutions ("FVS") (Shelton and FVS collectively "Defendants"[1]), and hereby propound upon Jacovetti Law, P.C. ("JL"), Robert C. Jacovetti ("Jacovetti"), FCS Capital, LLC ("FCS"), Barry Shargel ("Shargel"), and Emil Yashayev ("Yashayev") (JL, Jacovetti, FCS, Shargel, and Yashayev collectively "Plaintiffs") and this Honorable Court Defendants James Everett Shelton's and Final Verdict Solutions' Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c):

1. For the reasons set forth in Defendants James Everett Shelton's and Final Verdict Solutions' Brief in Support of their Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(C), Defendants are entitled to judgment on the pleadings because (1) the doctrine of *res judicata* precludes Plaintiffs from relitigating the facts which were at issue in *James Everett Shelton v. FCS Capital LLC*, Case No. 2:18-cv-03723-JDW (E.D. Pa.) and (2) the judicial

---

[1] The term "Defendants" for purposes of this Answer does not include Dan Boger, a co-defendant who is not represented by the undersigned attorney.

proceedings privilege immunizes Defendants from liability for anything which was contained

within Defendants' pleadings for *James Everett Shelton v. FCS Capital LLC*, Case No. 2:18-cv-

03723-JDW (E.D. Pa.).

2.   Plaintiffs' claims against Defendants are facially frivolous, and Plaintiffs' attorney of

record should be sanctioned pursuant to 28 U.S.C. § 1927.

WHEREFORE, Defendants pray that this Honorable Court will grant judgment to

Defendants on the pleadings pursuant to Fed. R. Civ. P. 12(c) and that the Court will sanction

Plaintiffs' attorney for having unreasonably and vexatiously filed the facially frivolous Complaint

against Defendants pursuant to 28 U.S.C. § 1927.

Respectfully submitted,

**REO LAW, LLC**

/s/ Bryan A. Reo
Bryan A. Reo, Esq.
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
*Attorney for James Everett Shelton and Final Verdict Solutions*

Dated:  February 11, 2020

2

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JACOVETTI LAW, P.C., ET AT.,** | Case No. 2:20-cv-00163-JDW |
| Plaintiffs, | Hon. Joshua D. Wolson |
| v. | |
| **JAMES EVERETT SHELTON, ET AL.,** | |
| Defendants. | |

**<u>DEFENDANTS JAMES EVERETT SHELTON'S AND FINAL VERDICT SOLUTIONS'
BRIEF IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS
PURSUANT TO FED. R. CIV. P. 12(C)</u>**

## TABLE OF CONTENTS

I. TABLE OF AUTHORITIES.................................................................................. 2

II. ISSUES PRESENTED...................................................................................... 4

III. STATEMENT OF FACTS ................................................................................ 5

IV. LAW & ARGUMENT ...................................................................................... 6

    A. DEFENDANTS ARE ENTITLED TO JUDGMENT ON THE PLEADINGS
    PURSUANT TO FED. R. CIV. P. 12(C) PURSUANT TO THE DOCTRINE OF
    *RES JUDICATA* AND/OR THE COMMON LAW JUDICIAL PROCEEDINGS
    PRIVILEGE............................................................................................................6

        1. STANDARD OF REVIEW ............................................................... 6

        2. PRINCIPAL POINT OF ARUGMENT .............................................. 7

            a. THE DOCTRINE OF *RES JUDICATA* BARS PLAINTIFFS'
            CLAIMS ...........................................................................................7

            b. THE COMMON LAW JUDICIAL PROCEEDINGS
            PRIVILEGE BARS PLANTIFFS' CLAIMS....................................8

        3. CONCLUSION................................................................................ 10

    B. PLAINTIFFS' TRIAL ATTORNEY SHOULD BE SANCTIONED PURSUANT
    TO 28 U.S.C. § 1927 FOR FILING PLAINTIFFS' FRIVOLOUS CLAIMS
    AGAINST DEFENDANTS....................................................................................10

        1. STANDARD OF REVIEW ............................................................... 10

        2. PRINCIPAL POINT OF ARUGMENT .............................................. 11

        3. CONCLUSION................................................................................ 11

V. PRAYER FOR RELIEF ................................................................................... 12

# I.  TABLE OF AUTHORITIES

**CASE LAW**

*Albrecht v. Treon*, 617 F.3d 890 (6th Cir. 2010) .................................................7

*Amini v. Oberlin College*, 259 F.3d 493 (6th Cir. 2001) ....................................7

*Ashcroft v. Iqbal*, 556 U.S 662 (2009) ...............................................................7

*Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426 (6th Cir. 2008) ......7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).......................................6-7

*Binder v. Triangle Publ'ns, Inc.*, 275 A2d 53 (Pa. 1971) ...................................9

*Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428 (6th Cir. 2012)...........................7

*Clodgo by Clodgo v. Bowman*, 601 A.2d 342 (Pa. Super. Ct. 1992)...................8

*Conley v. Gibson*, 355 U.S. 41 (1957) ................................................................6

*Gatling v. Eaton Corp.*, 807 A.2d 283 (2002) ...................................................8

*Glynn v. Glynn*, 789 A.2d 242 (2001)..................................................................8

*In re Prudential Ins. Co. America. Sales Practice Litig. Agent Actions*, 278 F.3d 175 (2002)........................................................................................................10

*McGill v. Southwark Realty Co.*, 828 A.2d 430 (Pa. Commw. 2003) ................7

*Milliner v. Enck*, 709 A.2d 417 (Pa. Super. Ct. 1998) ........................................9

*Moses v. McWilliams*, 549 A.2d 950 (Pa. Super. Ct. 1988) .............................8-9

*Papasan v. Allain*, 478 U.S. 265 (1986) ............................................................7

*Pawlowski v. Smorto*, 588 A.2d 36 (Pa. Super. Ct. 1991) ..................................9

*Richmond v. McHale*, 35 A.3d 779 (P.A. Super. Ct. 2012)................................9

*Smith v. Detroit Federation of Teachers Local 231, Am. Federation of Teachers, AFL-CIO*, 829 F.2d 1370 (6th Cir. 1987) ...................................10

*Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622 (6th Cir. 2010)..........................................................................................7

*Total Benefits Planning Agency, Inc., v. Anthem Blue Cross & Blue Shield*, 552
F.3d 430 (6th Cir. 2008) ...............................................................................6-7

*U.S. v. Vehicle 2007 Mack 600 Dump Truck, VIN 1M2K189C77M036428*, 680
F.Supp.2d 816 (E.D. Mich. 2010)...................................................................6

*Zuk v. Eastern Pennsylvania Psychiatric Institute*, 103 F.3d 294 (3d Cir. 1996) ............10

## STATUTORY AND CONSTITUTIONAL LAW

28 U.S.C. § 1927.....................................................................................4, 10-12

## COURT RULES

Fed. R. Civ. P. 8(a)(2) ..................................................................................6

Fed. R. Civ. P. 12(b)(6) ..............................................................................6-7

Fed. R. Civ. P. 12(c)..................................................................4-6, 10, 12-13

## MISCELLANEOUS AUTHORITIES

None

## II.  ISSUES PRESENTED

1. Whether Defendants are entitled to judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) in light of Plaintiffs' claims against Defendants being barred pursuant to the doctrine of *res judicata*.

        Plaintiffs' Presumed Answers:     No.

        Defendants' Answer:     Yes.

2. Whether Defendants are entitled to judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) due to the common law judicial proceedings privilege[2] affording Defendants immunity to publish information in court filings.

        Plaintiffs' Presumed Answers:     No.

        Defendants' Answer:     Yes.

3. Whether Plaintiffs' trial attorney should be sanctioned pursuant to 28 U.S.C. § 1927 for filing frivolous claims against Defendants.

        Plaintiffs' Presumed Answers:     No.

        Defendants' Answer:     Yes.

---

[2] This privilege is also known as the "litigation privilege" and the "judicial privilege."

## III.  STATEMENT OF FACTS

On January 9, 2020, Plaintiffs filed suit against Defendants for the following claims:  (1) Racketeer Influenced and Corrupt Organizations Act, (2) Wire Fraud, (3) Defamation, and (4) Unjust Enrichment.  (Plaintiffs' Complaint, Doc. 1, Pages 10-15).

The gist of Plaintiffs' Complaint is that Plaintiffs are suing Defendants for Shelton having prevailed against Plaintiffs in *James Everett Shelton v. FCS Capital LLC*, Case No. 2:18-cv-03723-JDW (E.D. Pa.).  (Plaintiffs' Complaint, Doc. 1, Pages 1-15; Defendants' Answer, Doc. 4-1, Exhibit A, and Doc. 4-2, Exhibit B).  Plaintiffs are, in effect, trying to relitigate previously litigated issues for which Shelton prevailed on the merits.

Defendants are now moving for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) in light of:  (1) Plaintiffs' claims against Defendants being barred pursuant to the doctrine of *res judicata* and/or (2) due to Defendants enjoying immunity to publish information in court filings pursuant to the common law judicial proceedings privilege.

## IV.  LAW & ARGUMENT

### A.  DEFENDANTS ARE ENTITLED TO JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C) PURSUANT TO THE DOCTRINE OF *RES JUDICATA* AND/OR THE COMMON LAW JUDICIAL PROCEEDINGS PRIVILEGE

#### 1.  STANDARD OF REVIEW

As was set forth in *U.S. v. Vehicle 2007 Mack 600 Dump Truck, VIN 1M2K189C77M036428*, 680 F.Supp.2d 816, 826 (E.D. Mich. 2010):

> **Motions for judgment on the pleadings under the Rule 12(c) of the Federal Rules of Civil Procedure are analyzed using the same standard employed for a motion to dismiss under Rule 12(b)(6)**. *Tucker v. Middleburg-Legacy Place,* 539 F.3d 545, 549 (6th Cir. 2008). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 582 (6th Cir. 2007) (internal quotation marks and citation omitted). A motion brought pursuant to Rule 12(c) is appropriately granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* at 582 (internal citation and quotation marks omitted).

(Emphasis added.)

Per Fed. R. Civ. P. 8(a)(2), a complaint must provide "'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant a fair notice of what the * * * claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and Fed R. Civ. P. 8(a)(2)). While the notice pleading standard does not require "detailed" factual allegations, it does require more than bare conclusory assertions. *Twombly*, 550 U.S. at 555.

When a court considers a motion that invokes Fed. R. Civ. P. 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, accept the factual allegations contained therein as true, and draw all reasonable factual inferences in the plaintiff's favor. *Total Benefits Planning Agency, Inc., v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir.

2008). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; see also *Ashcroft v. Iqbal*, 556 U.S 662, 680-81 (2009); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Courts are not required to conjure up unpleaded allegations, nor accept unwarranted factual inferences. See *Total Benefits Planning*, 552 F.3d at 434.

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001)).

"To survive a motion to dismiss, [the plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570); see also *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012).

## 2. PRINCIPAL POINT OF ARUGMENT

### a. THE DOCTRINE OF *RES JUDICATA* BARS PLAINTIFFS' CLAIMS

Plaintiffs' claims against Defendants are meritless pursuant to the doctrine of *res judicata*.

*Res judicata*, or claim preclusion, "provides that where there is a final judgment on the merits, future litigation on the same cause of action is prohibited." *McGill v. Southwark Realty Co.*, 828 A.2d 430, 435 (Pa. Commw. 2003). The doctrine of *res judicata* requires that both the

former and latter suits possess the following four common elements:  (1) identity in the thing sued upon; (2) identity in the cause of action; (3) identity of parties to the action; and (4) identity of the capacity of the parties to sue or be sued.  *Gatling v. Eaton Corp.*, 807 A.2d 283, 287 (2002).  Furthermore, *res judicata* "encompasses not only those issues, claims or defenses that were actually raised in the prior proceeding, but also those which could or should have been raised but were not."  *Glynn v. Glynn*, 789 A.2d 242, 250 (2001).

Shelton previously sued Plaintiffs for violations of the Telephone Consumer Protection Act (the "TCPA") and Shelton won that case on the merits.  (Defendants' Answer, Doc. 4-1, Exhibit A, and Doc. 4-2, Exhibit B)).

Plaintiffs are now suing Defendants for what Plaintiffs alleges to be actionable misconduct in relation to the operative facts which were at issue in the previous civil action.  (Plaintiffs' Complaint, Doc. 1, Pages 1-15).  Plaintiffs should have litigated in the previous civil action the tort claims and/or affirmative defenses Plaintiff now brings against Defendants; insofar as Plaintiffs elected to not raise said tort claims and/or affirmative defenses in the prior civil action, the same are now barred from being relitigated.

**b.  THE COMMON LAW JUDICIAL PROCEEDINGS PRIVILEGE BARS PLANTIFFS'**
**CLAIMS**

Plaintiffs' claims against Defendants are meritless pursuant to the common law judicial proceedings privilege.

The judicial proceedings privilege applies to statements made in the "regular course of judicial proceedings" that are "pertinent and material" to the litigation.  *Moses v. McWilliams*, 549 A.2d 950, 956 (Pa. Super. Ct. 1988) (*en banc*).  This absolute judicial privilege extends to protect statements made in judicial proceedings regardless of the tort claimed.  *Clodgo by Clodgo v. Bowman*, 601 A.2d 342, 345 (Pa. Super. Ct. 1992).  Pennsylvanian courts have expanded the scope

of the judicial proceedings privilege to apply to torts beyond just defamation. See *Moses*, 549 A.2d at 957 ("While it is true that immunity from civil liability in judicial proceedings has been applied most frequently in defamation actions, many courts, including those in Pennsylvania, have extended the immunity from civil liability to other alleged torts when they occur in connection with judicial proceedings.").

"The form of the cause of action is not relevant to application of the privilege; regardless of the tort contained in the complaint, if the communication was made in connection with a judicial proceeding [sic] and was material and relevant to it, the privilege applies." *Id*. at 345.    "[T]he privilege extends not only to communications made in open court, but also encompasses pleadings and even less formal communications such as preliminary conferences and correspondence between counsel in furtherance of the client's interest." *Richmond v. McHale*, 35 A.3d, 779, 785 (P.A. Super. Ct. 2012) (quoting *Pawlowski v. Smorto*, 588 A.2d 36, 41-42 (Pa. Super. Ct. 1991)). "All communications pertinent to any stage of a judicial proceeding are accorded an absolute privilege which cannot be destroyed by abuse." *Binder v. Triangle Publ'ns, Inc.*, 275 A2d 53, 56 (Pa. 1971); see also *Milliner v. Enck*, 709 A.2d 417, 421 (Pa. Super. Ct. 1998) ("[W]here statements are made in the course of judicial proceedings, it is clear that such statements are absolutely privileged, and '[h]owever false and malicious, they are not libelous.'").

In the instant case, Plaintiffs are essentially suing Defendants for having sued Plaintiffs. (Plaintiffs' Complaint, Doc. 1, Pages 1-15).  Plaintiffs allege that Defendants' previous lawsuit against Plaintiffs constitutes racketeering, that Plaintiffs were defamed by the filing of Defendants' previous complaint against Plaintiffs, and that Defendants were unjustly enriched when Defendants prevailed on the merits(!) in the previous civil action.  (Plaintiffs' Complaint, Doc. 1, Pages 1-15; Defendants' Answer, Doc. 4-1, Exhibit A, and Doc. 4-2, Exhibit B)).

Due to the judicial proceedings privilege which provides Defendants absolute immunity, Plaintiffs' claims against Defendants are legally baseless and Defendants are entitled to judgment as a matter of law for the same.

### 3. CONCLUSION

For the reasons set forth herein, Defendants are entitled to judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) in light of Plaintiffs' claims against Defendants being barred pursuant to the doctrine of *res judicata* and/or due to Defendants enjoying immunity to publish information in court filings pursuant to the common law judicial proceedings privilege.

## B. PLAINTIFFS' TRIAL ATTORNEY SHOULD BE SANCTIONED PURSUANT TO 28 U.S.C. § 1927 FOR FILING PLAINTIFFS' FRIVOLOUS CLAIMS AGAINST DEFENDANTS

### 1. STANDARD OF REVIEW

"[T]he principal purpose of imposing sanctions under 28 U.S.C. § 1927 is the deterrence of intentional and unnecessary delay in the proceedings." *Zuk v. Eastern Pennsylvania Psychiatric Institute*, 103 F.3d 294, 297 (3d Cir. 1996) (internal quotation marks and citations omitted). The Third Circuit has held that § 1927 requires a finding of bad faith or intentional misconduct on the part of the offending attorney. *In re Prudential Ins. Co. America. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 188 (2002). "'Indications of this bad faith are findings that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment.'" *Id.*, quoting *Smith v. Detroit Federation of Teachers Local 231, Am. Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1375 (6th Cir. 1987).

## 2.  PRINCIPAL POINT OF ARUGMENT

For the case at bar, the claims Plaintiffs filed against Defendants are facially frivolous for the reasons set forth in the preceding section of this Brief.  Plaintiffs suing Defendants for having brought forth and won on the merits a previous civil action is undeniably devoid of common sense and is inherently vexatious.

28 U.S.C. § 1927 states:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Court can and should impose sanctions upon Plaintiffs' trial attorney for offending judicial economy and Defendants' economies by bringing forth and litigating Plaintiffs' instant claims against Defendants.

## 3.  CONCLUSION

For the reasons set forth herein, the Court should impose sanctions against Plaintiff's trial attorney pursuant to 28 U.S.C. § 1927.  Defendants' undersigned attorney can submit to the Court a bill of costs if ordered to do so.

11

## V.  PRAYER FOR RELIEF

The Court should grant judgment to Defendants on the pleadings pursuant to Fed. R. Civ. P. 12(c) in light of Plaintiffs' claims against Defendants being barred pursuant to the doctrine of *res judicata* and/or due to Defendants enjoying immunity to publish information in court filings pursuant to the common law judicial proceedings privilege.

Furthermore, due to Plaintiffs' claims against Defendants having been filed in a frivolous and vexatious manner by Plaintiffs' trial attorney, the Court should impose sanctions against Plaintiff's trial attorney pursuant to 28 U.S.C. § 1927.

Respectfully submitted,

**REO LAW, LLC**

/s/ Bryan A. Reo
Bryan A. Reo, Esq.
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
*Attorney for James Everett Shelton and Final Verdict Solutions*

Dated:  February 11, 2020

12

## <u>CERTIFICATE OF SERVICE</u>

I, Bryan A. Reo, affirm that I am an attorney of record for a party to the above-captioned civil action, and on February 11, 2020, I submitted Defendants James Everett Shelton's and Final Verdict Solutions' Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Defendants James Everett Shelton's and Final Verdict Solutions' Brief in Support of their Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) to the Court's Electronic Filing System, which should provide notification to all attorneys of record that said filing has been submitted.

/s/ Bryan A. Reo
Bryan A. Reo, Esq.
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
*Attorney for James Everett Shelton and Final Verdict Solutions*

Dated:  February 11, 2020