UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JACOVETTI LAW, P.C., ET AT.,** <br><br> Plaintiffs, <br><br> v. <br><br> **JAMES EVERETT SHELTON, ET AL.,** <br><br> Defendants. | Case No. 2:20-cv-00163-JDW <br><br> Honorable Joshua D. Wolson |

## DEFENDANTS JAMES EVERETT SHELTON'S AND FINAL VERDICT SOLUTIONS' ANSWER TO COURT'S SHOW CAUSE ORDER (ECF NO. 7)

NOW COMES James Everett Shelton ("Shelton") and Final Verdict Solutions ("FVS") (Shelton and FVS collectively "Defendants"[1]), and hereby propound upon Jacovetti Law, P.C. ("JL"), Robert C. Jacovetti ("Jacovetti"), FCS Capital, LLC ("FCS"), Barry Shargel ("Shargel"), and Emil Yashayev ("Yashayev") (JL, Jacovetti, FCS, Shargel, and Yashayev collectively "Plaintiffs") and this Honorable Court Defendants James Everett Shelton's and Final Verdict Solutions' Answer to Court's Show Cause Order (ECF No. 7):

1. On February 14, 2020, the Court issued an Order commanding Plaintiffs to explain in writing no later than February 21, 2020, why Plaintiffs should not be sanctioned for failing to comply with the Court's prior Order concerning Plaintiffs' failure to file corporate disclosure statements. (ECF Nos. 2 and 7).

2. Plaintiffs have not complied with the Court's February 14, 2020, Order. As of the time of the drafting of this Answer, Plaintiffs not have filed corporate disclosure statements or explained

---

[1] The term "Defendants" for purposes of this Answer does not include Dan Boger, a co-defendant who is not represented by the undersigned attorney.

in writing why Plaintiffs should not be sanctioned. As such, Defendants reasonably believe that the imposition of sanctions by the Court against Plaintiffs is imminent.

3. It is Defendants' position that the Court should not sanction Plaintiffs by simply dismissing the instant civil action without prejudice. The reason is because Plaintiffs' claims against Defendants are facially frivolous for the reasons set forth in Defendants' Fed. R. Civ. P. 12(c) Motion (ECF No. 6), Plaintiffs are improperly using the instant civil action to publicly slur Defendants via *TCPA World*[2], and Defendants would very much like the Court to adjudicate Plaintiffs' claims against Defendant on the merits so that Defendants can thereafter file suit against Plaintiffs for common law malicious prosecution for bringing forth and litigating such a frivolous case. Defendants' claim for malicious prosecution would only ripen if the Court grants judgment to Defendants on the merits. See *Burgos v. Morgan, Lewis, Bockius, LLP*, 160 A.3d 244 (Pa.Super. 2017) (quoting *Kelley v. Gen. Teamsters, Chauffeurs & Helpers, Local Union 249*, 544 A.2d 940 (Pa. 1988) ("A cause of action for malicious prosecution has three elements. The defendant must have instituted proceedings against the plaintiff 1) without probable cause, 2) with malice, and 3) **the proceedings must have terminated in favor of the plaintiff.**") (Emphasis added.)

4. It is not equitable nor just for Plaintiffs to escape a claim for common law malicious prosecution by being sanctioned in the form of the instant case being dismissed without prejudice due to Plaintiff's malfeasance after Plaintiffs slurred Defendants for racketeering and wire fraud via *TCPA World*. If and when the Court imposes sanctions against Plaintiffs, the Court should terminate the instant proceedings in favor of Defendants.

---

[2] Troutman, Eric. "REPUBLISHED: Phoney Lawsuits: Prolific TCPA filer faces RICO claims over alleged lawsuit-generating scheme." 14 January 2020. <https://tcpaworld.com/2020/01/14/republished-phoney-lawsuits-prolific-tcpa-filer-faces-rico-claims-over-alleged-lawsuit-generating-scheme/>. Accessed 24 February 2020.

WHEREFORE, Defendants pray that if the Court imposes sanctions against Plaintiffs for Plaintiffs failing to comply with numerous Orders (see ECF Nos. 2 and 7), that the Court not sanction Plaintiffs by simply dismissing the instant civil action without prejudice.

        Respectfully submitted,

        **REO LAW, LLC**

        /s/ Bryan A. Reo
        Bryan A. Reo, Esq.
        P.O. Box 5100
        Mentor, OH 44061
        (T):  (216) 505-0811
        (E):  reo@reolaw.org
        *Attorney for James Everett Shelton and Final Verdict Solutions*

Dated:  February 24, 2020

## **CERTIFICATE OF SERVICE**

I, Bryan A. Reo, affirm that I am an attorney of record for a party to the above-captioned civil action, and on February 24, 2020, I submitted Defendants James Everett Shelton's and Final Verdict Solutions' Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Defendants James Everett Shelton's and Final Verdict Solutions' Answer to Court's Show Cause Order (ECF No. 7) to the Court's Electronic Filing System, which should provide notification to all attorneys of record that said filing has been submitted.

/s/ Bryan A. Reo
Bryan A. Reo, Esq.
P.O. Box 5100
Mentor, OH 44061
(T): (216) 505-0811
(E): reo@reolaw.org
*Attorney for James Everett Shelton and Final Verdict Solutions*

Dated: February 24, 2020