## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JACOVETTI LAW, P.C., ET AT.,** | Case No. 2:20-cv-00163-JDW |
| Plaintiffs, | Hon. Joshua D. Wolson |
| v. | |
| **JAMES EVERETT SHELTON, ET AL.,** | |
| Defendants. | |

**DEFENDANTS JAMES EVERETT SHELTON'S AND FINAL VERDICT SOLUTIONS'
ANSWER TO PLAINTIFFS' MOTION TO REOPEN CASE PURSUANT TO FED. R.
CIV. P. 15(A)(2)**

**(ORAL ARGUMENT NOT REQUESTED)**

NOW COMES James Everett Shelton ("Shelton") and Final Verdict Solutions ("FVS") (Shelton and FVS collectively "Defendants"[1]), and hereby propound upon Jacovetti Law, P.C. ("JL"), Robert C. Jacovetti ("Jacovetti"), FCS Capital, LLC ("FCS"), Barry Shargel ("Shargel"), and Emil Yashayev ("Yashayev") (JL, Jacovetti, FCS, Shargel, and Yashayev collectively "Plaintiffs") and this Honorable Court Defendants James Everett Shelton's and Final Verdict Solutions' Answer to Plaintiffs' Motion to Reopen Case Pursuant to Fed. R. Civ. P. 15(a)(2):

1. No contest.

2. Denied as untrue; to wit:  the instant situation is not "extraordinary" because Plaintiffs failed to timely respond to Defendants' Motion for Judgment on the Pleadings.  Furthermore, for the reasons set forth within Defendant's Motion for Judgment on the Pleadings, Plaintiffs' claims against Defendants are without merit.

---

[1] The term "Defendants" for purposes of this Answer does not include Dan Boger, a co-defendant who is not represented by the undersigned attorney.

3.  No contest.

4.  No contest.

5.  No contest.

6.  No contest.

7.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth within Paragraph 7 of Plaintiffs' Motion.

8.  No contest, but Defendants further aver that Plaintiffs' proposed amended complaint simply regurgitates the original claims against Defendants which are meritless for the reasons set forth within Defendants' Motion for Judgment on the Pleadings.

9.  No contest.

10. No contest.  Defendants further aver that Plaintiffs' proposed amended complaint simply regurgitates the original claims against Defendants which are meritless for the reasons set forth within Defendants' Motion for Judgment on the Pleadings.

11. Defendants deny as untrue that said relief should be awarded to Plaintiffs.  Defendants further aver that Plaintiffs' proposed amended complaint simply regurgitates the original claims against Defendants which are meritless for the reasons set forth within Defendants' Motion for Judgment on the Pleadings.

12. Denied as untrue; to wit:  Plaintiffs' proposed amended complaint simply regurgitates the original claims against Defendants which are meritless for the reasons set forth within Defendants' Motion for Judgment on the Pleadings.

13. Denied as untrue that Shelton engages in a "scheme."

14. Denied as untrue that Shelton engages in a "scheme."

15. No contest, but Defendants further aver that such amounts to merely bravado-inspired puffery and pre-litigation investigation. Just as civil litigators should assess the collectability of possible judgment-debtors, so, too, should pro se plaintiffs.

16. No contest. Defendants further aver that telemarketers should stop calling Shelton in violation of federal law.

17. No contest. Defendants further aver that telemarketers should stop calling Shelton and those similarly situated as Shelton in violation of federal law.

18. No contest. Defendants further aver that telemarketers should stop calling Shelton and those similarly situated as Shelton in violation of federal law.

19. Defendants lack knowledge or information sufficient to determine what Plaintiffs are even alleging. Transcripts of Shelton talking about suing tortfeasors who violate federal law is not some sort of silver bullet that Plaintiffs can use against Defendants in the instant civil action.

20. No contest. Defendants further aver that telemarketers should stop calling Shelton and those similarly situated as Shelton in violation of federal law.

21. Denied as untrue.

22. Denied as untrue. Defendants further aver that Plaintiffs' meritless claims against Defendants are ridiculous.

23. Denied as untrue; to wit: although Fed. R. Civ. P. 11 requires a pre-motion letter, no such pre-motion letter is required pursuant to 28 U.S.C. § 1927.

24. No contest.

25. No contest.

26. Denied as untrue that Plaintiffs have been "damaged."

27. Denied as untrue; to wit:  Defendants maintain that Plaintiff's counsel has engaged in frivolous conduct.

28. Denied as untrue; to wit:  Plaintiffs, by and through Plaintiffs' counsel, filed the instant civil action against Defendants, and the article in question was promptly published online even before Defendants were served with process.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

30. Denied as untrue.

31. Denied as untrue.  Plaintiffs' attorney should be more concerned about his own "ethical duties."

32. Denied as untrue.

33. Denied as untrue.

34. Plaintiffs do "reserve the right" to sue Defendants' attorney, but such a lawsuit would be facially frivolous.

35. Denied as untrue.

WHEREFORE, Defendants pray that this Honorable Court will deny *in toto* Plaintiffs' Motion.

Respectfully submitted,

**REO LAW, LLC**

/s/ Bryan A. Reo
Bryan A. Reo, Esq.
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
*Attorney for James Everett Shelton and Final Verdict Solutions*

Dated:  March 16, 2020

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JACOVETTI LAW, P.C., ET AT.,** | Case No. 2:20-cv-00163-JDW |
| Plaintiffs, | Hon. Joshua D. Wolson |
| v. | |
| **JAMES EVERETT SHELTON, ET AL.,** | |
| Defendants. | |

## DEFENDANTS JAMES EVERETT SHELTON'S AND FINAL VERDICT SOLUTIONS' BRIEF IN SUPPORT OF THEIR ANWER TO PLAINTIFFS' MOTION TO REOPEN CASE PURSUANT TO FED. R. CIV. P. 15(A)(2)

# TABLE OF CONTENTS

I. TABLE OF AUTHORITIES ................................................................................................ 2

II. ISSUES PRESENTED .................................................................................................... 4

III. STATEMENT OF FACTS ............................................................................................. 5

IV. LAW & ARGUMENT .................................................................................................... 7

    A. THE COURT SHOULD DENY PLAINTIFFS' MOTION TO REOPEN CASE
       PURSUANT TO FED. R. CIV. P. 60(B) ........................................................................7

        1. STANDARD OF REVIEW ....................................................................................... 7

        2. PRINCIPAL POINT OF ARUGMENT ................................................................. 7

    B. THE COURT SHOULD DENY PLAINTIFFS' MOTION TO BE GRANTED
       LEAVE TO AMEND PLAINTIFFS' COMPLAINT PURSUANT TO FED. R.
       CIV. P. 15(A)(2). ........................................................................................................10

        1. STANDARD OF REVIEW ..................................................................................... 10

        2. PRINCIPAL POINT OF ARUGMENT ............................................................... 11

V. PRAYER FOR RELIEF ................................................................................................ 15

1

# I.  TABLE OF AUTHORITIES

**CASE LAW**

*Allmerica Financial Life Ins. and Annuity Co. v. Llewellyn*, 139 F.3d 664
(9th Cir. 1997).................................................................................10

*Binder v. Triangle Publ'ns, Inc.*, 275 A2d 53 (Pa. 1971).........................13

*Clodgo by Clodgo v. Bowman*, 601 A.2d 342 (Pa. Super. Ct. 1992).......................12

*Compton v. Alton S.S. Co.* 608 F.2d 96 (4th Cir. 1979)...........................7

*Engleson v. Burlington Northern R. Co.*, 972 F.2d 1038 (9th Cir. 1992)...................10

*Foman v. Davis,* 371 U.S. 178 (1962) ...........................................11

*Gatling v. Eaton Corp.*, 807 A.2d 283 (2002) ..........................................11

*Glynn v. Glynn*, 789 A.2d 242 (2001)........................................12

*McGill v. Southwark Realty Co.*, 828 A.2d 430 (Pa. Commw. 2003) ..................11

*Milliner v. Enck*, 709 A.2d 417 (Pa. Super. Ct. 1998) ...........................13

*Moses v. McWilliams*, 549 A.2d 950 (Pa. Super. Ct. 1988) (*en banc*) ..................12

*Mullin v. Balicki*, 875 F.3d 140 (3rd Cir. 2017)..................................10

*Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396 (4th Cir. 1998)....................7

*Pawlowski v. Smorto*, 588 A.2d 36 (Pa. Super. Ct. 1991) ..........................13

*Richmond v. McHale*, 35 A.3d 779 (P.A. Super. Ct. 2012)..........................13

*Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281 (10th Cir. 2005).......................7

**COURT RULES**

Fed. R. Civ. P. 7.1(a) ...........................................................5

Fed. R. Civ. P. 12(c) .........................................................5-6, 10

Fed. R. Civ. P. 15(a)(2) .......................................................6, 10, 16

Fed. R. Civ. P. 59(b)....................................................................................................7-8

Fed. R. Civ. P. 60(b)...........................................................................................6-8, 10-11

## II.  ISSUES PRESENTED

1. Whether the Court should vacate its Order granting Defendants judgment on the pleadings.

   Plaintiffs' Answer:     Yes.

   Defendants' Answer:  No.

2. Whether the Court should permit Plaintiffs to file an amended complaint against Defendants.

   Plaintiffs' Answer:     Yes.

   Defendants' Answer:  No.

4

### III.  STATEMENT OF FACTS

On January 9, 2020, Plaintiffs filed suit against Defendants for the following claims:  (1) Racketeer Influenced and Corrupt Organizations Act, (2) Wire Fraud, (3) Defamation, and (4) Unjust Enrichment.  (Plaintiffs' Complaint, Doc. 1, Pages 10-15).

The gist of Plaintiffs' Complaint was that Plaintiffs were suing Defendants for Shelton having prevailed against Plaintiffs in *James Everett Shelton v. FCS Capital LLC*, Case No. 2:18-cv-03723-JDW (E.D. Pa.).  (Plaintiffs' Complaint, Doc. 1, Pages 1-15; Defendants' Answer, Doc. 4-1, Exhibit A, and Doc. 4-2, Exhibit B).  Plaintiffs were, in effect, trying to relitigate previously litigated issues for which Shelton prevailed on the merits.

Plaintiffs did not timely file their corporate disclosure statements as required by Fed. R. Civ. P. 7.1(a).  The Court ordered Plaintiffs to file corporate disclosure statements on February 3, 2020, and Plaintiffs did not do so.  (Order, Doc. 2).  On February 14, 2020, the Court Ordered Plaintiffs to show cause via the submission of a written memorandum as to why Plaintiffs should not be sanctioned for failing to submit corporate disclosure statements pursuant to the February 3, 2020, Order, and Plaintiffs did not do so in a timely manner.  (Order, Doc. 7).  As of February 29, 2020, Plaintiffs did not file corporate disclosures statements.  Misfeasance—if not wanton malfeasance—for the Court's Orders appears to be par for the course for Plaintiffs.

Defendants moved on February 11, 2020, for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) in light of:  (1) Plaintiffs' claims against Defendants being barred pursuant to the doctrine of *res judicata* and/or (2) due to Defendants enjoying immunity to publish information in court filings pursuant to the common law judicial proceedings privilege.  (Defendants 12(c) Motion, Doc. 6).  Even now, Plaintiffs have not explained to the Court if and how *res judicata* and

the judicial proceedings privilege do not apply, which Plaintiffs would have to believe in order to bring forth Plaintiff's claims and instant Motion against Defendants.

On February 27, 2020, the Court granted Defendants' Fed. R. Civ. P. 12(c) Motion; Plaintiffs never filed a response to said Motion.  (Order, Doc. 14).

On March 6, 2020, Plaintiffs moved for the case to be reopened pursuant to Fed. R. Civ. P. 60(b) and for Plaintiffs to be allowed to amend their complaint pursuant to Fed. R. Civ. P. 15(a)(2). Defendants now oppose the same.

## IV.  LAW & ARGUMENT

### A.  THE COURT SHOULD DENY PLAINTIFFS' MOTION TO REOPEN CASE PURSUANT TO FED. R. CIV. P. 60(B)

#### 1.  STANDARD OF REVIEW

Fed. R. Civ. P. 60(b) permits courts to relieve a party form a judgment or order on one of several specified grounds:  mistake, inadvertence, surprise, or excusable neglect; newly-discovered evidence that with reasonable diligence could not have bene discovered in time for a Fed. R. Civ. P. 59(b) motion; fraud, misrepresentation, or misconduct by an opposing party; the judgment is void; the judgment has been satisfied, released, or discharged; the judgment is based on an earlier judgment that has been reversed or vacated; applying a judgment prospectively is no longer equitable; and any other reason that justifies relief.  Fed. R. Civ. P. 60(b).

The relief provided by Fed. R. Civ. P. 60(b) is an "extraordinary" remedy, "only to be invoked upon a showing of exceptional circumstance."  *Compton v. Alton S.S. Co.* 608 F.2d 96, 102 (4th Cir. 1979); see also *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (internal citations omitted).  Motions made pursuant to said court rule "'may not be used * * * to raise arguments which could have bene raised prior to the issuance of the judgment.'"  *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

#### 2.  PRINCIPAL POINT OF ARUGMENT

The Court should deny Plaintiffs' Motion to Reopen the Case pursuant to Fed. R. Civ. P. (60)(b).

Fed. R. Civ. P. 60(b) provides that the Court "may" relieve a party from one of its orders, and the word "may" connotes a discretionary—as opposed to obligatory—duty of the Court.  Even if Plaintiffs had alleged a ground—as set forth in Fed. R. Civ. P. 60(b)—for which Plaintiffs could be entitled to such relief, the Court should not exercise such discretion by awarding the same

insofar as Plaintiffs habitually disregard the Federal Rules of Civil Procedure and the Court's Orders, and Plaintiffs are thus not entitled to yet another chance to vexatiously harass Defendants—and waste the Court's time—with Plaintiffs' frivolous claims.

"He who seeks equity must do equity"[2]—and there is nothing equitable about Plaintiffs' conduct to date.  As such, Plaintiffs are in no position to request that the Court award Plaintiffs equitable relief in the form of Fed. R. Civ. P. 60(b).

Fed. R. Civ. P. 60(b) lists bases by which the Court can—but not must—relieve a party from a final judgment;

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

In the instant case, no legitimate reason exists for the Court to granting Plaintiffs relief under Fed. R. Civ. P. 60(b).  The Rules of Civil Procedure and the Court's Orders have been very clear, Plaintiffs have repeatedly disregarded and violated the Rules of Civil Procedure and the Court's Orders, Plaintiffs did not timely respond to Defendants' Motion for Judgment on the Pleadings, and Plaintiffs have never even shown that had Plaintiffs timely responded to

---

[2] *Manufacturers' Finance Co. v. McKey*, 294 U.S. 442 (1935).

Defendants' Motion for Judgment on the Pleadings, the Court would have denied said Motion. Furthermore, the transcript of a conversation involving Shelton and a third-party is evidentiarily meaningless, and it is said transcript which Plaintiffs content is some sort of smoking gun evincing that Shelton engaged in actionable misconduct such that the instant case should be reinstated. Conducting research into whether or not a potential tort defendant is ultimately going to be collectible, prior to deciding whether or not it is prudent to litigate meritorious claims against that tortfeasor, is not evidence of bad faith or maliciousness on the part of the plaintiff seeking to litigate the claims; rather it is a component of a sound strategy and shows proper allocation of resources, time, money, and concern for the court's time.  It makes little sense to obtain a judgment against a corporate defendant that is winding up or in bankruptcy, or against individual defendants who are destitute or otherwise have nothing capable of satisfying a judgment.

Assuming for the sake of argument that Shelton does fairly extensive research into whether or not a potential defendant is ultimately going to be collectible, as long as claims have merit and a good faith basis in fact and law, those claims are not suddenly transformed into frivolous or vexatious by mere virtue of the fact that Shelton asks himself, "what happens after we prevail and I am awarded a judgment, will I be able to collect on it?" Plaintiffs' "newly discovered evidence" not only is not new, it is not relevant, and it is not even evidence; it is not probative of any fact of consequence. That a TCPA litigant such as Shelton might be motivated in part by a desire to not only obtain a judgment to vindicate his rights, but to ultimately be able to collect on the judgment and recover the money damages awarded to him, has no bearing on the underlying merit of his TCPA claims and it has no bearing on his standing as a litigant to proceed under the TCPA.

Plaintiffs' original claims against Defendants are meritless pursuant to *res judicata* and the judicial proceedings privilege, and Plaintiffs' proposed new claims against Defendants are also

groundless for the same reasons. The Plaintiffs' so-called "sudden discovery" of transcripts purporting to demonstrate that Shelton wants to be able to recover money damages at the conclusion of TCPA cases and does research to determine if it makes sense economically and in terms of judicial resources to spend the effort/time/money/resources to obtain judgments, is completely irrelevant to whether relief should be granted Plaintiffs under 60(b) or any other rule. In point of fact the evidence in question was already in Plaintiffs' possession prior to the ruling being made on Defendants' 12(c) motion. Plaintiffs chose to simply not respond in any way to the Defendants 12(c) motion which this Court properly granted as unopposed.

As the Ninth Circuit said, "[N]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Allmerica Financial Life Ins. and Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) (citing *Engleson v. Burlington Northern R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992)).  The entire basis of Plaintiffs' Motion is that Plaintiffs' attorney was careless in not timely responding to Defendants' Fed. R. Civ. P. 12(c) motion.  As such, Fed. R. Civ. P. 60(b) cannot be invoked by Plaintiffs at this juncture.

Simply said, Plaintiffs do not have meritorious claims against Defendants, Plaintiffs have not shown how any newly discovered evidence is material and would produce a different outcome than the dismissal of the claims against Defendants, and Plaintiffs have not presented evidence of "exceptional circumstance" for the Court to consider exercising its discretion to grant the "extraordinary" remedy of relief via Fed. R. Civ. P. 60(b).

**B.  THE COURT SHOULD DENY PLAINTIFFS' MOTION TO BE GRANTED LEAVE TO AMEND PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 15(A)(2).**

**1.  STANDARD OF REVIEW**

As was set forth in *Mullin v. Balicki*, 875 F.3d 140, 149-150 (3rd Cir. 2017):

Leave to amend is governed by Rule 15, "Amended and Supplemental Pleadings," which generally conditions amendment on the court's leave or the opposing party's written consent. Lacking a time limit or an outer bound on when amendment is permissible, the Rule instructs courts to "freely give leave [to amend] when justice so requires." This liberal amendment regime helps effectuate the "general policy embodied in the Federal Rules favoring resolution of cases on their merits."

In determining whether leave to amend might reasonably be denied, courts are guided by the *Foman* factors, named for the Supreme Court's decision in *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Denial of leave to amend can be based on undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility. The *Foman* factors are not exhaustive, allowing a court to ground its decision, within reason, on consideration of additional equities, such as judicial economy/burden on the court and the prejudice denying leave to amend would cause to the plaintiff. All factors are not created equal, however, as "prejudice to the non-moving party is the touchstone for the denial of an amendment."

A decision on whether to permit amendment of the pleadings generally falls within the District Court's discretion. * * *

(Internal citations and footnotes omitted.)

## 2.  PRINCIPAL POINT OF ARUGMENT

If the Court does not grant Plaintiffs' request to reopen the case pursuant to Fed. R. Civ. P. 60(b), then the Court need not address Plaintiffs' motion to file an amended pleading. However, in case the Court does grant Plaintiffs relief under Fed. R. Civ. P. 60(b) by reinstating the case, the Court should not permit Plaintiffs' to amend their pleading insofar as amendment is inherently futile.

Plaintiffs' claims against Defendants are meritless pursuant to the doctrine of *res judicata*.

*Res judicata*, or claim preclusion, "provides that where there is a final judgment on the merits, future litigation on the same cause of action is prohibited." *McGill v. Southwark Realty Co.*, 828 A.2d 430, 435 (Pa. Commw. 2003). The doctrine of *res judicata* requires that both the former and latter suits possess the following four common elements:  (1) identity in the thing sued

11

upon; (2) identity in the cause of action; (3) identity of parties to the action; and (4) identity of the capacity of the parties to sue or be sued.  *Gatling v. Eaton Corp.*, 807 A.2d 283, 287 (2002).  Furthermore, *res judicata* "encompasses not only those issues, claims or defenses that were actually raised in the prior proceeding, but also those which could or should have been raised but were not."  *Glynn v. Glynn*, 789 A.2d 242, 250 (2001).

Shelton previously sued Plaintiffs for violations of the Telephone Consumer Protection Act (the "TCPA") and Shelton won that case on the merits.  (Defendants' Answer, Doc. 4-1, Exhibit A, and Doc. 4-2, Exhibit B)).

Plaintiffs are now suing Defendants for what Plaintiffs alleges to be actionable misconduct in relation to the operative facts which were at issue in the previous civil action.  (Plaintiffs' Complaint, Doc. 1, Pages 1-15).  Plaintiffs should have litigated in the previous civil action the tort claims and/or affirmative defenses Plaintiff now brings against Defendants; insofar as Plaintiffs elected to not raise said tort claims and/or affirmative defenses in the prior civil action, the same are now barred from being relitigated.

Plaintiffs' claims against Defendants are also meritless pursuant to the common law judicial proceedings privilege.

The judicial proceedings privilege applies to statements made in the "regular course of judicial proceedings" that are "pertinent and material" to the litigation.  *Moses v. McWilliams*, 549 A.2d 950, 956 (Pa. Super. Ct. 1988) (*en banc*).  This absolute judicial privilege extends to protect statements made in judicial proceedings regardless of the tort claimed.  *Clodgo by Clodgo v. Bowman*, 601 A.2d 342, 345 (Pa. Super. Ct. 1992).  Pennsylvanian courts have expanded the scope of the judicial proceedings privilege to apply to torts beyond just defamation. *See Moses*, 549 A.2d at 957 ("While it is true that immunity from civil liability in judicial proceedings has been applied

most frequently in defamation actions, many courts, including those in Pennsylvania, have extended the immunity from civil liability to other alleged torts when they occur in connection with judicial proceedings.").

"The form of the cause of action is not relevant to application of the privilege; regardless of the tort contained in the complaint, if the communication was made in connection with a judicial proceeding [sic] and was material and relevant to it, the privilege applies." *Id*. at 345.    "[T]he privilege extends not only to communications made in open court, but also encompasses pleadings and even less formal communications such as preliminary conferences and correspondence between counsel in furtherance of the client's interest." *Richmond v. McHale*, 35 A.3d 779, 785 (P.A. Super. Ct. 2012) (quoting *Pawlowski v. Smorto*, 588 A.2d 36, 41-42 (Pa. Super. Ct. 1991)). "All communications pertinent to any stage of a judicial proceeding are accorded an absolute privilege which cannot be destroyed by abuse." *Binder v. Triangle Publ'ns, Inc.*, 275 A2d 53, 56 (Pa. 1971); see also *Milliner v. Enck*, 709 A.2d 417, 421 (Pa. Super. Ct. 1998) ("[W]here statements are made in the course of judicial proceedings, it is clear that such statements are absolutely privileged, and '[h]owever false and malicious, they are not libelous.'").

In the instant case, Plaintiffs are essentially suing Defendants for having sued Plaintiffs. (Plaintiffs' Complaint, Doc. 1, Pages 1-15).  Plaintiffs allege that Defendants' previous lawsuit against Plaintiffs constitutes racketeering, that Plaintiffs were defamed by the filing of Defendants' previous complaint against Plaintiffs, and that Defendants were unjustly enriched when Defendants prevailed on the merits(!) in the previous civil action.  (Plaintiffs' Complaint, Doc. 1, Pages 1-15; Defendants' Answer, Doc. 4-1, Exhibit A, and Doc. 4-2, Exhibit B)). Frankly the idea that a party can be unjustly enriched by virtue of prevailing in a civil action and obtaining a judgment duly issued in accordance with the Federal Rules of Civil Procedure is a direct insult to

the federal judiciary and the entire legal system. In essence the Plaintiffs are stating that this Court has unjustly enriched Mr. Shelton by virtue of granting him a judgment of $54,000.00 in the prior case wherein Mr. Shelton was the plaintiff and prevailed against many of the parties who are now Plaintiffs in the instant action. Mr. Shelton has also not engaged in collection activities, not obtained any actual money, and has not been enriched by mere virtue of the fact he has thus far not collected so much as one dollar. The judgment granted by this Court was just and proper in light of the facts and the applicable Federal Rules of Civil Procedure.

Due to the judicial proceedings privilege which provides Defendants absolute immunity, Plaintiffs' claims against Defendants are legally baseless and Defendants are entitled to judgment as a matter of law for the same.

Plaintiffs' proposed amended complaint still raises claims against Defendants which violate the doctrines of *res judicata* and the litigation privilege.  Plaintiffs have never articulated why Plaintiffs' claims—which Plaintiffs are simply trying to repackage into an amended pleading—do not violate the *res judicata* doctrine or disregard the common law litigation privilege.

## V.  PRAYER FOR RELIEF

For the reasons set forth herein, the Court should deny in its entirety Plaintiffs' Motion.

Respectfully submitted,

**REO LAW, LLC**

/s/ Bryan A. Reo
Bryan A. Reo, Esq.
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
*Attorney for James Everett Shelton and Final Verdict Solutions*

Dated:  March 16, 2020

15

## **CERTIFICATE OF SERVICE**

I, Bryan A. Reo, affirm that I am an attorney of record for a party to the above-captioned

civil action, and on March 16, 2020, I submitted Defendants James Everett Shelton's and Final

Verdict Solutions' Answer to Plaintiffs' Motion to Reopen Case Pursuant to Fed. R. Civ. P.

15(a)(2) and  Defendants James Everett Shelton's and Final Verdict Solutions' Brief in Support of

their Answer to Plaintiffs' Motion to Reopen Case Pursuant to Fed. R. Civ. P. 15(a)(2) to the

Court's Electronic Filing System, which should provide notification to all attorneys of record that

said filing has been submitted.

/s/ Bryan A. Reo
Bryan A. Reo, Esq.
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
*Attorney for James Everett Shelton and Final Verdict Solutions*

Dated:  March 16, 2020

16