IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOVETTI LAW, P.C. et al.<br>PLAINTIFFS,<br><br>V.<br><br>JAMES EVERETT SHELTON, et al.<br>DEFENDANTS. | CIVIL ACTION NO.: 2:20-cv-00163-JDW<br><br>*Civil Action* |

**RESPOSNE TO ORDER TO SHOW CAUSE**

Plaintiff's counsel hereby responds to this honorable court's order to show cause as to why said sanctions should not be levied against counsel at this time.

The imposition of inherent power sanctions is appropriate only where the offender has willfully abused judicial process or otherwise conducted litigation in bad faith. In re Itel Sec. Litig., 791 F.2d 672, 675 (9th Cir. 1986), cert. denied, 479 U.S. 1033 91987); Kreager v. Solomon & Flanagan, P.A. 775 F.2d 1541, 1542-43 (11th Cir. 1985); Lipsig v. Nation Student Mktg. Corp., 663 F.2d 178, 180-81 (D.C. Cir. 1980); Link v. Walbash R.R., 370 U.S. 626, 632 (1962). Further, the Supreme Court has held that federal courts have the power to impose sanctions pursuant to the court's inherent power even if the violation is subject to sanctions under existing statutes or rules. Id. However, the Court limited its holding by stating that when available the court should utilize the rules and statutes rather than its inherent power to sanction litigants. Id. For these reasons, Plaintiff's counsel pleads with the court that aforementioned sanctions are not warranted, and would be disproportionate to the violation.

Plaintiff's counsel filed this case on January 9, 2020. The court ordered that Disclosure Statements Pursuant To Fed. R. Civ. P. 7.1(a), were ordered on January 27, 2020. It is admitted that this was not responded to in a timely manner and only submitted on March 6, 2020. This delay was not strategic or intentional, and did not bias Defendants in any material matter. While it is admitted that Plaintiff's counsel could have, and likely should have, relied on the same information for the prior statements, Plaintiff's counsel still admittedly improperly waited on the filing of these documents. An answer was filed on February 10, 2020. A motion for judgment on the pleadings was submitted on February 11, 2020. This in and of itself showed Defendants did not realistically intend on litigating this matter. It is further admitted that the order entered by the court on March 14, 2020 was not responded to in a timely manner either. Further, a motion for extension of time was filed on February 24, 2020 and granted on February 25, 2020. As previously stated, Plaintiff's counsel unintentionally permitted the motion for judgment went unopposed, and was granted on February 27, 2020. This was unintentional, because it was intended that the motion to amend would have been filed prior to the due date, and as such, the motion would be deemed moot.

Plaintiff's counsel would posit that the conduct has not risen to a level such that the court deems sanctions appropriate. See Gaiardo v. Ethyl Corp., 835 F.2d 479, 484 (3d Cir. 1987). (holding that Rule 11 "should not be invoked against an attorney who fails to dismiss a case" even after an opposing attorney, for example, submits evidence that the suit is barred by a statute of limitations or res judicata).

Additionally, there are numerous factors that can be taken into account by the court in gauging the appropriate harshness or leniency of a sanction. Among the factors which the court may consider against the imposition of a particular sanction are:

a) the good faith or bad faith of the offender;
b) the degree of willfulness, vindictiveness, negligence or frivolousness involved in the offense;
c) the knowledge, experience and expertise or the offender;
d) the amount, reasonableness and necessity of the out-of-pocket expenses incurred by the offended person as a result of the misconduct;
e) the nature and extent of prejudice, apart from out-of-pocket expenses, suffered by the offended person as a result of the misconduct;
f) the relative culpability of client and counsel, and the impact on their privileged relationship, of an inquiry into that area;
g) the risk of chilling the specific type of litigation involved;
h) the impact of the sanction on the offender, including the offender's ability to pay a monetary sanction;
i) the impact of the sanction on the offended party, including the offended person's need for compensation;
j) the relative magnitude of sanction necessary to achieve the goal or goals of the sanction;
k) burdens on the court system attributable to the misconduct, including consumption of judicial time and incurrence of juror fees and other court cost; and
l) the degree to which the offended person's own behavior caused the expenses for which recovery is sought.

While plaintiff's counsel will not go through each of these paragraph by paragraph, it is requested the court keeps these in mind and they will b generally referred to throughout this response.

First and foremost, Plaintiff's counsel is apologetic for the delay in the response to the court in regards to this relatively straightforward requirement. While Plaintiff's counsel would not say that the violation was trivial in nature, it was not intended for any strategic delay, nor was it intentional to try and prejudice the opposing counsel in any matter. Further, it is worth nothing that Plaintiff's counsel has spoken with Plaintiff, and we are all in agreement that another attorney will be coming into this matter to make sure there are no such problems in the future.

As to the first sanction: "Pay $250 per day for each day that Mr. Thomas failed to file corporate disclosure statements pursuant to Fed. R. Civ. P. 7.1(a) for Plaintiffs Jacovetti Law, P.C. and FCS Capital LLC, beginning on February 3, 2020 (the final date for Mr. Thomas to comply

with the Court's Order directing the filing of those statements (ECF No. 2) and ending on March 6, 2020 (when Mr. Thomas filed the statement);" this sanction should be considered vastly disproportionate to the violation. A sanction is disproportionate to the violation, absent proof of prejudice. Prior to imposing harsh sanctions, many courts require a showing of prejudice. See Hillig v. Commissioner, 916 F. 2d 171, 174 (4th Cir. 1990) (a showing of prejudice is required before dismissal); Navarro v. Cohan, 856 F. 2d 141, 142 (11th Cir. 1988) (recognizing that dismissal is a drastic sanction).

Plaintiff's counsel is a solo practitioner and such a sanction, coming out to $8,000.00 would be the equivalent to 1 to months of Plaintiff's counsel's entire income for the time frame of one to two months. Given the difficulty we are all face at this time, it may well come out to even more than that. This would cause an incredible hardship, and would be disproportionate to the violation, as the court itself in essence stated it was not a violation that prejudiced the opposing side, and was more a technical violation. Plaintiff's counsel also pleads with the court to understand that **any** violation of an order to show cause is never intentional. The reason extensions are often requested is so that, Plaintiff's counsel, as a solo attorney, can try to meet deadlines as much as possible for the cases he currently has, as if one is missed, it is never intentional, but an oversight. Further, as previously stated, a new attorney should be entering the case very soon, to avoid any further such missed deadlines. Additionally, the court relied on the alleged "history" of Plaintiff's counsel for violation of orders in prior cases. Rather than go through the lengthy history of cases where Plaintiff's counsel timely complied with all prior orders, as should be considered the standard, and contrast them with the few and far between examples cited by the court, it is worth comparing one case that the court brought up for a frame of reference.

In the matter of <u>In Re Sharonn E. Thomas</u>, bankruptcy case 18-17430-elf, the court cited the perceived "strategic" attempts at discovery in that matter in the matter, and the perception that Plaintiff's counsel was not forthright in the further taking of discovery while the bankruptcy was ongoing and further, not giving proper notice to the opposing party during that time about the bankruptcy being filed, and further, permitted an arbitration award to be entered while the bankruptcy has already been filed. That argument, while Plaintiff's counsel strongly contests the findings, and facts as alleged in that case, could certainly be construed as to biasing the opposing side in that matter, as well as the debtor. While this is in no way an effort to try to re-litigate that case, it is being used as a frame of reference, to show that even after the substantial showings in that case as perceived by the court, the monetary sanction was of $1,000.00, roughly $1/8^{th}$ the amount suggested here and that already was an onerous charge for Plaintiff's counsel. The allegations there were of such a strong nature, that it was, objectively, understandable why it could be perceived the sanction was warranted. While that case is still actually being litigated in the Philadelphia state court, the point is that the those allegations warranted the sanction of $1,000.00, and were objectively substantially more of a violation than this case, where the disclosure was not timely submitted and the orders to show cause were timely responded to, nor a motion to extend filed within the proper time frame.  Again, this is not to make light of the court's orders to show cause, nor to disagree that the court rules which should always be followed, but rather to make clear why the $8,000.00 sanction would be vastly disproportionate to the violation.

As to the second sanction, " Provide a copy of the transcript of the proceedings before this Court on March 12, 2020, as well as a copy of this Court's Order resolving this Order to Show Cause to the disciplinary committee for every state bar in which Mr. Thomas is licensed to practice, as well as every federal court in which Mr. Thomas is admitted. Mr. Thomas shall provide the

transcript and order to those disciplinary committees within seven days of receiving the transcript or this Court's Order, whichever comes later. Within seven days of sending that information, Mr. Thomas shall submit to the Court a sworn statement demonstrating proof of delivery to each bar or Court."

This too would be particularly onerous, both because of the initial financial burden, but also because it would in essence be trying to alert each of those committees to start an examination of every single case plaintiff's counsel is involved in. Plaintiff's counsel, as previously stated, as attempted to help clients in every way possible, and fights for clients in many ways, and to have to defendant any perceived short coming for years because of this lapse in responding in this case, when the opposing side did not suffer any substantial harm, and as the court put it, may well have benefited in some ways, would cause a substantial hardship for years to come. To the extent that the legal work would likely suffer, and cause potential further delays and extensions being needed. Further, it does not seem clear that other jurisdictions and courts, would even have jurisdiction to review this matter, given it is only currently being heard here in this jurisdiction. As such, we ask that this sanction not move forward as phrased as being too broad and overly burdensome.

As to third sanction, "Mr. Thomas shall send a copy of both the transcript and the Order resolving the Order to Show Cause to each client he represents in this case and discuss the transcript and Order with each client. Within seven (7) days of delivery of the Transcript and Order pursuant to this Paragraph, Mr. Thomas shall submit to the Court a sworn statement demonstrating proof of his delivery of the Transcript and Order, and stating when and how he discussed the Transcript and Order with each client. The Court will disqualify Mr. Thomas from representing any client that does not provide to the Court a signed, written statement stating that the client has discussed the transcript and Order with Mr. Thomas and that it nonetheless wants to continue to

have Mr. Thomas represent him or it in this case" this too should not be needed. As previously stated, there is already another attorney that is being hired, and as such, this sanction may likely be "moot" as it seems that a new attorney will soon be handling this matter, at minimum as co-counsel, or as a full substitution.

Finally, as to the fourth sanction, "the Court will issue a judicial reprimand of Mr. Thomas." We simply plead that the court reconsider. Plaintiff's counsel has previously stated an apology for the oversight of not responding in a timely matter to the order to show cause, and does so again. It was not intentionally done, and will certainly not be repeated in this case, and to the greatest extend possible, in any other case either.

As such, Plaintiff's counsel requests that the sanctions be denied.

Date: March 19, 2020                          ___/s/ Joshua Thomas_____
                                              Joshua L. Thomas and Associates
                                              Joshua Thomas Esq.
                                              Supreme Court ID No. 003992012
                                              225 Wilmington-West Chester Pike
                                              Suite 200
                                              Chadds Ford, PA 19317
                                              Phone: (215) 806-1733
                                              Email: JoshuaLThomas@gmail.com