UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JACOVETTI LAW, P.C., ET AT.,** | Case No. 2:20-cv-00163-JDW |
| Plaintiffs, | Hon. Joshua D. Wolson |
| v. | |
| **JAMES EVERETT SHELTON, ET AL.,** | |
| Defendants. | |

### DEFENDANTS JAMES EVERETT SHELTON'S AND FINAL VERDICT SOLUTIONS' RESPONSE TO ATTORNEY JOSHUA THOMAS' ANSWER TO SHOW CAUSE ORDER

**(ORAL ARGUMENT NOT REQUESTED)**

NOW COMES James Everett Shelton ("Shelton") and Final Verdict Solutions ("FVS") (Shelton and FVS collectively "Defendants"[1]), and hereby propound upon Jacovetti Law, P.C. ("JL"), Robert C. Jacovetti ("Jacovetti"), FCS Capital, LLC ("FCS"), Barry Shargel ("Shargel"), and Emil Yashayev ("Yashayev") (JL, Jacovetti, FCS, Shargel, and Yashayev collectively "Plaintiffs") and this Honorable Court Defendants James Everett Shelton's and Final Verdict Solutions' Response to Attorney Joshua Thomas' Answer to Show Cause Order:

For the reasons set forth on the record on March 12, 2020, the Court can and should sanction Attorney Joshua Thomas as proposed in the Court's Order to Show Cause. (ECF No. 22). Mr. Thomas has deliberately caused injury to Defendants by way of bringing forth and litigating a frivolous civil action against them, and Mr. Thomas has repeatedly and flagrantly violated the

---

[1] The term "Defendants" for purposes of this Answer does not include Dan Boger, a co-defendant who is not represented by the undersigned attorney.

Court's Orders—which has offended the economies of Defendants, Defendants' attorney, and the Court.

It should be noted that Mr. Thomas having violated his ethical and legal obligations in the instant case appears to be par for the course for Mr. Thomas. In *Anthony Edwards and Marvin Minney, Jr., v. Wells Fargo Bank National Association, et al.*, Case No. 19-14409 at the United States District Court for the District of New Jersey, Mr. Thomas was on the receiving end of a show cause order entered as recently as January 29, 2020, which accuses him of bringing forth and litigating a civil action without the authorization of his alleged clients. (Exhibit A – 1/29/20 Order to Show Cause; Exhibit B – Letter).

In light of the sum total of the situation, it is just and proper for Mr. Thomas to be sanctioned as proposed by the Court. Mr. Thomas has victimized too many people to not have to answer for the same.

Respectfully submitted,

**REO LAW, LLC**

/s/ Bryan A. Reo
Bryan A. Reo, Esq.
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
*Attorney for James Everett Shelton and Final Verdict Solutions*

Dated:  March 19, 2020

# **EXHIBIT A**
# **1/29/20 Order**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

---

ANTHONY EDWARDS AND MARVIN MINNEY, JR.,

    Plaintiffs,

v.

WELLS FARGO BANK NATIONAL ASSOCIATION, WELLS FARGO HOME MORTGAGE, KELLEY CHRISTINE BUTIKOFER, JASON P. BRUMM, WANDA MOODY, SAMUEL C. SHELLEY, SANDRA LONG, and GBG PROPERTIES, LLC,

    Defendants.

Civil No. 19-14409

**ORDER TO SHOW CAUSE**

---

**HILLMAN**, District Judge

    WHEREAS on June 27, 2019, an initial complaint was filed in this action by Plaintiffs Anthony Edwards and Marvin Minney, Jr.,[1] by and through counsel Joshua Louis Thomas of Joshua L. Thomas & Associates; and

    WHEREAS on January 22, 2020, Edwards wrote this Court expressing that he had only recently learned of this action, that the filing of this action in his name "has not been approved[,]" that he has never met or spoken with Thomas, and

---

[1] The Court notes that Thomas has represented to the Court, in a motion to file an amended complaint, that Minney passed away in October of 2019. Minney's estate has not substituted in as the proper party in interest, see Fed. R. Civ. P. 25(a)(1).

that he never authorized Thomas to represent him in this action (ECF No. 6); and

WHEREAS such accusations are serious in nature. If Thomas filed this action on Edwards' behalf without his authorization to do so, such conduct would violate applicable Rules of Professional Conduct, the Local Civil Rules, and other binding authority; and

WHEREAS such accusations, if true, would suggest the need for this Court to consider whether appropriate disciplinary action should be taken; and

WHEREAS "the District Court of New Jersey, like all federal courts, has the power both to prescribe requirements for admission to practice before that court and to discipline attorneys who have been admitted to practice before that court." In re Abrams, 521 F.2d 1094, 1099 (3d Cir. 1975), cert. denied, 423 U.S. 1038, 96 S. Ct. 574, 46 L. Ed. 2d 413 (1975) (citing Ex parte Robinson, 86 U.S. (19 Wall.) 505, 512, 22 L. Ed. 205 (1873); Ex parte Garland, 71 U.S. (4 Wall.) 333, 378-79, 18 L. Ed. 366 (1866); Ex parte Secombe, 60 U.S. (19 How.) 9, 13, 15 L. Ed. 565 (1859); Rodgers v. United States Steel Corp., 508 F.2d 152, 163 (3d Cir. 1975); see U.S. CONST. art. III, § 1; 28 U.S.C. § 2071; Fed. R. Civ. P. 83); and

WHEREAS Local Civil Rule 104.1 addresses disciplinary actions before this Court; and

2

WHEREAS Local Civil Rule 104.1(e) explains that "[e]very attorney authorized to practice law or appearing before this Court, including those specially authorized for a limited purpose or in connection with a particular proceeding pursuant to L. Civ. R. 101.1, shall be subject to the disciplinary jurisdiction of this Court" L. Civ. R. 104.1(e)(1); and

WHEREAS Local Civil Rule 104.1(e) further explains "[w]hen misconduct or allegations of misconduct which, if substantiated, would warrant discipline of an attorney, shall come to the attention of a Judge of this Court, and the applicable procedure is not otherwise mandated by these Rules, that Judge shall refer the matter in writing to the Chief Judge.  The Chief Judge may refer the matter to the appropriate State disciplinary body or, if the Chief Judge concludes that further investigation is warranted, he or she shall direct the Clerk to refer the matter to an attorney ('investigating counsel') who is admitted to practice before this Court to conduct such an investigation in order to determine whether a formal order to show cause should issue."  L. Civ. R. 104.1(e)(2); and

WHEREAS based upon Edwards' representations, this Court Orders Thomas to show cause why the Court should not refer this matter to the Chief Judge for consideration as to whether disciplinary proceedings should commence;

3

THEREFORE,

IT IS on this  29th   day of   January   , 2020

**ORDERED** that counsel Joshua Louis Thomas of Joshua L. Thomas & Associates shall show cause, within fifteen (15) days of this Order, as to why this matter should not be referred to the Chief Judge for consideration as to the appropriateness of disciplinary action pursuant to Local Civil Rule 104.1(e). Failure to respond to this Order in a timely manner will result in this matter being referred to the Chief Judge pursuant to our Local Civil Rules; and it is further

**ORDERED** that the Clerk shall serve copies of this Order upon all Plaintiffs via regular mail.

At Camden, New Jersey
s/ Noel L. Hillman_____
NOEL L. HILLMAN, U.S.D.J.

4

# **EXHIBIT B**
# **Letter**

RECEIVED
JAN 22 2020
NOEL L. HILLMAN
U.S. DISTRICT JUDGE

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
2020 JAN 29

AuThony. D. Edwards / Anthony D. Edwards
609-332-5446 - Cell.
609-667-7679 - Home

Dear Mr. Hillman,

I Anthony D. Edwards am Writing you this letter to J. let you know that this case that Mr. Joshua L. Thomas, (Case # 1:19-cv-14409-NLH-KMW) Has Not Been approved By Me. I Have Never even talked too or ever seen Mr. Thomas. Mr. Thomas from What I Understand is Representing Me in this Case and I am Unaware of any of this. I Believe Mr. Barksdale and Mr. Thomas Filed a Bankruptcy in my Name without permission from Me. Mr. Barksdale also filed a lawsuit against Wells Fargo Bank in My Name again Without My permission. I think I need an attorney to tell me what to Do Next. Just letting you know Mr. Barksdale was an old friend that alot of my friends trusted to help us all flip property but instead Frauded all of us. I am still finding out information on this and it sickens My stomach to find out Mr. Barksdale and all his Dishonest and shady people at the Banks and Attorneys He knows are robbing and stealing from his friends. again Your Honor Please Do not Believe this case. they Both Should Be in Jail for almost Having Me to Go Through Hell. I almost Had my Wife Leave Me. and for these 2 low lifes to stand infront of you and lie to you and Your Bench. I will gladly take Your Call or I will visit if You Need Me too. Thankyou Anthony D Edwards

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
2020 JAN 22 P 1:57

Attention:
Judge Hillman

Anthony Edwards
95 Fenar Ct
Lumberton, NJ
08048

Home # 609-667-7696
Cell # 609-332-5446

**CERTIFICATE OF SERVICE**

I, Bryan A. Reo, affirm that I am an attorney of record for a party to the above-captioned civil action, and on March 19, 2020, I submitted Defendants James Everett Shelton's and Final Verdict Solutions' Response to Attorney Joshua Thomas' Answer to Show Cause Order to the Court's Electronic Filing System, which should provide notification to all attorneys of record that said filing has been submitted.

/s/ Bryan A. Reo
Bryan A. Reo, Esq.
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
*Attorney for James Everett Shelton and Final Verdict Solutions*

Dated:  March 19, 2020