# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JACOVETTI LAW, P.C., et al.**, | Case No. 2:20-cv-00163-JDW |
| *Plaintiffs*, | |
| v. | |
| **JAMES EVERETT SHELTON, et al.**, | |
| *Defendants*. | |

## MEMORANDUM

## BACKGROUND

In August 2018, Shelton filed a complaint against FCS Capital LLC, Emil Yashayev, and Barry Shargel asserting violations of the Telephone Consumer Protection Act. *See Shelton v. FCS Capital LLC*, Case No. 2:18-cv-03723 (the "TCPA Action"). In November 2018, he filed an amended complaint, adding Robert Jacovetti and Jacovetti Law, P.C. as defendants. (The Court refers to Mr. Jacovetti and Jacovetti Law collectively as "Jacovetti.") On February 6, 2019, Shelton voluntarily dismissed his claims against Jacovetti.

On September 17, 2019, Shelton filed a motion for summary judgment in the TCPA Action. The Court struck that motion on October 8, 2019, and Shelton filed an amended motion that same day. The remaining defendants—FCS, Mr. Yashavev, and Mr. Shargel—did not file an opposition to the summary judgment motion. On December 13, 2019, the Court granted Mr. Shelton's summary judgment motion and entered judgment in favor of Mr. Shelton and against FCS, Mr. Yashayev, and Mr. Shargel.

In January 2020, Javovetti, FCS, Mr. Shargell, and Mr. Yashayev filed this action, asserting claims against Mr. Shelton, his company Final Verdict Solutions, and Dan Boger. (The Court refers to Mr. Shelton and FVS as "Shelton.") The complaint asserts claims for violation of RICO, wire fraud, and unjust enrichment. Shelton answered and filed a motion for judgment on the pleadings. Plaintiffs did not respond. On February 27, 2020, the Court granted the motion as unopposed. The Court's decision did not apply to Mr. Boger because he has not yet been served with the complaint.

On February 6, 2020, Plaintiffs filed a motion for asking the Court to reopen its decision granting judgment on the pleadings under Fed. R. Civ. P. 60 and granting leave to file an amended complaint. The proposed Amended Complaint, which is attached to the Motion, would drop FCS, Mr. Shargell, and Mr. Yashayev as plaintiffs, leaving only Jacovetti. It would also add a claim for defamation, as well as a number of factual allegations. Shelton responded to the motion, and Plaintiffs replied.

## ANALYSIS

**I.     RULE 60**

Federal Rule of Civil Procedure 60(b) permits a court to grant relief from a "final judgment, order, or proceeding …." Fed. R. Civ. P. 60(b). A "judgment" is a "decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). For an order to qualify as a "judgment," it must be appealable under 28 U.S.C. § 1291 and have the effect of terminating the litigation. *See* 10 Fed. Frac. & Proc. Civ. § 2651 (4th ed.). The Court's Order granting judgment on the pleadings was not a judgment because it did not terminate the litigation. Instead, it only resolved the claims against Shelton. Because the Court has not issued a final judgment, Rule 60 does not apply here.

## II. LEAVE TO AMEND

The Third Circuit has instructed district courts to give leave to amend a complaint even after dismissing the pleading if the plaintiff can satisfy Rule 15(a). *See Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*, 907 F.2d 1408, 1417 (3d Cir. 1990). This rule applies even if the plaintiff did not seek leave to amend prior to the order dismissing the complaint. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245-46 (3d Cir. 2008). Rule 15 provides that courts should "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(3). Generally, district courts deny leave to amend a pleading only if there is evidence of undue delay, bad faith or dilatory motive, the amendment would be futile, or the amendment would prejudice the other party. *See Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). Here, Shelton does not allege undue delay or prejudice, nor could he, given the early stage of the litigation. He does, however, argue that any amendment would be futile, for three reasons: Pennsylvania's judicial privilege bars the claims; Shelton has not been unjustly enriched; and the doctrine of *res judicata* bars the claims.

### A. Litigation Privilege

Shelton invokes Pennsylvania's judicial privilege as a reason for the Court to find the Amended Complaint futile. Federal Rule of Evidence provides that federal common law supplies the rules of privilege except in civil cases in which state law supplies the rule of decision for a particular claim or defense. *See* Fed. R. Evid. 501. Thus, under Rule 501, the Court must apply the federal common law of privilege to the claims under federal law and Pennsylvania privilege law to the claims that arise under Pennsylvania law. Shelton does not argue about or analyze federal common law, let alone attempt to apply it to the RICO claims in the Amended Complaint. The Court will not do so *sua sponte*.

As for the state law claims, Pennsylvania's judicial privilege provides immunity for communications that are made in the regular course of judicial proceedings and are material to the relief sought, whether a party, witness, attorney, or judge makes the statements. *See Schanne v. Addis*, 121 A.3d 942, 947 (Pa. 2015). The privilege applies to statements in pleadings or in court. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.*, 102 F. Supp.3d 719, 730 (E.D. Pa. 2015). Although the privilege has its origin in defamation actions, it applies to other torts as well. *See id.*

Here, the judicial privilege renders the defamation claim in the Amended Complaint futile. The Amended Complaint is somewhat puzzling because it references statements made orally and in writing, but the only statements that the Amended Complaint identifies as false, and therefore as the potential basis for a defamation claim, are statements that Mr. Shelton made in his complaint in the TCPA Action. It then recites, "Defendant has published these statements in the complaints that were filed." (ECF No. 19 at Ex. 1 (Count III).) The statements in the complaint in the TCPA Action are statements in pleadings that are material to the relief sought. Pennsylvania's judicial privilege therefore applies to them. To the extent that the reference to "oral" statements in the Amended Complaint is intended to reference transcripts of Mr. Shelton's telephone calls, which are attached as exhibits to the Amended Complaint, there is no allegation that those statements are false. Nor does there seem to be a basis for an allegation of falsity, given that the statements in the transcripts discuss Shelton's own business practices. They therefore cannot form the basis of a defamation claim.

The judicial privilege does not apply to the unjust enrichment claim, however. That claim is not based on Shelton's statements. It is based on the alleged payment of something of value to Shelton that he is not entitled to recover.

**B.     Unjust Enrichment**

Under Pennsylvania law, the elements of a claim for unjust enrichment are (1) the plaintiff confers benefits on the defendant, (2) the defendant appreciates those benefits, and (3) the defendant accepts and retains those benefits under such circumstances that it would be inequitable for the defendant to retain them without payment of value. *See Lackner v. Glosser*, 892 A.2d 21, 34 (Pa. Super. Ct. 2006). Shelton argues that Jacovetti's unjust enrichment claim is futile because the benefit at issue is the Court's judgment in the TCPA Action. Jacovetti did not respond to that argument, so the Court deems it conceded.

The Court agrees with Shelton. The benefit that Shelton has received is a judgment. That benefit was not "unjust." It was the product of careful consideration by this Court of Shelton's TCPA claim. Moreover, the judgment does not apply to Jacovetti, so Jacovetti has not conferred any benefit on Shelton. The claim is therefore futile.

**C.     *Res Judicata***

Shelton argues that the amended complaint is an attempt to revisit the outcome of the TCPA Action and is therefore barred by the doctrine of *res judicata*. *Res judicata* applies upon the demonstration of three elements: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action. *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (quote omitted). Shelton's argument fails at the second element. Jacovetti and his law firm were not parties to the TCPA Action when the Court entered judgment because Shelton had dismissed them from the case. *Res judicata* does not apply to their claims.

## CONCLUSION

Jacovetti's claims for defamation and unjust enrichment are futile. The Court has doubts about the viability of the RICO claims, but it cannot say with certainty that the claims are futile, particularly based on the arguments that Shelton makes. Therefore, Jacovetti may file an Amended Complaint, consistent with this decision, within seven days of the date of this Order. Jacovetti must also file a RICO case statement. Shelton can then test the RICO claims in a motion to dismiss or after discovery. To the extent that Joshua Thomas continues to represent Jacovetti in filing the Amended Complaint, he and Jacovetti must first comply with paragraph 5 of the Court's Order dated March 27, 2020 (ECF No. 29). An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.