UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JACOVETTI LAW, P.C., ET AT.,**<br><br>     Plaintiffs,<br><br>  v.<br><br>**JAMES EVERETT SHELTON, ET AL.,**<br><br>     Defendants. | Case No. 2:20-cv-00163-JDW<br><br>Hon. Joshua D. Wolson |

### DEFENDANTS JAMES EVERETT SHELTON'S AND FINAL VERDICT SOLUTIONS' MOTION TO DISQUALIFY ATTORNEY JOSHUA THOMAS AS ATTORNEY OF RECORD FOR PLAINTIFFS AND FOR ISSUANCE OF SHOW CAUSE ORDER

NOW COMES James Everett Shelton ("Shelton") and Final Verdict Solutions ("FVS") (Shelton and FVS collectively "Defendants"[1]), and hereby propound upon Jacovetti Law, P.C. ("JL"), and Robert C. Jacovetti ("Jacovetti"), (JL and Jacovetti collectively "Plaintiffs") and this Honorable Court Defendants James Everett Shelton's and Final Verdict Solutions' Motion to Disqualify Attorney Joshua Thomas as Attorney of Record for Plaintiffs and for Issuance of Show Cause Order:

1. The Court pertinently ordered on April 27, 2020, "[T]o the extent Joshua Thomas will continue as counsel for Robert Jacovetti and Jacovetti Law, P.C., he must comply with Paragraph 5 of this Court's Order dated March 27, 2020 (ECF No. 29)."  (ECF No. 34, Page 1 of 5).

2. Paragraph 5 of the March 27, 2020, Order states:

   Within seven days of receiving the transcript [of the proceedings taking place on March 12, 2020], Thomas shall provide a copy of this Order, the accompanying Memorandum, and the transcript to all of his clients in this matter and then submit to the Court a statement under oath that he has done so. **To the extent Thomas**

---

[1] The term "Defendants" for purposes of this Answer does not include Dan Boger, a co-defendant who is not represented by the undersigned attorney.

**intends to continue as counsel in this case, he must first submit to the Court a statement in writing signed by each client that intends to continue to employ him as counsel, stating that the client has received a copy of this Order, the accompanying Memorandum, and the transcript, has discussed them with Thomas, and wants to continue to employ Thomas as counsel in this case[.]"**

(Emphasis added.) (ECF No. 29, Page 2 of 2, ¶ 5).

3. On May 4, 2020, Attorney Joshua Thomas ("Thomas") submitted a signed statement from his clients, but the same does not comply with Paragraph 5 of the March 27, 2020, Order. (ECF No. 35-1, Page 19 of 19). Said statement states:

1. We have reviewed and discussed all proceedings in this matter with Mr. Joshua Thomas and have a full understanding of what has occurred in this matter.

2. We understand that we are required to inform the court if we intend to continue to employ Mr. Thomas as counsel in this case.

3. We understand that Mr. Thomas will continue zealously represent us in this matter.

4. At this time, we will continue to employ Mr. Thomas on as our attorney in this matter, but reserve the right to hire new counsel at any time.

/s/ Robert C. Jacovetti
Individually and as Member of Jacovetti Law, P.C.

/s/ Barry Shargel
Individually and as Managing Member of FCS Capital, L.L.C.

/s/ Emil Yashayev
Individually and as Managing Member of FCS Capital, L.L.C.

(ECF No. 35-1, Page 19 of 19).

4. Noteworthy about the signed statement of Thomas' clients is that they did not explicitly state that they received and reviewed a copy of the March 27, 2020, Order, it does not explicitly state that they received and reviewed a copy of the March 27, 2020, Memorandum, and it does not explicitly state that they received a copy of the March 12, 2020, transcript. (ECF No. 35-1, Page

2

19 of 19). As such, the signed statement does not comport with the required condition precedent—established by the Court on April 27, 2020—for Thomas to continue to represent Plaintiffs.

5. It should be noted that the foregoing is not the only apparent non-compliance of Thomas when it comes to Thomas complying with the March 27, 2020, Order. Paragraph 3 of the March 27, 2020, Order states:

> 3. Within seven days of receiving the transcript [of the March 12, 2020, court event], **Thomas shall provide a copy of this Order, the accompanying Memorandum, and the transcript to the disciplinary committee of every state bar and federal court in which he is licensed or admitted** to practice. Thomas shall then submit to this Court a statement, made under oath, that he has complied and attach proof of delivery.

(Emphasis added) (ECF No. 29, Page 1 of 2, ¶ 3).

6. Thomas deceptively mailed the Order, Memorandum, and transcripts not to the Disciplinary Board of the Supreme Court of Pennsylvania at their address—Pennsylvania Judicial Center, 601 Commonwealth Ave., Ste. 5600, P.O. Box 62625, Harrisburg, PA 17106[2]—, but rather, to the Pennsylvania Bar Association at their 17101 zip code address.[3] The Pennsylvania Bar Association is merely a voluntary bar association of lawyers—and not the "disciplinary committee"—which is what the Court ordered. (ECF No. 35-1, Page 10 of 19).

7. Thomas did for his New Jersey law license the same thing he did for his Pennsylvania law license. The Office of Attorney Ethics—which is the attorney disciplinary committee in New Jersey—maintains its mailing address at Office of Attorney Ethics, P.O. Box 963, Trenton, NJ 08625.[4] However, Thomas instead mailed the Order, Memorandum, and transcripts to the "New

---

[2] <https://www.padisciplinaryboard.org/>
[3] <https://www.pabar.org/site/>
[4] <https://njcourts.gov/attorneys/oaefaq.html>

3

Jersey State Bar" at their address in New Brunswick, New Jersey. (ECF No. 35-1, Page 12 of 19). The New Jersey State Bar is not the disciplinary committee for that state.

8. The documents Thomas submitted to the Court suggest that Thomas' clients did not receive the March 27, 2020, Order, the March 27, 2020, Memorandum, or the March 12, 2020, transcripts insofar as the statement of Thomas' clients does not explicitly state that they received and reviewed the same. Furthermore, the documents Thomas submitted to the Court quite clearly evince that Thomas did not provide the Order, Memorandum, and transcripts to the disciplinary committees of the states where he is licensed to practice law, but rather, to voluntary bar associations which do not make attorney discipline-related decisions.

WHEREFORE, Defendants pray that this Honorable Court will:

A. Issue an order for Thomas to show case as to why he should not be held in indirect civil contempt of court for not complying with the Court's March 27, 2020, Order (ECF No. 29);

B. Again order Thomas to mail—and to file with the Court proof of having done so—the March 27, 2020, Order, March 27, 2020, Memorandum, and the March 12, 2020, transcripts to Disciplinary Board of the Supreme Court of Pennsylvania, Pennsylvania Judicial Center, 601 Commonwealth Ave., Ste. 5600, P.O. Box 62625, Harrisburg, PA 17106, and Office of Attorney Ethics, P.O. Box 963, Trenton, NJ 08625;

C. Schedule a telephone conference call to be attended by Robert C. Jacovetti, Barry Shargel, Emil Yashayev so that said parties can be asked by the Court whether they in fact received and discussed the March 27, 2020, Order, the March 27, 2020, Memorandum, or the March 12, 2020, transcripts from Thomas; and

D. Order that Thomas is withdrawn from the case as the attorney of record for Plaintiffs insofar as Thomas has not complied with the Court's March 27, 2020, and April 27, 2020, Orders.

          Respectfully submitted,

          **REO LAW, LLC**

          /s/ Bryan A. Reo
          Bryan A. Reo, Esq.
          P.O. Box 5100
          Mentor, OH 44061
          (T):  (216) 505-0811
          (E):  reo@reolaw.org
          *Attorney for James Everett Shelton and Final Verdict Solutions*

Dated:  May 5, 2020

## CERTIFICATE OF SERVICE

I, Bryan A. Reo, affirm that I am an attorney of record for a party to the above-captioned civil action, and on May 5, 2020, I submitted Defendants James Everett Shelton's and Final Verdict Solutions' Motion to Disqualify Attorney Joshua Thomas as Attorney of Record for Plaintiffs and for Issuance of Show Cause Order to the Court's Electronic Filing System, which should provide notification to all attorneys of record that said filing has been submitted.

/s/ Bryan A. Reo
Bryan A. Reo, Esq.
P.O. Box 5100
Mentor, OH 44061
(T): (216) 505-0811
(E): reo@reolaw.org
*Attorney for James Everett Shelton and Final Verdict Solutions*

Dated: May 5, 2020