**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)**

| | | |
|---|---|---|
| JACOVETTI LAW P.C., ET AL. | : | |
| | : | |
| Plaintiffs, | : | NO.   2:20-CV-00163-JDW |
| | : | |
| v. | : | |
| | : | |
| JAMES EVERETT SHELTON, ET AL. | : | |
| | : | |
| Defendants. | : | |

# ORDER

AND NOW this _____ day of _____, 2020, upon consideration of Movant, Thomas' Motion for Reconsideration and Cross-Motion for Partial Reconsideration, and any response thereto, it is hereby ORDERED and DECREED that Thomas' motions are GRANTED, and this Honorable Court's sanctions Order is VACATED.

**AND IT IS SO ORDERED**.

_____
Honorable Joshua D. Wolson

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | | |
|---|---|---|
| JACOVETTI LAW P.C., ET AL. | : | |
| Plaintiffs, | : | NO.   2:20-CV-00163-JDW |
| v. | : | |
| JAMES EVERETT SHELTON, ET AL. | : | |
| Defendants. | : | |

## JOSHUA THOMAS, ESQUIRE'S MOTION FOR RECONSIDERATION OF SANCTIONS ORDER AND CROSS-MOTION TO PARTIALLY VACATE ENLARGEMENT ORDER

Incorporating by reference Joshua Thomas, Esquire's accompanying Memorandum of Law, Thomas respectfully requests this Honorable Court vacate its sanctions Order.

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
PA Attorney ID #: 85570
7 S. Morton Avenue
Morton, PA 19070
(610) 690-0801
(610) 690-0880 – Fax
mweisberg@weisberglawoffices.com
*Attorney for Joshua Thomas, Esquire*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | | |
|---|---|---|
| JACOVETTI LAW P.C., ET AL. | : | |
| Plaintiffs, | : | NO.   2:20-CV-00163-JDW |
| v. | : | |
| JAMES EVERETT SHELTON, ET AL. | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF JOSHUA THOMAS, ESQUIRE'S MOTION FOR RECONSIDERATION OF SANCTIONS ORDER AND CROSS-MOTION TO PARTIALLY VACATE ENLARGEMENT ORDER**

**I.      Standard for Motion for Reconsideration**

Generally, the district court's denial of reconsideration is reviewed for an abuse of discretion; however, to the extent that the denial of reconsideration is predicated on an issue of law, the issue is reviewed *de novo*. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (C.A. 3 1999).

"The purpose of a motion for reconsideration … is to correct manifest errors of law or fact…" Id., at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (C.A. 3 1985)). A judgment may be altered or amended if the party seeking reconsideration shows the need to correct a clear error of law or fact or to prevent manifest injustice. Id.

Attorney Thomas respectfully requests this Honorable Court correct and thus vacate its Order entering sanctions: as a clear error of law and to prevent a manifest injustice, *infra*.

**II.     Cross-Motion for Partial Reconsideration of the Order Granting Enlargement of Time to File this Motion for Reconsideration**

In this Honorable Court's Order granting enlargement of time to seek reconsideration of the sanctions Order, this Court directed the instant motion be limited solely to issues presented previously.

The failure of this Court to pre-sanctions advise Thomas that Thomas would be subject to *sua sponte* sanctions by the Court's inherent authority and the particularized basis for those sanctions was not pre-sanctions briefed.

However, this clearly falls into the above-referenced motion for reconsideration standard.

To the extent Thomas will be arguing the failure of this Court's notice, same is grounds for partial reconsideration of this Court's enlargement Order's limiting this motion to questions previously raised.

Thomas respectfully requests reconsideration of this Court enlargement Order limiting this motion so to present a new argument: this Court's failure of due process.

**III.    Standard for *Sua Sponte* Sanctions**

In this Court's sanctions Order, this Court entered sanctions *sua sponte* pursuant to the Court's inherent authority.

*Sua sponte* sanctions should only be employed when there exists a defilement of the "… very temple of justice." Humanscale Corp. v. CompX Intern., Inc., 2010 WL 3304261, *3 (E.D. Va. 2010).

"The court must keep in mind that the primary objective of any sanction is to preserve the integrity of the process rather than to punish the offender." Lighthouse Point Marina & Yacht Club, LLC v. International Marine Underwriters, 2015 WL 260891 (D.N.J. January 20, 2015) (internal citation omitted).

"Usually, the inherent power that a district court retains to sanctions attorneys also requires bad faith." <u>Martin</u>, *infra*.

*Sua sponte* sanctions are akin to contempt of court. <u>In re Brees</u>, 562 F.3d 284, 287 (C.A.4 2009).

Because a court's inherent powers are so potent they must be exercised with restraint and discretion. <u>Malautea v. Suzuki Motor Co., Ltd.</u>, 987 F.2d 1536, 1546 (C.A. 11 1993) (internal citation omitted).

*Sua sponte* sanctions were not warranted even for the misconduct found.

## IV.  Due Process

In order to impose a sanction, notice of the sanction device[1] to be employed as well as the particularized grounds for that sanction must be provided prior to sanctions being entered. <u>Simmerman v. Corino</u>, 27 F.3d 58, 62 (C.A.3 1994); <u>Martin v. Brown</u>, 63 F.3d 1252 (C.A.3 1995).

In reviewing this court's sanctions notice, this Court failed to provide: (1) notice that <u>sua sponte</u> sanctions were being considered via the Court's inherent authority; and (2) what missed deadlines were being considered.[2]

For failure of due process, this Honorable Court's sanctions Order should be vacated.

## V.  Lesser Sanctions

A disciplinary docket has been opened against Attorney Thomas before the Eastern District of Pennsylvania.  Thomas has been publicly shamed by being featured in *The Legal Intelligencer*, among others, secondary to this Court's sanctions.  This Court's sanctions Order has already been "used" by Thomas' other clients' adversaries in other unrelated matters.

---

[1] Rule 11; 28 U.S.C. § 1927; inherent authority; disciplinary authority, etc.
[2] A prior motion for sanctions was denied.

To be clear: Thomas missed – and this is understated – deadlines (in repeated violation of this Court's Order as well as practices and procedures; the Federal Rules of Civil Procedure; and Local Rules of Civil Procedure).  For that, however, Thomas does not deserve his license jeopardized nor a public shaming with career-altering (if not ending) prospects.

To the extent this Court holds that its recitation of Thomas' prior misconduct in other matters (including a related matter) was the lesser sanctions exposition required, Thomas respectfully suggests: (i) other (even inter-related) extra-action misconduct cannot form the basis of the <u>entry</u> of sanctions herein; (ii) his prior history of misconduct does not warrant the sanctions entered; and (iii) that exposition was not presented to Thomas as under consideration in this Court's sanctions notice.

To wit, Thomas' client has still ongoing retained him.

## VI. Public Reprimand

Despite this Court implicitly holding that it would not discipline Attorney Thomas (e.g., "symbolic"), this Court imposed a Public Reprimand – discipline.

This discipline may be reciprocated throughout all jurisdictions in which Thomas is licensed and may cause *pro hac vice* ratification/prohibition.

Further, this discipline is violative of local due process. <u>LR</u> 83.6(V).

This Court should vacate its Order of a Public Reprimand.

## VII. Conclusion

Thomas missed many deadlines and has done so in the past.  Thomas' omissions indicate Thomas' ongoing and repeated unfamiliarity with procedures or, at worst, sloppiness: not bad faith nor contempt (of which there is no record evidence in this matter).

Thomas has not been accused by this Court (nor held by any other) of frivolity, vexatiousness, nor intentional subterfuge – such as would constitute the defilement of the "temple of justice."

Thomas has been humiliated, faces career-altering licensure investigation, and unrelated opposition arising from this Court's sanctions opinion.

Thomas has been humbled.

It may be that – as this Court implicitly held – Thomas did not learn from prior <u>mistakes</u>.

However, the aforesaid does not give rise to *sua sponte* sanctions; nor as imposed.

To the extent this Court again finds *sua sponte* sanctions warranted, those sanctions cannot be imposed for failure of due process.

Alternatively, lesser sanctions should have been imposed: such as a six (6) month proctorship.

WHEREFORE, Movant, Attorney Joshua Thomas, Esquire, respectfully requests this Honorable Court vacate its order of sanctions and partially vacate its order limiting this motion to grounds previously raised. In the alternative, Thomas respectfully requests a lesser form of sanctions – vacating the disciplinary referral(s) and public reprimand.

**WEISBERG LAW**

<u>/s/ Matthew B. Weisberg</u>
Matthew B. Weisberg, Esquire
PA Attorney ID #: 85570
7 S. Morton Avenue
Morton, PA 19070
(610) 690-0801
(610) 690-0880 – Fax
<u>mweisberg@weisberglawoffices.com</u>
*Attorney for Joshua Thomas, Esquire*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | | |
|---|---|---|
| JACOVETTI LAW P.C., ET AL. | : | |
| Plaintiffs, | : | NO.   2:20-CV-00163-JDW |
| v. | : | |
| JAMES EVERETT SHELTON, ET AL. | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 5th day of May, 2020, a true and correct copy of the foregoing Motion for Reconsideration was served via ECF upon the following parties:

Joshua L. Thomas, Esquire
Joshua L. Thomas & Associates, PLLC
225 Wilmington-West Chester Pike
Suite 200
Chadds Ford, PA 19317

Bryan A. Reo, Esquire
Reo Law, LLC
P.O. Box 5100
Mentor, OH 44061

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
PA Attorney ID #: 85570
7 S. Morton Avenue
Morton, PA 19070
(610) 690-0801
(610) 690-0880 – Fax
mweisberg@weisberglawoffices.com
*Attorney for Joshua Thomas, Esquire*