IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOVETTI LAW, P.C., et al.<br>　　　PLAINTIFFS,<br><br>　　　　　　V.<br><br>JAMES EVERETT SHELTON, et al.<br>　　　DEFENDANTS. | CIVIL ACTION NO.: 2:20-cv-00163-JDW<br><br>*Civil Action* |

**PLAINTIFFS' RICO CASE STATEMENT**

Plaintiffs hereby file their RICO Case Statement as required by Rule 11 as follows:

**1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962(a), (b), (c), and/or (d). If you allege violations of more than one Section 1962 subsection, treat each as separate RICO claim.**

Plaintiffs assert claims for violations of 18 U.S.C. Sec. 1962 (a) and (d). The individual RICO Defendants and Enterprise Actors named herein formed an association in fact enterprise with the intent and purpose of actions against various firms and forcing them into settlement based on materially misrepresented facts and/or entirely fabricated scenarios. Pursuant to (a), defendants had income derived, directly or indirectly, from a pattern of racketeering activity that they used or invested, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce as the one discussed in this case. This has gone on for over a decade, as shown in the cases sited in the complaint and as the stated intent of the various calls that the transcripts have bene attached from, as well those that are

currently awaiting being transcribed.[1] Most, if not all, of these actions stemmed form forced communication on the part of defendants, or alleged communications that did not occur, with the sole intent of getting settlements from their victims.

As for part (d), the transcripts attached and the recorded calls show a clear intent to conspire, by trying to get others to get in on the suits, and, in at least one instance, suing an individual when the individual refused to participate. Further, there is some evidence that Mr. Shelton is working with other individuals as well, who are likely part of the same scheme, based on the fact they use strikingly similar methods as Shelton for the same goals; to cause or fabricate communications that allegedly violate the TCPA (Telephone Consumer Protection Act) and apparently other federal lawsuits, for the express purpose of forcing settlements, rather than go through prolonged litigation with Shelton. Essentially, Shelton uses a perversion of the laws and courts in order to creates settlements where he otherwise would not be entitled to anything.

2. **The identity of each defendant and the alleged misconduct and basis of liability for each.**

Defendant James Everett Shelton (Shelton) is the apparent mastermind, or a primary individual behind these suits, filing them in his own name, and then often getting an attorney

---

[1] 2:08-cv-77863-ER SHELTON v. TYCO INTERNATIONAL (U.S.) INC. et al; 2:96-cv-03437-LB HAFFEY, et al v. SOFAMOR DANEK GROUP, et al; 2:16-cv-01650-PD SHELTON v. EXPERIAN INFORMATION SOLUTIONS, INC. et al; 2:17-cv-02367-JHS SHELTON v. MARK D. GUIDUBALDI & ASSOCIATES LLC et al; 2:17-cv-02368-LDD SHELTON v. DOAN SOLUTIONS, LLC et al; 2:17-cv-02620-TJS SHELTON v. ICAPITAL; CASH GROUP INC. et al; 2:17-cv-02851-GJP SHELTON v. MERCHANT SOURCE INC. ("MSI") et al; 2:17-cv-03301-RBS SHELTON v. FUNDBOX, INC.; 2:17-cv-04063-RBS SHELTON v. NATIONAL; GAS & ELECTRIC, LLC; 2:18-cv-01655-MAK SHELTON v. CENTERPOINTE LENDING STUDENT LOAN SERVICES et al; 2:18-cv-02070-NIQA SHELTON v. TARGET ADVANCE LLC; 2:18-cv-02071-CFK SHELTON v. FAST ADVANCE FUNDING, LLC; 2:18-cv-02072-TJS SHELTON v. PARAMOUNT HOLDING COMPANY, LLC; 2:18-cv-02186-TJS SHELTON v. CAPITAL; ADVANCES LLC et al; 2:18-cv-02187-CFK SHELTON v. ARETE FINANCIAL; GROUP et al; 2:18-cv-02259-PBT SHELTON v. RFR CAPITAL; LLC et al; 2:18-cv-02545-MSG SHELTON v. NATIONAL; STUDENT ASSIST LLC et al; 2:18-cv-02759-GEKP SHELTON v. IVEST 360, LLC; 2:18-cv-03723-JDW SHELTON v. FCS CAPITAL; LLC et al; 5:19-cv-02466-JFL SHELTON v. TRIFECTA SOLAR LLC et al; and 2:18-cv-04375-CFK SHELTON et al v. DIRECT ENERGY, LP, et al .

involved when they are opposed. Defendant Final Verdict Solutions is an entity run by Shelton where they claim "WE CAN GET YOU PAID!" . The alleged purpose of this entity is to 1. not have to hire an attorney, "Hire an attorney to collect it for you. Unless you're willing to pay at least $150/hour and pay a retainer fee up-front, attorneys are not going to help you. They specialize in winning judgments- not collecting them. Plus, there is no guarantee they will get you any money!"[2] 2. not have to hire a collection agency and actually follow the FDCPA "Hire a collections agency. Sure, they'll contact your debtor repeatedly, but they rarely get you any money. In addition, they must comply with the FDCPA (Fair Debt Collection Practices Act) which says that a collections agency must cease and desist any and all communication upon written request from the debtor. If this happens, the collections agency will be of no use to you.", or 3. simply collect on a judgment on their own "Attempt to collect the judgment yourself. Maybe you'll be able to get a few payments from your debtor, if you're lucky. Do you know how to locate your debtor's assets, such as bank accounts, wages, or real estate? Most people don't. In addition, if not done properly, you may end up losing money in court fees!". These ideas are particularly egregious, especially 2 and 3, as 2 essentially encourages people to hire that firm to violate the FDCPA and 3 encourages them to go after the creditor's property, as Shelton has already admitted to doing in the recorded calls and transcripts.

As for Defendant Dan Boger, he apparently was working with Shelton, when he sent the email to Plaintiffs back on November 28, 2018. The timing of this email is absolutely not coincidence, but instead shows they were working together, as well as the fact the language used in the email matches almost exactly the phrasing used by Shelton. Plaintiffs intend to show through discovery how and when they planned this.

---

[2] All quotes taken directly from https://www.finalverdictsolutions.com/how-it-works.html.

**3. List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.**

At this time, there are no other known wrongdoers, Plaintiffs reserve the right to add parties if more are discovered through discovery or any other means, specifically any and all parties on the attached list, that apparently may have been working directly or indicretly with Shelton. (See Exhibit A).

**4. List the alleged victims and state how each victim allegedly was injured**

Both Plaintiffs Jacovetti Law, P.C. and Robert C. Jacovetti (consolidated as Javocetti). were the victims in this case. Shelton initiated his standard scheme against Jacovetti, first making threats to him, and then outright including him in a suit, forcing a default improperly, then eventually, when it was opposed, withdrawing the case against Jacovetti. However, the damage was done, and Shelton apparently has already informed others to target Jacovetti as well, as letter dated May 1, 2020. (See Exhibit B). As such, although Shelton withdrew his suit, it appears that it may have just been the tip of the iceberg for potential damages against Jacovetti, considering the source of the letter is on the list of all potential parties Shelton may well be working with. (see Exhibit A).

**5. Describe in detail the pattern of racketeering activity or collection of an unlawful debt alleged for each RICO claim. A description of the pattern of racketeering activity shall include the following information:**

All of the acts are violations of 18 U.S.C. 1343 which the states the elements of wire fraud to be "(1) that the defendant voluntarily and intentionally devised or participated in a scheme to defraud another out of money; (2) that the defendant did so with the intent to defraud; (3) that it was reasonably foreseeable that interstate wire communications would be used; and (4) that

interstate wire communications were in fact used" and Mail fraud, 18 U.S.C. § 1341 which states which says "Whoever, having devised or intending to devise any scheme or artifice to defraud………..for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both".

Shelton and his attorneys threatened Jacovetti several times, with emails and phone calls and potentially defaming Mr. Jacovetti and his firm by spreading his information to other potential parties who are part of the general scheme of suing parties to try and get a settlement. These communications would state that Jacovetti was somehow in violation of the TCPA, and that if he did not agree to settle he would be sued. To start that, Shelton, or one of his other cohorts, would apparently either call, or email a victim, and then if it was responded to, claim that the response was a violation of the TCPA. Further, he would allege that a call was made to him, when in reality said call was never made at all. The communications took place via email or text from Shelton on May 22, 2018, July 23, 2018, August 1, 2018, August 2, 2018, August 12, 2018, August 22, 2018, October 26, 2018, and on October 28, 2018 and November 29, 2018 from Boger. Via phone the communications took place on August 3, 2018 with Shelton and October 26, 2018 from Boger. The plaintiff reserves the right to supplement this list, if more calls or emails are found. All of these acts relate to the enterprise as part of a common plan.

**6. A detailed description of the alleged enterprise for each RICO claim:**

The individual enterprise Defendants acted as an enterprise within the meaning of 18 U.S.C. 1961(4) which defines "enterprise" as "any individual, partnership, corporation,

associations or other legal entity, and any union or group of individuals associated in fact and although not a legal entity"

    (a) James Everett Shelton, Final Verdict Solutions and Dan Boger.

    (b) See Section 2. Plaintiffs reserve the right to supplement this list, as discovery proceeds.

    (c) See Section 2.

    (d) James Everett Shelton owns Final Verdict Solutions, while Dan Boger is apparently working with him in a currently unknown capacity. At this time, it is believed Shelton runs the enterprise, though it may come to light others do instead, once further discovery is done. Plaintiffs reserve the right to supplement this list, as discovery proceeds.

    (e) As previously stated, these defendants make the enterprise as known at this point, but based on recently received documents, it seems likely that he is working with others as well.

    (f) It would seem Shelton and his company are the perpetrators, while Boger is an instrument, though not apparently passive, so may best be described as a co-conspirator.

**7. State whether you allege and describe in detail how the pattern of racketeering activities and the enterprise are separate or have merged into one entity**

At this juncture, it appears, based on the aforementioned facts, that the pattern of racketeering dating back to at least 2008 and the enterprise have now merged into one entity.

**8. Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all;**

It would appear at this juncture the enterprise exists solely to continue the pattern of racketeering activity. Final Verdict Solutions is apparently a front for these lawsuits, claiming to

buy judgments, when in reality, it is used to gather information to proceed with these TCPA lawsuits. Plaintiffs reserve the right to supplement these records after further information is collected.

**9. Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering activities;**

Put simply, Shelton and his entity received substantial monetary benefits from these activities. It is unknown at this time what, if anything Boger gains, however, given he too has filed numerous suits, it is without a doubt he too received substantial monetary benefits.

**10. Describe the effect of the activities of the enterprise on interstate or foreign commerce;**

The enterprise activities set for herein involved interstate or foreign commerce through the use of Wire and U.S. Mail that are channels of interstate commerce. Moreover, the association in fact enterprise set forth herein involved members from outside Pennsylvania and thus amounted to conduct that qualifies as interstate commerce.

11. If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

Shelton and his entity received substantial monetary benefits from these activities. It is unknown at this time what, if anything Boger gains, however, given he too has filed numerous suits, it is without a doubt he too received substantial monetary benefits. How it is invested is unknown at this time. Plaintiffs reserve the right to supplement these records after further information is collected.

**12. If the complaint alleges a violation of 18 U.S.C. § 1962(b), provide the following information:**

This complaint does not involve a claim that arises from a violation of 18 U.S.C. Section 1962(b).

**13. If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information:**

This complaint does not involve a claim that arises from a violation of 18 U.S.C. Section 1962(c).

**14. If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy;**

By trying to get others to get in on the suits, it would further perpetuate the scheme. Further, there is some evidence that Mr. Shelton is working with other individuals as well, who are likely part of the same scheme, based on the fact they use strikingly similar methods as Shelton for the same goals; to cause or fabricate communications that allegedly violate the TCPA (Telephone Consumer Protection Act) and apparently other federal lawsuits, for the express purpose of forcing settlements, rather than go through prolonged litigation with Shelton. (See Exhibit A). Essentially, Shelton uses a perversion of the laws and courts in order to creates settlements where he otherwise would not be entitled to anything.

**15. Describe the alleged injury to business or property;**

The damages are the attorneys fees that needed to be paid to defend the improper litigation, as well as the potential ongoing damages of Mr. Shelton sharing Jacovetti's name and his firm with other individuals that are likely to try and bring similar frivolous lawsuits. The exact amount of damages is unknown at this time.

**16. Describe the relationship between the alleged injury and violation of the RICO**

**statute;**

The injuries sustained would not have been incurred but for the acts taken by Defendants in direct violation of the RICO statute.

**17. List the damages sustained by reason of the violation of Section 1962, indicating the amount for which each defendant allegedly is liable; and**

As a direct and proximate result of plaintiffs actions, the damages are the attorneys fees that needed to be paid to defend the improper litigation, as well as the potential ongoing damages of Mr. Shelton sharing Jacovetti's name and his firm with other individuals that are likely to try and bring similar frivolous lawsuits. The exact amount of damages is unknown at this time.

**18. Provide any additional information you feel would be helpful to the Court in assessing your RICO claim.**

Plaintiffs believe and wish to emphasize that a significant volume of highly relevant evidence supporting the claims herein will be obtained through discovery. Plaintiffs reserve their right to supplement this form as this information comes to light so as to provide the Court with these additional facts. In addition, plaintiffs had not had the chance to obtain further call recordings that will likely further reinforce every fact and allegation contained herein.

Dated:  5/11/2020                                             ___/s/ Joshua Thomas_____

                                                                         Joshua Thomas, Esquire
Joshua L. Thomas & Associates
225 Wilmington-West Chester Pike
Suite 200
Chadds Ford, PA 19317
Attorney for Plaintiff

# EXHIBIT A

| Name | Number of Cases in Jan-Mar |
|---|---|
| ABANTE ROOFER AND PLUMBING | 22 |
| SIDNEY NAIMAN | 16 |
| CRAIG CUNNINGHAM | 11 |
| KEITH HOBBS | 5 |
| MELINDA MICHELLE DOUGLAS | 5 |
| MARK AUSSIEKER | 4 |
| RICHARD WINTERS JR | 4 |
| TRACY L WORSHAM | 4 |
| DEBORAH SCHICK | 3 |
| DON HILDRE | 3 |
| LALA SLOATMAN | 3 |
| LOUIS JOHNSON | 3 |
| MARK METZLER | 3 |
| MELISSA MEYER | 3 |
| NICOLE L BOETTGER | 3 |
| SHARON TULLOCH | 3 |
| THANE CHARMAN | 3 |
| ABLE HOME HEALTH | 2 |
| ADRIANA BARBIERI | 2 |
| ANTHONY ROBINSON | 2 |
| BRANDON CALLIER | 2 |
| CANDY WORKMAN | 2 |
| DANIEL DECLEMENTS | 2 |
| DARREL DRESSEL | 2 |
| DAVID WEISBERG | 2 |
| DEIRDRE MILLER | 2 |
| ERIKA L GRUENERT | 2 |
| GEORGE MOORE | 2 |
| JASON LATHEM | 2 |
| JAYSON ROGERS | 2 |
| JENNIFER CARRERA | 2 |
| JESANIEL MARRERO | 2 |
| JOHN NICHOLS | 2 |
| JOSEPH BOND | 2 |
| JOUREY NEWELL | 2 |
| KELLY D CRUMBY | 2 |
| KIMBERLY SHEARS-BARNES | 2 |
| LADARRIUS COOLEY | 2 |
| LAKISHA LONG | 2 |
| LOUIS FLOYD | 2 |
| MARK B ARONSON | 2 |
| MICHAEL C WORSHAM | 2 |
| MOHAMED ELHENDI | 2 |
| MONIQUE M WRIGHT | 2 |
| OUSSAMA ISSA | 2 |
| PAUL SUSHEREBA | 2 |
| RYAN TURIZO | 2 |
| SCOTT M RUNYON | 2 |
| TASHIA TASCHLER | 2 |
| WARREN SPIES | 2 |
| YVETTE GRIFFIN | 2 |

# EXHIBIT B

**JACOVETTI LAW, P.C.**
194 Old Country Road
Mineola, New York 11501
(516) 744-5454 telephone / (877) 212-9156 facsimile
cs@jacovettilaw.com

May 1, 2020

Heidarpour Law Firm, PLLC
1300 Pennsylvania Avenue, NW 190-318
Washington, DC 20004

VIA FIRST CLASS MAIL

    RE:    Violation of the Telephone Consumer Protection Act

Dear Andrew:

    Jacovetti Law, P.C. sends this letter in response to your demand letter sent to my clients dated April 14, 2020. As described in my response letter dated October 11, 2019 with respect to your two previous baseless demands, this instant demand to is baseless.

    As previously stated it is my clients business practice to purchase and use "opt-in" data records that are then "scrubbed" both against an internal database and again against the National Do-Not-Call (DNC) Registry. Only after a record is successfully processed through this procedure is the data used to make HAND-DIALED calls. Subsequently if a representative is advised to place the telephone number on a DNC list - that is done so immediately.

**April 14, 2020**

    In response to your demand contained in your April 2020 letter, the telephone number you stated as my client's telephone number (973-348-3770), belongs to another company. See attached. This number does not belong to my client. Additionally, the wireless telephone number 831-737-7919 is not included in any records that are in my client's possession.

    If you wish to discuss these demands in a courtious manner, I am open to doing so in good faith.

Sincerely,

*[signature]*

Robert C. Jacovetti, Esq.

encs.

cs@jacovettilaw.com