**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JACOVETTI LAW, P.C., et al.<br>PLAINTIFFS,<br><br>V.<br><br>JAMES EVERETT SHELTON, et al.<br>DEFENDANTS. | CIVIL ACTION NO.: 2:20-cv-00163-JDW<br><br>*Civil Action* |

<u>**CERTIFICATION OF JOSHUA L. THOMAS IN OPPOSITION OF MOTION TO
DISQUALIFY**</u>

1. In order to comply with the order dated March 27, 2020, I had taken all of the following steps as elaborated in the certification on May 4, 2020.

2. All the required documents we sent to all addresses that were found to comply as fully as possible, and while some could be confirmed with a phone call, others could not due to the ongoing pandemic.

3. Acknowledging some of the packages may have been sent unintentionally to an improper address, they were resent to the following addresses:

    a. Office of Attorney Ethics, P.O. Box 963, Trenton, NJ 08625. (See Exhibit A); and

    b. Disciplinary Board of the Supreme Court of Pennsylvania at Pennsylvania Judicial Center, 601 Commonwealth Ave., Ste. 5600, P.O. Box 62625, Harrisburg, PA 17106. (See Exhibit B).

4. Again, the packages were sent to the addresses that were believed to be accurate, and there was no bad faith attempt in sending them to any other address, and that has since been cured, as sending to an improper addresses was unintentional, in fact they were sent as quickly as possible, in accordance with the court order.

5. Further, opposing counsel makes substantial material misrepresentations regarding the documents sent to my clients.

6. They did in fact receive all required documents prior to a lengthy discussion regarding the case, where they ultimately chose to have me stay on as counsel at this time. (See Exhibit C).[1]

7. Further, all documents referenced in that email are now attached for the court's review as well, to see they were all submitted:

   a. See Exhibit D – "new order JLT.pdf"

   b. See Exhibit E – "jacovetti order.pdf"

   c. See Exhibit F – "jacovetti mem.pdf"

   d. See Exhibit G – "new order 2 JLT.pdf"

   e. See Exhibit H – "JACOVETTI V SHELTON, ET AL FINAL PDF FULL.pdf"

8. It was after these documents were sent that a length discussion was had with my clients regarding my proceeding as their counsel.

9. As such, there is no reason to continue with opposing counsel's meritless arguments any further, and we ask this motion be denied and that the case proceed, on its merits and I continue to represent my clients until a time they see fit to hire new counsel, if such a time comes.

I hereby certify the aforementioned facts and statements are true. I am aware that these statements are subjects to the rules relating to perjury.

/s/ Joshua L. Thomas
Joshua L. Thomas

## IN THE UNITED STATES DISTRICT COURT

---

[1] Their email addresses are redacted for privacy reasons, but their names are left to show who received the email.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JACOVETTI LAW, P.C., et al.
    PLAINTIFFS,

            V.

JAMES EVERETT SHELTON, et al.
    DEFENDANTS.

CIVIL ACTION NO.: 2:20-cv-00163-JDW

*Civil Action*

CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused to be filed, via e-filing and/or USPS regular mail, the attached documents to all interested parties. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

          /s/ Joshua Thomas
    Joshua Thomas
    Joshua L. Thomas, Esq.
    Joshua L. Thomas & Associates
    225 Wilmington-West Chester Pike
    Ste 200
    Chadds Ford, PA 19317
    Phone: 215-806-1733
    Fax: 888-314-8910
    Email: JoshuaLThomas@gmail.com

# EXHIBIT A



**Josh Thomas <joshualthomas@gmail.com>**

---

**Your parcel has been delivered**
1 message

---

**iShip_Services@iship.com** <iShip_Services@iship.com>          Sun, May 17, 2020 at 1:23 AM
To: "JOSHUALTHOMAS@GMAIL.COM" <JOSHUALTHOMAS@gmail.com>

Your parcel has been delivered

Join our email program to receive exclusive offers and resources



# Your parcel has been delivered

The parcel to **OFFICE OF ATTORNEY ETHICS** has been delivered.

# Your shipment information

Who sent it...
**JOSHUA L. THOMAS**

(Sender's street address omitted
intentionally from this email)
**Chadds Ford**, **PA 19317**

Who will receive it...
**OFFICE OF ATTORNEY ETHICS**

(Recipient's street address omitted
intentionally from this email)
**TRENTON**, **NJ 08625-0945 US**
**Fri 15 May 2020 06:35 AM**

Who is carrying it...
**The UPS Store #6539**
**610-358-1465**

Carrier detail...
**USPS First Class Package
Service**

Tracking details...
Tracking No.:
**9400111899562009717139**
Shipment ID: **MMWZN4CPFD14V**
Order / Item #: **5/14/20 MEM**
Reference #: **ATTY ETHICS**

Ship date
**Thursday, May 14, 2020**

Delivery date...
**Fri 15 May 2020 06:35 AM**

# Tracking your item

To get complete tracking information, click the following link:

**https://iship.com/trackit/track.aspx?t=1&Track=MMWZN4CPFD14V&src=_e**

# Have a question?

For any queries about this shipment, please contact **USPS** directly at **1-800-ASK-USPS (1-800-275-8777)**, and have your tracking number ready.

# Great offers, direct to your inbox

At The UPS Store®, we do all we can to help our customers stay one step ahead. Join our email program today and we'll regularly send great offers and resources direct to your inbox - so you can make more of your time and money.

**Sign up now**

DO NOT REPLY DIRECTLY TO THIS EMAIL

The UPS Store

On-Line manifesting and tracking technologies powered by iShip(r). Shipping Insight.(r)

Saturday, May 16, 2020 10:23 PM Pacific Daylight Time

# EXHIBIT B

                    **Josh Thomas <joshualthomas@gmail.com>**

---

## Your parcel has been delivered

---

**iShip_Services@iship.com** <iShip_Services@iship.com>                    Fri, May 15, 2020 at 10:45 AM
To: "JOSHUALTHOMAS@GMAIL.COM" <JOSHUALTHOMAS@gmail.com>

Your parcel has been delivered

Join our email program to receive exclusive offers and resources



# Your parcel has been delivered

The parcel to **PA SUPREME COURT** has been delivered.

# Your shipment information

Who sent it...                                        Carrier detail...
**JOSHUA L. THOMAS**                                  **UPS Ground**

(Sender's street address omitted                      Tracking details...
intentionally from this email)                        Tracking No.:
**Chadds Ford, PA 19317**                             **1Z4460R30394077110**
                                                      Shipment ID:
Who will receive it...                                **MMWZN4C03H8TH**
**PA SUPREME COURT**                                  Order / Item #: **5/14/20 MEM**
                                                      Reference #: **PA SUPREME**
(Recipient's street address omitted                   **COURT**
intentionally from this email)
**HARRISBURG, PA 17120-0902 US**                      Ship date
**Fri 15 May 2020 09:18 AM**                          **Thursday, May 14, 2020**

Who is carrying it...                                 Delivery date...
**The UPS Store #6539**                               **Fri 15 May 2020 09:18 AM**
**610-358-1465**

# Tracking your item

To get complete tracking information, click the following link:

**https://iship.com/trackit/track.aspx?t=1&Track=MMWZN4C03H8TH&src=_e**

# Have a question?

For any queries about this shipment, please contact **UPS** directly at **1-800-PICK-UPS (1-800-742-5877)**, and have your tracking number ready.

# Great offers, direct to your inbox

At The UPS Store®, we do all we can to help our customers stay one step ahead. Join our email program today and we'll regularly send great offers and resources direct to your inbox - so you can make more of your time and money.

**Sign up now**

DO NOT REPLY DIRECTLY TO THIS EMAIL

The UPS Store

On-Line manifesting and tracking technologies powered by iShip(r). Shipping Insight.(r)

Friday, May 15, 2020 07:45 AM Pacific Daylight Time

# EXHIBIT C

 Gmail

**Josh Thomas <joshualthomas@gmail.com>**

## Shelton matter information

**Josh Thomas** <joshualthomas@gmail.com>          Wed, Apr 22, 2020 at 1:23 PM
To: Barry Shargel         , Robert Jacovetti ·      Emil Yashayev
‹         ›

Please see the attached documents regarding your case.

Joshua Thomas, Esq.

CONFIDENTIALITY NOTICE: UNAUTHORIZED INTERCEPTION IS PROHIBITED BY
FEDERAL LAW [Electronic
Communication Privacy Act of 1986, 18 U. S. C. 2701(a) and 2702(a)]

**5 attachments**

 **new order JLT.pdf**
36K

 **jacovetti order.pdf**
36K

 **jacovetti mem.pdf**
107K

 **new order 2 JLT.pdf**
31K

**JACOVETTI V SHELTON, ET AL  FINAL PDF FULL.pdf**
778K

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **JACOVETTI LAW, P.C., et al.**, | **Case No. 2:20-cv-00163-JDW** |
| *Plaintiffs*, |  |
| v. |  |
| **JAMES EVERETT SHELTON, et al.**, |  |
| *Defendants*. |  |

## **ORDER**

**AND NOW**, this 27th day of March, 2020, for the reasons stated in the accompanying Memorandum, it is **ORDERED** that, pursuant to this Court's inherent powers, and for good cause shown, Joshua Lewis Thomas, Esq., is **SANCTIONED** as follows:

1.      Within 14 days of the date of this Order, Thomas shall pay into the Court's registry a sanction of $50 per day for each day that Thomas failed to comply with this Court's Order to submit disclosure statements pursuant to Fed. R. Civ. P. 7.1 (February 2, 2020, through March 6, 2020), a total of $1,600;

2.      Within two days of the date of this Order, Thomas shall order the transcript of the hearing that took place in this case on March 12, 2020;

3.      Within seven days of receiving the transcript, Thomas shall provide a copy of this Order, the accompanying Memorandum, and the transcript to the disciplinary committee of every state bar and federal court in which he is licensed or admitted to practice.  Thomas shall then submit to this Court a statement, made under oath, that he has complied and attach proof of delivery;

4.      Within seven days of receiving the transcript, Thomas shall provide a copy of this Order, the accompanying Memorandum, and the transcript to the Court in *Edwards v. Wells Fargo Bank National Association et al.*, Civ. No. 19-14409 (D.N.J.), for its consideration as it decides whether to refer Thomas for discipline, and Thomas shall provide to this Court a sworn statement of compliance and proof of delivery;

5.      Within seven days of receiving the transcript, Thomas shall provide a copy of this Order, the accompanying Memorandum, and the transcript to all of his clients in this matter and then submit to the Court a statement under oath that he has done so.  To the extent Thomas intends to continue as counsel in this case, he must first submit to the Court a statement in writing signed by each client that intends to continue to employ him as counsel, stating that the client has received a copy of this Order, the accompanying Memorandum, and the transcript, has discussed them with Thomas, and wants to continue to employ Thomas as counsel in this case; and

6.      In light of Mr. Thomas's consistent failure to comply with this Court's deadlines and Orders, and more generally for his failure to comply with the Court's expectations for professionalism by lawyers before it, Mr. Thomas is **FORMALLY REPRIMANDED**.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

# EXHIBIT E

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JACOVETTI LAW, P.C., et al.**, <br><br> *Plaintiffs*, <br><br> v. <br><br> **JAMES EVERETT SHELTON, et al.**, <br><br> *Defendants*. | Case No. 2:20-cv-00163-JDW |

## <u>ORDER</u>

**AND NOW**, this 27th day of March, 2020, for the reasons stated in the accompanying Memorandum, it is **ORDERED** that, pursuant to this Court's inherent powers, and for good cause shown, Joshua Lewis Thomas, Esq., is **SANCTIONED** as follows:

1.      Within 14 days of the date of this Order, Thomas shall pay into the Court's registry a sanction of $50 per day for each day that Thomas failed to comply with this Court's Order to submit disclosure statements pursuant to Fed. R. Civ. P. 7.1 (February 2, 2020, through March 6, 2020), a total of $1,600;

2.      Within two days of the date of this Order, Thomas shall order the transcript of the hearing that took place in this case on March 12, 2020;

3.      Within seven days of receiving the transcript, Thomas shall provide a copy of this Order, the accompanying Memorandum, and the transcript to the disciplinary committee of every state bar and federal court in which he is licensed or admitted to practice. Thomas shall then submit to this Court a statement, made under oath, that he has complied and attach proof of delivery;

4.      Within seven days of receiving the transcript, Thomas shall provide a copy of this Order, the accompanying Memorandum, and the transcript to the Court in *Edwards v. Wells Fargo Bank National Association et al.*, Civ. No. 19-14409 (D.N.J.), for its consideration as it decides whether to refer Thomas for discipline, and Thomas shall provide to this Court a sworn statement of compliance and proof of delivery;

5.      Within seven days of receiving the transcript, Thomas shall provide a copy of this Order, the accompanying Memorandum, and the transcript to all of his clients in this matter and then submit to the Court a statement under oath that he has done so.  To the extent Thomas intends to continue as counsel in this case, he must first submit to the Court a statement in writing signed by each client that intends to continue to employ him as counsel, stating that the client has received a copy of this Order, the accompanying Memorandum, and the transcript, has discussed them with Thomas, and wants to continue to employ Thomas as counsel in this case; and

6.      In light of Mr. Thomas's consistent failure to comply with this Court's deadlines and Orders, and more generally for his failure to comply with the Court's expectations for professionalism by lawyers before it, Mr. Thomas is **FORMALLY REPRIMANDED**.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

# EXHIBIT F

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JACOVETTI LAW, P.C., et al.,

     *Plaintiffs*,

     v.

JAMES EVERETT SHELTON, et al.,

     *Defendants*.

Case No. 2:20-cv-00163-JDW

## <u>MEMORANDUM</u>

Day-to-day, this Court sees lawyers of many different stripes. They have different specialties, they come from different places, and they have different backgrounds. In general, they conduct themselves with professionalism. They advocate for their clients while respecting the Court and the judicial system. In so doing, they justify the faith that our founders had in an adversarial system—a faith that the Court shares. Indeed, as a rule, the Court is honored to share a profession with the lawyers who appear before it.

Then there is Joshua Thomas. Thomas has appeared before the Court twice, in this case and in a predecessor. Throughout those cases, he has disregarded the rules and deadlines that ensure cases move in an orderly way. Even worse, he has ignored this Court's Orders. In light of all of that, the Court has now issued two Orders to Show Cause why the Court should not sanction Thomas. At a hearing to address the first Order, Thomas was not contrite. To the contrary, he lied to the Court about the reason for his actions, on the record and under oath. Following that hearing, the Court afforded him the opportunity to respond to the proposed sanctions in writing. Thomas finally showed a little bit of contrition, but given his history, the Court does not believe it. Accordingly, the Court will sanction Mr. Thomas.

The Court's sanctions here are harsh because less severe sanctions do not seem to get through to Thomas. However, the Court will reduce the monetary sanction that it proposed, in recognition of the arguments that Thomas makes in his written response.

BACKGROUND

**A.    Thomas's History Before The Court**

**1.    The TCPA case**

Thomas has been counsel in two, related cases before the Court. In *Shelton v. FCS Capital LLC, et al.*, No. 2:18-cv-3723 (the "TCPA Case"), Thomas represented FCS Capital LLC, Jacovetti Law P.C., Emil Yashayev, Barry Shargel, and Robert Jacovetti in a case in which the plaintiff alleged that the defendants violated the Telephone Consumer Protection Act. Thomas did not file a timely answer in that case, and a default was entered against his clients. He argued that he was confused about his deadline to answer, and the Court therefore vacated the default. (TCPA Case ECF No. 16). After the Court set a schedule for that case, Mr. Thomas did not respond to any of the discovery that Shelton served on his clients, including requests for admission. As a result, pursuant to Fed. R. Civ. P. 35, all of the requests were deemed admitted.

On September 17, 2019, Shelton moved for summary judgment in the TCPA Case. Under the Court's local rules, the deadline to respond was October 1, 2010. Thomas missed that deadline. On October 8, 2019, Thomas filed a motion asking for two more weeks to respond, until October 22, 2019. Thomas's filing did not offer a meaningful explanation about why he needed more time. But it did say, "There will be no further extension needs after that." (TCPA Case ECF No. 39.)

That same day, the Court struck Shelton's summary judgment motion because it did not include a separate statement of undisputed material facts, as the Court's policies and

procedures require. Shelton re-filed his motion the same day. The renewed motion was identical as the one that he filed before, but it added a separate statement of facts. Thomas's deadline to file a response to the renewed motion was October 22, 2019, the date that he had requested for a deadline.

When the time came, though, Thomas was not ready to respond to the summary judgment motion, even though he said he would be and had by then possessed the motion for five weeks. At 4:07 p.m. on October 22, Thomas filed another motion for a two-week extension to respond to the summary judgment motion. The motion was identical to the one he had filed on October 8 in every respect, except that it changed the requested deadline. It even made the same representation about not needing any additional extensions. It did not, however, make any effort to show good cause or to explain why he waited until after 4pm on the Friday that the response was due to seek an extension. So the Court denied the extension motion shortly after it was filed. Thomas then elected not to file any response to the summary judgment motion.

While summary judgment briefing was occurring, the Court entered an order requiring Thomas to file a disclosure statement on behalf of FCS Capital LLC pursuant to Fed. R. Civ. P. 7.1. On October 24, 2019, he did so. (TCPA Case ECF No. 46.)

On December 11, 2019, the Court granted Shelton's summary judgment motion. Under Local Rule of Civil Procedure 7.1, that decision triggered a 14-day period for Thomas's clients to seek reconsideration of the Court's Order. They did not meet that deadline. Instead, they waited an extra month, until January 27, 2020, to seek reconsideration. The Court denied that motion as untimely.

      2.     **This case**

In between the Court's summary judgment ruling and Thomas's belated reconsideration motion, Thomas filed this case against Shelton and Shelton's company Final Verdict Solutions on behalf of FCS Capital, Jacovetti Law, Yashayev, Shargel, and Jacovetti. When he filed this case, he neglected to file a disclosure statement pursuant to Rule 7.1. On January 27, 2020, the Court ordered Thomas to file disclosure statements for FCS Capital and Jacovetti Law within seven days. He ignored that Order. So, on February 14, 2020, the Court issued an Order to Show Cause why it should not sanction Thomas for failing to comply. The Court gave Thomas seven days to respond, meaning the response was due on February 21. He did not file a timely response.

Instead, on February 24, 2020, Thomas filed a motion for an extension of time. In the Motion, he did not explain why he had been unable to file the disclosure statement or what circumstances required more time to respond to the Order to Show Cause. He also did not explain why he was filing after the Court deadline, other than a footnote with an allusion to problems e-filing. The Court issued an Order noting that Thomas had not shown good cause for the extension, let alone excusable neglect. However, given the significance of imposing sanctions, the Court gave Thomas until February 28 to file his response. The Court noted that it would not grant any further extensions.

Meanwhile, on February 11, 2020, Shelton and FVS answered the complaint in this case and moved for judgment on the pleadings. In an unsurprising twist, Thomas failed to respond. So, on February 27, 2020, the Court granted the motion as unopposed.

On February 28, Thomas filed another motion for an extension of time to respond to the Court's Order to Show Cause, even though the Court had told him it would not permit further extensions. In his motion, Thomas asked the Court to allow him until March 9 to respond, but he did not even try to explain why he needed that time. Instead, he talked

about his intent to file an amended pleading—an issue having nothing to do with his required response to the Order to Show Cause. On March 1, Shelton and FVS filed a motion for sanctions pursuant to 28 U.S.C. § 1927. The Court scheduled a hearing on the extension motion and the sanctions motion.

On March 6, Thomas filed a motion to reopen the case pursuant to Fed. R. Civ. P. 60(b) and to file an amended complaint. He also, at long last, filed a corporate disclosure statement for FCS Capital and Jacovetti Law. But he still did not bother to respond to the Court's Order to Show Cause, nor did he include in any of his filings an explanation as to why he had taken so long to file the corporate disclosure statement.

The Court held a hearing on March 12, 2020. During the hearing, the Court placed Thomas under oath. Thomas claimed that he did not file the corporate disclosure statement because he was waiting for information from FCS Capital. However, the Court finds his testimony on this point not to be credible. Indeed, in October 2019, Thomas filed a corporate disclosure on behalf of FCS Capital in the TCPA Case. He could not explain why he needed more information a few months later in order to file the same disclosure statement. That contradiction, coupled with the Court's observation of Thomas during the hearing, leads the Court to conclude that Thomas was not being truthful with the Court. Also, throughout the hearing, Thomas was unapologetic about his actions. His actions and approach to the hearing did not convey contrition; they conveyed defiance.

The Court outlined four sanctions that it was considering for Thomas: (1) a sanction of $250/day that Thomas did not comply with the Court's Order to file a corporate disclosure statement; (2) a requirement that Thomas provide a copy of the Court's final resolution of the Order to Show Cause and the hearing transcript to the disciplinary committee of every state bar and federal court to which Thomas is admitted; (3) a requirement that Thomas

provide a copy of the Court's final resolution of the Order to Show Cause and the hearing transcript to his clients in this case and obtain their written consent if he will continue as counsel in this case; and (4) a formal judicial reprimand. The Court gave Thomas an opportunity to respond to those proposed sanctions, which he did on March 19, 2020.

### B. Thomas's History Of Sanctions Before Other Third Circuit Courts

Thomas has been here before. In fact, he has a long history of running afoul of courts in the Third Circuit. A review of that history is in order.

In *Bounasissi v. New York Life Ins. and Annuity Corp.*, Civ. A. No. 15-7585, 2016 WL 4697333 (D.N.J. Sept. 6, 2016), Thomas represented the plaintiffs. He filed an amended complaint and two motions for emergency injunctive relief. Thomas also tried to file a second amended complaint. Judge Simandle struck the second amended complaint because Thomas did not seek leave, and he denied the emergency motions because Thomas had not complied with procedural requirements. In granting a motion to dismiss, Judge Simandle explained that he "brought Plaintiffs' pleading deficiency to the parties' attention . . . yet Plaintiffs' counsel, Joshua Thomas, Esq., failed to even attempt to cure the deficiency. This is the third time Mr. Thomas has ignored his basic obligations under the Federal Rules of Civil Procedure in this case." *Id.* at * 1 n.2.

In *Akinsanmi v. Nationstar Mortgage*, Civ. A. No. 16-7732, 2017 WL 2960579 (D.N.J. May 25, 2017), Thomas represented the plaintiff. Judge Shipp noted that Thomas failed to "prosecute his case in a timely manner and fail[ed] to timely and adequately respond to the Court's orders." *Id.* at * 1. In particular, Thomas did not file a response to an Order to Show Cause, later sent a letter claiming he did not see the order and that he would comply. But he didn't comply. Judge Shipp then required Thomas to explain why the case should not be

dismissed involuntarily pursuant to Fed. R. Civ. P. 41(b), given the "history of delays and failures to comply with the Court's orders." *Id.* at * 2.

In *Hood v. Victoria Crossing Townhouse Ass'n*, Civ. A. No. 18-12259, 2019 WL 3336132 (D.N.J. July 25, 2019), Thomas represented the plaintiffs. His case was dismissed for lack of subject matter jurisdiction because it violated the *Rooker-Feldman* doctrine, the plaintiffs lacked standing, and the New Jersey entire-controversy doctrine barred the claim. Judge Kugler also found that Thomas "has repeatedly filed suits in this District and in the Eastern District of Pennsylvania that have been dismissed for lack of subject-matter jurisdiction . . .. The courts of the Third Circuit have cautioned him regarding his repeated disregard for court orders and Rules." *Id.* at * 9. Thus, the Court issued an Order to Show Cause why Thomas should not be enjoined from further filings in the District of New Jersey. After a hearing on the Order to Show Cause, Judge Kugler sanctioned Thomas by barring him from filing any new lawsuits in the District of New Jersey without prior leave of Court.

In *Wright v. JP Morgan Chase Bank, N.A.*, Civ. No. 18-8311, 2019 WL 5587262 (D.N.J. Oct. 30, 2019), Thomas represented the plaintiff. Judge Bumb dismissed the complaint because it asserted claims that were not cognizable and claims for which the Court had no subject matter jurisdiction for the same reasons as in the *Hood* case. The Court noted that the fifth complaint "forced Defendants and [the] Court to address frivolous issues that should have never been brought in the first instance." *Id.* at * 7. Judge Bumb concluded that Thomas "demonstrate[d] conduct that is not only irresponsible and inexcusable, but also sheds light on a careless attitude shown to the judicial system" and "fell short of [the] Court's expectations for professionalism and practice." *Id.* at * 7- * 8. Judge Bumb therefore issued a judicial reprimand and ordered Thomas to attend a continuing legal education program discussing the rules for professional conduct. She also

warned Thomas that "similar conduct in future cases will be met with even harsher discipline and sanctions." *Id.* at * 8.

Compounding his problems, Thomas missed the deadline that Judge Bumb set for him to take his CLE class. So, on February 6, 2020, Judge Bumb issued an Order to Show Cause why he failed to comply with the prior Order. In response, Thomas claimed that it was "exceedingly difficult" to find classes that satisfied the requirement imposed on him. Judge Bumb then issued an order noting that it was "inexplicable that Mr. Thomas waited until the ninety-day period had already expired" to raise this issue. (*Wright* ECF No. 36.) Therefore, Judge Bumb gave Thomas 10 more days to complete the required CLE.

In *Edwards v. Wells Fargo Bank, N.A.*, Civ. No. 19-14409 (D.N.J.), Thomas filed a complaint on behalf of the plaintiffs. One plaintiff wrote to the court to say that he knew nothing about the case and had never met Thomas. Judge Hillman issued an Order to Show Cause why Thomas should not be referred to the Chief Judge of the District of New Jersey for disciplinary action. (*Edwards* ECF No. 7.) That matter is scheduled for a hearing on April 7, 2020, before Judge Hillman.

In *In re Thomas,* 612 B.R. 46, 69 (Bankr. E.D. Pa. 2020), Thomas represented the debtor. He filed identical schedules on the Debtor's behalf as he had filed on her behalf in an earlier bankruptcy, without any effort to update the information. Judge Frank issued an Order to Show Cause why Thomas should not be held in contempt. At the hearing, Thomas suggested that the similarities between the schedules were the result of oversights. Judge Frank did not believe Thomas, though. Instead, he concluded that Thomas's actions were intentional. *See id.* at 65. Thomas also tried to blame his legal assistant for any errors. Judge Frank held that Thomas's conduct "must be characterized as a conscious disregard of his most basic duties as an attorney" and "evidence[d] a distinct lack of concern for the

integrity of the bankruptcy system." *Id.* at 67-68. Judge Frank also noted "Thomas's failure to fully appreciate the inadequacy of his conduct . . .." *Id.* at 69.

## LEGAL STANDARD

"Federal courts possess certain inherent powers, not conferred by rule of statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178, 1186 (2017). These powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quote omitted). The underlying concern giving the Court such power is "disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial." *Id.* at 44 (quote omitted).

Because a court's inherent powers are amorphous and potent, courts must exercise the powers "with restraint and discretion." *Id.* "The exercise of a court's inherent authority must satisfy two requirements: (1) it must be a reasonable response to the problems and needs confronting the court's fair administration of justice, and (2) it cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute." *United States v. Wright*, 913 F.3d 364, 371 (3d Cir. 2019). Although a court retains the inherent right to sanction when rules of court or statutes also provide a vehicle for sanctioning misconduct, resort to these inherent powers is not preferred when other remedies are available. *See In re Prudential Ins. Co. America Sales Practice Litig. Agent Actions*, 278 F.3d 175, 189 (3d Cir. 2002). That is, a court's inherent power should be reserved for those cases in which the conduct of a party or an attorney is egregious and no other basis for sanctions exists. *See Martin v. Brown*, 63 F.3d 1252, 1265 (3d Cir. 1995).

Courts should not impose sanctions in a manner that would discourage zealous advocacy. *See In re Orthopedic Bone Screw Products Liab. Litig.*, 193 F.3d 781, 795-96 (3d Cir. 1999). A court generally must find bad faith before imposing sanctions under its inherent powers. *See In re Prudential*, 278 F.3d at 181 & n. 4. Where there is a pattern of wrongdoing, stronger and more severe inherent sanctions are necessary. *See Rep. of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 74 (3d Cir. 1994). This can include conduct in other cases. *See, e.g., Government Employees Ins. Co. v. Nealey*, 262 F. Supp.3d 153, 175 (E.D. Pa. 2017). A court should generally consider a wide range of alternative possible sanctions and choose a sanction that is the minimum that will serve to deter the undesirable behavior adequately. *See Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (discussions sanctions under Fed. R. Civ. P. 11).

## ANALYSIS

## I.    THOMAS ACTED IN BAD FAITH, MAKING SANCTIONS APPROPRIATE.

The Court concludes that Thomas willfully disregarded this Court's Order that he file a Rule 7.1 disclosure statement and that he willfully disregarded the deadline to respond to the Court's Order to Show Cause. Indeed, when the Court pressed Thomas on the reason for his delay, he claimed that he was waiting on information from his client—a claim that the Court finds not to be credible. It is notable that Thomas did not attach to his response to the Court's Order to Show Cause any correspondence to back up his story that he was trying to get information from his client, even though the Court explained that the response was his opportunity to defend himself. Given Thomas's history of missed deadlines, the Court concludes that Thomas chose to disregard the deadlines that the Court had imposed, either because he thought they were not important or for some other reason.

Notably, Thomas does not make a meaningful argument to the contrary in his response to the Court's Order to Show Cause. He admits that he "could have, and likely should have," relied on the information in his possession to file a disclosure statement. (ECF No. 25 at 2.) He claims that the delay was not for a strategic purpose and did not bias Shelton or FVS, but that's beside the point. Parties are not free to disregard Court-ordered deadlines just because doing so will not affect the other parties.

One of the basic reasons that courts have the inherent power to issue sanctions is to ensure compliance with their orders. Here, if the Court did not sanction Thomas, that failure would imply that Thomas's conduct wasn't all that bad. It was all that bad, though, especially because it came at the tail end of Thomas's history of disregarding deadlines.

## II.    SANCTIONS IMPOSED

Having determined that sanctions are appropriate, the Court must decide what sanctions to impose. In making that determination, the Court seeks the least significant sanction that will correct or deter similar conduct from Thomas in the future. The Court is mindful that this stems from Thomas's failure to file a Rule 7.1 disclosure statement, which some might see as a minor matter. It goes beyond that, though, because it is the culmination of a pattern of conduct and entails the willful disregard of several of the Court's orders. In addition, in fashioning its sanctions, the Court is mindful of Thomas's history of sanctions. The Court is not sanctioning Thomas for those past violations. However, the prior sanctions, and Thomas's failure to change his ways, demonstrate that harsher sanctions are necessary to make the point.

### A.    Monetary Sanctions

Thomas's conduct did not impact Shelton or FVS because the Rule 7.1 disclosure statement was not for their benefit, it was for the Court. However, the Court is still of the

view that some monetary sanction is appropriate here. There is no doubt that the Court
issued a valid order, Thomas had knowledge of it, and he disobeyed it. Under the
circumstances, the Court can and in this case should impose a financial sanction. *See F.T.C.
v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010).

The Court proposed a monetary sanction of $250/day for the time that Thomas was
in violation of this Court's Order to file a disclosure statement, from February 3 until March
6. That is a total of 32 days, so the sanction would be $8,000. When imposing monetary
sanctions, courts should take into account the party's financial resources. *See Doering*, 857
F.2d at 195-96. In his response, Thomas explains that he is a solo practitioner, and that a
sanction of $8,000 would amount to between one- and two-months income.

The Court concludes that, under the circumstances, such a sanction would be too
harsh. This would be true in any environment, and it is particularly true now, when so many
practitioners face financial distress as a result of the COVID-19 pandemic. Accordingly, the
Court will reduce the proposed sanction by 80%, to a sanction of $50/day, or a total of
$1,600, to be paid into the Court's registry. The Court notes that the sanction is higher than
the one Judge Frank imposed in *Thomas*. But Thomas's history tells the Court that prior,
lower monetary sanctions have not resulted in better behavior.

### B.    Disciplinary Reporting

Thomas's conduct in these cases calls into question his competence to practice law.
At its most basic, the practice of law requires lawyers to respect and adhere to the rules and
orders of the courts before which they appear. Thomas has not done that. What's more, he
has failed to do it time and time again. Judge Bumb tried to help Thomas by sending him to
a CLE on professionalism. But the class doesn't seem to have gotten through to him.

In his response to the Order to Show Cause, Thomas claims that the sanction is too broad and unduly burdensome and that it would impact his practice and because other disciplinary committees would not have jurisdiction to consider these issues. The Court disagrees. Those committees can decide for themselves whether Thomas's conduct warrants discipline. If so, then any time that Thomas must spend defending himself will be of his own making. Because Thomas's conduct calls into question his fitness to practice, the Court will order Thomas to send this Memorandum, the Order that will be issued simultaneously, and the transcript of the hearing on March 12 to the disciplinary committee for every state bar and every federal court to which Thomas is admitted. Thomas shall also provide a copy of this Memorandum, the Order, and the transcript to Judge Hillman as he considers whether to refer Thomas for disciplinary action. Thomas must provide the Court with a sworn statement and proof of delivery of these submissions.

### C.     Client Reporting

Thomas's conduct in this case calls into question whether his clients would want him to continue as counsel in this case. In his response to the Court's Order to Show Cause, he claims that his clients are considering obtaining new counsel. However, no other counsel has appeared as of yet. In addition, Thomas says that any new counsel might be his co-counsel. Because the prospect of Thomas's continued involvement in the case remains, the Court believes it is important for Thomas's clients to have the information to make a fully-informed decision about whether to continue with Thomas as their counsel. Therefore, the Court will require Thomas to provide the material to his clients and to provide a sworn statement that he has done so. His clients must inform the Court in writing if they intend to proceed with Thomas as their lawyer.

### D.     Reprimand

Though symbolic, the Court believes that a judicial reprimand is important here. In his response to the Order to Show Cause, Thomas asks the Court to reconsider and says that he has "previously stated an apology." (ECF No. 25 at 7.) Yet the Court found Thomas unapologetic at the hearing on March 12. Thomas also says that his failure to respond was not done intentionally. Again, the Court disagrees. Thomas willfully disregarded the deadlines. Such conduct warrants a reprimand.

## CONCLUSION

The Court recognizes that the sanctions it is imposing here are significant. Lighter sanctions do not seem to have made the point with Thomas, though. Thus, in the Court's view, these sanctions are the lightest sanctions that will convey to Thomas the seriousness of his conduct and therefore, hopefully, have the appropriate deterrent effect. The Court is aware that Thomas has other cases pending in the Eastern District of Pennsylvania. Hopefully, his conduct will improve. An appropriate Order follows.

BY THE COURT:

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN THE MATTER OF:                    :            **MISCELLANEOUS**
                                    :
JOSHUA LOUIS THOMAS       :            **NO. 20-mc-0049**

## ORDER

        **AND NOW**, this 1st day of April, 2020, it is hereby **ORDERED** that this matter is referred to a committee of this court, to be chaired by Judge Paul S. Diamond, in order for the said committee to make a recommendation to the court on this matter.

                                     **BY THE COURT:**

                                     _/s/ Juan R. Sánchez
                                     **JUAN R. SÁNCHEZ**
                                     **Chief Judge**

# EXHIBIT H

1                 IN THE UNITED STATES DISTRICT COURT

2            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

3

   JACOVETTI LAW P.C., ET AL        :   CIVIL ACTION NUMBER
4                                    :
                                     :
5        VERSUS                      :
                                     :
6                                    :
   JAMES EVERETT SHELTON, ET AL INC. :   20-163
7   ------------------------------------------------------

8                             THURSDAY, MARCH 12, 2020
                              COURTROOM 3B
9                             PHILADELPHIA, PA 19106

10  ------------------------------------------------------
     BEFORE THE HONORABLE JOSHUA D. WOLSON, J.
11  ------------------------------------------------------

12          MOTION FOR EXTENSION, ORDER TO SHOW CAUSE
                 AND MOTION FOR SANCTIONS
13

14   APPEARANCES:

15   JOSHUA L. THOMAS AND ASSOCIATES
     JOSHUA THOMAS, ESQUIRE
16   225 WILMINGTON-WEST CHESTER PIKE
     SUITE 200
17   CHADDS FORD, PA 19317
     JOSHUALTHOMAS@GMAIL.COM
18
     COUNSEL FOR PLAINTIFFS
19

20            SUZANNE R. WHITE, RPR, FCRR, CM
                 OFFICIAL COURT REPORTER
21               2609 U. S. COURTHOUSE
                 601 MARKET STREET
22            PHILADELPHIA, PA 19106
                  (215)299-7252
23

24
     PROCEEDINGS RECORDED BY STENOTYPE-COMPUTER,
25   TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION

1      CONTINUED APPEARANCES:

2

       BRYAN ANTHONY REO, ESQUIRE
3      REO LAW, LLC
       PO BOX 5100
4      MENTOR, OH 44061
       440-313-5893
5      REO@REOLAW.ORG
       COUNSEL FOR DEFENDANTS
6      JAMES EVERETT SHELTON
       AND FINAL VERDICT SOLUTIONS
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    (THE CLERK OPENS COURT.)

 2                    THE COURT:  GOOD MORNING.

 3                    BE SEATED, PLEASE.

 4                    SO WE ARE HERE IN JACOVETTI LAW VERSUS

 5      SHELTON, ET AL., CASE NUMBER 20-163.  THERE IS A VARIETY

 6      OF MATTERS TO TAKE UP.

 7                    LET ME JUST START AND LET ME GET

 8      APPEARANCES OF COUNSEL, IF I COULD.

 9                    MR. THOMAS:  GOOD MORNING, YOUR HONOR,

10      JOSHUA THOMAS ON BEHALF OF PLAINTIFF.

11                    THE COURT:  MR. THOMAS, GOOD MORNING.

12                    MR. REO:  BRIAN ANTHONY REO ON BEHALF OF

13      DEFENDANTS, JAMES EVERETT SHELTON AND FINAL VERDICT

14      SOLUTIONS.

15                    THE COURT:  GOOD MORNING, MR. REO.

16                    SO I WANT TO START HERE BY JUST TACKLING

17      SOME OF THE HISTORY THAT I THINK COLORS WHERE WE ARE AND

18      WHAT MY VIEWS ARE OF THIS.  AND I JUST WANT TO DO THIS

19      SO THAT THERE IS A SINGLE -- EVERYTHING IS LAID OUT IN A

20      SINGLE PLACE, AND THEN WE WILL KIND OF TURN TO

21      DISCUSSING THE VARIOUS MOTIONS THAT ARE PENDING.

22                    THERE ARE SORT OF TWO RELATED CASES, THIS

23      CASE AND A PREDECESSOR CASE THAT WERE IN THIS COURT.

24      THE PREDECESSOR CASE IS A CASE THAT MR. SHELTON FILED,

25      NUMBER 2:18-CV-3723, WHICH ASSERTED VIOLATIONS OF THE
```

1    TCPA AGAINST FCS CAPITAL, JACOVETTI LAW, BARRY SHARGEL

2    AND EMIL YASHAYEV, AND MR. THOMAS WAS COUNSEL TO THE

3    DEFENDANTS IN THAT CASE.  AND THEN WE HAVE THIS CASE, IN

4    WHICH FCS, JACOVETTI LAW, MR. SHARGEL AND MR. YASHAYEV

5    HAVE ASSERTED CLAIMS AGAINST MR. SHELTON, FINAL VERDICT

6    SOLUTIONS, WHICH I GATHER IS A COMPANY THAT HE CONTROLS,

7    AND DAN BOGER.

8              SO SOME OF THE HISTORY HERE WITH RESPECT

9    TO THE TCPA CASE, THE DEFENDANTS IN THAT CASE INITIALLY

10   MISSED A DEADLINE TO ANSWER THE COMPLAINT, WHICH

11   RESULTED IN A DEFAULT BEING ENTERED.  THE COURT VACATED

12   THE DEFAULT BECAUSE IT CONCLUDED THAT MR. THOMAS HAD

13   EITHER MISUNDERSTOOD OR MISCALCULATED HOW MUCH TIME HIS

14   CLIENTS HAD TO ANSWER.  THAT IS ECF NUMBER 16 IN THAT

15   CASE.  THAT WAS A DECISION BY JUDGE QUINONES BEFORE THE

16   CASE WAS REASSIGNED TO ME.

17             AND THEN THERE WAS DISCOVERY SERVED IN

18   THAT CASE BY THE PLAINTIFFS ON THE DEFENDANTS.  THE

19   DEFENDANTS DID NOT RESPOND TO THE DISCOVERY REQUEST IN

20   THAT CASE, INCLUDING TO REQUEST FOR ADMISSIONS.

21             THERE WAS THEN PROCEEDINGS ON A MOTION

22   FOR SUMMARY JUDGMENT.  WITH RESPECT TO THE MOTION FOR

23   SUMMARY JUDGMENT, THERE WAS A MOTION FILED ON SEPTEMBER

24   THE 17TH OF 2019, WHICH MEANT THAT THERE WAS A RESPONSE

25   DUE OCTOBER 1ST UNDER THE COURT'S RULES.  THERE WAS NO

1    TIMELY RESPONSE.

2              ON OCTOBER 8TH, WHICH IS ONE WEEK AFTER

3    THE DUE DATE, THE DEFENDANTS FILED A MOTION FOR AN

4    EXTENSION.  THEY DID NOT REALLY INCLUDE ANY SHOWING OF

5    GOOD CAUSE.  THEY JUST SAID THEY WERE STILL GATHERING

6    INFORMATION.  BUT WHAT THEY DO SAY AND WHAT THEY DID SAY

7    IN THAT MOTION WAS THAT THEY NEEDED UNTIL OCTOBER 22ND,

8    2019 TO PREPARE AND FILE A RESPONSE.  AND THEY SAY, THIS

9    IS A QUOTE:  THERE WILL BE NO FURTHER EXTENSIONS NEEDED

10   AFTER THAT.  THAT WAS ECF NUMBER 39.

11             THAT SAME DAY, THE COURT STRUCK THE

12   MOTION FOR SUMMARY JUDGMENT BECAUSE IT HAD NOT INCLUDED

13   A SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS.

14   MR. SHELTON REFILED THE STATEMENT OF MATERIAL AND

15   UNDISPUTED FACTS AND THE MOTION THAT SAME DAY.

16             SO BECAUSE IT WAS FILED OCTOBER 8TH, THE

17   RESPONSE WAS DUE OCTOBER 22ND, WHICH WAS THE DATE THAT

18   THE DEFENDANTS HAD SAID THEY NEEDED TO.  IN EFFECT, AS A

19   RESULT OF THE PROCEDURAL SORT OF POSTURING AND

20   MANEUVERINGS, THE RESPONSE WAS DUE ON THE DATE THAT MR.

21   THOMAS HAD REQUESTED, AND ON A DATE WHICH HE HAD

22   REPRESENTED TO THE COURT WOULD RESULT IN NO FURTHER

23   EXTENSIONS BEING NEEDED.

24             ON OCTOBER 22ND AT 4:07 P.M. MR. THOMAS

25   FILED A MOTION FOR ANOTHER TWO-WEEK EXTENSION TO RESPOND

1    TO SUMMARY JUDGMENT.  THE MOTION WAS IDENTICAL IN EVERY

2    RESPECT TO THE ONE FILED ON OCTOBER 8TH, WITH THE

3    EXCEPTION OF PROPOSING A DIFFERENT DATE.  IT MADE NO

4    EFFORT TO SHOW GOOD CAUSE.  IT MADE NO EFFORT TO SHOW

5    WHY THE TWO ADDITIONAL WEEKS THAT HAD ALREADY BEEN

6    SECURED BY VIRTUE OF THE PROCEDURAL MANEUVERING WERE NOT

7    ENOUGH, NOR DID IT EXPLAIN WHY THE DEFENDANTS WAITED

8    UNTIL AFTER 4 O'CLOCK ON THE FRIDAY THE RESPONSE WAS DUE

9    TO FILE THEIR EXTENSION MOTION.

10                   THE COURT DENIED THAT MOTION SHORTLY

11   AFTER IT WAS FILED.  THE DEFENDANTS, AS A RESULT,

12   ELECTED NOT TO FILE A RESPONSE TO THE SUMMARY JUDGMENT

13   MOTION AT ALL.

14                   ON DECEMBER 11TH OF 2019, THE COURT

15   GRANTED THE SUMMARY JUDGMENT MOTION AFTER DEEMING

16   ADMITTED ALL THE FACTS IN MR. SHELTON'S STATEMENT OF

17   MATERIAL AND UNDISPUTED FACTS.

18                   SO UNDER LOCAL RULE 7.1, THAT DECISION

19   TRIGGERED A 14-DAY PERIOD FOR THE DEFENDANTS TO SEEK

20   RECONSIDERATION.  THAT PROBABLY WOULD HAVE HAD A DUE

21   DATE ON CHRISTMAS, SO THERE WAS PROBABLY A DAY OR SO OF

22   GIVE.  BUT THE DEFENDANTS DID NOT FILE WITHIN THE PERIOD

23   PRESCRIBED BY THE RULE FOR RECONSIDERATION.

24                   THEY WAITED ANOTHER MONTH BEYOND THAT

25   UNTIL JANUARY 27TH, AFTER THEY FILED THIS CASE, TO FILE

1    A MOTION FOR RECONSIDERATION, AND THE COURT DENIED IT AS

2    UNTIMELY.

3                    THEN WE TURN TO THIS CASE.  AS I SAID, IT

4    WAS FILED IN JANUARY.  IT WAS FILED ON JANUARY 9TH OF

5    2020, ASSERTING A VARIETY OF BUSINESS TORT CLAIMS

6    AGAINST MR. SHELTON AND MR. BOGER AND FINAL VERDICT

7    SOLUTIONS.  WHEN THE PLAINTIFFS FILED THIS CASE, THEY

8    DID NOT FILE A CORPORATE DISCLOSURE STATEMENT, DESPITE

9    THE REQUIREMENT OF RULE 7.1.  AND SO ON JANUARY 27TH OF

10   THIS YEAR THE COURT ORDERED THE PLAINTIFFS TO FILE A

11   CORPORATE DISCLOSURE STATEMENT WITHIN SEVEN DAYS.  THE

12   PLAINTIFFS FAILED TO COMPLY.

13                   ON FEBRUARY 14TH THE COURT ISSUED AN

14   ORDER TO SHOW CAUSE WHY IT SHOULD NOT SANCTION THE

15   PLAINTIFFS FOR FAILURE TO COMPLY WITH THE COURT'S ORDER.

16   AND IN THE ORDER TO SHOW CAUSE, THE COURT GAVE THE

17   PLAINTIFFS SEVEN DAYS TO RESPOND.  THERE WAS NO RESPONSE

18   ON OCTOBER 21ST -- OR ON FEBRUARY 21ST.

19                   ON FEBRUARY 24TH, WHICH WAS THE FOLLOWING

20   MONDAY, THERE WAS A MOTION FILED SEEKING AN EXTENSION OF

21   TIME FOR ONE WEEK.  RULE 6 REQUIRES A SHOWING OF

22   EXCUSABLE NEGLECT FOR SEEKING AN EXTENSION AFTER A

23   DEADLINE HAS PASSED.  THERE WAS NO SHOWING OF EXCUSABLE

24   NEGLECT, JUST A STATEMENT, A FOOTNOTE THAT THERE

25   WERE "FILING ISSUES."  I DON'T KNOW WHAT THOSE FILING

1    ISSUES WERE.  THE COURT'S CM/ECF SYSTEM WAS WORKING THAT

2    DAY AND OVER THE WEEKEND, BUT WE GOT NO SHOWING.  WE

3    ALSO GOT NO SHOWING OF GOOD CAUSE AS TO WHY ANOTHER WEEK

4    WAS NECESSARY TO RESPOND TO THE ORDER TO SHOW CAUSE,

5    WHICH RULE 6 WOULD ALSO HAVE REQUIRED.

6                    THE COURT ISSUED AN ORDER THAT CONCLUDED

7    THAT THERE WAS NO SHOWING OF EXCUSABLE NEGLECT OR GOOD

8    CAUSE WARRANTING AN EXTENSION, BUT IT DID GIVE THE

9    PLAINTIFFS TIME TO, AND THIS IS A QUOTE:  RESPOND AND

10   EXPLAIN WHY THEY SHOULD NOT BE SANCTIONED FOR FAILURE TO

11   COMPLY WITH THE COURT'S PRIOR ORDER.  THE COURT ALSO

12   SAID:  NO FURTHER EXTENSIONS WILL BE GRANTED, IN BOLD

13   AND UNDERLINED.

14                    NONETHELESS, ON FEBRUARY 28TH, WE GOT A

15   MOTION FOR AN EXTENSION OF TIME, ASKING TO HAVE UNTIL

16   MARCH 9TH TO RESPOND TO THE ORDER TO SHOW CAUSE, STILL

17   WITHOUT ANY EXPLANATION OF WHY THE PLAINTIFFS HAD NOT

18   YET BEEN ABLE TO RESPOND TO THE COURT'S ORDER TO SHOW

19   CAUSE.

20                    AND THEN IN THE INTERVENING TIME ALL THIS

21   WAS GOING ON, ON FEBRUARY 11TH OF 2020, TWO OF THE

22   DEFENDANTS, MR. SHELTON AND FINAL VERDICT SOLUTIONS,

23   FILED A MOTION FOR JUDGMENT ON THE PLEADINGS IN THIS

24   CASE.  THE RESPONSE WAS DUE FEBRUARY 25TH.  WE GOT NO

25   MOTION FOR AN EXTENSION FROM THE PLAINTIFFS.  WE GOT NO

1    RESPONSE TO THE MOTION.  AND SO ON FEBRUARY 27TH, WE

2    GRANTED THE MOTION AS UNOPPOSED.

3                    AND THEN IN THE SECOND EXTENSION MOTION,

4    DATED FEBRUARY 28TH, THE PLAINTIFFS DESCRIBED OUR

5    DECISION TO GRANT THE 12(C) MOTION AS, QUOTE, PREMATURE.

6                    ON MARCH 1, MR. SHELTON AND FINAL VERDICT

7    SOLUTIONS FILED A MOTION FOR SANCTIONS UNDER 28 USC

8    SECTION 1927.

9                    ON MARCH 6TH, THE PLAINTIFFS FILED A

10   MOTION TO REOPEN THE CASE AND TO AMEND -- OR TO REOPEN

11   THE COURT'S DECISION AND TO AMEND THE COMPLAINT, AS WELL

12   AS THE OPPOSITION TO THE MOTION FOR SANCTIONS, AND WE

13   WILL GET TO THE MERITS OF THAT.  BUT I NOTE THAT THE

14   RESPONSE THAT WAS SUBMITTED ON MARCH 6TH STILL CONTAINS

15   NO EXPLANATION OF THE FAILURE TO FILE THE RULE 7.1

16   DISCLOSURE STATEMENT, ALTHOUGH ON MARCH 6TH THE

17   PLAINTIFFS DID FINALLY FILE THE STATEMENT IN QUESTION.

18   IT'S ONE PAGE AND SAYS THAT THEY HAVE ESSENTIALLY

19   NOTHING TO REPORT.

20                   THAT IS THE PROCEDURAL HISTORY.  THE

21   OTHER HISTORY THAT I THINK IS RELEVANT TO THIS

22   PROCEEDING AND ABOUT WHICH WE NEED TO BE CONSCIOUS AND

23   WHICH COLORS MY VIEW OF THINGS, IS MR. THOMAS'S HISTORY

24   OF SANCTIONS IN VARIOUS OTHER FEDERAL LITIGATION, BOTH

25   IN THE DISTRICT OF NEW JERSEY AND IN THE BANKRUPTCY

1    COURT OF THIS COURT.  AND SO I WANT TO RUN THROUGH SOME

2    OF THAT HISTORY AS WELL BECAUSE I THINK IT IS IMPORTANT

3    TO HAVE IT ALL IN ONE PLACE ON THE RECORD.

4                    IN A CASE CALLED BOUNASISSI VERSUS NEW

5    YORK LIFE INSURANCE AND ANNUITY CORPORATION, WHICH IS

6    AVAILABLE AT 2016 WESTLAW 4697333, IT'S A DISTRICT OF

7    NEW JERSEY CASE FROM SEPTEMBER 6TH OF 2016 BEFORE JUDGE

8    SIMANDLE, MR. THOMAS REPRESENTED THE PLAINTIFF.  THERE

9    WAS A MOTION TO DISMISS FILED.  THE PLAINTIFF FILED A

10   SECOND AMENDED COMPLAINT WITHOUT SEEKING LEAVE TO DO SO,

11   WHICH VIOLATED THE RULES.  THE PLAINTIFF ALSO FILED ON

12   AT LEAST TWO OCCASIONS MOTIONS FOR EMERGENCY RELIEF, AND

13   BOTH OF THEM WERE DENIED DUE TO PROCEDURAL FAILURES.

14   JUDGE SIMANDLE NOTED IN HIS DECISION THAT HE HAD

15   EXPLICITLY BROUGHT PLEADING DEFICIENCIES TO MR. THOMAS'

16   ATTENTION, BUT MR. THOMAS FAILED TO EVEN TO ATTEMPT TO

17   CURE THE DEFICIENCY.  AND JUDGE SIMANDLE SPECIFICALLY

18   STATES THAT THIS IS, QUOTE:  THE THIRD TIME MR. THOMAS

19   HAS IGNORED HIS BASIC OBLIGATIONS UNDER THE FEDERAL

20   RULES OF CIVIL PROCEDURE IN THIS CASE.

21                    THEN THERE IS A CASE MORE RECENTLY FROM

22   THE DISTRICT OF NEW JERSEY.  WELL, LET ME TAKE THEM SORT

23   OF IN ASCENDING CHRONOLOGICAL ORDER.

24                    SO THERE IS A CASE FROM MAY 25TH OF 2017

25   IN THE DISTRICT OF NEW JERSEY BEFORE JUDGE SHIPP,

1    AKINSANMI VERSUS NATIONSTAR MORTGAGE, 2017 WESTLAW

2    2660549.  THAT IS A CASE IN WHICH MR. THOMAS ALSO

3    REPRESENTED THE PLAINTIFF.  JUDGE SHIPP NOTED THAT THERE

4    HAD BEEN A FAILURE TO PROSECUTE THE CASE IN A TIMELY

5    MANNER AND A FAILURE ON MR. THOMAS' PART TO TIMELY AND

6    ADEQUATELY RESPOND TO THE COURT'S ORDERS.  HE

7    SPECIFICALLY NOTED THAT MR. THOMAS HAD FAILED TO RESPOND

8    TO AN ORDER TO SHOW CAUSE BY THE REQUIRED DATE, AND THAT

9    WHEN HE DID RESPOND ULTIMATELY TO THE ORDER TO SHOW

10   CAUSE, HE DID NOT RESPOND FULLY TO THE ORDER TO SHOW

11   CAUSE.

12              THEN WE CONTINUE TO MOVE FORWARD.  IN

13   JULY OF LAST YEAR, JULY 25TH, 2019, IN A CASE CALLED

14   HOOD VERSUS VICTORIA CROSSING TOWNHOUSE ASSOCIATION,

15   2019 WESTLAW 3336132, BEFORE JUDGE KUGLER IN THE

16   DISTRICT OF NEW JERSEY, THE COURT FOUND THAT MR. THOMAS

17   HAD FILED MERITLESS FEDERAL CLAIMS.  HE NOTED THAT MR.

18   THOMAS HAS, QUOTE:  HAS REPEATEDLY FILED SUITS IN THIS

19   DISTRICT AND IN THE EASTERN DISTRICT OF PENNSYLVANIA

20   THAT HAVE BEEN DISMISSED FOR LACK OF SUBJECT MATTER

21   JURISDICTION.  AND HE ALSO NOTED THAT THE, QUOTE:

22   COURTS OF THE THIRD CIRCUIT HAVE CAUTIONED HIM REGARDING

23   HIS REPEATED DISREGARD FOR COURT ORDERS AND RULES.

24              THE COURT IN THAT CASE ISSUED AN ORDER TO

25   SHOW CAUSE AS TO WHY MR. THOMAS SHOULD NOT BE BARRED

1    FROM FILING ADDITIONAL FORECLOSURE RELATED CLAIMS IN THE

2    DISTRICT OF NEW JERSEY.  MR. THOMAS FILED A RESPONSE,

3    WHICH ARGUED ESSENTIALLY THAT THE COURT'S DECISION ON

4    THE MOTION TO DISMISS WAS WRONG AND SOUGHT LEAVE TO

5    AMEND THE COMPLAINT, BUT DID NOT ACTUALLY ADDRESS THE

6    POINT OF THE ORDER TO SHOW CAUSE.  AFTER A HEARING THERE

7    WAS AN ORDER ENTERED PROHIBITING MR. THOMAS FROM FILING

8    ADDITIONAL LAWSUITS IN THE DISTRICT OF NEW JERSEY

9    WITHOUT LEAVE OF COURT THAT HE OBTAINED IN ADVANCE.

10                 THERE IS ALSO WRIGHT VERSUS JP MORGAN

11   CHASE BANK, NA.  IT'S A DISTRICT OF NEW JERSEY CASE,

12   2019 WESTLAW 5587262, FROM OCTOBER 30TH OF LAST YEAR

13   BEFORE JUDGE BUMB, IN WHICH JUDGE BUMB IMPOSED A

14   MONETARY SANCTION ON MR. THOMAS.  SHE ISSUED A FORMAL

15   JUDICIAL REPRIMAND.  SHE REQUIRED MR. THOMAS TO ATTEND

16   CLE CLASSES ON ETHICAL STANDARDS AND CONDUCT BY

17   ATTORNEYS, AND SHE WARNED MR. THOMAS THAT FUTURE CONDUCT

18   OF THE TYPE AT ISSUE WOULD BE MET WITH HARSHER

19   DISCIPLINE AND SANCTIONS.

20                 AND THEN JUST A FEW WEEKS AGO ON

21   FEBRUARY 4TH, 2020 IN A CASE CALLED IN RE THOMAS, IT'S

22   CURRENTLY REPORTED AT 2020 WESTLAW 730900, ALTHOUGH IT

23   LOOKS LIKE IT IS ALSO AT SOME POINT GOING TO BE REPORTED

24   IN THE BANKRUPTCY REPORTER.  IT WAS A CASE IN THE

25   BANKRUPTCY COURT IN THE EASTERN DISTRICT OF PENNSYLVANIA

1   BEFORE JUDGE FRANK.  AND JUDGE FRANK CONCLUDED THAT

2   MR. THOMAS VIOLATED BANKRUPTCY RULE 9011, WHICH IS A

3   COUNTERPART TO FEDERAL RULE OF CIVIL PROCEDURE 11, BY

4   FAILING TO CONDUCT A FULSOME INVESTIGATION BEFORE

5   FILING.

6           APPARENTLY DURING THE COURSE OF THIS

7   PROCEEDINGS, ACCORDING TO JUDGE FRANK, MR. THOMAS TRIED

8   TO BLAME HIS LEGAL ASSISTANT FOR SOME OF THE FAILINGS,

9   APPARENTLY UNFAMILIAR WITH THE LESSONS OF HARRY TRUMAN,

10   THE BUCK STOPS HERE.  JUDGE FRANK SAID IN HIS DECISION,

11   QUOTE:  THOMAS' ARGUMENTS IN DEFENSE OF HIS CONDUCT

12   BORDER ON THE FRIVOLOUS.

13           AND JUDGE FRANK REFERRED THAT MATTER TO

14   THE U.S. TRUSTEE FOR THE EASTERN DISTRICT OF

15   PENNSYLVANIA TO CONSIDER WHETHER TO INITIATE A

16   PROCEEDING IN THE DISTRICT COURT SEEKING THE TEMPORARY

17   SUSPENSION OF MR. THOMAS' AUTHORITY TO PRACTICE IN THE

18   BANKRUPTCY COURT OR FOR OTHER RELIEF ON SUCH TERMS AS

19   THE DISTRICT COURT DEEMS APPROPRIATE.

20           SO I HAVE ALL OF THAT HISTORY, BOTH IN

21   THESE CASES THAT WERE BEFORE ME, AND THE OTHER CASES

22   THAT HAVE BEEN IN THIS CIRCUIT, IN MIND.  I THINK THEY

23   ARE ALL RELEVANT AND BEAR ON WHETHER AND HOW TO HANDLE

24   THE MATTERS THAT ARE BEFORE ME IN THIS CASE.  SO WITH

25   THAT, WHAT I WANT TO DO FIRST IS TURN TO THE EXTENSION

1     MOTION THAT IS PENDING IN THIS CASE.  IT IS THE MOTION

2     THAT WAS FILED ON FEBRUARY THE 28TH.  IT IS ECF NUMBER

3     15.  IT'S THE SECOND MOTION FOR AN EXTENSION OF TIME TO

4     RESPOND TO THE ORDER TO SHOW CAUSE.

5                    AND SO, MR. THOMAS, I'M GOING TO ASK YOU

6     SOME QUESTIONS.  I THINK THAT A LOT OF WHAT I'M GOING TO

7     ASK YOU IS NOT REALLY LEGAL ARGUMENT.  IT'S GOING TO BE

8     FACTUAL QUESTIONS ABOUT WHAT HAS BEEN GOING ON.  AND SO

9     FOR THAT REASON, I THINK IT'S APPROPRIATE FOR ME TO PUT

10    YOU UNDER OATH IN ORDER TO GET YOUR RESPONSES.  SO I'M

11    GOING TO ASK YOU TO RISE AND ASK MS. BUENZLE TO PUT YOU

12    UNDER OATH.

13                    (JOSHUA THOMAS, SWORN.)

14                    THE COURT:  SO MR. THOMAS, LET ME JUST

15    START WITH THIS.  THE COURT ISSUED AN ORDER TO SHOW

16    CAUSE ON FEBRUARY THE 14TH, THAT'S ECF NUMBER 7.  THE

17    MEMORANDUM IS LIMITED TO THREE PAGES, TO WHICH YOU ARE

18    SUPPOSED TO SUBMIT AN RESPONSE TO EXPLAIN WHY YOU HAD

19    NOT COMPLIED WITH THE PRIOR ORDER.  SO TELL ME WHY YOU

20    STILL HAVE NOT BEEN ABLE TO RESPOND TO THE ORDER TO SHOW

21    CAUSE.  WHY DO YOU STILL NEED TIME TO DO THAT?

22                    MR. THOMAS:  WE WOULD POSIT THAT THE

23    DOCUMENT THAT WAS SUBMITTED ON MARCH 6TH INCLUDED THE

24    RESPONSE AS TO THE RULE TO SHOW CAUSE.

25                    THE FACT THAT THE ACTUAL DISCLOSURE WAS

 1      FINALLY SUBMITTED AFTER CONSULTING WITH MY CLIENT TO

 2      MAKE SURE THAT THE INFORMATION WAS NOT CORRECT AND THERE

 3      WERE NO PARENT ORGANIZATIONS, THAT WAS SUBMITTED ON THE

 4      SAME DAY AS MARCH 6.  ALL OF THE REASONING BEHIND THE

 5      RULE TO SHOW CAUSE AND THE INFORMATION REQUESTED UNDER

 6      THAT RULE WERE SUBMITTED IN THE DOCUMENT THAT WAS FILED

 7      MARCH 6TH, THE BRIEF THAT YOU MENTIONED TO REOPEN, TO

 8      AMEND AND IN OPPOSITION FOR THE MOTION FOR SANCTIONS.

 9              THE COURT:  SO JUST TO BE CLEAR, THAT IS

10      ECF NUMBER 19, FILED MARCH 6TH.  I READ THAT A COUPLE OF

11      TIMES.  THERE IS NOTHING IN THERE THAT EXPLAINS WHY YOU

12      NEEDED MORE TIME.  SO LET ME FOCUS ON THIS QUESTION

13      FIRST, WHY YOU HAD NEEDED ANY ADDITIONAL TIME TO RESPOND

14      TO THE ORDER TO SHOW CAUSE.  SO CAN YOU TELL ME WHY YOU

15      NEEDED ADDITIONAL TIME?  I'M NOT TALKING ABOUT THE

16      DISCLOSURE STATEMENT YET.  WE ARE GOING TO GET TO THAT

17      IN A MINUTE, BUT WHY YOU NEEDED MORE TIME TO RESPOND TO

18      THE ORDER TO SHOW CAUSE.

19              MR. THOMAS:  IN REGARDS TO THE DISCLOSURE

20      STATEMENT AND IN RESPONSE TO THE ORDER TO SHOW CAUSE,

21      THE REASONING WAS WE WERE TRYING TO CONFIRM, NUMBER ONE,

22      HOW WE WANTED TO ACTUALLY TRY AND AMEND THE COMPLAINT;

23      AND NUMBER TWO, I JUST WANTED TO CONFER WITH MY CLIENTS

24      WHAT THE RESPONSE WAS FOR THE DISCLOSURE STATEMENT,

25      BECAUSE I'M FAMILIAR WITH HOW EITHER JACOVETTI LAW AND

1    THE OTHER ENTITIES WERE ACTUALLY STRUCTURED.  SO I

2    WANTED TO ACTUALLY MAKE SURE THERE WERE NO MISSTATEMENTS

3    IN THE DISCLOSURE STATEMENT, HENCE THE NEED FOR THE

4    EXTENSION AND REQUEST FOR THE EXTENSION WITH REGARD TO

5    THOSE ISSUES.

6             ONCE I LEARNED WHAT THE STATUS WAS FOR

7    THOSE PARTIES, THAT IS WHEN I SUBMITTED THE DISCLOSURE

8    STATEMENT IMMEDIATELY ON MARCH 6.

9             THE COURT:  WHY COULDN'T YOU HAVE TOLD

10    THE COURT ANY OF THAT IN RESPONSE TO THE ORDER TO SHOW

11    CAUSE WHEN IT WAS FIRST ISSUED?

12             MR. THOMAS:  I CERTAINLY COULD HAVE.

13    AGAIN, I JUST WANTED TO MAKE SURE EVERYTHING WAS CLEAR

14    FOR THE ORDER TO SHOW CAUSE PRIOR TO SUBMITTING ANYTHING

15    FOR THE DISCLOSURE STATEMENT.

16             THE COURT:  ALL RIGHT.  WELL, SO AS TO

17    THAT MOTION SPECIFICALLY, IF YOU THINK YOU'VE RESPONDED

18    TO THE ORDER TO SHOW CAUSE, THEN I GUESS THE EXTENSION

19    MOTION IS MOOT.  I DON'T THINK YOU HAVE SHOWN GOOD CAUSE

20    TO HAVE AN EXTENSION IN ANY EVENT.  SO IT'S GOING TO BE

21    DENIED.  I WILL THINK ABOUT WHETHER TO DENY IT AS MOOT

22    OR JUST DENIED, BUT IT IS DENIED.

23             LET ME TURN TO THE ORDER TO SHOW CAUSE

24    ITSELF AND TO THE DISCLOSURE STATEMENT.  THE DISCLOSURE

25    STATEMENT WAS FILED ON MARCH 6.  IT'S ONE PAGE.  IT SAYS

1    THERE IS NOTHING TO REPORT.

2                     EXPLAIN TO ME WHY YOU WERE UNABLE TO

3    GATHER THAT INFORMATION IN THE TIME BETWEEN THE COURT'S

4    ORDER THAT REQUIRED YOU TO FILE THE DISCLOSURE STATEMENT

5    AND THE TIME THAT THE COURT ISSUED AN ORDER TO SHOW

6    CAUSE.

7                     MR. THOMAS:  ABSOLUTELY.  SO WHILE

8    MR. JACOVETTI HAS BEEN VERY FORTHCOMING WITH

9    INFORMATION, TRYING TO SPEAK WITH THE OTHER, AT THE

10   TIME, PLAINTIFFS WAS ACTUALLY DIFFICULT TO TRY AND

11   ACTUALLY GET THROUGH FOR THAT INFORMATION.  ONCE I

12   FINALLY RECEIVED THAT INFORMATION, WE SUBMITTED THE

13   DISCLOSURE STATEMENT AS SOON AS I COULD.

14                     THE COURT:  DIDN'T YOU FILE A DISCLOSURE

15   STATEMENT IN THE LAST CASE?

16                     MR. THOMAS:  I DON'T REMEMBER, AND I

17   DON'T WANT TO STATE FOR THE RECORD ANYTHING INCORRECT.

18   I DON'T REMEMBER IF IT WAS FILED IN THAT CASE OR NOT.

19                     THE COURT:  WELL, I'LL TELL YOU FOR

20   CERTAIN THAT IT WAS.  I LOOKED AT THE DOCKET.  WE HAD

21   ISSUED AN ORDER IN THAT CASE AS WELL TO GET YOU TO FILE

22   IT, BUT YOU DID FILE ONE.

23                     MR. THOMAS:  OKAY.

24                     THE COURT:  SO PRESUMABLY YOU DID YOUR

25   DILIGENCE THEN, RIGHT?

1          MR. THOMAS:  I WANTED TO MAKE SURE IT WAS

2     STILL CORRECT, THAT'S CORRECT.

3          THE COURT:  YOU WANTED TO MAKE SURE THAT

4     IT WAS STILL CORRECT, SO YOU WERE UNSURE.  YOU ARE

5     TELLING ME UNDER OATH THAT YOU WERE UNSURE AS TO WHETHER

6     THE DISCLOSURE STATEMENT THAT YOU FILED IN THE LAST CASE

7     WAS STILL CORRECT A FEW MONTHS LATER?

8          MR. THOMAS:  I'M SAYING THAT I WANTED TO

9     MAKE SURE THAT -- EVEN THOUGH WE HAD FILED IN THAT CASE,

10    I WANTED TO MAKE SURE IT WAS STILL ACCURATE.  THAT'S WHY

11    I WANTED CONFIRMATION FROM MY CLIENTS IN ORDER TO MAKE

12    SURE IT WAS STILL ACCURATE.

13         THE COURT:  SO TELL ME HOW OFTEN WERE YOU

14    TALKING TO YOUR CLIENTS ABOUT THIS.

15         MR. THOMAS:  TO JACOVETTI, I SPEAK TO

16    RELATIVELY FREQUENTLY, THE OTHER CLIENTS MUCH LESS

17    FREQUENTLY.

18         THE COURT:  WHEN YOU SAY "THE OTHER

19    CLIENTS," TO WHOM ARE YOU REFERRING?

20         MR. THOMAS:  THE OTHER ENTITIES WHO WERE

21    PLAINTIFFS IN THIS MATTER WHO, PURSUANT TO THE AMENDED

22    COMPLAINT, WERE LOOKING TO TRY AND REMOVE FROM THIS

23    MATTER AND ONLY PROCEED WITH MR. JACOVETTI AND JACOVETTI

24    LAW.

25         THE COURT:  WELL, THE ONLY OTHER ENTITY

1    IS FCS CAPITAL, RIGHT?

2              MR. THOMAS:  THERE IS FCS CAPITAL,

3    MR. SHARGEL AND THE OTHER DEFENDANTS FROM THE PRIOR

4    CASE.  THEY WERE ORIGINALLY THE PARTIES WHO I WAS

5    SPEAKING WITH IN REGARDS TO THIS CASE AND THE OTHER ONE.

6              THE COURT:  WELL, LET'S BE CLEAR.  IN

7    THIS CASE, OKAY, YOU HAVE NAMED AS PLAINTIFFS, JACOVETTI

8    LAW, P.C., ROBERT JACOVETTI, FCS CAPITAL, BARRY SHARGEL

9    AND EMIL YASHAYEV, RIGHT?

10             MR. THOMAS:  CORRECT.

11             THE COURT:  SO MR. JACOVETTI, MR. SHARGEL

12   AND MR. YASHAYEV DON'T NEED TO FILE CORPORATE DISCLOSURE

13   STATEMENTS BECAUSE THEY ARE NOT CORPORATIONS.

14             MR. THOMAS:  CORRECT.  IT WAS

15   MR. SHARGEL, S-H-A-R-G-E-L, WHO I WAS SPEAKING WITH

16   REGARDING FCS CAPITAL TRYING TO GET THE COMPLETE

17   RESPONSE FOR THAT, YES.

18             THE COURT:  SO WHY DIDN'T YOU FILE A

19   CORPORATE DISCLOSURE STATEMENT AS TO JACOVETTI LAW?

20             MR. THOMAS:  I WANTED TO TRY AND DO THEM

21   ALL AT THE SAME TIME.

22             THE COURT:  YOU KNEW THAT IT WAS

23   SOMETHING THE COURT WAS LOOKING FOR, RIGHT?

24             MR. THOMAS:  I UNDERSTAND, YES.

25             THE COURT:  YOU DID NOT TELL US THERE WAS

1      A PROBLEM WITH IT, RIGHT, IF THERE WAS A PROBLEM

2      COMMUNICATING WITH YOUR CLIENT?  ARE YOU TELLING ME YOU

3      COULD NOT REACH YOUR CLIENT?

4                    MR. THOMAS:  I'M SAYING THAT WE WERE

5      EXCHANGING VOICE MAILS AND I COULDN'T ACTUALLY HAVE A

6      CONVERSATION WITH HIM FOR A PERIOD OF TIME.

7                    THE COURT:  DID YOU SEND HIM AN E-MAIL?

8                    MR. THOMAS:  I BELIEVE I HAD ACTUALLY

9      COMMUNICATED THAT METHOD AS WELL, I BELIEVE.

10                    THE COURT:  AND HE JUST DID NOT GET BACK

11     TO YOU?

12                    MR. THOMAS:  HE DID EVENTUALLY GET BACK

13     TO ME, SAID THAT HE WOULD CONFIRM, AND THEN ONCE HE

14     CONFIRMED, I IMMEDIATELY SUBMITTED ON MARCH 6TH.

15                    THE COURT:  SO IT TOOK UNTIL MARCH 6TH TO

16     GET A RESPONSE FROM HIM?

17                    MR. THOMAS:  IN REGARDS TO THIS MATTER,

18     YES, THAT'S CORRECT.

19                    THE COURT:  AND SO I WANT TO JUST GO

20     BACK.  SO ON OCTOBER 24TH OF 2019 IN THE PRIOR CASE, YOU

21     FILED A DISCLOSURE STATEMENT FOR FCS CAPITAL.

22                    MR. THOMAS:  CORRECT.

23                    THE COURT:  AND YOU SAID THERE WAS

24     NOTHING TO REPORT.

25                    MR. THOMAS:  CORRECT.

```
 1                    THE COURT:  WHY DIDN'T YOU DO THAT?  YOU

 2      HAD THE INFORMATION.

 3                    MR. THOMAS:  I JUST WANTED TO CONFIRM IT.

 4      IT SHOULD HAVE BEEN A RELATIVELY STRAIGHTFORWARD

 5      RESPONSE.  I UNDERSTAND.  I JUST WANTED TO CONFIRM THAT

 6      INFORMATION.

 7                    THE COURT:  WELL, I HAVE TO TELL YOU,

 8      MR. THOMAS, I DON'T FIND THE RESPONSES TERRIBLY

 9      CREDIBLE.  I FIND -- I THINK THIS WAS MORE A FUNCTION OF

10      NOT PAYING ATTENTION TO COURT ORDERS.  JUST MY

11      OBSERVATION OF YOU AND KNOWING THE HISTORY AND KNOWING

12      WHAT YOU HAD, IT STRIKES ME AS NOT CREDIBLE.

13                    SO LET ME TELL YOU WHERE I AM ON THIS,

14      BECAUSE MY CONCLUSION IS THAT YOU HAVE EITHER -- THAT

15      YOU HAVE INTENTIONALLY IGNORED THE COURT'S DEADLINES.  I

16      DON'T THINK IT WAS JUST A MATTER OF NEGLIGENCE.  I THINK

17      IT WAS A MATTER OF BAD FAITH.

18                    AND AT SOME LEVEL IT'S A SMALL MATTER

19      BECAUSE IT'S A 7.1 DISCLOSURE STATEMENT.  IT'S ALSO

20      ENTITIES FOR WHICH YOU HAD FILED BEFORE WITH THE COURT.

21                    AT ANOTHER LEVEL, IT'S A REALLY IMPORTANT

22      MATTER BECAUSE, A, THE COURT ISSUED AN ORDER, AND I

23      EXPECT PEOPLE TO COMPLY WITH MY ORDERS.  AND YOU HAVE A

24      HISTORY OF NOT COMPLYING WITH COURT ORDERS.  YOU HAVE A

25      HISTORY OF IGNORING COURT DEADLINES.  YOU SEEM TO THINK
```

1    THEY ARE ADVISORY.  AND, YOU KNOW, AS I HAVE NOTED, IT

2    IS NOT THE FIRST TIME YOU'VE HAD PROBLEMS WITH THIS.

3    WHEN PEOPLE DON'T COMPLY WITH COURT ORDERS IT UNDERMINES

4    OUR ENTIRE JUSTICE SYSTEM.  IT'S A SIGNIFICANT PROBLEM.

5    THERE ARE PROCEDURAL AND SUBSTANTIVE ISSUES.

6             AND FOR LITIGANTS TO KNOW THEY ARE GOING

7    TO GET A FAIR SHAKE, THEY NEED TO KNOW THAT JUDGES'

8    ORDERS MEAN SOMETHING.  AND IF OUR ORDERS DON'T MEAN

9    ANYTHING, THEN THE JUDICIARY AND THE JUDICIAL SYSTEM

10   DEVOLVES INTO CHAOS.  AND SO I DON'T THINK WE CAN ABIDE

11   SOMEONE WHO IS NOT COMPLYING WITH COURT ORDERS AND WHO

12   IS INTENTIONALLY IGNORING THEM.  GIVEN THE HISTORY, I

13   QUESTION YOUR ABILITY TO HANDLE THIS CASE AND TO FULFILL

14   YOUR OBLIGATIONS TO YOUR CLIENTS.  YOU KNOW, COMPETENT

15   LAWYERS ARE NOT GETTING SANCTIONED ROUTINELY BY THE

16   COURTS IN WHICH THEY APPEAR.

17             AND SO MY INITIAL REACTION HERE IS WITH

18   RESPECT TO THE ORDER TO SHOW CAUSE.  I THINK SANCTIONS

19   ARE APPROPRIATE.  NOW, IN MY ORDER TO SHOW CAUSE, I JUST

20   SAID, TELL ME WHY I SHOULD NOT SANCTION YOU.  AND I DO

21   THINK IT IS APPROPRIATE TO SANCTION YOU.  I THINK YOU'VE

22   HAD NOTICE THAT I WAS CONSIDERING SANCTIONS FOR A WHILE.

23             BUT I ALSO RECOGNIZE THAT -- I HAVE BEEN

24   THINKING OVER THE LAST FEW DAYS AS I HAVE BEEN READING

25   THE MATERIALS THAT ARE IN FRONT OF ME AND READING THE

1    HISTORY, I HAVE NOT GIVEN YOU SPECIFIC WARNING ABOUT

2    WHAT SANCTIONS I THINK ARE APPROPRIATE.  I THINK THAT

3    SANCTIONS SHOULD TAKE INTO ACCOUNT THE FULL PICTURE OF

4    WHAT IS IN FRONT OF ME, AND THAT INCLUDES THE PROCEDURAL

5    HISTORY IN BOTH OF THESE CASES AND YOUR CONDUCT MORE

6    GENERALLY.  MR. THOMAS, YOUR HISTORY OF MISCONDUCT IN

7    FEDERAL COURTS IN THE THIRD CIRCUIT GENERALLY, AS WELL

8    AS YOUR CONTINUED AND REPEATED FAILURES TO COMPLY WITH

9    DEADLINES AND WITH COURT ORDERS THAT I THINK ARE ALL

10   BORNE OUT OF A WILLFUL DISREGARD FOR THOSE DEADLINES.

11          SO HERE IS WHAT I'M CONSIDERING DOING.

12   THESE ARE THE SANCTIONS THAT I THINK ARE APPROPRIATE

13   HERE, BUT AS MATTER OF DUE PROCESS, I'M GOING TO GIVE

14   YOU AN OPPORTUNITY TO SUBMIT SOMETHING IN WRITING,

15   TELLING ME WHY YOU THINK THE SANCTIONS ARE WRONG.

16   BASICALLY, IT'S ANOTHER ORDER TO SHOW CAUSE.  I'M GOING

17   TO GIVE YOU SEVEN DAYS TO RESPOND.  I'M NOT GOING TO

18   GRANT EXTENSIONS.  I DON'T THINK THERE IS ANY NEED FOR

19   THEM HERE SINCE THEY DON'T REQUIRE FACT GATHERING.

20   CONTRARY TO WHAT YOU DID IN FRONT OF JUDGE KUGLER, YOU

21   SHOULD NOT TAKE THIS AS AN INVITATION TO RELITIGATE

22   ISSUES IN THE CASE.  WE ARE GOING TO GET TO YOUR MOTION

23   TO AMEND AND TO REOPEN IN A FEW MOMENTS, AND I WILL HEAR

24   ARGUMENT ON THAT.  BUT YOU SHOULD NOT TAKE IT AS A

25   CHANCE TO REVISIT THAT ISSUE.  TAKE IT SOLELY AS AN

1      OPPORTUNITY TO DEFEND YOURSELF.

2                SO I'M ESSENTIALLY CONSIDERING FOUR TYPES

3      OF SANCTIONS -- OR SANCTIONS IN FOUR PARTS, I SHOULD

4      SAY.  THE FIRST IS A MONETARY SANCTION OF $250 A DAY FOR

5      THE TIME THAT YOU FAIL TO COMPLY WITH MY ORDER REGARDING

6      THE RULE 7.1 DISCLOSURE STATEMENT.  SO THAT WOULD

7      ESSENTIALLY RUN FROM THE DATE THAT IT WAS DUE AFTER I

8      ISSUED AN ORDER, UNTIL MARCH 6TH, WHEN YOU FILED.  I

9      HAVE NOT CALCULATED THAT TOTAL, BUT THAT IS STEP ONE, IS

10     THE $250 A DAY.

11                STEP 2 IS THAT YOU WILL ORDER THE

12     TRANSCRIPT OF THIS HEARING, AND PROVIDE A COPY OF THE

13     TRANSCRIPT AND OF THE ORDER THAT I'M ULTIMATELY GOING TO

14     ISSUE TO THE DISCIPLINARY COMMITTEE OF EVERY STATE BAR

15     IN WHICH YOU ARE ADMITTED AND EVERY FEDERAL COURT IN

16     WHICH YOU ARE ADMITTED, AND YOU ARE GOING TO FILE A

17     SWORN STATEMENT WITH ME PROVIDING ME WITH PROOF OF

18     DELIVERY OF THAT INFORMATION.

19                YOU WILL PROVIDE A COPY OF MY ORDER AND

20     THE TRANSCRIPT OF THIS HEARING TO ALL OF YOUR CLIENTS IN

21     THIS CASE, AND YOU WILL DISCUSS IT WITH THE CLIENTS.

22     YOU WILL PROVIDE ME WITH AN AFFIDAVIT THAT YOU HAVE DONE

23     THAT.  AND THERE WILL BE NO FURTHER ACTION IN THIS CASE

24     UNTIL YOUR CLIENT SUBMITS A STATEMENT TO ME SIGNED AND

25     IN WRITING, THAT IT HAS RECEIVED THE ORDER AND THE

1    TRANSCRIPT AND DISCUSSED THEM WITH YOU, AND THAT THE

2    CLIENT NONETHELESS WANTS TO CONTINUE WITH YOU AS COUNSEL

3    IN THE CASE.

4                    AND FOURTH, THE ISSUANCE OF A FORMAL

5    JUDICIAL REPRIMAND FOR YOUR CONDUCT.

6                    SO THOSE ARE THE SANCTIONS THAT I THINK

7    ARE APPROPRIATE BASED ON MY PRELIMINARY VIEW, AND I

8    WANT, BY THE CLOSE OF BUSINESS ON MARCH 19TH, YOUR

9    RESPONSE TO THOSE PROPOSED SANCTIONS.  I WANT IT FILED

10   ON ECF SO THAT I CAN CONSIDER WHETHER OR NOT TO MODIFY

11   THAT OR POTENTIALLY VACATE IT OR OTHERWISE CHANGE IT, OR

12   WHETHER THAT IS THE ORDER THAT I WANT TO ENTER.

13                   YOU UNDERSTAND ME, MR. THOMAS?

14                   MR. THOMAS:  I DO, YOUR HONOR.  I THINK I

15   TOOK ALL THE NOTES.  YES.

16                   THE COURT:  WE WILL ISSUE AN ORDER TO

17   THAT EFFECT AS WELL, SO THERE IS NO CONFUSION.

18                   ALL RIGHT.  LET ME TURN TO THE 1927

19   MOTION.  MR. REO, TELL ME WHY YOU THINK THE CONDUCT AT

20   ISSUE HERE IS VEXATIOUS.

21                   MR. REO:  DO YOU WANT ME TO STAND, YOUR

22   HONOR?

23                   THE COURT:  YOU CAN SIT.  IT DOES NOT

24   MATTER.

25                   MR. REO:  I BELIEVE THAT THE ENTIRE

1     ACTION WAS FACIALLY FRIVOLOUS, THAT IT WAS BROUGHT IN

2     BAD FAITH, AND THAT IT WAS BROUGHT IN AN ATTEMPT TO

3     COERCIVELY HINDER MR. SHELTON FROM EXERCISING HIS RIGHTS

4     AS A JUDGMENT CREDITOR FROM THE JUDGMENT HE OBTAINED IN

5     THE PRIOR ACTION WITH THESE PARTIES.  AND THAT RATHER

6     THAN TIMELY FILING A NOTICE OF APPEAL, A TIMELY MOTION

7     FOR RECONSIDERATION, OR HAVING PARTICIPATED IN SOME

8     MEANINGFUL WAY IN THAT LITIGATION, THE DEFENDANTS IN

9     THAT CASE OPTED BASICALLY TO FILE THIS ACTION WHICH WE

10    ARE HERE FOR TODAY, IN AN ATTEMPT TO ESSENTIALLY BEAT

11    MR. SHELTON INTO SUBMISSION AND GET HIM TO GO AWAY

12    WITHOUT ATTEMPTING TO COLLECT ON A DULY ISSUED JUDGMENT.

13              THE LITIGATION PRIVILEGE FOR DEFAMATION

14    IS VERY CLEAR.  IT'S ABSOLUTELY NOT POSSIBLE THAT

15    MR. SHELTON COULD HAVE DEFAMED THEM MERELY BY WINNING A

16    PRIOR LAWSUIT AGAINST THEM.  THERE BASICALLY WAS NO

17    CAUSE OF ACTION THAT HAD ANY LEGAL SUFFICIENCY OR

18    FACTUAL MERIT IN THIS INSTANT CASE.  AND I BELIEVE THAT

19    THE PLAINTIFFS IN THIS CASE BROUGHT IT IN BAD FAITH

20    SOLELY TO HINDER AND DELAY MR. SHELTON FROM ENFORCING

21    HIS RIGHTS AS A PREVAILING PARTY IN THE PREVIOUS CASE.

22              THE COURT:  SO I THINK THAT WHERE WE

23    STAND, MR. REO, IS THE THIRD CIRCUIT HAS SAID THAT TO

24    FIND LITIGATION TO BE VEXATIOUS, THE FOCUS HAS TO BE ON

25    THE DETERRENCE OF INTENTIONAL AND UNNECESSARY DELAY IN

1    THE PROCEEDINGS.  WHAT YOU ARE TELLING ME IN MANY

2    RESPECTS IS THE CLAIM IS FRIVOLOUS.  GO AHEAD.

3                   MR. REO:  I ALSO BELIEVE THAT THE

4    PLAINTIFF IN THIS CASE IS FOLLOWING A PREDICTABLE

5    PATTERN WHICH THEY KIND OF SET IN A NUMBER OF OTHER

6    CASES THAT YOUR HONOR HAS DETAILED, WHERE THEY DRAG OUT

7    THE PROCEEDINGS BY ASKING ENDLESSLY FOR EXTENSION AFTER

8    EXTENSION AFTER EXTENSION, AND ESSENTIALLY THEY ARE

9    USING THIS CASE TO ATTEMPT TO RELITIGATE ISSUES THAT

10   HAVE ALREADY BEEN RESOLVED OR THAT ARE BASICALLY MATTERS

11   OF CLAIM PRECLUSION AND ISSUE PRECLUSION FROM THE PRIOR

12   CASE.  IF THEY BELIEVE THAT THEY WERE DEFAMED BY

13   MR. SHELTON IN THE PREVIOUS CASE, THAT SHOULD HAVE BEEN

14   A COUNTERCLAIM IN THAT CASE.  THEY DID NOT PLEAD THAT,

15   THOUGH.  AND NOW THEY ARE ENGAGING IN A PROCESS OF

16   DELAY.

17                   BY FAILING TO FILE A TIMELY MOTION FOR

18   RECONSIDERATION, FOR INSTANCE IN THE PRIOR CASE, THEY

19   HAVE TRIGGERED A DELAY ON MR. SHELTON'S ABILITY TO

20   EXECUTE AND ENFORCE ON THE JUDGMENT, BECAUSE HE HAD TO

21   WAIT UNTIL 30 DAYS AFTER THE RULING DISPOSING OF THAT

22   MOTION FOR RECONSIDERATION, FOR INSTANCE, TO OBTAIN A

23   CERTIFIED COPY OF THE JUDGMENT TO BEGIN COLLECTION

24   EFFORTS.  SO MY CLIENT, MR. SHELTON, HAS TOLD ME THAT HE

25   IS JUST NOW GOING TO BE ABLE TO GET A CERTIFIED COPY OF

1        THAT JUDGMENT AND BEGIN COLLECTION ACTIVITY.

2                    AND I BELIEVE THERE IS A CONSISTENT

3        PATTERN OF DELAY BY A PARTY, A PARTY OPPONENT THAT

4        PERSISTENTLY DOES NOT PARTICIPATE IN ANY MEANINGFUL

5        CAPACITY IN LITIGATION, WHETHER IT'S RESPONDING TO

6        DISCOVERY, TIMELY RESPONDING TO MOTIONS, INCLUDING

7        MOTIONS THAT ARE DISPOSITIVE, RESPONDING TO COURT ORDERS

8        WHETHER TIMELY OR EVEN AT ALL.  SO THERE IS A CLEAR

9        PATTERN OF DELAY AS WELL AS FRIVOLOUS CONDUCT.

10                   THE COURT:  SO I JUST WANT TO BE CAREFUL

11       HERE FOR A COUPLE OF REASONS, MR. REO.  AND I'M GOING TO

12       TURN TO MR. THOMAS IN A MOMENT.  BUT IT SEEMS TO ME, TWO

13       THINGS.  ONE IS THERE ARE SOME INSTANCES THAT YOU ARE

14       POINTING ME TO WHERE MR. SHELTON HAS ARGUABLY BEEN

15       HARMED BY ADDITIONAL PROCEEDINGS.  THERE'S ALSO AN AWFUL

16       LOT IN THE RECORD TO SUGGEST THERE ARE TIMES WHERE HE

17       HAS BENEFITED FROM THE ABSENCE OF LITIGATION.  I MEAN,

18       THERE WAS NO RESPONSE TO THE DISCOVERY.  THERE WAS NO

19       RESPONSE TO SUMMARY JUDGMENT.  THERE WAS NO RESPONSE TO

20       THE 12(C) MOTION.  ALL OF THOSE THINGS HAVE ENABLED

21       MR. SHELTON TO STRENGTHEN HIS LITIGATION POSITION TO

22       SORT OF -- I'M NOT SURE WHAT WORD IS THE OPPOSITE OF

23       VEXATIOUS, BUT IT'S AN ABSENCE OF LITIGATION IN SOME

24       RESPECTS.  AND SO YOU KNOW, THOSE TWO THINGS BOTH PLAY

25       INTO THIS.

1            TO THE EXTENT THAT THE ARGUMENTS ARE

2     FRIVOLOUS, I HAVE NOT HAD AN OCCASION TO WEIGH INTO

3     THAT.  I KNOW THERE WAS -- SOME OF WHAT WAS RAISED IN

4     YOUR 12(C) MOTION BECAUSE I NEVER GOT A RESPONSE TO THE

5     12(C) MOTION I NEVER HAD TO SORT OF WEIGH THOSE

6     ARGUMENTS SPECIFICALLY.  BUT TO THE EXTENT YOUR VIEW IS

7     THAT THE ARGUMENTS ARE FRIVOLOUS, THE REMEDY IS NOT

8     1927.  IT'S RULE 11, WHICH SETS FORTH SOME VERY SPECIFIC

9     PROCEDURAL MECHANISMS THAT YOU HAVE TO FOLLOW.  I'M

10    ASSUMING YOU DID NOT.  I DON'T HAVE A RULE 11 MOTION

11    SHOWING A SAFE HARBOR LETTER AND ALL THOSE THINGS.  I AM

12    ASSUMING THAT IS NOT THE PATH YOU FOLLOWED, RIGHT?

13            MR. REO:  THAT'S CORRECT, YOUR HONOR.  WE

14    DID NOT PURSUE THE RULE 11 PATH.

15            THE COURT:  SO I DON'T THINK THAT IN

16    ASSESSING A 1927 MOTION I CAN CONSIDER THE RELATIVE

17    STRENGTH OR WEAKNESS OF THE CLAIMS THAT HE HAS MADE

18    BECAUSE I THINK THAT IS A RULE 11 PATH, AND I THINK THAT

19    THE RULES COMMITTEE VERY CLEARLY SORT OF INDICATED A

20    PREFERENCE FOR CLAIMS OF FRIVOLOUSNESS TO GO THAT WAY.

21    SO I THINK WHAT I HAVE HERE -- I COULD LOOK AT SOME OF

22    THE PROCEDURAL MACHINATIONS THAT YOU ARE DESCRIBING IN

23    ASSESSING VEXATIOUSNESS.

24            LET ME TURN TO MR. THOMAS.  AND WHY DON'T

25    YOU RESPOND TO THE QUESTIONS ABOUT VEXATIOUSNESS IN

```
1    TERMS OF SOME OF THESE FILINGS, SUCH AS, A PATENTLY

2    OUT-OF-TIME MOTION FOR RECONSIDERATION.  THEIR POINT IS

3    THAT -- ONE POTENTIAL CONCLUSION IS THAT -- YOU KNOW,

4    ONE VERY LOGICAL CONCLUSION IS THAT YOU DID THAT JUST TO

5    DELAY THE EXECUTION OF THE JUDGMENT.

6              MR. THOMAS:  I'LL RESPOND IN KIND TO ALL

7    OF THAT.  NUMBER ONE, THAT WAS NOT THE INTENT.  AND I

8    WOULD LIKE TO SAY CLEARLY ON THE RECORD THAT THAT HAD

9    NOTHING TO DO WITH THE CHOICE THAT WENT INTO IT.  NUMBER

10   TWO, THE MOTION TO RECONSIDERATION WAS BASED ON 60(B),

11   WHICH IS WHY WE SUBMITTED IT BASED ON 60(B) AND NOT ON

12   THE 14-DAY RULE, BECAUSE WE DID NOT HAVE THE

13   INFORMATION.  WE ACTUALLY NOW CURRENTLY HAVE THE

14   INFORMATION THAT WE HAVE BEEN WAITING FOR FOR SOME TIME

15   IN REGARDS TO THE TRANSCRIPTS FROM THOSE PHONE CALLS

16   THAT WE ATTACHED AS PART OF OUR AMENDED COMPLAINT.  THAT

17   GOES TO WHY WE WANTED TO AMEND THIS COMPLAINT BECAUSE,

18   NUMBER ONE, WE WANTED TO TAKE OUT SPECIFICALLY, WHICH

19   WOULD GO AGAINST OPPOSING COUNSEL'S ARGUMENT, WE ARE

20   TAKING OUT THE PARTIES WHERE THERE IS ALREADY AN ORDER

21   AGAINST THOSE PARTIES.  WE ARE ONLY LEAVING IN JACOVETTI

22   LAW AND MR. JACOVETTI AS THE ONLY PLAINTIFFS IN THE

23   AMENDED COMPLAINT, AND THAT WOULD HAVE NO EFFECT

24   WHATSOEVER ON THEIR ATTEMPT TO TRY AND PURSUE ANYTHING

25   FROM THE OTHER --
```

1              THE COURT:   THAT IS NOT WHAT WE ARE

2     TALKING ABOUT RIGHT NOW.   WE ARE NOT TALKING ABOUT THE

3     AMENDED COMPLAINT.   WE ARE TALKING ABOUT SPECIFICALLY --

4     I MEAN, THE -- THEY ARE SAYING VEXATIOUSNESS.   SO I HAVE

5     OUTLINED A HISTORY OF YOU SEEKING EXTENSIONS.   IT'S NOT

6     CLEAR TO ME THAT THE EXTENSIONS THAT YOU HAVE SOUGHT OF

7     MY ORDERS WITH RESPECT TO RESPONDING TO ORDERS TO SHOW

8     CAUSE OR THE 7.1 DISCLOSURE OR ANY OF THOSE SORTS OF

9     THINGS HAVE IN FACT IN ANY WAY IMPACTED MR. SHELTON.

10    IT'S REALLY BETWEEN YOU AND THE COURT ON THE 7.1

11    DISCLOSURE STATEMENT, WHICH IS WHY I FOCUSED ON IT

12    INITIALLY UNDER MY ORDER TO SHOW CAUSE, WHICH AS I WILL

13    SPELL OUT, IS REALLY A FUNCTION OF MY INHERENT POWER TO

14    SANCTION BECAUSE I DON'T THINK RULE 11 IS APPLICABLE.   I

15    DON'T THINK 1927 IS APPLICABLE AS TO THE 7.1 DISCLOSURE

16    -- THE DELAYS IN THE 7.1 DISCLOSURE ISSUES, MR. REO,

17    BECAUSE I DON'T THINK THEY AFFECT YOU OR YOUR CLIENT.

18    AND I DON'T THINK -- RULE 11 I DON'T THINK IS

19    APPLICABLE.   I DON'T THINK RULE 37 IS APPLICABLE.   I

20    DON'T THINK RULE 16 IS APPLICABLE.   THESE ARE THE

21    VARIOUS SOURCES OF LAW THAT GIVE ME THE POWER TO ISSUE

22    SANCTIONS.

23              AND THE GUIDANCE FROM THE THIRD CIRCUIT

24    HAS BEEN WHERE THERE IS A BASIS IN LAW OR RULE TO

25    SANCTION, THEN THE COURTS SHOULD LOOK TO THAT.   BUT WHEN

1    THERE IS MISCONDUCT THAT MAYBE IS NOT COVERED BY ANY OF

2    THOSE, THAT IS WHEN THE COURTS TURN TO THEIR INHERENT

3    POWERS.  SO THE ORDER TO SHOW CAUSE IS SOMETHING THAT I

4    BELIEVE ARISES UNDER MY INHERENT POWERS.  BUT THE

5    VEXATIOUSNESS ISSUE, TO THE EXTENT THERE WERE DELAYS --

6    AND THERE WERE SOME DELAYS CERTAINLY IN ANSWERING THE

7    COMPLAINT IN THE LAST CASE.

8                    I KNOW YOU TOLD JUDGE QUINONES THAT THERE

9    WAS SOME CONFUSION ABOUT THE INTERPLAY OF RULE 15 AND

10   THE WAIVER OF SERVICE.  SHE APPARENTLY TOOK THAT AT FACE

11   VALUE AND MAYBE I WOULD HAVE THEN, TOO.  WHETHER I WOULD

12   NOW, IN LIGHT OF EVERYTHING I KNOW ABOUT YOUR HISTORY,

13   MR. THOMAS, IS A HARDER QUESTION.

14                   BUT, YOU KNOW, WHAT ABOUT THE MOTION FOR

15   RECONSIDERATION?  NONE OF THAT -- NONE OF WHAT YOU ARE

16   POINTING ME TO GOES TO WHETHER OR NOT SUMMARY JUDGMENT

17   SHOULD HAVE BEEN RECONSIDERED IN THE PRIOR ACTION.

18                   MR. THOMAS:  RIGHT.  I DON'T NECESSARILY

19   KNOW THAT OPPOSING COUNSEL'S MOTION IN THIS ACTION

20   ACTUALLY GO TO THE MOTION FOR SUMMARY JUDGMENT.  THE

21   MOTION TO RECONSIDER IN THE PRIOR ACTION, SPECIFICALLY

22   WE STATED IN THAT HEARING AS TO WHY -- AGAIN IT WAS NOT

23   INTENTIONALLY VEXATIOUS -- IT WAS BASED ON 60(B), WHICH

24   I BELIEVE WE HAVE UP TO A YEAR TO ACTUALLY SUBMIT OR AS

25   TIMELY AS POSSIBLE.  THERE WAS INFORMATION THAT WAS

1    SUBMITTED IN THAT MOTION, AND THERE IS INFORMATION THAT

2    WE ONLY RECENTLY JUST RECEIVED FROM THE TRANSCRIPTS IN

3    REGARDS TO THE PHONE CALLS THAT MR. SHELTON HAS

4    APPARENTLY HAD, THAT WE SPECIFICALLY STATED WERE WHAT

5    OUR REASON FOR, NUMBER ONE, OF RECONSIDERATION, AND

6    NUMBER TWO, WHY WE ARE TRYING TO AMEND THIS COMPLAINT.

7                    IN REGARDS TO THE VEXATIOUS ISSUE, AS

8    YOUR HONOR STATED, THERE IS NOTHING THAT WAS FILED

9    EITHER INTENTIONALLY OR NOT THAT WAS VEXATIOUS TOWARDS

10   THE OPPOSING SIDE, AND IN FACT IF ANYTHING THE FACT THAT

11   WE ARE NOW TRYING TO ACTUALLY REMOVE THOSE PARTIES IS,

12   AS YOUR HONOR SAID, THE OPPOSITE OF VEXATIOUS.

13                    AT THIS TIME, I UNDERSTAND THE OPPOSING

14   COUNSEL IS CONCERNED ABOUT -- I MEAN, THERE WAS AN

15   ARTICLE THAT WAS WRITTEN WHICH IS WHAT HE PRIMARILY

16   RELIED ON HIS MOTION ON, WHICH WE HAD ABSOLUTELY NOTHING

17   TO DO WITH.  WE LEARNED ABOUT IT AFTER IT WAS PUBLISHED.

18   THERE WAS NOTHING THAT WE HAD IN REGARDS TO THAT ARTICLE

19   BEING PUBLISHED, AND WE HAD NO SAY IN IT.  WE HAD

20   NOTHING TO DO WITH IT.  I ONLY LEARNED OF IT AFTER THE

21   FACT, ONLY ABOUT A DAY OR TWO APPARENTLY BEFORE OPPOSING

22   COUNSEL DID.

23                    SO THE FACT THAT THEY ARE RELYING ON A

24   NEWS ARTICLE THAT WAS WRITTEN BASED ON A PUBLIC RECORD

25   SHOWS NOTHING OF VEXATIOUS.  THEY RELIED VERY LITTLE, IF

1   ANY, ON ANY TYPE OF DELAYS.  THEY SPECIFICALLY FOCUSED

2   PRIMARILY ON HIS OPPONENT -- OR HIS CLIENT APPARENTLY

3   BEING PERSONALLY INJURED, WHICH WE FIND DUBIOUS, THE

4   FACT THAT WE STATED THAT HE FILES NUMEROUS CASES WHEN

5   THERE IS OVER 29 CASES AT THE TIME OF THE FILING OF THIS

6   CASE THAT HIS CLIENT HAS FILED.

7           SO AGAIN, WE WOULD STATE THAT THERE IS NO

8   GROUNDS FOR FINDING ANYTHING VEXATIOUS IN THE FILING OF

9   THIS CASE.  WE SPECIFICALLY ARE REMOVING THE OTHER PARTY

10  DEFENDANTS WHERE THERE IS A JUDGMENT, AND WE ARE ONLY

11  MOVING FORWARD WITH JACOVETTI LAW AND MR. JACOVETTI IN

12  THIS CASE FOR THE AMENDED COMPLAINT, AND IF ANYTHING

13  THAT WOULD BE THE OPPOSITE OF VEXATIOUS IN REGARDS TO

14  THE OTHER, I GUESS, JUDGMENT.

15          THE COURT:  OKAY.

16          I DON'T THINK THAT THIS GETS TO THE

17  STANDARD OF VEXATIOUS LITIGATION.  I THINK, MR. REO,

18  YOUR MOTIONS IN THIS CASE YOU DID NOT FILE IN THE LAST

19  CASE IN RESPONSE TO THE FILING OF THE RECONSIDERATION

20  MOTION.  REALLY IT CAME IN, I THINK, IN RESPONSE TO THE

21  FACT THAT I HAD GRANTED THE 12(C) MOTIONS UNOPPOSED.

22  AND I READ THE MOTION AS LARGELY FOCUSED ON THE

23  FRIVOLOUSNESS OF THE CLAIMS OR THE PERCEIVED

24  FRIVOLOUSNESS OF THE CLAIMS, AND SO I DON'T THINK I'M

25  QUITE THERE.  AND I THINK, AS I NOTED, I THINK YOU HAVE

1    GOTTEN A LOT OF BENEFIT FROM MR. THOMAS' LACK OF

2    DILIGENCE, AS WELL AS THE HARM.

3              SO I DON'T THINK -- I'M NOT GOING TO --

4    I'M GOING TO DENY THE SANCTIONS MOTION AS TO

5    SECTION 1927.  THAT HAS NO BEARING ON MY RULING.

6              MR. REO:  MAY I SPEAK ONE MORE ON POINT

7    ON THAT MATTER BEFORE YOUR HONOR DENIES THAT?

8              THE COURT:  YES.

9              MR. REO:  TO THE EXTENT THAT WE ARE HERE

10   TODAY BECAUSE OF THE OPPOSING SIDE'S PERSISTENT FAILURE

11   TO TIMELY FILE, ONE OF THE REASONS WE ARE HERE IS FOR

12   THE SHOW CAUSE.  MY CLIENT HAS BEEN AFFECTED UNDER THE

13   7.1 DISCLOSURE FAILURE, THE SHOW CAUSE ORDER AND THIS

14   ENTIRE HEARING TO THE EXTENT THAT I HAVE DRIVEN

15   16 HOURS -- IT WILL BE 16 HOURS BY THE TIME I GET HOME

16   ROUND TRIP FROM THE CLEVELAND AREA TO BE HERE TO PREP

17   FOR THIS HEARING.  SO MY CLIENT HAS BEEN CAUSED -- HE'S

18   INCURRED HARM AND HARM HAS BEEN CAUSED BY THE OTHER

19   SIDE'S DELAY BECAUSE, HAD THEY PARTICIPATED MEANINGFULLY

20   IN THIS LITIGATION, ATTENTIVE TO THEIR DUTIES, WE LIKELY

21   WOULD NOT BE HERE AT THIS HEARING RIGHT NOW TODAY.

22              THE COURT:  YES, BUT I DON'T SEE THAT AS

23   -- THAT IS PARTLY A FUNCTION OF ME HOLDING A HEARING,

24   AND, YOU KNOW, IT'S JUST -- I'M NOT SURE I SEE IT AS A

25   PRODUCT OF VEXATIOUSNESS.  I THINK IT IS MISCONDUCT, AS

1    I INDICATED.  I DON'T THINK IT'S NECESSARILY

2    VEXATIOUSNESS.  SO I AM GOING TO DENY THAT MOTION AS TO

3    THE VEXATIOUS CONDUCT.

4                    SO LET ME TURN TO THE MOTION THEN TO

5    REOPEN AND/OR AMEND THE COMPLAINT.

6                    SO MR. THOMAS -- AND, MR. REO, I KNOW YOU

7    HAVE NOT HAD A CHANCE TO RESPOND TO THAT MOTION.  I'M

8    GOING TO TAKE IT UP TODAY, AND THEN -- AND I WILL HEAR

9    YOU IF YOU HAVE SOMETHING TO SAY.  IF WE THINK THERE IS

10   MORE THAT YOU NEED TO SUBMIT, I WILL GIVE YOU THAT

11   OPPORTUNITY TO DO SO.  BUT WE MAY BE ABLE TO GET IT

12   RESOLVED TODAY AND THAT MAY HAVE SOME EFFICIENCY

13   BENEFITS.  SO LET'S SEE WHERE WE WIND UP BEFORE YOU GET

14   CONCERNED THAT I'M TAKING IT UP BEFORE I'VE HEARD FROM

15   YOU.

16                    MR. REO:  OF COURSE, YOUR HONOR.

17                    THE COURT:  MR. THOMAS, I'M GOING TO GO

18   BACK TO YOUR MOTION FOR A SECOND.  I HAD UNDERSTOOD YOU

19   TO BE PROCEEDING UNDER RULE 60(B)(6).  RIGHT?  THAT IS

20   THE ONE YOU QUOTE IN YOUR MOTION.  IS THAT CORRECT?

21                    MR. THOMAS:  I BELIEVE THAT'S CORRECT,

22   YOUR HONOR, YES.

23                    THE COURT:  SO RULE 60 (B)(6) IS A SORT

24   OF CATCHALL PROVISION, AND IT ALLOWS ME TO REOPEN A

25   JUDGMENT FOR ANY OTHER REASON THAT JUSTIFIES RELIEF.  I

1    NOTE THAT 60(B)(2) TALKS ABOUT NEWLY DISCOVERED EVIDENCE

2    AND PROVIDES SPECIFIC STANDARDS FOR NEWLY DISCOVERED

3    EVIDENCE.  YOU ARE NOT PROCEEDING UNDER 60(B)(2), I TAKE

4    IT.

5              MR. THOMAS:  LET ME BE CLEAR.  WE CITE 60

6    (B)(6) IN THE PAPERWORK, BUT IT MORE PROPERLY LIKELY

7    WOULD BE UNDER 60(B)(2) AS WELL AS 60 (B)(6) FOR TWO

8    REASONS.  ONE, WE ARE SPECIFICALLY LOOKING TO REOPEN

9    BECAUSE WE ARE REMOVING THE PARTIES THAT THERE IS

10   ACTUALLY A JUDGMENT AGAINST AND ONLY LEAVING JACOVETTI

11   AND JACOVETTI FIRM.

12             THE COURT:  BUT THAT IS NOT NEWLY

13   DISCOVERED EVIDENCE.

14             MR. THOMAS:  NO, NO.  THE NEWLY

15   DISCOVERED EVIDENCE, WHICH IS WHY I'M SAYING IT WOULD

16   ALSO BE UNDER (2), WAS THOSE TRANSCRIPTS WHICH WE

17   ACTUALLY RECEIVED THE PHONE CALLS FROM RELATIVELY

18   RECENTLY, AS WELL AS THE TRANSCRIPTS OF THOSE CALLS, IS

19   THE NEWLY DISCOVERED EVIDENCE.

20             THE COURT:  SO WHAT IS THE SOURCE OF

21   THESE TRANSCRIPTS?

22             MR. THOMAS:  SO MR. JACOVETTI ACTUALLY

23   RECEIVED THOSE FROM A THIRD PARTY HE FOUND VERY

24   CREDIBLE.  HE ACTUALLY PUT OUT THE COSTS TO ACTUALLY GET

25   THE TRANSCRIPTS MADE OF THOSE PHONE CALLS, AND THAT IS

1    WHY THEY ARE BEING ATTACHED AS WELL.  SO IN REGARD TO

2    THOSE CALLS, THAT IS NEW INFORMATION.  IN REGARDS TO

3    SHOW, OTHER THAN THE 29 CASES THAT WERE ALREADY FILED,

4    THAT IT WAS A VERY INTENTIONAL ACT TO ACTUALLY FILE

5    THEM, THAT HE KNOWS EXACTLY WHAT HE WAS DOING AND

6    ACTUALLY COURTS THESE PHONE CALLS IN ORDER TO ACTUALLY

7    TRY TO PURSUE THESE MATTERS AS A MONEY-MAKING SCHEME.

8    SO ESSENTIALLY WHAT WE ARE LOOKING TO DO IS, NUMBER ONE,

9    REMOVE THE --

10             MR. REO:  OBJECTION.

11             THE COURT:  I DON'T NEED OBJECTIONS.

12    THIS IS JUST ARGUMENTS OF COUNSEL.  I WILL GIVE YOU A

13    CHANCE TO RESPOND, MR. REO.

14             MR. THOMAS:  IN REGARDS TO THE PARTIES,

15    WE ACKNOWLEDGE THE FACT THAT THE OTHER PARTIES WOULD

16    HAVE LESS CLAIMS.  SO THAT IS WHY THEY ARE BEING REMOVED

17    AND ONLY MR. JACOVETTI AND THE FIRM ARE STAYING IN,

18    BECAUSE THEY WERE ACTUALLY REMOVED FROM THE PRIOR CASE

19    FEBRUARY 6, 2019 AFTER A SAFE HARBOR LETTER WAS SENT.

20    AND AFTER OUR RESPONSE WAS SUBMITTED, MR. JACOVETTI AND

21    HIS FIRM WERE ACTUALLY REMOVED FROM THAT CASE.  SO THEY

22    ARE NOT PARTIES.

23             THE COURT:  LET ME ASK YOU A QUESTION

24    THOUGH.

25             YOU KNEW THAT WHEN YOU FILED THIS CASE.

1    YOU KNEW WHEN YOU FILED THIS CASE THAT THOSE OTHER

2    PARTIES WERE SUBJECT TO A JUDGMENT.

3                    MR. THOMAS:  WHEN THIS WAS FILED, I

4    BELIEVE IT WAS STILL UNDER RECONSIDERATION.

5                    THE COURT:  YOU HAD NOT EVEN FILED FOR

6    RECONSIDERATION YET.

7                    MR. THOMAS:  I UNDERSTAND.  BUT THAT WAS

8    BEING CONTEMPLATED.  SO WE UNDERSTOOD THAT -- NOW THAT

9    WE UNDERSTAND RECONSIDERATION WAS DENIED, THOSE PARTIES

10   ARE NOW BEING REMOVED FROM THIS CASE SPECIFICALLY.

11                   THE COURT:  YOU DID NOT MOVE QUICKLY

12   AFTER I DENIED RECONSIDERATION.  I DENIED

13   RECONSIDERATION THE DAY YOU FILED IT.

14                   MR. THOMAS:  UNDERSTOOD.  WE MOVED ONCE

15   WE ACTUALLY RECEIVED THE TRANSCRIPTS, FRANKLY.

16                   THE COURT:  WHAT TRANSCRIPTS?

17                   MR. THOMAS:  THE TRANSCRIPTS THAT ARE

18   ATTACHED AS EXHIBIT D TO THE COMPLAINT THAT INCLUDES THE

19   TRANSCRIPTS OF THOSE PHONE CALLS.  WHEN I RECEIVED THAT,

20   WE IMMEDIATELY MOVED TO ACTUALLY AMEND THE COMPLAINT AND

21   ACTUALLY UPDATE THOSE -- UPDATE THE COMPLAINT AS AN

22   AMENDED COMPLAINT.

23                   THE COURT:  LET ME BE CLEAR ABOUT A

24   COUPLE OF THINGS HERE.

25                   WHEN DID YOU RECEIVE THE TRANSCRIPTS?

```
1                    MR. THOMAS:  I WOULD HAVE TO

2    DOUBLE-CHECK.  I KNOW THAT THEY WERE PRODUCED.  IF YOU

3    GIVE ME ONE MOMENT.

4                    THE COURT:  I ASSUME THEY WERE E-MAILED.

5                    MR. THOMAS:  THEY WERE, I BELIEVE, YES.

6                    THE COURT:  THEY WERE E-MAILED TO YOUR

7    CLIENT, I PRESUME, IN THE FIRST INSTANCE.

8                    MR. THOMAS:  CORRECT.  SO THEY WERE

9    ACTUALLY CREATED --

10                   THE COURT:  THEY'RE DATED FEBRUARY 19TH.

11                   MR. THOMAS:  CORRECT.  I BELIEVE THAT'S

12   CORRECT, YOUR HONOR.

13                   THE COURT:  SO I ASSUME THAT THAT IS THE

14   DATE THEY WERE E-MAILED TO YOUR CLIENT.

15                   MR. THOMAS:  I DON'T KNOW WHAT DATE THEY

16   WERE E-MAILED TO MY CLIENT.  I WOULD HAVE TO CHECK THE

17   E-MAILS.  I DON'T KNOW WHAT DATE THEY WERE SENT TO MY

18   CLIENT.  I KNOW THAT THEY WERE SENT TO ME SOON AFTER

19   THAT.

20                   THE COURT:  IT WOULD BE UNUSUAL IN MY

21   EXPERIENCE FOR THEM NOT TO HAVE BEEN SENT TO YOUR CLIENT

22   ON THE DAY THEY WERE COMPLETED.  TYPICALLY COURT

23   REPORTERS SEND THEM ON THE DAY THEY ARE COMPLETED.

24                   MR. THOMAS:  AND I AGREE.  AGAIN, I DON'T

25   KNOW EXACTLY WHEN THEY WERE RECEIVED.  I WOULD HAVE TO
```

1    DOUBLE-CHECK THE E-MAILS.  AND I DON'T KNOW WHEN MY

2    CLIENT FORWARDED THAT TO ME.  AGAIN, I WOULD HAVE TO

3    CONFIRM THAT IN THE E-MAILS.  ALL I KNOW IS THAT WE

4    SUBMITTED THE AMENDED COMPLAINT WITH THE REMOVAL OF THE

5    PARTIES THAT ARE NOT MR. JACOVETTI OR HIS FIRM.  ONCE

6    THEY WERE FORWARDED TO ME, THAT IS WHEN WE SUBMITTED THE

7    UPDATED RESPONSES.

8                    THE COURT:  SO LET ME TELL YOU MY VIEW ON

9    THIS, MR. THOMAS.  THIS IS NOT NEWLY DISCOVERED

10   EVIDENCE, AND IT'S NOT NEWLY DISCOVERED EVIDENCE TO

11   JUSTIFY REOPENING MY DECISION, BECAUSE YOU HAD THIS

12   EVIDENCE BEFORE THE DEADLINE TO RESPOND TO THE 12(C)

13   MOTION.

14                    MR. THOMAS:  I DID NOT, YOUR HONOR.  I

15   SPECIFICALLY DID NOT.

16                    THE COURT:  WELL, THEN, YOUR CLIENT DID.

17   AND HE SHOULD HAVE GIVEN IT TO YOU FASTER.  OKAY.

18                    MR. THOMAS:  I UNDERSTAND, BUT AGAIN IT'S

19   NOT -- AGAIN, THAT IS NOT THE SOLE REASON WE ARE RELYING

20   ON IT.  WE ARE RELYING ON IT ALSO BECAUSE WE ARE

21   REMOVING THE PARTIES THAT WERE THE --

22                    THE COURT:  REMOVING THE PARTIES IS NOT

23   NEW EVIDENCE.  YOU CANNOT POSSIBLY CITE 60(B)(2) AS A

24   BASIS TO REMOVE PARTIES WHO YOU KNEW RIGHT FROM THE

25   START HAD A JUDGMENT AGAINST THEM.

1                    MR. THOMAS:  AGAIN, WHERE (B)(2) IS IN

2       REGARDS TO A TRANSCRIPT, (B)(6) AS CITED, THAT IS WHY I

3       SAID IT WOULD BE UNDER BOTH, IS SPECIFICALLY TO REMOVE

4       THOSE PARTIES AND TO PROCEED FORWARD WITH MR. JACOVETTI

5       AND THE JACOVETTI FIRM.  THAT IS WHAT WE ARE

6       SPECIFICALLY --

7                    THE COURT:  HERE IS THE THING.  THOSE

8       PARTIES WERE PARTIES WHEN THE 12(C) MOTION WAS FILED,

9       RIGHT?

10                   MR. THOMAS:  CORRECT.

11                   THE COURT:  AS WERE MR. JACOVETTI AND HIS

12      FIRM, RIGHT?

13                   MR. THOMAS:  CORRECT.

14                   THE COURT:  NONE OF THEM RESPONDED TO THE

15      MOTION, RIGHT?

16                   MR. THOMAS:  AGAIN, THE REASON FOR THAT

17      WAS BECAUSE WE HAD SUBMITTED THE MOTION TO EXTEND.  IT

18      WAS -- IT WAS IMPROPER TO NOT REQUEST TO HAVE AN

19      EXTENSION SPECIFICALLY FOR THAT MOTION, AS WELL FOR THE

20      MOTION FOR SUMMARY JUDGMENT.

21                   THE COURT:  MR. THOMAS, THIS IS WHERE I

22      HAVE A REAL PROBLEM WITH THIS.  I THINK THAT IS A REALLY

23      DISINGENUOUS ANSWER.

24                   MR. THOMAS:  IT'S AN HONEST ANSWER.

25                   THE COURT:  NO, IT'S NOT.  AND I'M GOING

1    TO TELL YOU WHY IT'S NOT FOR A COUPLE OF REASONS.

2                      FIRST OF ALL, I MEAN -- AND AGAIN, THIS

3    IS ALL COLORED BY THE FACT THAT YOU HAVE A TREMENDOUS

4    HISTORY OF IGNORING COURT DEADLINES.  AND WHEN I LOOK AT

5    THIS, YOU SUBMITTED THIS MOTION, OKAY, FOR AN EXTENSION

6    ON FEBRUARY 24TH.  IT WAS A BELATED MOTION, AND YOU

7    ASKED ME TO GIVE YOU MORE TIME TO RESPOND TO THE ORDER

8    TO SHOW CAUSE.  AND I ASSUME THAT YOU READ MY ORDER.

9                      MR. THOMAS:  I DID AND I WOULD ALSO POINT

10   OUT THAT THE REASON IT WAS NOT RESPONDED ON THE 21ST,

11   YOUR HONOR STATED AND I ACTUALLY WOULD LIKE TO MAKE IT

12   CLEAR, WHEN YOUR HONOR SAID ECF WAS UP, WE HAD TRIED

13   SEVERAL TIMES, AND I ACTUALLY PUT A FOOTNOTE IN SAYING

14   THIS, TO ACTUALLY -- TO UPLOAD IT.  AND I CONTINUED TO

15   HIT A WEBSITE OR A WEB PAGE SPECIFICALLY SAYING THAT IT

16   COULD NOT ACTUALLY UPLOAD.

17                      THE COURT:  FIRST OF ALL, ALL YOUR

18   FOOTNOTE SAYS IS WE HAD FILING PROBLEMS.

19                      SECONDLY, DID YOU CALL THE COURT'S HELP

20   LINE?

21                      MR. THOMAS:  IT WAS AFTER THE TIME FOR

22   THE HELP LINE.  I CALLED AND THERE WAS ACTUALLY NO ONE

23   AVAILABLE TO --

24                      THE COURT:  SO YOU CALLED.  IF I CHECK

25   THE COURT'S RECORDS, I'M GOING TO SEE A CALL FROM YOU TO

1      THE HELP LINE?

2                  MR. THOMAS:  THERE WAS A CALL.  I DON'T

3      KNOW WHAT TIME ON THAT DAY TO TRY AND ACTUALLY GET IT

4      UPLOADED.

5                  THE COURT:  DID YOU TRY TO FILE IT

6      SATURDAY?

7                  MR. THOMAS:  NO, YOUR HONOR.

8                  THE COURT:  DID YOU TRY TO FILE IT

9      SUNDAY?

10                  MR. THOMAS:  I DID NOT.  I TRIED TO FILE

11      IT MONDAY AS SOON AS I COULD.

12                  THE COURT:  SO I HAVE TO TELL YOU THAT

13      WHAT YOU SAID IN THE FOOTNOTE, WHICH IS JUST SOME BLAND

14      ASSERTION ABOUT FILING DIFFICULTIES, I DON'T THINK --

15      WITH SOME MORE SPECIFICITY MAYBE YOU COULD HAVE GOTTEN

16      AN EXCUSABLE NEGLECT.  I DON'T THINK YOU ARE THERE.  IN

17      ANY EVENT, YOU HADN'T SHOWN ME -- IT DOES NOT MATTER,

18      BECAUSE YOU HAD NOT SHOWN TO ME GOOD CAUSE FOR NEEDING

19      MORE TIME TO RESPOND TO THE ORDER TO SHOW CAUSE.

20                  BUT AS WE GET DOWN TO THIS -- TO THIS IN

21      SOME LEVEL OF GRANULARITY, YOU FILED A MOTION ON THE

22      24TH.  ON THE 25TH, I ISSUE AN ORDER.  MY ORDER SAYS

23      GIVEN THE SIGNIFICANT IMPACT -- AFTER FINDING YOU HAVE

24      NOT SHOWN EXCUSABLE NEGLECT OR GOOD CAUSE, MY ORDER

25      SAYS:  GIVEN THE SIGNIFICANT IMPACT OF A POTENTIAL

1    SANCTIONS ORDER, THE COURT WILL GIVE PLAINTIFFS THE

2    ADDITIONAL TIME THEY REQUESTED IN ORDER TO RESPOND AND

3    EXPLAIN WHY THEY SHOULD NOT BE SANCTIONED FOR FAILURE TO

4    COMPLY WITH THE COURT'S PRIOR ORDER.  THAT IS THE

5    LANGUAGE OF MY ORDER.  DOES MY ORDER SAY ANYTHING ABOUT

6    AN EXTENSION OF TIME TO RESPOND TO THE 12(C) MOTION?

7                MR. THOMAS:  NO, YOUR HONOR.

8                THE COURT:  RIGHT, AND YOU DID NOT

9    RESPOND TO THE 12(C) MOTION IN A TIMELY WAY.

10                MR. THOMAS:  CORRECT, YOUR HONOR.

11                THE COURT:  SO WHERE I AM ON THIS, THE

12    REMOVAL OF THE PARTIES HAS NO BEARING, NO BEARING AT ALL

13    ON WHETHER OR NOT MR. JACOVETTI AND JACOVETTI LAW SHOULD

14    BE IMPACTED BY MY DECISION AND BY A FAILURE TO RESPOND

15    TO THE 12(C) MOTION.  THERE IS JUST NOTHING ABOUT THE

16    FACT THAT YOU WANTED TO REMOVE A COUPLE OF PARTIES THAT

17    WOULD HAVE DONE THAT.

18                IF YOU HAD COME TO ME AND JUST SAID, YOUR

19    HONOR, I WANT TO FILE AN AMENDED COMPLAINT IN ORDER TO

20    REMOVE TWO OF THESE PARTIES, AND THEREFORE I'M GOING TO

21    MOOT OUT THE 12(C) MOTION, I WOULD HAVE SAID NO, YOU ARE

22    NOT.  THAT DOES NOT MOOT OUT THE 12(C) MOTION.  IT HAS

23    NOTHING TO DO WITH IT.  GREAT, WE CAN STIPULATE THAT

24    THOSE TWO PARTIES WILL GO AWAY, BUT THE 12(C) MOTION IS

25    STILL ALIVE AS TO OTHER TWO PARTIES.  IT'S NOT LIKE

1    YOU'VE MADE NEW ALLEGATIONS BY DELETING THOSE PARTIES.

2    ALL YOU ARE DOING -- DON'T RESPOND YET.  ALL I'M TALKING

3    ABOUT RIGHT NOW IS REMOVING THE PARTIES.  REMOVING THE

4    PARTIES IS NOT A FUNCTION OF ADDING ALLEGATIONS.  IT'S

5    NOT ADDRESSING THE 12(C) MOTION.  IT'S JUST CHANGING THE

6    PARTIES.  OKAY?  AND THE ARGUMENTS WERE WELL BEYOND IN A

7    12(C) MOTION.

8              NOW, BEYOND THAT, THEN WE GET TO THE

9    QUESTION OF WELL, IS THERE SOME OTHER BASIS FOR ME TO

10   REOPEN MY DECISION ON THE 12(C) MOTION?  I DON'T SEE

11   THAT THERE IS.  BECAUSE WHAT I HAVE IN FRONT OF ME IS A

12   RECORD THAT SHOWS ME THAT YOU HAD THE RELEVANT

13   INFORMATION BEFORE THE DEADLINE TO FILE.  NOW IF YOU HAD

14   COME TO ME AND SAID, WE GOT THIS NEW INFORMATION, WE ARE

15   INCORPORATING IT INTO THE COMPLAINT, WE NEED A FEW MORE

16   DAYS, IF YOU HAD DONE THAT IN A TIMELY WAY, THEN WE

17   COULD HAVE REVISITED THE QUESTION OF WHETHER OR NOT

18   THERE WAS GOING TO BE AN EXTENSION.  THERE PROBABLY

19   WOULD HAVE BEEN.

20             BUT YOU DIDN'T DO THAT.  YOU DIDN'T DO

21   ANYTHING.  YOU JUST TOOK THE TIME FOR YOURSELF AND

22   ASSUMED YOU WERE GOING TO GET IT, WHICH HAS BEEN YOUR

23   CONDUCT TIME AND TIME AGAIN, BOTH IN THIS COURT AND

24   OTHER COURTS.  AND THAT IS MY PROBLEM.  AND THAT IS WHY

25   I DON'T THINK YOU HAVE SATISFIED RULE 60(B) TO SHOW ME

1      THAT THERE IS A BASIS TO REOPEN THE DECISION AS TO --

2      THE DECISION I GAVE AS TO THE 12(C) MOTION.

3                   I MEAN, AS I LOOK AT THIS, WHAT YOU SAID

4      TO ME IN YOUR FILING LAST FRIDAY WAS -- WHEN YOU TALK

5      ABOUT THE JUDGMENT -- MOTION FOR JUDGMENT ON THE

6      PLEADINGS, AND THIS IS A QUOTE, YOU SAID:

7      UNINTENTIONALLY THE MOTION FOR JUDGMENT WENT UNOPPOSED.

8      THAT IS YOUR LANGUAGE.  AND I DON'T SEE HOW IT COULD BE

9      UNINTENTIONAL.  IT MAY NOT HAVE BEEN YOUR SPECIFIC

10     INTENT.  YOU MAY NOT HAVE SAT THERE AND SAID, I'M GOING

11     TO IGNORE THE DEADLINE, BUT I THINK IT WAS WAY MORE THAN

12     NEGLIGENT.  AT A MINIMUM IT WAS NEGLIGENT, BUT I THINK

13     IT WAS MORE THAN THAT.  I THINK IT WAS AT A MINIMUM

14     RECKLESS.  OKAY?

15                   AND SO I THINK THAT YOU HAVE GOT AN

16     OBLIGATION TO DEAL WITH THAT.  AND I THINK THAT THE

17     COURTS HAVE ESSENTIALLY SAID THAT EXTRAORDINARY

18     CIRCUMSTANCES RARELY EXIST WHEN A PARTY SEEKS RELIEF

19     FROM A JUDGMENT THAT RESULTED FROM THE PARTY'S

20     DELIBERATE CHOICES.  AND I THINK THAT RECKLESSNESS

21     CONSTITUTES A DELIBERATE CHOICE UNDER RULE 60.

22                   SO I DON'T THINK YOU HAVE A BASIS TO

23     REVISIT MY DECISION UNDER RULE 60, BECAUSE I DON'T SEE

24     THAT THERE IS ANYTHING HERE THAT CONSTITUTES

25     EXTRAORDINARY CIRCUMSTANCES.  WHAT I SEE HERE IS A

1    FAILURE ON A LAWYER'S PART TO ABIDE BY THE RULES AND

2    DEADLINES THAT ARE IN FRONT OF HIM.  OKAY?  SO THAT IS

3    WHERE I AM ON THIS.

4                    NOW, I WILL GIVE YOU A CHANCE TO RESPOND

5    TO THAT BRIEFLY, BUT THAT IS WHERE I AM ON THIS, AND

6    THAT IS WHY MY THINKING RIGHT NOW IS THAT TO THE EXTENT

7    THAT YOU ARE LOOKING TO REOPEN THINGS, YOUR MOTION IS

8    GOING TO BE DENIED.

9                    MR. THOMAS:  IF I MAY, YOUR HONOR, RATHER

10   THAN TRYING TO LITIGATE THAT ISSUE NOW, I WOULD LIKE THE

11   CHANCE TO ACTUALLY TRY AND BRIEF IT FURTHER TO ACTUALLY

12   MAKE IT VERY CLEAR WHY WE BELIEVE IT SHOULD BE AMENDED,

13   THE OPPOSING COUNSEL HAVE RESPONDED, AND WE WOULD TIMELY

14   REPLY TO TRY AND FURTHER THE RECORD FOR YOUR HONOR SO

15   THAT IT WOULD BE A BRIEF, AS OPPOSED TO TRYING TO SET

16   THE RECORD AT THIS MOMENT.  SO THAT WAY WE CAN FULLY

17   RESPOND TO YOUR HONOR ALONG WITH THE SEVEN DAY RESPONSE.

18   THE ORDER TO SHOW CAUSE WILL BE A SEPARATE PLEADING.

19                    THE COURT:  THAT IS FINE.  YOU KNOW --

20   YOU KNOW, I HAVE YOU HERE.  I WAS TRYING TO RULE ON

21   THIS.

22                    MR. REO, YOU HAVE HEARD MY THOUGHTS, AND

23   SO I DON'T KNOW IF YOU FEEL THE NEED TO FILE AN

24   OPPOSITION TO THE MOTION.  IF YOU DON'T OPPOSE IT

25   BECAUSE YOU SAY TO ME ON THE RECORD NOW, JUDGE, WE JUST

1    ARE IN AGREEMENT WITH WHAT YOU SAID, I AM NOT GOING TO

2    TREAT THAT AS UNOPPOSED.

3                    MR. REO:  I THINK WHERE WE'RE AT --

4    PROCEDURALLY I AGREE WITH EVERYTHING YOUR HONOR SAID.

5    IF THE OTHER SIDE CONTINUES TO LITIGATE THIS CASE, WE

6    ARE GOING TO SERVE THEM WITH A RULE 11 LETTER IN THE

7    VERY NEAR FUTURE IF THEY INSIST, BECAUSE MY CLIENT HAS

8    INCURRED APPROXIMATELY $10,000 IN FEES TO DATE TO --

9    INCLUDING THE HEARING, MY DRIVING HERE, MY DRIVING HOME.

10   AT END OF TODAY HE WILL BE AT 9,815.  SO IF WE HAVE TO

11   GO FORWARD AND INCUR MORE FEES, WE ARE GOING TO SERVE

12   THE OTHER SIDE WITH A RULE 11 LETTER, AND WE ARE

13   ACTUALLY PREPARING LITIGATION FOR MALICIOUS PROSECUTION

14   AND ABUSE OF PROCESS THAT WE ARE CONSIDERING IN THE VERY

15   NEAR FUTURE, DEPENDING ON HOW THINGS GO IN THE NEXT

16   SEVERAL WEEKS.

17                    I WOULD JUST SAY THAT WE AGREE WITH

18   EVERYTHING YOUR HONOR HAS SAID PROCEDURALLY ABOUT THE

19   POSTURE OF THIS CASE, THE 60(B).  AND SPEAKING TO THE

20   SO-CALLED NEWLY DISCOVERED EVIDENCE, SUBSTANTIVELY, IT'S

21   NOT RELEVANT THAT MR. SHELTON MAY BE MOTIVATED IN PART

22   BY THE POSSIBILITY OF RECOVERING DAMAGES OR OBTAINING

23   JUDGMENTS AGAINST POTENTIAL DEFENDANTS WHO ARE

24   COLLECTIBLE.  SO ASSUMING TELEMARKETERS VIOLATE THE LAW

25   BY CONTACTING MR. SHELTON, HE CONTEMPLATES LITIGATION,

1  BUT PRIOR TO THAT HE DOES RESEARCH TO SEE IF THEY ARE

2  ACTUALLY COLLECTIBLE.  THAT IS JUST SOUND JUDICIAL

3  ECONOMY.  THAT'S EFFICIENCY.

4         THERE IS NO POINT FOR HIM TO PAY ME TO

5  OBTAIN A JUDGMENT AGAINST AN ENTITY THAT IS ABOUT TO

6  BECOME DEFUNCT IN THE MIDDLE OF BANKRUPTCY OR THAT HAS

7  NO MONEY.  I HAVE OFTEN COUNSELED CLIENTS, YES, I CAN

8  LITIGATE THIS CASE; YES, I CAN WIN, BUT DO THEY HAVE

9  ANYTHING TO COLLECT ON OR DO YOU JUST WANT ME TO FRAME

10  THE JUDGMENT, A PIECE OF PAPER YOU CAN PUT IT ON YOUR

11  WALL, BECAUSE THAT IS A LOT OF EFFORT TO GET A PIECE OF

12  PAPER.

13         SO THE FACT THAT -- IF MR. SHELTON DID

14  ACTUALLY ADMIT THAT HE DOES RESEARCH ON THE POSSIBLE

15  COLLECTABILITY OF DEFENDANTS THAT HAVE VIOLATED THE LAW,

16  THAT IS NOT DETERMINATIVE OR DISPOSITIVE OF HIS CLAIMS.

17  THAT IS NOT DETERMINATIVE OR DISPOSITIVE OF STANDING.

18         SO THE SO-CALLED NEWLY DISCOVERED

19  EVIDENCE, WHATEVER IT MAY BE, I DON'T HAVE IT IN FRONT

20  OF ME RIGHT NOW, IT HAS BEEN A WHILE SINCE I LOOKED

21  THROUGH IT.  I DON'T BELIEVE IT IS RELEVANT IN ANY

22  MEANINGFUL CAPACITY, AND THIS IS NOT JUST A RULE 15

23  REQUEST FOR LEAVE TO AMEND, WHICH TYPICALLY WOULD BE

24  FREELY GRANTED.  THIS IS, AS YOUR HONOR HAS SAID, UNDER

25  60(B).  AND THERE IS REALLY NO BASIS FOR IT.  THERE IS

1    NO BASIS TO REOPEN A CASE TO ALLOW THE REMOVAL OF

2    PARTIES, WHICH WE THINK IS ESSENTIALLY TO MITIGATE AND

3    LIMIT THEIR SANCTIONS EXPOSURE GOING FORWARD, BECAUSE WE

4    THINK THERE IS SIGNIFICANT SANCTIONS EXPOSURE ON BEHALF

5    OF THE OTHER PARTIES AND THAT THIS IS JUST AN ATTEMPT TO

6    DELAY, DRAG THINGS OUT AND LIMIT FURTHER SANCTIONS

7    EXPOSURE AGAINST PARTIES THAT WE HAVE ALREADY OBTAINED A

8    JUDGMENT AGAINST IN THE PREVIOUS CASE, AND ARE ACTUALLY

9    GETTING READY TO SUE FOR MALICIOUS PROSECUTION AND ABUSE

10   OF PROCESS.

11            THE COURT:  SO HERE IS WHAT I WANT TO DO,

12   MR. REO.  I UNDERSTAND EVERYTHING YOU ARE SAYING.  AND I

13   USED TO COUNSEL CLIENTS IN PRIVATE PRACTICE ON THE FACT

14   THAT THERE'S ONLY THREE PARTS TO A LAWSUIT.  THERE IS

15   LIABILITY, DAMAGES AND COLLECTABILITY.  AND THEY ALL

16   FACTOR INTO LITIGATION DECISIONS, AND I UNDERSTAND WHAT

17   YOU ARE SAYING.

18            YOU ARE CLOSER TO THIS THAN I AM.  I'M

19   NOT TRYING TO RUN YOUR METER UNNECESSARILY, BUT I DO

20   THINK IT WOULD HELP ME TO HAVE A SHORT BRIEF ON SOME OF

21   THE SORT OF -- I DON'T NEED -- I DON'T THINK -- IF YOU

22   WANT TO PUT STUFF IN ABOUT RULE 60 AND NEWLY DISCOVERED

23   EVIDENCE AND EXTRAORDINARY CIRCUMSTANCES, I'M NOT GOING

24   TO TELL YOU YOU CAN'T.  BUT WHAT I HEAR YOU SAYING IS,

25   IN SOME -- WHAT IN SOME RESPECTS GO TO SORT OF THE

1    FUTILITY ANALYSIS UNDER RULE 15, AND I THINK THERE WOULD

2    BE SOME VALUE TO ME IN SEEING SOME OF THAT IN THE

3    RECORD.  AND SO I AM GOING TO ASK YOU TO DO THAT.  YOU

4    CAN KEEP IT VERY SHORT.  OKAY.  BUT JUST SOMETHING THAT

5    EXPLAINS TO ME WHY THE AMENDED COMPLAINT, WHICH YOU

6    HAVE, THE PROPOSED AMENDED COMPLAINT THAT YOU HAVE IS

7    FUTILE AND NEWLY DISCOVERED EVIDENCE DOES NOT CHANGE

8    ANYTHING.  I THINK WILL BE USEFUL FOR ME TO EVALUATE THE

9    ARGUMENT JUST BECAUSE I HEAR WHAT YOU ARE SAYING BUT I'M

10   NOT CLOSE ENOUGH TO IT YET.  OKAY?

11              MR. REO:  RESPECTFULLY, I DON'T BELIEVE

12   THEY HAVE SHOWN THE PROPOSED AMENDED COMPLAINT YET, HAVE

13   THEY?

14              THE COURT:  IT'S ATTACHED TO THEIR

15   MOTION.  SO YOU CAN LOOK AT IT AND USE THAT AS THE

16   JUMPING-OFF POINT FOR THE ANALYSIS.  OKAY?

17              HOW MUCH TIME DO YOU NEED?  I KNOW THAT

18   YOUR TWO WEEKS IS IN THEORY RUNNING ON THIS, BUT THERE

19   IS SOME UNCERTAINTY GIVEN EVERYTHING THAT IS GOING ON.

20   AND I'M WILLING TO SORT OF -- I WANT TO GET THIS

21   RESOLVED, BUT I ALSO WANT TO -- I KNOW YOU HAVE TO

22   DRIVE -- YOU HAVE TO DRIVE OUT, YOU HAVE TO DRIVE BACK.

23   I DON'T WANT TO GILD THE LILY.  I MEAN, CAN YOU FILE

24   THAT BY NEXT FRIDAY?  I DON'T KNOW WHAT ELSE YOU HAVE

25   GOING ON.  YES?

```
1                      MR. REO:  LET ME CHECK MY SCHEDULE REAL

2       QUICK.

3                      THE COURT:  OKAY.

4                      MR. REO:  I THINK WE SHOULD BE ON TRACK

5       TO GET IT IN BY NEXT FRIDAY, NOTING THAT I FEEL RATHER

6       MISERABLE TODAY.  I HAVE A HEADACHE, A SORE THROAT, AND

7       I'M HAVING A BIT OF TROUBLE FOCUSING.  I'M NOT AT MY

8       BEST RIGHT NOW.

9                      THE COURT:  WELL, LET'S AIM FOR NEXT

10      FRIDAY.  AND THEN, MR. THOMAS, YOUR REPLY WILL BE DUE IN

11      A WEEK UNDER MY POLICIES AND PROCEDURES, SO IT WILL BE

12      THE 27TH, AND THEN I WILL TACKLE IT FROM THERE.

13                     MR. THOMAS, I DO NOTE THAT WITH RESPECT

14      TO YOUR AMENDMENT, YOU KNOW, YOU DO STILL HAVE MR. BOGER

15      IN THE CASE.  HE WAS NOT REPRESENTED BY MR. REO.  HE DID

16      NOT FILE A 12(C) MOTION.  I HAVE NOT ENTERED ANY ORDERS

17      AS TO HIM, AND SO I DON'T EVEN -- I'M NOT SURE YOU NEED

18      MY LEAVE TO AMEND YOUR COMPLAINT AS AGAINST HIM.  I

19      THINK YOU CAN PROBABLY DO SO ONCE AS A MATTER OF RIGHT.

20                     MR. THOMAS:  CANDIDLY, YOUR HONOR, WE'VE

21      HAD SOME SERVICE ISSUES ON HIM.  THAT IS WHY WE HAVE NOT

22      FURTHER PURSUED IT, BUT I UNDERSTAND YOUR HONOR'S

23      POSITION.

24                     THE COURT:  WELL, YOU KNOW, I'M NOT SURE

25      -- YOU FILED THIS CASE IN EARLY JANUARY, SO YOU'VE GOT
```

1   UNTIL, I GUESS, EARLY MAY TO GET SERVICE EFFECTED.  AND

2   IF IT IS NOT BY THEN, THEN WE WILL PROBABLY DISMISS THE

3   CLAIM FOR NOLLE PROSECUTION, LACK OF SERVICE.  OKAY.

4                   MR. THOMAS, I'M JUST GOING TO TELL YOU,

5   TREAD CAREFULLY WITH THESE TRANSCRIPTS.  THEY OPEN A LOT

6   OF POTENTIAL LEGAL ISSUES FOR YOU, AND YOU SHOULD BE

7   MINDFUL OF THEM.

8                   MR. THOMAS:  I UNDERSTAND.

9                   THE COURT:  OKAY.  SO JUST SO WE ARE

10  CLEAR THEN, I WILL BE ISSUING AN ORDER TODAY.  I AM

11  GOING TO WANT YOUR RESPONSE ON THE SANCTIONS ISSUE, MR.

12  THOMAS, BY THE 19TH.  I WILL GET MR. REO'S RESPONSE BY

13  THE 20TH ON THE MOTION, AND THEN I WILL GET A REPLY ON

14  THE 27TH, AND WE WILL GET THIS ALL RESOLVED.

15                  MR. REO:  ONE FINAL MATTER.  THE OTHER

16  SIDE HAS INTIMATED AND SUGGESTED THAT THEY INTEND TO

17  AMEND TO INCLUDE ME AS A PARTY TO THE LITIGATION, WHICH

18  WOULD CAUSE CERTAIN LOGISTICAL CONCERNS, BECAUSE I WOULD

19  LIKELY BE DISQUALIFIED AS COUNSEL IF I END UP BECOMING A

20  PARTY TO THIS LITIGATION, AND THAT WOULD PROBABLY

21  TRIGGER SEVERAL MORE HEARINGS AT SOME POINT INVOLVING

22  MYSELF AND INVOLVING WHOEVER MR. SHELTON WOULD HIRE TO

23  REPRESENT HIM AND WHOEVER I MIGHT HIRE TO REPRESENT ME.

24  THE PROPOSED AMENDMENT, AS IT STANDS, DOES NOT INCLUDE

25  ME AS A PARTY, TO MY RECOLLECTION, FROM WHEN MY CLIENT

1      AND I DISCUSSED THE MATTER.

2                    THE COURT:  IT DOES NOT.

3                    MR. REO:  IT DOES NOT, BUT THE PLAINTIFF

4      HAS INTIMATED THAT THEY, QUOTE, RESERVE THE RIGHT TO ADD

5      ME AT SOME FUTURE POINT IN TIME.

6                    THE COURT:  RESERVATIONS OF RIGHTS DOWN

7      DONE ALL THE TIME AND THEY DON'T REALLY MEAN ANYTHING.

8                    MR. REO:  WE ARE ONLY PROCEEDING ON THE

9      BASIS OF THE PROPOSED AMENDED COMPLAINT THAT IS

10     PRESENTLY BEFORE THE COURT, CORRECT, YOUR HONOR?

11                   THE COURT:  THAT IS THE MOTION THAT IS IN

12     FRONT OF ME, TO CONSIDER THAT, AND THAT IS THE RESPONSE

13     -- THAT IS WHAT I WANT YOU TO RESPOND TO.  THE BASIS

14     THEY ARE CITING ARE THESE TRANSCRIPTS.  I DON'T KNOW, I

15     HAVE NOT PARSED THE PROPOSED AMENDED COMPLAINT TO SEE

16     WHETHER THERE IS ANYTHING ELSE IN THERE THAT IS NEW OR

17     HOW IT CHANGES THINGS.  THAT IS AN EXERCISE I WILL

18     UNDERTAKE AS I CONSIDER THE MOTION FINALLY, BUT I HAVE

19     NOT DONE IT YET.  SO THAT IS THE KIND OF THING WHERE I'M

20     JUST SAYING IT MAY BE HELPFUL TO ME TO GET YOUR TAKE ON

21     THAT, MR. REO, AND SEE IF THERE ARE PARTICULAR THINGS

22     THAT ARE NEW, WHAT YOUR TAKE ON WHETHER THEY ARE

23     SIGNIFICANT IS, AND TO GIVE MR. THOMAS A CHANCE TO

24     REPLY, THAT SORT OF FLESHING-OUT TENDS TO HELP ME IN

25     TERMS OF HOW I HANDLE THESE THINGS.  OKAY?

1          MR. REO:  CERTAINLY, YOUR HONOR.

2          THE COURT:  ALL RIGHT.  MR. REO, FROM

3   YOUR PERSPECTIVE, ANYTHING ELSE WE NEED TO COVER TODAY?

4          MR. REO:  ONLY THAT THEIR PROPOSED

5   AMENDMENT FAILS TO ADDRESS THE ISSUE OF LITIGATION

6   PRIVILEGE FOR THE DEFAMATION CLAIM.  I'M GOING TO

7   OUTLINE THAT MORE FULLY IN THE UPCOMING BRIEF, BUT THEY

8   HAVE NOT REALLY GOTTEN INTO THE SUBSTANCE THAT THE CLAIM

9   OF DEFAMATION FOR MR. SHELTON, HAVING PREVAILED IN A

10  PREVIOUS ACTION, IT'S LEGALLY INSUFFICIENT AND I THINK

11  IT'S FACIALLY FRIVOLOUS.

12          THE COURT:  WELL, I THINK THAT SOUNDS

13  LIKE -- BASED ON WHAT YOU SAID, THAT THAT IS GOING TO BE

14  A BASIS OF YOUR RULE 11 LETTER.  I ASSUME I WILL SEE IT

15  IN YOUR BRIEF.  I KNOW I SAW SOME OF IT IN THE 12(C)

16  MOTION WHEN I READ THROUGH THIS 12(C) MOTION.  AS I

17  SAID, I DID NOT HAVE A CASE TO STUDY THE 12(C) MOTION

18  CLOSELY BECAUSE IT WAS NEVER OPPOSED, BUT I DID READ IT.

19          IN ADDITION, YOU KNOW, IT SOUNDS LIKE

20  YOU'RE CONTEMPLATING -- I DON'T KNOW WHETHER IT IS

21  DRAGONETTI OR SOMETHING ELSE AT SOME POINT, BUT I ASSUME

22  YOU WILL HAVE AN OPPORTUNITY TO RAISE IT THERE AS WELL.

23          SO FOR MY PURPOSES AT THIS POINT I DON'T

24  HAVE A CLAIM IN FRONT OF ME FOR DEFAMATION.  THERE IS

25  NOT A LOT I CAN DO WITH RESPECT TO A LITIGATION

1     PRIVILEGE ARGUMENT, BUT YOU CAN FLAG IT IN THE RESPONSE

2     TO THE MOTION AND SORT OF POINT OUT, AGAIN, THAT THAT

3     WOULD MAKE SOME OF IT FUTILE IN YOUR VIEW AS WELL.  AND

4     MR. THOMAS CAN TELL ME WHY HE THINKS THE LITIGATION

5     PRIVILEGE DOES NOT APPLY HERE, AND I CAN RESOLVE THAT

6     ACCORDINGLY.  OKAY?

7               MR. REO:  THANK YOU, YOUR HONOR.

8               THE COURT:  MR. THOMAS, ANYTHING ELSE

9     FROM YOUR PERSPECTIVE TODAY?

10             MR. THOMAS:  NO, YOUR HONOR.  THANK YOU

11    VERY MUCH.

12             THE COURT:  ALL RIGHT.  WELL, SO I WILL

13    LOOK FOR YOUR FILINGS, AND WE WILL GO FROM THERE.

14             WE WILL STAND ADJOURNED.  THANK YOU.

15             THE CLERK:  ALL RISE.

16             (HEARING ADJOURNED.)

17

18

19             I CERTIFY THAT THE FOREGOING IS A CORRECT

20    TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

21    ABOVE-ENTITLED MATTER.

22

23

24    DATE                 SUZANNE R. WHITE

25                  OFFICIAL COURT REPORTER

**$**

**$10,000** [1] - 50:8
**$250** [2] - 25:4, 25:10

**1**

**1** [1] - 10:6
**11** [10] - 14:3, 30:8, 30:10, 30:14, 30:18, 32:14, 32:18, 50:6, 50:12, 57:14
**11TH** [2] - 17:4, 9:21
**12** [1] - 1:8
**12(C** [21] - 10:5, 29:20, 30:4, 30:5, 35:21, 42:12, 43:8, 46:6, 46:9, 46:15, 46:21, 46:22, 46:24, 47:5, 54:16, 57:15, 57:16, 57:17
**14-DAY** [2] - 7:19, 31:12
**14TH** [2] - 8:13, 15:16
**15** [4] - 15:3, 33:9, 51:22, 53:1
**16** [4] - 5:14, 32:20, 36:15
**17TH** [1] - 5:24
**19** [1] - 16:10
**19106** [2] - 1:9, 1:22
**1927** [6] - 10:8, 26:18, 30:8, 30:16, 32:15, 36:5
**19317** [1] - 1:17
**19TH** [3] - 26:8, 41:10, 55:12
**1ST** [1] - 5:25

**2**

**2** [2] - 25:11, 38:16
**20-163** [2] - 1:6, 4:5
**200** [1] - 1:16
**2016** [2] - 11:6, 11:7
**2017** [2] - 11:24, 12:1
**2019** [8] - 5:24, 6:8, 7:14, 12:13, 12:15, 13:12, 21:20, 39:19
**2020** [5] - 1:8, 8:5, 9:21, 13:21, 13:22
**20TH** [1] - 55:13
**215)299-7252** [1] - 1:22
**21ST** [3] - 8:18, 44:10
**225** [1] - 1:16
**22ND** [3] - 6:7, 6:17, 6:24
**24TH** [4] - 8:19, 21:20,

44:6, 45:22
**25TH** [4] - 9:24, 11:24, 12:13, 45:22
**2609** [1] - 1:21
**2660549** [1] - 12:2
**27TH** [5] - 7:25, 8:9, 10:1, 54:12, 55:14
**28** [1] - 10:7
**28TH** [3] - 9:14, 10:4, 15:2
**29** [2] - 35:5, 39:3
**2:18-CV-3723** [1] - 4:25

**3**

**30** [1] - 28:21
**30TH** [1] - 13:12
**3336132** [1] - 12:15
**37** [1] - 32:19
**39** [1] - 6:10
**3B** [1] - 1:8

**4**

**4** [1] - 7:8
**440-313-5893** [1] - 2:4
**44061** [1] - 2:4
**4697333** [1] - 11:6
**4:07** [1] - 6:24
**4TH** [1] - 13:21

**5**

**5100** [1] - 2:3
**5587262** [1] - 13:12

**6**

**6** [6] - 8:21, 9:5, 16:4, 17:8, 17:25, 39:19
**60** [6] - 37:23, 38:5, 38:7, 48:21, 48:23, 52:22
**60(B** [4] - 31:10, 31:11, 33:23, 47:25
**60(B)2** [2] - 50:19, 51:25
**60(B)(2** [4] - 38:1, 38:3, 38:7, 42:23
**60(B)(6)** [1] - 37:19
**601** [1] - 1:21
**6TH** [10] - 10:9, 10:14, 10:16, 11:7, 15:23, 16:7, 16:10, 21:14, 21:15, 25:8

**7**

**7** [1] - 15:16

**7.1** [10] - 7:18, 8:9, 10:15, 22:19, 25:6, 32:8, 32:10, 32:15, 32:16, 36:13
**730900** [1] - 13:22

**8**

**8TH** [3] - 6:2, 6:16, 7:2

**9**

**9,815** [1] - 50:10
**9011** [1] - 14:2
**9TH** [2] - 8:4, 9:16

**A**

**ABIDE** [2] - 23:10, 49:1
**ABILITY** [2] - 23:13, 28:19
**ABLE** [4] - 9:18, 15:20, 28:25, 37:11
**ABOUT** [26] - 10:22, 15:8, 16:15, 17:21, 19:14, 24:1, 30:25, 32:2, 32:3, 33:9, 33:12, 33:14, 34:14, 34:17, 34:21, 38:1, 40:23, 45:14, 46:5, 46:15, 47:3, 48:5, 50:18, 51:5, 52:22
**ABOVE** [1] - 58:21
**ABOVE-ENTITLED** [1] - 58:21
**ABSENCE** [2] - 29:17, 29:23
**ABSOLUTELY** [3] - 18:7, 27:14, 34:16
**ABUSE** [2] - 50:14, 52:9
**ACCORDING** [1] - 14:7
**ACCORDINGLY** [1] - 58:6
**ACCOUNT** [1] - 24:3
**ACCURATE** [2] - 19:10, 19:12
**ACKNOWLEDGE** [1] - 39:15
**ACT** [1] - 39:4
**ACTION** [10] - 1:3, 25:23, 27:1, 27:5, 27:9, 27:17, 33:17, 33:19, 33:21, 57:10
**ACTIVITY** [1] - 29:1
**ACTUAL** [1] - 15:25
**ACTUALLY** [38] - 13:5, 16:22, 17:1,

17:2, 18:10, 18:11, 21:5, 21:8, 31:13, 33:20, 33:24, 34:11, 38:10, 38:17, 38:22, 38:24, 39:4, 39:6, 39:18, 39:21, 40:15, 40:20, 40:21, 41:9, 44:11, 44:13, 44:14, 44:16, 44:22, 45:3, 49:11, 50:13, 51:2, 51:14, 52:8
**ADD** [1] - 56:4
**ADDING** [1] - 47:4
**ADDITION** [1] - 57:19
**ADDITIONAL** [7] - 7:5, 13:1, 13:8, 16:13, 16:15, 29:15, 46:2
**ADDRESS** [2] - 13:5, 57:5
**ADDRESSING** [1] - 47:5
**ADEQUATELY** [1] - 12:6
**ADJOURNED** [2] - 58:14, 58:16
**ADMISSIONS** [1] - 5:20
**ADMIT** [1] - 51:14
**ADMITTED** [3] - 7:16, 25:15, 25:16
**ADVANCE** [1] - 13:9
**ADVISORY** [1] - 23:1
**AFFECT** [1] - 32:17
**AFFECTED** [1] - 36:12
**AFFIDAVIT** [1] - 25:22
**AFTER** [21] - 6:2, 6:10, 7:8, 7:11, 7:15, 7:25, 8:22, 13:6, 16:1, 25:7, 28:7, 28:8, 28:21, 34:17, 34:20, 39:19, 39:20, 40:12, 41:18, 44:21, 45:23
**AGAIN** [12] - 17:13, 33:22, 35:7, 41:24, 42:2, 42:18, 42:19, 43:1, 43:16, 44:2, 47:23, 58:2
**AGO** [1] - 13:20
**AGREE** [3] - 41:24, 50:4, 50:17
**AGREEMENT** [1] - 50:1
**AHEAD** [1] - 28:2
**AIDED** [1] - 1:25
**AIM** [1] - 54:9

**AKINSANMI** [1] - 12:1
**AL** [3] - 1:3, 1:6, 4:5
**ALIVE** [1] - 46:25
**ALL** [31] - 7:13, 7:16, 9:20, 11:3, 14:20, 14:23, 16:4, 17:16, 20:21, 24:9, 25:20, 26:15, 26:18, 29:8, 29:20, 30:11, 31:6, 42:3, 44:2, 44:3, 44:17, 46:12, 47:2, 52:15, 55:14, 56:7, 57:2, 58:12, 58:15
**ALLEGATIONS** [2] - 47:1, 47:4
**ALLOW** [1] - 52:1
**ALLOWS** [1] - 37:24
**ALONG** [1] - 49:17
**ALREADY** [5] - 7:5, 28:10, 31:20, 39:3, 52:7
**ALSO** [16] - 9:3, 9:5, 9:11, 11:11, 12:2, 12:21, 13:10, 13:23, 22:19, 23:23, 28:3, 29:15, 38:16, 42:20, 44:9, 53:21
**ALTHOUGH** [2] - 10:16, 13:22
**AM** [10] - 22:13, 30:11, 37:2, 46:11, 49:3, 49:5, 50:1, 52:18, 53:3, 55:10
**AMEND** [13] - 10:10, 10:11, 13:5, 16:8, 16:22, 24:23, 31:17, 34:6, 37:5, 40:20, 51:23, 54:18, 55:17
**AMENDED** [15] - 11:10, 19:21, 31:16, 31:23, 32:3, 35:12, 40:22, 42:4, 46:19, 49:12, 53:5, 53:6, 53:12, 56:9, 56:15
**AMENDMENT** [3] - 54:14, 55:24, 57:5
**AN** [48] - 6:3, 8:13, 8:20, 8:22, 9:6, 9:8, 9:15, 9:25, 12:8, 12:24, 13:7, 15:3, 15:15, 15:18, 17:20, 18:5, 18:21, 21:7, 22:22, 24:14, 24:21, 24:25, 25:8, 25:22, 26:16, 27:2, 27:10, 29:15, 29:23, 30:2, 31:20, 34:14, 40:21, 43:18, 43:24, 44:5, 45:16, 45:22, 46:6, 46:19, 47:18, 48:15,

49:23, 51:5, 52:5, 55:10, 56:17, 57:22
**ANALYSIS** [2] - 53:1, 53:16
**AND** [271] - 1:12, 1:15, 2:6, 4:7, 4:13, 4:17, 4:18, 4:20, 4:23, 5:2, 5:3, 5:4, 5:7, 5:17, 6:6, 6:8, 6:14, 6:15, 6:19, 6:21, 7:17, 8:1, 8:6, 8:9, 8:16, 9:2, 9:9, 9:13, 9:20, 9:22, 10:1, 10:3, 10:6, 10:10, 10:11, 10:12, 10:18, 10:22, 10:25, 11:1, 11:5, 11:12, 11:17, 12:5, 12:8, 12:19, 12:21, 12:23, 13:4, 13:16, 13:17, 13:19, 13:20, 14:1, 14:13, 14:21, 14:23, 15:5, 15:8, 15:11, 16:2, 16:5, 16:8, 16:20, 16:22, 16:23, 16:25, 17:4, 17:24, 18:5, 18:10, 18:16, 19:22, 19:23, 20:3, 20:5, 20:9, 20:12, 20:20, 21:5, 21:10, 21:13, 21:19, 21:23, 22:11, 22:18, 22:22, 22:23, 23:1, 23:5, 23:6, 23:8, 23:9, 23:10, 23:11, 23:13, 23:17, 23:20, 23:25, 24:4, 24:5, 24:8, 24:9, 24:23, 25:12, 25:13, 25:15, 25:16, 25:19, 25:21, 25:23, 25:24, 25:25, 26:1, 26:4, 26:7, 27:2, 27:5, 27:11, 27:18, 27:20, 27:25, 28:8, 28:11, 28:15, 28:20, 29:1, 29:2, 29:11, 29:24, 30:11, 30:18, 30:24, 31:7, 31:11, 31:22, 31:23, 31:24, 32:10, 32:18, 32:23, 33:6, 33:9, 33:11, 34:1, 34:5, 34:10, 34:19, 35:10, 35:11, 35:12, 35:22, 35:24, 35:25, 36:13, 36:18, 36:24, 37:6, 37:8, 37:12, 37:24, 38:2, 38:10, 38:11, 38:25, 39:5, 39:17, 39:20, 40:20, 41:24, 42:1, 42:10, 42:17, 43:4, 43:5, 43:11, 43:25,

44:2, 44:4, 44:6, 44:8, 44:9, 44:11, 44:13, 44:14, 44:22, 45:3, 46:2, 46:8, 46:13, 46:14, 46:18, 46:20, 47:6, 47:14, 47:21, 47:23, 47:24, 48:6, 48:8, 48:10, 48:15, 48:16, 48:20, 49:1, 49:5, 49:11, 49:13, 49:14, 49:22, 50:11, 50:12, 50:14, 50:19, 51:22, 51:25, 52:2, 52:5, 52:6, 52:8, 52:9, 52:12, 52:15, 52:16, 52:22, 52:23, 53:1, 53:3, 53:7, 53:15, 53:20, 54:6, 54:10, 54:11, 54:12, 54:17, 55:1, 55:6, 55:13, 55:14, 55:16, 55:20, 55:22, 55:23, 56:1, 56:7, 56:12, 56:21, 56:23, 57:10, 58:2, 58:3, 58:5, 58:13
**AND/OR** [1] - 37:5
**ANNUITY** [1] - 11:5
**ANOTHER** [5] - 6:25, 7:24, 9:3, 22:21, 24:16
**ANSWER** [4] - 5:10, 5:14, 43:23, 43:24
**ANSWERING** [1] - 33:6
**ANTHONY** [2] - 2:2, 4:12
**ANY** [17] - 6:4, 9:17, 16:13, 17:10, 17:20, 24:18, 27:17, 29:4, 32:8, 32:9, 33:1, 35:1, 37:25, 45:17, 51:21, 54:16
**ANYTHING** [16] - 17:14, 18:17, 23:9, 31:24, 34:10, 35:8, 35:12, 46:5, 47:21, 48:24, 51:9, 53:8, 56:7, 56:16, 57:3, 58:8
**APPARENTLY** [6] - 14:6, 14:9, 33:10, 34:4, 34:21, 35:2
**APPEAL** [1] - 27:6
**APPEAR** [1] - 23:16
**APPEARANCES** [3] - 1:14, 2:1, 4:8
**APPLICABLE** [5] - 32:14, 32:15, 32:19, 32:20

**APPLY** [1] - 58:5
**APPROPRIATE** [7] - 14:19, 15:9, 23:19, 23:21, 24:2, 24:12, 26:7
**APPROXIMATELY** [1] - 50:8
**ARE** [98] - 4:4, 4:17, 4:18, 4:21, 4:22, 14:23, 14:24, 15:17, 16:16, 19:4, 19:19, 20:13, 21:2, 23:1, 23:5, 23:6, 23:15, 23:19, 23:25, 24:2, 24:9, 24:12, 24:15, 24:22, 25:15, 25:16, 26:6, 26:7, 27:10, 28:1, 28:8, 28:10, 28:15, 29:7, 29:13, 29:16, 30:1, 30:7, 30:22, 31:19, 31:21, 32:1, 32:2, 32:3, 32:4, 32:20, 33:15, 34:6, 34:11, 34:23, 35:9, 35:10, 36:9, 36:11, 38:3, 38:8, 38:9, 39:1, 39:8, 39:16, 39:17, 39:22, 40:10, 40:17, 41:23, 42:5, 42:19, 42:20, 43:5, 45:16, 46:21, 47:2, 47:14, 49:2, 49:7, 50:1, 50:6, 50:11, 50:12, 50:14, 50:23, 51:1, 52:8, 52:12, 52:17, 52:18, 53:9, 55:9, 56:8, 56:14, 56:21, 56:22
**AREA** [1] - 36:16
**ARGUABLY** [1] - 29:14
**ARGUED** [1] - 13:3
**ARGUMENT** [5] - 15:7, 24:24, 31:19, 53:9, 58:1
**ARGUMENTS** [6] - 14:11, 30:1, 30:6, 30:7, 39:12, 47:6
**ARISES** [1] - 33:4
**ARTICLE** [3] - 34:15, 34:18, 34:24
**AS** [91] - 6:18, 7:11, 8:1, 8:3, 9:3, 10:2, 10:5, 10:11, 10:12, 11:2, 12:25, 14:18, 15:24, 16:4, 17:16, 17:21, 18:13, 18:21, 19:5, 20:7, 20:19, 21:9, 22:12, 23:1, 23:24, 24:7, 24:8,

24:13, 24:21, 24:24, 24:25, 26:2, 26:17, 27:4, 27:21, 29:9, 31:1, 31:16, 31:22, 32:12, 32:15, 33:22, 33:24, 33:25, 34:7, 34:12, 35:22, 35:25, 36:2, 36:4, 36:22, 36:24, 36:25, 37:2, 38:7, 38:18, 39:1, 39:7, 40:18, 40:21, 42:23, 43:2, 43:11, 43:19, 45:11, 45:20, 46:25, 48:1, 48:2, 48:3, 49:15, 50:2, 51:24, 53:15, 54:17, 54:18, 54:19, 55:17, 55:19, 55:24, 55:25, 56:18, 57:16, 57:22, 58:3
**ASCENDING** [1] - 11:23
**ASK** [6] - 15:5, 15:7, 15:11, 39:23, 53:3
**ASKED** [1] - 44:7
**ASKING** [2] - 9:15, 28:7
**ASSERTED** [2] - 4:25, 5:5
**ASSERTING** [1] - 8:5
**ASSERTION** [1] - 45:14
**ASSESSING** [2] - 30:16, 30:23
**ASSISTANT** [1] - 14:8
**ASSOCIATES** [1] - 1:15
**ASSOCIATION** [1] - 12:14
**ASSUME** [5] - 41:4, 41:13, 44:8, 57:14, 57:21
**ASSUMED** [1] - 47:22
**ASSUMING** [3] - 30:10, 30:12, 50:24
**AT** [34] - 6:24, 7:13, 11:6, 11:12, 13:18, 13:22, 13:23, 18:9, 18:20, 20:21, 22:18, 22:21, 26:19, 29:8, 30:21, 33:10, 34:13, 35:5, 36:21, 44:4, 46:12, 48:3, 48:12, 48:13, 49:16, 50:3, 50:10, 53:15, 54:7, 55:21, 56:5, 57:21, 57:23
**ATTACHED** [4] - 31:16, 39:1, 40:18, 53:14

**ATTEMPT** [6] - 11:16, 27:2, 27:10, 28:9, 31:24, 52:5
**ATTEMPTING** [1] - 27:12
**ATTEND** [1] - 13:15
**ATTENTION** [2] - 11:16, 22:10
**ATTENTIVE** [1] - 36:20
**ATTORNEYS** [1] - 13:17
**AUTHORITY** [1] - 14:17
**AVAILABLE** [2] - 11:6, 44:23
**AWAY** [2] - 27:11, 46:24
**AWFUL** [1] - 29:15

**B**

**B)(2** [1] - 43:1
**B)(6** [4] - 37:23, 38:6, 38:7, 43:2
**BACK** [5] - 21:10, 21:12, 21:20, 37:18, 53:22
**BAD** [3] - 22:17, 27:2, 27:19
**BANK** [1] - 13:11
**BANKRUPTCY** [6] - 10:25, 13:24, 13:25, 14:2, 14:18, 51:6
**BAR** [1] - 25:14
**BARRED** [1] - 12:25
**BARRY** [2] - 5:1, 20:8
**BASED** [6] - 26:7, 31:10, 31:11, 33:23, 34:24, 57:13
**BASIC** [1] - 11:19
**BASICALLY** [4] - 24:16, 27:9, 27:16, 28:10
**BASIS** [10] - 32:24, 42:24, 47:9, 48:1, 48:22, 51:25, 52:1, 56:9, 56:13, 57:14
**BE** [51] - 4:3, 6:9, 9:10, 9:12, 10:22, 12:25, 13:18, 13:23, 15:7, 16:9, 17:20, 20:6, 25:23, 27:24, 28:25, 29:10, 35:13, 36:15, 36:16, 36:21, 37:11, 37:19, 38:5, 38:7, 38:16, 40:23, 41:20, 43:3, 46:3, 46:14, 47:18, 48:8, 49:8, 49:12, 49:15, 49:18,

50:10, 50:21, 51:19, 51:23, 53:2, 53:8, 54:4, 54:10, 54:11, 55:6, 55:10, 55:19, 56:20, 57:13
**BEAR** [1] - 14:23
**BEARING** [3] - 36:5, 46:12
**BEAT** [1] - 27:10
**BECAUSE** [33] - 5:12, 6:12, 6:16, 11:2, 16:25, 20:13, 22:14, 22:19, 22:22, 28:20, 30:4, 30:18, 31:12, 31:17, 32:14, 32:17, 36:10, 36:19, 38:9, 39:18, 42:11, 42:20, 43:17, 45:18, 47:11, 48:23, 49:25, 50:7, 51:11, 52:3, 53:9, 55:18, 57:18
**BECOME** [1] - 51:6
**BECOMING** [1] - 55:19
**BEEN** [25] - 7:5, 9:18, 12:4, 12:20, 14:22, 15:8, 15:20, 18:8, 22:4, 23:23, 23:24, 28:10, 28:13, 29:14, 31:14, 32:24, 33:17, 36:12, 36:17, 36:18, 41:21, 47:19, 47:22, 48:9, 51:20
**BEFORE** [18] - 1:10, 5:15, 11:7, 11:25, 12:15, 13:13, 14:1, 14:4, 14:21, 14:24, 22:20, 34:21, 36:7, 37:13, 37:14, 42:12, 47:13, 56:10
**BEGIN** [2] - 28:23, 29:1
**BEHALF** [3] - 4:10, 4:12, 52:4
**BEHIND** [1] - 16:4
**BEING** [8] - 5:11, 6:23, 34:19, 35:3, 39:1, 39:16, 40:8, 40:10
**BELATED** [1] - 44:6
**BELIEVE** [16] - 21:8, 21:9, 26:25, 27:18, 28:3, 28:12, 29:2, 33:4, 33:24, 37:21, 40:4, 41:5, 41:11, 49:12, 51:21, 53:11
**BENEFIT** [1] - 36:1
**BENEFITED** [1] - 29:17
**BENEFITS** [1] - 37:13
**BEST** [1] - 54:8

**BETWEEN** [2] - 18:3, 32:10
**BEYOND** [3] - 7:24, 47:6, 47:8
**BIT** [1] - 54:7
**BLAME** [1] - 14:4
**BLAND** [1] - 45:13
**BOGER** [3] - 5:7, 8:6, 54:14
**BOLD** [1] - 9:12
**BORDER** [1] - 14:12
**BORNE** [1] - 24:10
**BOTH** [7] - 10:24, 11:13, 14:20, 24:5, 29:24, 43:3, 47:23
**BOUNASISSI** [1] - 11:4
**BOX** [1] - 2:3
**BRIAN** [1] - 4:12
**BRIEF** [6] - 16:7, 49:11, 49:15, 52:20, 57:7, 57:15
**BRIEFLY** [1] - 49:5
**BROUGHT** [4] - 11:15, 27:1, 27:2, 27:19
**BRYAN** [1] - 2:2
**BUCK** [1] - 14:10
**BUENZLE** [1] - 15:11
**BUMB** [2] - 13:13
**BUSINESS** [2] - 8:5, 26:8
**BUT** [47] - 6:6, 7:22, 9:2, 9:8, 10:13, 11:16, 13:5, 16:17, 17:22, 18:22, 23:23, 24:13, 24:24, 25:9, 29:12, 29:23, 30:6, 32:25, 33:4, 33:14, 36:22, 37:11, 38:6, 38:12, 40:7, 42:18, 45:20, 46:24, 47:20, 48:11, 48:12, 49:5, 51:1, 51:8, 52:19, 52:24, 53:4, 53:9, 53:18, 53:21, 54:22, 56:3, 56:18, 57:7, 57:18, 57:21, 58:1
**BY** [34] - 1:24, 1:25, 4:16, 5:15, 5:18, 7:6, 7:23, 12:8, 13:16, 14:3, 23:15, 26:8, 27:15, 28:7, 28:12, 28:17, 29:3, 29:15, 33:1, 36:15, 36:18, 44:3, 46:14, 47:1, 49:1, 50:22, 50:25, 53:24, 54:5, 54:15, 55:2, 55:12

## C

**CALCULATED** [1] - 25:9
**CALL** [3] - 44:19, 44:25, 45:2
**CALLED** [7] - 11:4, 12:13, 13:21, 44:22, 44:24, 50:20, 51:18
**CALLS** [8] - 31:15, 34:3, 38:17, 38:18, 38:25, 39:2, 39:6, 40:19
**CAME** [1] - 35:20
**CAN** [18] - 16:14, 23:10, 26:10, 26:23, 30:16, 46:23, 49:16, 51:7, 51:8, 51:10, 53:4, 53:15, 53:23, 54:19, 57:25, 58:1, 58:4, 58:5
**CAN'T** [1] - 52:24
**CANDIDLY** [1] - 54:20
**CANNOT** [1] - 42:23
**CAPACITY** [2] - 29:5, 51:22
**CAPITAL** [6] - 5:1, 20:1, 20:2, 20:8, 20:16, 21:21
**CAREFUL** [1] - 29:10
**CAREFULLY** [1] - 55:5
**CASE** [75] - 4:5, 4:23, 4:24, 5:3, 5:9, 5:15, 5:16, 5:18, 5:20, 7:25, 8:3, 8:7, 9:24, 10:10, 11:4, 11:7, 11:20, 11:21, 11:24, 12:2, 12:4, 12:13, 12:24, 13:11, 13:21, 13:24, 14:24, 15:1, 18:15, 18:18, 18:21, 19:6, 19:9, 20:4, 20:5, 20:7, 21:20, 23:13, 24:22, 25:21, 25:23, 26:3, 27:9, 27:18, 27:19, 27:21, 28:4, 28:9, 28:12, 28:13, 28:14, 28:18, 33:7, 35:6, 35:9, 35:12, 35:18, 35:19, 39:18, 39:21, 39:25, 40:1, 40:10, 50:5, 50:19, 51:8, 52:1, 52:8, 54:15, 54:25, 57:17
**CASES** [8] - 4:22, 14:21, 24:5, 28:6, 35:4, 35:5, 39:3
**CATCHALL** [1] - 37:24

**CAUSE** [44] - 1:12, 6:5, 7:4, 8:14, 8:16, 9:3, 9:4, 9:8, 9:16, 9:19, 12:8, 12:10, 12:11, 12:25, 13:6, 15:4, 15:16, 15:21, 15:24, 16:5, 16:14, 16:18, 16:20, 17:11, 17:14, 17:18, 17:19, 17:23, 18:6, 23:18, 23:19, 24:16, 27:17, 32:8, 32:12, 33:3, 36:12, 36:13, 44:8, 45:18, 45:19, 45:24, 49:18, 55:18
**CAUSED** [2] - 36:17, 36:18
**CAUTIONED** [1] - 12:22
**CERTAIN** [2] - 18:20, 55:18
**CERTAINLY** [3] - 17:12, 33:6, 57:1
**CERTIFIED** [2] - 28:23, 28:25
**CERTIFY** [1] - 58:19
**CHADDS** [1] - 1:17
**CHANCE** [6] - 24:25, 37:7, 39:13, 49:4, 49:11, 56:23
**CHANGE** [2] - 26:11, 53:7
**CHANGES** [1] - 56:17
**CHANGING** [1] - 47:5
**CHAOS** [1] - 23:10
**CHASE** [1] - 13:11
**CHECK** [5] - 41:2, 41:16, 42:1, 44:24, 54:1
**CHESTER** [1] - 1:16
**CHOICE** [2] - 31:9, 48:21
**CHOICES** [1] - 48:20
**CHRISTMAS** [1] - 7:21
**CHRONOLOGICAL** [1] - 11:23
**CIRCUIT** [5] - 12:22, 14:22, 24:7, 27:23, 32:23
**CIRCUMSTANCES** [3] - 48:18, 48:25, 52:23
**CITE** [2] - 38:5, 42:23
**CITED** [1] - 43:2
**CITING** [1] - 56:14
**CIVIL** [3] - 1:3, 11:20, 14:3
**CLAIM** [6] - 28:2, 28:11, 55:3, 57:6, 57:8, 57:24
**CLAIMS** [10] - 5:5, 8:5,

12:17, 13:1, 30:17, 30:20, 35:23, 35:24, 39:16, 51:16
**CLASSES** [1] - 13:16
**CLE** [1] - 13:16
**CLEAR** [11] - 16:9, 17:13, 20:6, 27:14, 29:8, 32:6, 38:5, 40:23, 44:12, 49:12, 55:10
**CLEARLY** [2] - 30:19, 31:8
**CLERK** [2] - 4:1, 58:15
**CLEVELAND** [1] - 36:16
**CLIENT** [20] - 16:1, 21:2, 21:3, 25:24, 26:2, 28:24, 32:17, 35:2, 35:6, 36:12, 36:17, 41:7, 41:14, 41:16, 41:18, 41:21, 42:2, 42:16, 50:7, 55:25
**CLIENTS** [11] - 5:14, 16:23, 19:11, 19:14, 19:16, 19:19, 23:14, 25:20, 25:21, 51:7, 52:13
**CLOSE** [2] - 26:8, 53:10
**CLOSELY** [1] - 57:18
**CLOSER** [1] - 52:18
**CM** [1] - 1:20
**CM/ECF** [1] - 9:1
**COERCIVELY** [1] - 27:3
**COLLECT** [2] - 27:12, 51:9
**COLLECTABILITY** [2] - 51:15, 52:15
**COLLECTIBLE** [2] - 50:24, 51:2
**COLLECTION** [2] - 28:23, 29:1
**COLORED** [1] - 44:3
**COLORS** [2] - 4:17, 10:23
**COME** [2] - 46:18, 47:14
**COMMITTEE** [2] - 25:14, 30:19
**COMMUNICATED** [1] - 21:9
**COMMUNICATING** [1] - 21:2
**COMPANY** [1] - 5:6
**COMPETENT** [1] - 23:14
**COMPLAINT** [27] - 5:10, 10:11, 11:10,

13:5, 16:22, 19:22,
31:16, 31:17, 31:23,
32:3, 33:7, 34:6,
35:12, 37:5, 40:18,
40:20, 40:21, 40:22,
42:4, 46:19, 47:15,
53:5, 53:6, 53:12,
54:18, 56:9, 56:15
COMPLETE [1] -
20:16
COMPLETED [2] -
41:22, 41:23
COMPLIED [1] - 15:19
COMPLY [8] - 8:12,
8:15, 9:11, 22:23,
23:3, 24:8, 25:5,
46:4
COMPLYING [2] -
22:24, 23:11
COMPUTER [2] - 1:24,
1:25
COMPUTER-AIDED
[1] - 1:25
CONCERNED [2] -
34:14, 37:14
CONCERNS [1] -
55:18
CONCLUDED [3] -
5:12, 9:6, 14:1
CONCLUSION [3] -
22:14, 31:3, 31:4
CONDUCT [10] -
13:16, 13:17, 14:4,
14:11, 24:5, 26:5,
26:19, 29:9, 37:3,
47:23
CONFER [1] - 16:23
CONFIRM [5] - 16:21,
21:13, 22:3, 22:5,
42:3
CONFIRMATION [1] -
19:11
CONFIRMED [1] -
21:14
CONFUSION [2] -
26:17, 33:9
CONSCIOUS [1] -
10:22
CONSIDER [5] -
14:15, 26:10, 30:16,
56:12, 56:18
CONSIDERING [4] -
23:22, 24:11, 25:2,
50:14
CONSISTENT [1] -
29:2
CONSTITUTES [2] -
48:21, 48:24
CONSULTING [1] -
16:1

CONTACTING [1] -
50:25
CONTAINS [1] - 10:14
CONTEMPLATED [1]
- 40:8
CONTEMPLATES [1]
- 50:25
CONTEMPLATING [1]
- 57:20
CONTINUE [2] -
12:12, 26:2
CONTINUED [3] - 2:1,
24:8, 44:14
CONTINUES [1] - 50:5
CONTRARY [1] -
14:20
CONTROLS [1] - 5:6
CONVERSATION [1] -
21:6
COPY [4] - 25:12,
25:19, 28:23, 28:25
CORPORATE [4] -
8:8, 8:11, 20:12,
20:19
CORPORATION [1] -
11:5
CORPORATIONS [1] -
20:13
CORRECT [21] - 16:2,
19:2, 19:4, 19:7,
20:10, 20:14, 21:18,
21:22, 21:25, 30:13,
37:20, 37:21, 41:8,
41:11, 41:12, 43:10,
43:13, 46:10, 56:10,
58:19
COSTS [1] - 38:24
COULD [11] - 4:8,
17:12, 18:13, 21:3,
27:15, 30:21, 44:16,
45:11, 45:15, 47:17,
48:8
COULDN'T [2] - 17:9,
21:5
COUNSEL [11] - 1:18,
2:5, 4:8, 5:2, 26:2,
34:14, 34:22, 39:12,
49:13, 52:13, 55:19
COUNSEL'S [2] -
31:19, 33:19
COUNSELED [1] -
51:7
COUNTERCLAIM [1] -
28:14
COUNTERPART [1] -
14:3
COUPLE [5] - 16:10,
29:11, 40:24, 44:1,
46:16
COURSE [2] - 14:6,

37:16
COURT [125] - 1:1,
1:20, 4:1, 4:2, 4:11,
4:15, 4:23, 5:11,
6:11, 6:22, 7:10,
7:14, 8:1, 8:10, 8:13,
8:16, 9:6, 9:11, 11:1,
12:16, 12:23, 12:24,
13:9, 13:25, 14:16,
14:18, 14:19, 15:14,
15:15, 16:9, 17:9,
17:10, 17:16, 18:5,
18:14, 18:19, 18:24,
19:3, 19:13, 19:18,
19:25, 20:6, 20:11,
20:18, 20:22, 20:23,
20:25, 21:7, 21:10,
21:15, 21:19, 21:23,
22:1, 22:7, 22:10,
22:20, 22:22, 22:24,
22:25, 23:3, 23:11,
24:9, 25:15, 26:16,
26:23, 27:22, 29:7,
29:10, 30:15, 32:1,
32:10, 35:15, 36:8,
36:22, 37:17, 37:23,
38:12, 38:20, 39:11,
39:23, 40:5, 40:11,
40:16, 40:23, 41:4,
41:6, 41:10, 41:13,
41:20, 41:22, 42:8,
42:16, 42:22, 43:7,
43:11, 43:14, 43:21,
43:25, 44:4, 44:17,
44:24, 45:5, 45:8,
45:12, 46:1, 46:8,
46:11, 47:23, 49:19,
52:11, 53:14, 54:3,
54:9, 54:24, 55:9,
56:2, 56:6, 56:10,
56:11, 57:2, 57:12,
58:8, 58:12, 58:25
COURT'S [13] - 5:25,
8:15, 9:1, 9:11, 9:18,
10:11, 12:6, 13:3,
18:3, 22:15, 44:19,
44:25, 46:4
COURTHOUSE [1] -
1:21
COURTROOM [1] -
1:8
COURTS [8] - 12:22,
23:16, 24:7, 32:25,
33:2, 39:6, 47:24,
48:17
COVER [1] - 57:3
COVERED [1] - 33:1
CREATED [1] - 41:9
CREDIBLE [3] - 22:9,
22:12, 38:24

CREDITOR [1] - 27:4
CROSSING [1] - 12:14
CURE [1] - 11:17
CURRENTLY [2] -
13:22, 31:13

D

DAMAGES [2] - 50:22,
52:15
DAN [1] - 5:7
DATE [13] - 6:3, 6:17,
6:20, 6:21, 7:3, 7:21,
12:8, 25:7, 41:14,
41:15, 41:17, 50:8,
58:24
DATED [2] - 10:4,
41:10
DAY [13] - 6:11, 6:15,
7:21, 9:2, 16:4, 25:4,
25:10, 34:21, 40:13,
41:22, 41:23, 45:3,
49:17
DAYS [6] - 8:11, 8:17,
23:24, 24:17, 28:21,
47:16
DEADLINE [5] - 5:10,
8:23, 42:12, 47:13,
48:11
DEADLINES [6] -
22:15, 22:25, 24:9,
24:10, 44:4, 49:2
DEAL [1] - 48:16
DECEMBER [1] - 7:14
DECISION [13] - 5:15,
7:18, 10:5, 10:11,
11:14, 13:3, 14:10,
42:11, 46:14, 47:10,
48:1, 48:2, 48:23
DECISIONS [1] -
52:16
DEEMING [1] - 7:15
DEEMS [1] - 14:19
DEFAMATION [4] -
27:13, 57:6, 57:9,
57:24
DEFAMED [2] - 27:15,
28:12
DEFAULT [2] - 5:11,
5:12
DEFEND [1] - 25:1
DEFENDANTS [18] -
2:5, 4:13, 5:3, 5:9,
5:18, 5:19, 6:3, 6:18,
7:7, 7:11, 7:19, 7:22,
9:22, 20:3, 27:8,
35:10, 50:23, 51:15
DEFENSE [1] - 14:11
DEFICIENCIES [1] -
11:15

DEFICIENCY [1] -
11:17
DEFUNCT [1] - 51:6
DELAY [9] - 27:20,
27:25, 28:16, 28:19,
29:3, 29:9, 31:5,
36:19, 52:6
DELAYS [4] - 32:16,
33:5, 33:6, 35:1
DELETING [1] - 47:1
DELIBERATE [2] -
48:20, 48:21
DELIVERY [1] - 25:18
DENIED [10] - 7:10,
8:1, 11:13, 17:21,
17:22, 40:9, 40:12,
49:8
DENIES [1] - 36:7
DENY [3] - 17:21,
36:4, 37:2
DEPENDING [1] -
50:15
DESCRIBED [1] - 10:4
DESCRIBING [1] -
30:22
DESPITE [1] - 8:8
DETAILED [1] - 28:6
DETERMINATIVE [2] -
51:16, 51:17
DETERRENCE [1] -
27:25
DEVOLVES [1] -
23:10
DID [40] - 5:19, 6:4,
6:6, 7:7, 7:22, 8:8,
9:8, 10:17, 12:9,
12:10, 13:5, 18:22,
18:24, 20:25, 21:7,
21:10, 21:12, 24:20,
28:14, 30:10, 30:14,
31:4, 31:12, 34:22,
35:18, 40:11, 40:25,
42:14, 42:15, 42:16,
44:9, 44:19, 45:5,
45:8, 45:10, 46:8,
51:13, 54:15, 57:17,
57:18
DIDN'T [5] - 18:14,
20:18, 22:1, 47:20
DIFFERENT [1] - 7:3
DIFFICULT [1] - 18:10
DIFFICULTIES [1] -
45:14
DILIGENCE [2] -
18:25, 36:2
DISCIPLINARY [1] -
25:14
DISCIPLINE [1] -
13:19
DISCLOSURE [26] -

8:8, 8:11, 10:16, 15:25, 16:16, 16:19, 16:24, 17:3, 17:7, 17:15, 17:24, 18:4, 18:13, 18:14, 19:6, 20:12, 20:19, 21:21, 22:19, 25:6, 32:8, 32:11, 32:15, 32:16, 36:13

**DISCOVERED** [11] - 38:1, 38:2, 38:13, 38:15, 38:19, 42:9, 42:10, 50:20, 51:18, 52:22, 53:7

**DISCOVERY** [4] - 5:17, 5:19, 29:6, 29:18

**DISCUSS** [1] - 25:21

**DISCUSSED** [2] - 26:1, 56:1

**DISCUSSING** [1] - 4:21

**DISINGENUOUS** [1] - 43:23

**DISMISS** [3] - 11:9, 13:4, 55:2

**DISMISSED** [1] - 12:20

**DISPOSING** [1] - 28:21

**DISPOSITIVE** [3] - 29:7, 51:16, 51:17

**DISQUALIFIED** [1] - 55:19

**DISREGARD** [2] - 12:23, 24:10

**DISTRICT** [16] - 1:1, 1:2, 10:25, 11:6, 11:22, 11:25, 12:16, 12:19, 13:2, 13:8, 13:11, 13:25, 14:14, 14:16, 14:19

**DO** [29] - 4:18, 6:6, 11:10, 14:25, 15:21, 20:20, 22:1, 23:20, 26:14, 26:21, 31:9, 34:17, 34:20, 37:11, 39:8, 46:23, 47:20, 51:8, 51:9, 52:11, 52:19, 53:3, 53:17, 54:13, 54:14, 54:19, 57:25

**DOCKET** [1] - 18:20

**DOCUMENT** [2] - 15:23, 16:6

**DOES** [12] - 26:23, 29:4, 45:17, 46:5, 46:22, 51:1, 51:14, 53:7, 55:24, 56:2, 56:3, 58:5

**DOING** [3] - 24:11, 39:5, 47:2

**DON'T** [57] - 8:25, 17:19, 18:16, 18:17, 18:18, 20:12, 22:8, 22:16, 23:3, 23:8, 23:10, 24:18, 24:19, 30:10, 30:15, 30:24, 32:14, 32:15, 32:17, 32:18, 32:19, 32:20, 33:18, 35:16, 35:24, 36:3, 36:22, 37:1, 39:11, 41:15, 41:17, 41:24, 42:1, 45:2, 45:14, 45:16, 47:2, 47:10, 47:25, 48:8, 48:22, 48:23, 49:23, 49:24, 51:19, 51:21, 52:21, 53:11, 53:23, 53:24, 54:17, 56:7, 56:14, 57:20, 57:23

**DONE** [5] - 25:22, 46:17, 47:16, 56:7, 56:19

**DOUBLE** [2] - 41:2, 42:1

**DOUBLE-CHECK** [2] - 41:2, 42:1

**DOWN** [2] - 45:20, 56:6

**DRAG** [2] - 28:6, 52:6

**DRAGONETTI** [1] - 57:21

**DRIVE** [3] - 53:22

**DRIVEN** [1] - 36:14

**DRIVING** [2] - 50:9

**DUBIOUS** [1] - 35:3

**DUE** [11] - 5:25, 6:3, 6:17, 6:20, 7:8, 7:20, 9:24, 11:13, 24:13, 25:7, 54:10

**DULY** [1] - 27:12

**DURING** [1] - 14:6

**DUTIES** [1] - 36:20

---

**E**

---

**E-MAIL** [1] - 21:7

**E-MAILED** [4] - 41:4, 41:6, 41:14, 41:16

**E-MAILS** [3] - 41:17, 42:1, 42:3

**EARLY** [2] - 54:25, 55:1

**EASTERN** [4] - 1:2, 12:19, 13:25, 14:14

**ECF** [7] - 5:14, 6:10, 15:2, 15:16, 16:10, 26:10, 44:12

**ECONOMY** [1] - 51:3

**EFFECT** [3] - 6:18, 26:17, 31:23

**EFFECTED** [1] - 55:1

**EFFICIENCY** [2] - 37:12, 51:3

**EFFORT** [3] - 7:4, 51:11

**EFFORTS** [1] - 28:24

**EITHER** [4] - 5:13, 16:25, 22:14, 34:9

**ELECTED** [1] - 7:12

**ELSE** [5] - 53:24, 56:16, 57:3, 57:21, 58:8

**EMERGENCY** [1] - 11:12

**EMIL** [2] - 5:2, 20:9

**ENABLED** [1] - 29:20

**END** [2] - 50:10, 55:19

**ENDLESSLY** [1] - 28:7

**ENFORCE** [1] - 28:20

**ENFORCING** [1] - 27:20

**ENGAGING** [1] - 28:15

**ENOUGH** [2] - 7:7, 53:10

**ENTER** [1] - 26:12

**ENTERED** [3] - 5:11, 13:7, 54:16

**ENTIRE** [3] - 23:4, 26:25, 36:14

**ENTITIES** [3] - 17:1, 19:20, 22:20

**ENTITLED** [1] - 58:21

**ENTITY** [2] - 19:25, 51:5

**ESQUIRE** [2] - 1:15, 2:2

**ESSENTIALLY** [9] - 10:18, 13:3, 25:2, 25:7, 27:10, 28:8, 39:8, 48:17, 52:2

**ET** [3] - 1:3, 1:6, 4:5

**ETHICAL** [1] - 13:16

**EVALUATE** [1] - 53:8

**EVEN** [5] - 11:16, 19:9, 29:8, 40:5, 54:17

**EVENT** [2] - 17:20, 45:17

**EVENTUALLY** [1] - 21:12

**EVERETT** [3] - 1:6, 2:6, 4:13

**EVERY** [3] - 7:1, 25:14, 25:15

**EVERYTHING** [7] - 4:19, 17:13, 33:12,

**EFFECT** 50:4, 50:18, 52:12, 53:19

**EVIDENCE** [13] - 38:1, 38:3, 38:13, 38:15, 38:19, 42:10, 42:12, 42:23, 50:20, 51:19, 52:23, 53:7

**EXACTLY** [2] - 39:5, 41:25

**EXCEPTION** [1] - 7:3

**EXCHANGING** [1] - 21:5

**EXCUSABLE** [5] - 8:22, 8:23, 9:7, 45:16, 45:24

**EXECUTE** [1] - 28:20

**EXECUTION** [1] - 31:5

**EXERCISE** [1] - 56:17

**EXERCISING** [1] - 27:3

**EXHIBIT** [1] - 40:18

**EXIST** [1] - 48:18

**EXPECT** [1] - 22:23

**EXPERIENCE** [1] - 41:21

**EXPLAIN** [5] - 7:7, 9:10, 15:18, 18:2, 46:3

**EXPLAINS** [2] - 16:11, 53:5

**EXPLANATION** [2] - 9:17, 10:15

**EXPLICITLY** [1] - 11:15

**EXPOSURE** [3] - 52:3, 52:4, 52:7

**EXTEND** [1] - 43:17

**EXTENSION** [23] - 1:12, 6:4, 6:25, 7:9, 8:20, 8:22, 9:8, 9:15, 9:25, 10:3, 14:25, 15:3, 17:4, 17:18, 17:20, 28:7, 28:8, 43:19, 44:5, 46:6, 47:18

**EXTENSIONS** [6] - 6:9, 6:23, 9:12, 24:18, 32:5, 32:6

**EXTENT** [6] - 30:1, 30:6, 33:5, 36:9, 36:14, 49:6

**EXTRAORDINARY** [3] - 48:17, 48:25, 52:23

---

**F**

---

**FACE** [1] - 33:10

**FACIALLY** [2] - 27:1, 57:11

**FACT** [14] - 15:25,

**FACT** 24:19, 32:9, 34:10, 34:21, 34:23, 35:4, 35:21, 39:15, 44:3, 46:16, 51:13, 52:13

**FACTOR** [1] - 52:16

**FACTS** [4] - 6:13, 6:15, 7:16, 7:17

**FACTUAL** [2] - 15:8, 27:18

**FAIL** [1] - 25:5

**FAILED** [3] - 8:12, 11:16, 12:7

**FAILING** [2] - 14:4, 28:17

**FAILINGS** [1] - 14:8

**FAILS** [1] - 57:5

**FAILURE** [10] - 8:15, 9:10, 10:15, 12:4, 12:5, 36:10, 36:13, 46:3, 46:14, 49:1

**FAILURES** [2] - 11:13, 24:8

**FAIR** [1] - 23:7

**FAITH** [3] - 22:17, 27:2, 27:19

**FAMILIAR** [1] - 16:25

**FASTER** [1] - 42:17

**FCRR** [1] - 1:20

**FCS** [7] - 5:1, 5:4, 20:1, 20:2, 20:8, 20:16, 21:21

**FEBRUARY** [14] - 8:13, 8:18, 8:19, 9:14, 9:21, 9:24, 10:1, 10:4, 13:21, 15:2, 15:16, 39:19, 41:10, 44:6

**FEDERAL** [6] - 10:24, 11:19, 12:17, 14:3, 24:7, 25:15

**FEEL** [2] - 49:23, 54:5

**FEES** [2] - 50:8, 50:11

**FEW** [5] - 13:20, 19:7, 23:24, 24:23, 47:15

**FILE** [29] - 6:8, 7:9, 7:12, 7:22, 7:25, 8:8, 8:10, 10:15, 10:17, 18:4, 18:14, 18:21, 18:22, 20:12, 20:18, 25:16, 27:9, 28:17, 35:18, 36:11, 39:4, 45:5, 45:8, 45:10, 46:19, 47:13, 49:23, 53:23, 54:16

**FILED** [43] - 4:24, 5:23, 6:3, 6:16, 6:25, 7:2, 7:11, 7:25, 8:4, 8:7, 8:20, 9:23, 10:7, 10:9, 11:9, 11:11, 12:17, 12:18, 13:2,

15:2, 16:6, 16:10, 17:25, 18:18, 19:6, 19:9, 21:21, 22:20, 25:8, 26:9, 34:8, 35:6, 39:3, 39:25, 40:1, 40:3, 40:5, 40:13, 43:8, 45:21, 54:25

**FILES** [1] - 35:4
**FILING** [12] - 8:25, 13:1, 13:7, 14:5, 27:6, 35:5, 35:8, 35:19, 44:18, 45:14, 48:4
**FILINGS** [2] - 31:1, 58:13
**FINAL** [7] - 2:6, 4:13, 5:5, 8:6, 9:22, 10:6, 55:15
**FINALLY** [4] - 10:17, 16:1, 18:12, 56:18
**FIND** [4] - 22:8, 22:9, 27:24, 35:3
**FINDING** [2] - 35:8, 45:23
**FINE** [1] - 49:19
**FIRM** [6] - 38:11, 39:17, 39:21, 42:5, 43:5, 43:12
**FIRST** [8] - 14:25, 16:13, 17:11, 23:2, 25:4, 41:7, 44:2, 44:17
**FLAG** [1] - 58:1
**FLESHING** [1] - 56:24
**FLESHING-OUT** [1] - 56:24
**FOCUS** [2] - 16:12, 27:24
**FOCUSED** [3] - 32:11, 35:1, 35:22
**FOCUSING** [1] - 54:7
**FOLLOW** [1] - 30:9
**FOLLOWED** [1] - 30:12
**FOLLOWING** [2] - 8:19, 28:4
**FOOTNOTE** [4] - 8:24, 44:13, 44:18, 45:13
**FOR** [109] - 1:2, 1:12, 1:12, 1:18, 2:5, 5:20, 5:22, 6:3, 6:12, 6:25, 7:19, 7:23, 8:1, 8:15, 8:21, 8:22, 9:10, 9:15, 9:23, 9:25, 10:7, 10:12, 11:12, 12:20, 12:23, 14:8, 14:14, 14:18, 15:3, 15:9, 16:8, 16:24, 17:3, 17:4, 17:6,

17:14, 17:15, 18:11, 18:17, 18:19, 20:17, 20:23, 21:6, 21:21, 22:20, 23:6, 23:22, 24:10, 24:18, 25:4, 26:5, 27:7, 27:10, 27:13, 28:7, 28:17, 28:18, 28:22, 29:11, 30:20, 31:2, 31:14, 33:14, 33:20, 34:5, 35:8, 35:12, 36:11, 36:17, 37:18, 37:25, 38:2, 38:7, 40:5, 41:21, 43:16, 43:19, 43:20, 44:1, 44:5, 44:21, 45:18, 46:3, 47:9, 47:21, 48:5, 48:7, 49:14, 50:13, 51:4, 51:23, 51:25, 52:9, 53:8, 53:16, 54:9, 55:3, 55:6, 57:6, 57:9, 57:23, 57:24, 58:13
**FORD** [1] - 1:17
**FORECLOSURE** [1] - 13:1
**FOREGOING** [1] - 58:19
**FORMAL** [2] - 13:14, 26:4
**FORTH** [1] - 30:8
**FORTHCOMING** [1] - 18:8
**FORWARD** [5] - 12:12, 35:11, 43:4, 50:11, 52:3
**FORWARDED** [2] - 42:2, 42:6
**FOUND** [2] - 12:16, 38:23
**FOUR** [2] - 25:2, 25:3
**FOURTH** [1] - 26:4
**FRAME** [1] - 51:9
**FRANK** [5] - 14:1, 14:7, 14:10, 14:13
**FRANKLY** [1] - 40:15
**FREELY** [1] - 51:24
**FREQUENTLY** [2] - 19:16, 19:17
**FRIDAY** [5] - 7:8, 48:4, 53:24, 54:5, 54:10
**FRIVOLOUS** [7] - 14:12, 27:1, 28:2, 29:9, 30:2, 30:7, 57:11
**FRIVOLOUSNESS** [3] - 30:20, 35:23, 35:24
**FROM** [39] - 9:25, 11:7, 11:21, 11:24, 13:1, 13:7, 13:12,

19:11, 19:22, 20:3, 21:16, 25:7, 27:3, 27:4, 27:20, 28:11, 29:17, 31:15, 31:25, 32:23, 34:2, 36:1, 36:16, 37:14, 38:17, 38:23, 39:18, 39:21, 40:10, 42:24, 44:25, 48:19, 54:12, 55:25, 57:2, 58:9, 58:13, 58:20
**FRONT** [8] - 23:25, 24:4, 24:20, 47:11, 49:2, 51:19, 56:12, 57:24
**FULFILL** [1] - 23:13
**FULL** [1] - 24:3
**FULLY** [3] - 12:10, 49:16, 57:7
**FULSOME** [1] - 14:4
**FUNCTION** [4] - 22:9, 32:13, 36:23, 47:4
**FURTHER** [8] - 6:9, 6:22, 9:12, 25:23, 49:11, 49:14, 52:6, 54:22
**FUTILE** [2] - 53:7, 58:3
**FUTILITY** [1] - 53:1
**FUTURE** [4] - 13:17, 50:7, 50:15, 56:5

## G

**GATHER** [2] - 5:6, 18:3
**GATHERING** [2] - 6:5, 24:19
**GAVE** [2] - 8:16, 48:2
**GENERALLY** [2] - 24:6, 24:7
**GET** [30] - 4:7, 10:13, 15:10, 16:16, 18:11, 18:21, 20:16, 21:10, 21:12, 21:16, 23:7, 24:22, 27:11, 28:25, 36:15, 37:11, 37:13, 38:24, 45:3, 45:20, 47:8, 47:22, 51:11, 53:20, 54:5, 55:1, 55:12, 55:13, 55:14, 56:20
**GETS** [1] - 35:16
**GETTING** [2] - 23:15, 52:9
**GILD** [1] - 53:23
**GIVE** [12] - 7:22, 9:8, 24:13, 24:17, 32:21, 37:10, 39:12, 41:3, 44:7, 46:1, 49:4,

56:23
**GIVEN** [6] - 23:12, 24:1, 42:17, 45:23, 45:25, 53:19
**GO** [12] - 21:19, 27:11, 28:2, 30:20, 31:19, 33:20, 37:17, 46:24, 50:11, 50:15, 52:25, 58:13
**GOES** [2] - 31:17, 33:16
**GOING** [42] - 9:21, 13:23, 15:5, 15:6, 15:7, 15:8, 15:11, 16:16, 17:20, 23:6, 24:13, 24:16, 24:17, 24:22, 25:13, 25:16, 28:25, 29:11, 36:3, 36:4, 37:2, 37:8, 37:17, 43:25, 44:25, 46:20, 47:18, 47:22, 48:10, 49:8, 50:1, 50:6, 50:11, 52:3, 52:23, 53:3, 53:19, 53:25, 55:4, 55:11, 57:6, 57:13
**GOOD** [11] - 4:2, 4:9, 4:11, 4:15, 6:5, 7:4, 9:3, 9:7, 17:19, 45:18, 45:24
**GOT** [9] - 9:2, 9:3, 9:14, 9:24, 9:25, 30:4, 47:14, 48:15, 54:25
**GOTTEN** [3] - 36:1, 45:15, 57:8
**GRANT** [2] - 10:5, 24:18
**GRANTED** [5] - 7:15, 9:12, 10:2, 35:21, 51:24
**GRANULARITY** [1] - 45:21
**GREAT** [1] - 46:23
**GROUNDS** [1] - 35:8
**GUESS** [3] - 17:18, 35:14, 55:1
**GUIDANCE** [1] - 32:23

## H

**HAD** [49] - 5:12, 5:14, 6:12, 6:18, 6:21, 7:5, 7:20, 9:17, 11:14, 12:4, 12:7, 12:17, 15:18, 16:13, 18:20, 19:9, 21:8, 22:2, 22:12, 22:20, 23:2, 23:22, 27:17, 28:20, 30:2, 30:5, 31:8,

34:4, 34:16, 34:18, 34:19, 35:21, 36:19, 37:7, 37:18, 40:5, 42:11, 42:25, 43:17, 44:12, 44:18, 45:18, 46:18, 47:12, 47:13, 47:16, 54:21
**HADN'T** [1] - 45:17
**HANDLE** [3] - 14:23, 23:13, 56:25
**HARBOR** [2] - 30:11, 39:19
**HARDER** [1] - 33:13
**HARM** [3] - 36:2, 36:18
**HARMED** [1] - 29:15
**HARRY** [1] - 14:9
**HARSHER** [1] - 13:18
**HAS** [31] - 8:23, 11:19, 12:18, 15:8, 18:8, 25:25, 27:23, 27:24, 28:6, 28:24, 29:14, 29:17, 30:17, 32:24, 34:3, 35:6, 36:5, 36:12, 36:17, 36:18, 46:12, 46:22, 47:22, 50:7, 50:18, 51:6, 51:20, 51:24, 55:16, 56:4
**HAVE** [106] - 5:3, 5:5, 7:20, 9:5, 9:15, 10:18, 11:3, 12:20, 12:22, 14:20, 14:22, 15:20, 17:9, 17:12, 17:19, 17:20, 20:7, 21:5, 22:4, 22:7, 22:14, 22:15, 22:23, 22:24, 23:1, 23:23, 23:24, 24:1, 25:9, 25:22, 27:15, 28:10, 28:13, 28:19, 29:20, 30:2, 30:9, 30:10, 30:21, 31:12, 31:13, 31:14, 31:23, 32:4, 32:6, 32:9, 33:11, 33:17, 33:24, 35:25, 36:14, 37:7, 37:9, 37:12, 39:16, 41:1, 41:16, 41:21, 41:25, 42:2, 42:17, 43:18, 43:22, 44:3, 45:12, 45:15, 45:23, 46:17, 46:21, 47:11, 47:17, 47:19, 47:25, 48:9, 48:10, 48:15, 48:17, 48:22, 49:13, 49:20, 49:22, 50:10, 51:7, 51:8, 51:15, 51:19, 52:7, 52:20, 53:6, 53:12, 53:21, 53:22,

53:24, 54:6, 54:14, 54:16, 54:21, 56:15, 56:18, 57:8, 57:17, 57:22, 57:24

**HAVING** [3] - 27:7, 54:7, 57:9

**HE** [32] - 5:6, 6:21, 11:14, 12:6, 12:9, 12:10, 12:17, 12:21, 13:9, 21:10, 21:12, 21:13, 27:4, 28:20, 28:24, 29:16, 30:17, 34:15, 35:4, 38:23, 38:24, 39:5, 42:17, 50:10, 50:25, 51:1, 51:24, 54:15, 58:4

**HE'S** [1] - 36:17

**HEADACHE** [1] - 54:6

**HEAR** [4] - 24:23, 37:8, 52:24, 53:9

**HEARD** [2] - 37:14, 49:22

**HEARING** [10] - 13:6, 25:12, 25:20, 33:22, 36:14, 36:17, 36:21, 36:23, 50:9, 58:16

**HEARINGS** [1] - 55:21

**HELP** [5] - 44:19, 44:22, 45:1, 52:20, 56:24

**HELPFUL** [1] - 56:20

**HENCE** [1] - 17:3

**HERE** [24] - 4:4, 4:16, 5:8, 14:10, 23:17, 24:11, 24:13, 24:19, 26:20, 27:10, 29:11, 30:21, 36:9, 36:11, 36:16, 36:21, 40:24, 43:7, 48:24, 48:25, 49:20, 50:9, 52:11, 58:5

**HIM** [11] - 12:22, 21:6, 21:7, 21:16, 27:11, 49:2, 51:4, 54:17, 54:18, 54:21, 55:23

**HINDER** [2] - 27:3, 27:20

**HIRE** [2] - 55:22, 55:23

**HIS** [18] - 5:13, 11:14, 11:19, 12:23, 14:8, 14:10, 14:11, 27:3, 27:21, 29:21, 34:16, 35:2, 35:6, 39:21, 42:5, 43:11, 51:16

**HISTORY** [17] - 4:17, 5:8, 10:20, 10:21, 10:23, 11:2, 14:20, 22:11, 22:24, 22:25, 23:12, 24:1, 24:5,

24:6, 32:5, 33:12, 44:4

**HIT** [1] - 44:15

**HOLDING** [1] - 36:23

**HOME** [2] - 36:15, 50:9

**HONEST** [1] - 43:24

**HONOR** [29] - 4:9, 26:14, 26:22, 28:6, 30:13, 34:8, 34:12, 36:7, 37:16, 37:22, 41:12, 42:14, 44:11, 44:12, 45:7, 46:7, 46:10, 46:19, 49:9, 49:14, 49:17, 50:4, 50:18, 51:24, 54:20, 56:10, 57:1, 58:7, 58:10

**HONOR'S** [1] - 54:22

**HONORABLE** [1] - 1:10

**HOOD** [1] - 12:14

**HOURS** [2] - 36:15

**HOW** [10] - 5:13, 14:23, 16:22, 16:25, 19:13, 48:8, 50:15, 53:17, 56:17, 56:25

---

# I

**I'LL** [2] - 18:19, 31:6

**I'M** [40] - 15:5, 15:6, 15:10, 16:15, 16:25, 19:8, 21:4, 24:11, 24:13, 24:16, 24:17, 25:2, 25:13, 29:11, 29:22, 30:9, 35:24, 36:3, 36:4, 36:24, 37:7, 37:14, 37:17, 38:15, 43:25, 44:25, 46:20, 47:2, 48:10, 52:18, 52:23, 53:9, 53:20, 54:7, 54:17, 54:24, 55:4, 56:19, 57:6

**I'VE** [1] - 37:14

**IDENTICAL** [1] - 7:1

**IF** [28] - 4:8, 17:17, 18:18, 21:1, 23:8, 28:12, 34:10, 34:25, 35:12, 37:9, 41:2, 44:24, 46:18, 47:13, 47:16, 49:9, 49:23, 49:24, 50:5, 50:7, 50:10, 51:1, 51:13, 52:21, 55:2, 55:19, 56:21

**IGNORE** [1] - 48:11

**IGNORED** [2] - 11:19, 22:15

**IGNORING** [3] - 22:25, 23:12, 44:4

**IMMEDIATELY** [3] - 17:8, 21:14, 40:20

**IMPACT** [2] - 45:23, 45:25

**IMPACTED** [2] - 32:9, 46:14

**IMPORTANT** [2] - 11:2, 22:21

**IMPOSED** [1] - 13:13

**IMPROPER** [1] - 43:18

**IN** [214] - 1:1, 4:4, 4:19, 4:23, 5:3, 5:9, 5:11, 5:14, 5:17, 5:19, 6:7, 6:18, 6:22, 7:1, 7:16, 8:4, 8:16, 9:12, 9:20, 9:23, 10:3, 10:17, 10:24, 10:25, 11:3, 11:4, 11:14, 11:20, 11:23, 11:25, 12:2, 12:4, 12:12, 12:13, 12:15, 12:18, 12:19, 12:24, 13:1, 13:8, 13:9, 13:13, 13:21, 13:24, 13:25, 14:10, 14:11, 14:16, 14:17, 14:20, 14:22, 14:24, 15:1, 15:10, 16:6, 16:8, 16:11, 16:17, 16:19, 16:20, 17:3, 17:10, 17:20, 18:3, 18:15, 18:18, 18:21, 19:6, 19:9, 19:11, 19:21, 20:5, 20:6, 21:17, 21:20, 23:16, 23:19, 23:25, 24:4, 24:5, 24:6, 24:7, 24:14, 24:20, 24:22, 24:23, 25:3, 25:15, 25:20, 25:23, 25:25, 26:3, 27:1, 27:2, 27:4, 27:7, 27:8, 27:10, 27:18, 27:19, 27:21, 27:25, 28:1, 28:4, 28:5, 28:13, 28:14, 28:15, 28:18, 29:4, 29:5, 29:12, 29:16, 29:23, 30:3, 30:15, 30:22, 30:25, 31:6, 31:15, 31:21, 31:22, 32:9, 32:16, 32:24, 33:6, 33:7, 33:12, 33:17, 33:19, 33:21, 33:22, 34:1, 34:2, 34:7, 34:10, 34:18, 34:19, 35:8, 35:11, 35:13, 35:18, 35:19, 35:20, 36:20, 37:20,

38:6, 39:1, 39:2, 39:6, 39:14, 39:17, 41:7, 41:20, 42:3, 43:1, 44:13, 45:13, 45:16, 45:20, 46:2, 46:9, 46:19, 47:6, 47:11, 47:16, 47:23, 48:4, 49:2, 50:1, 50:6, 50:8, 50:14, 50:15, 50:21, 51:6, 51:19, 51:21, 52:8, 52:13, 52:22, 52:25, 53:2, 53:18, 54:5, 54:10, 54:15, 54:25, 56:5, 56:11, 56:16, 56:24, 57:7, 57:9, 57:15, 57:19, 57:24, 58:1, 58:3, 58:20

**INC** [1] - 1:6

**INCLUDE** [3] - 6:4, 55:17, 55:24

**INCLUDED** [2] - 6:12, 15:23

**INCLUDES** [2] - 24:4, 40:18

**INCLUDING** [3] - 5:20, 29:6, 50:9

**INCORPORATING** [1] - 47:15

**INCORRECT** [1] - 18:17

**INCUR** [1] - 50:11

**INCURRED** [2] - 36:18, 50:8

**INDICATED** [2] - 30:19, 37:1

**INFORMATION** [17] - 6:6, 16:2, 16:5, 18:3, 18:9, 18:11, 18:12, 22:2, 22:6, 25:18, 31:13, 31:14, 33:25, 34:1, 39:2, 47:13, 47:14

**INHERENT** [3] - 32:13, 33:2, 33:4

**INITIAL** [1] - 23:17

**INITIALLY** [2] - 5:9, 32:12

**INITIATE** [1] - 14:15

**INJURED** [1] - 35:3

**INSIST** [1] - 50:7

**INSTANCE** [3] - 28:18, 28:22, 41:7

**INSTANCES** [1] - 29:13

**INSTANT** [1] - 27:18

**INSUFFICIENT** [1] - 57:10

**INSURANCE** [1] - 11:5

**INTEND** [1] - 55:16

**INTENT** [2] - 31:7, 48:10

**INTENTIONAL** [2] - 27:25, 39:4

**INTENTIONALLY** [4] - 22:15, 23:12, 33:23, 34:9

**INTERPLAY** [1] - 33:9

**INTERVENING** [1] - 9:20

**INTIMATED** [2] - 55:16, 56:4

**INTO** [9] - 23:10, 24:3, 27:11, 29:25, 30:2, 31:9, 47:15, 52:16, 57:8

**INVESTIGATION** [1] - 14:4

**INVITATION** [1] - 24:21

**INVOLVING** [2] - 55:21, 55:22

**IS** [183] - 4:5, 4:19, 4:24, 5:6, 5:14, 6:2, 6:9, 9:9, 10:20, 10:21, 10:23, 11:2, 11:5, 11:18, 11:21, 11:24, 12:2, 13:10, 13:23, 14:2, 14:25, 15:1, 15:2, 15:7, 15:17, 16:9, 16:11, 17:7, 17:19, 17:22, 18:1, 20:1, 20:2, 22:14, 23:2, 23:11, 23:12, 23:17, 23:21, 24:4, 24:11, 24:18, 25:4, 25:9, 25:11, 26:12, 26:17, 26:20, 27:14, 27:23, 28:2, 28:4, 28:25, 29:2, 29:8, 29:13, 29:22, 30:6, 30:7, 30:12, 30:18, 31:2, 31:3, 31:4, 31:11, 31:20, 32:1, 32:11, 32:13, 32:14, 32:15, 32:18, 32:19, 32:20, 32:24, 33:1, 33:2, 33:3, 33:13, 34:1, 34:8, 34:11, 34:14, 34:15, 35:5, 35:7, 35:10, 36:11, 36:23, 36:25, 37:9, 37:19, 37:20, 37:23, 38:9, 38:12, 38:15, 38:18, 38:20, 38:25, 39:2, 39:8, 39:12, 39:16, 41:13, 42:3, 42:6, 42:9, 42:19, 42:22, 43:1, 43:2, 43:3, 43:5,

43:7, 43:21, 43:22,
44:3, 44:18, 45:13,
46:4, 46:15, 46:24,
47:3, 47:4, 47:9,
47:11, 47:24, 48:1,
48:6, 48:8, 48:24,
48:25, 49:2, 49:5,
49:6, 49:7, 49:19,
51:2, 51:4, 51:5,
51:11, 51:16, 51:17,
51:21, 51:22, 51:24,
51:25, 52:2, 52:4,
52:5, 52:11, 52:14,
52:24, 53:6, 53:18,
53:19, 54:21, 55:2,
56:9, 56:11, 56:12,
56:13, 56:16, 56:17,
56:19, 56:23, 57:13,
57:20, 57:24, 58:19
**ISSUANCE** [1] - 26:4
**ISSUE** [13] - 13:18,
24:25, 25:14, 26:16,
26:20, 28:11, 32:21,
33:5, 34:7, 45:22,
49:10, 55:11, 57:5
**ISSUED** [11] - 8:13,
9:6, 12:24, 13:14,
15:15, 17:11, 18:5,
18:21, 22:22, 25:8,
27:12
**ISSUES** [9] - 8:25, 9:1,
17:5, 23:5, 24:22,
28:9, 32:16, 54:21,
55:6
**ISSUING** [1] - 55:10
**IT** [143] - 5:12, 6:12,
6:16, 7:3, 7:4, 7:7,
7:11, 8:1, 8:3, 8:4,
8:14, 9:8, 11:2, 11:3,
13:22, 13:23, 13:24,
15:1, 15:2, 17:11,
17:21, 17:22, 17:25,
18:18, 18:20, 18:22,
19:1, 19:4, 19:10,
19:12, 20:14, 20:22,
21:1, 21:15, 22:3,
22:4, 22:12, 22:16,
22:17, 23:1, 23:3,
23:21, 24:24, 24:25,
25:7, 25:21, 25:25,
26:9, 26:11, 26:23,
27:1, 27:2, 27:19,
29:12, 31:9, 31:11,
32:11, 33:22, 33:23,
34:17, 34:19, 34:20,
35:20, 36:15, 36:24,
36:25, 37:8, 37:11,
37:14, 37:24, 38:4,
38:6, 38:15, 39:4,
40:4, 40:13, 41:20,

42:17, 42:20, 43:3,
43:17, 43:18, 44:6,
44:10, 44:11, 44:14,
44:15, 44:21, 45:3,
45:5, 45:8, 45:11,
45:17, 46:22, 46:23,
47:15, 47:22, 48:8,
48:9, 48:11, 48:12,
48:13, 49:11, 49:12,
49:15, 49:24, 51:10,
51:19, 51:20, 51:21,
51:25, 52:20, 53:4,
53:10, 53:15, 54:5,
54:11, 54:12, 54:22,
55:2, 55:24, 56:2,
56:3, 56:17, 56:19,
56:20, 57:14, 57:15,
57:18, 57:19, 57:20,
57:22, 58:1, 58:3
**IT'S** [35] - 10:18, 11:6,
13:11, 13:21, 15:3,
15:7, 15:9, 17:20,
17:25, 22:18, 22:19,
22:21, 23:4, 24:16,
27:14, 29:5, 29:23,
30:8, 32:5, 32:10,
36:24, 37:1, 42:10,
42:18, 43:24, 43:25,
44:1, 46:25, 47:4,
47:5, 50:20, 53:14,
57:10, 57:11
**ITSELF** [1] - 17:24

**J**

**JACOVETTI** [28] - 1:3,
4:4, 5:1, 5:4, 16:25,
18:8, 19:15, 19:23,
20:7, 20:8, 20:11,
20:19, 31:21, 31:22,
35:11, 38:10, 38:11,
38:22, 39:17, 39:20,
42:5, 43:4, 43:5,
43:11, 46:13
**JAMES** [3] - 1:6, 2:6,
4:13
**JANUARY** [5] - 7:25,
8:4, 8:9, 54:25
**JERSEY** [8] - 10:25,
11:7, 11:22, 11:25,
12:16, 13:2, 13:8,
13:11
**JOSHUA** [5] - 1:10,
1:15, 1:15, 4:10,
15:13
**JOSHUALTHOMAS
@GMAIL.COM** [1] -
1:17
**JP** [1] - 13:10
**JUDGE** [17] - 5:15,

11:7, 11:14, 11:17,
11:25, 12:3, 12:15,
13:13, 14:1, 14:7,
14:10, 14:13, 14:20,
33:8, 49:25
**JUDGES'** [1] - 23:7
**JUDGMENT** [31] -
5:22, 5:23, 6:12, 7:1,
7:12, 7:15, 9:23,
27:4, 27:12, 28:20,
28:23, 29:1, 29:19,
31:5, 33:16, 33:20,
35:10, 35:14, 37:25,
38:10, 40:2, 42:25,
43:20, 48:5, 48:7,
48:19, 51:5, 51:10,
52:8
**JUDGMENTS** [1] -
50:23
**JUDICIAL** [4] - 13:15,
23:9, 26:5, 51:2
**JUDICIARY** [1] - 23:9
**JULY** [2] - 12:13
**JUMPING** [1] - 53:16
**JUMPING-OFF** [1] -
53:16
**JURISDICTION** [1] -
12:21
**JUST** [40] - 4:7, 4:16,
4:18, 6:5, 8:24,
13:20, 15:14, 16:9,
16:23, 17:13, 17:22,
21:10, 21:19, 22:3,
22:5, 22:10, 22:16,
23:19, 28:25, 29:10,
31:4, 34:2, 36:24,
39:12, 45:13, 46:15,
46:18, 47:5, 47:21,
49:25, 50:17, 51:2,
51:9, 51:22, 52:5,
53:4, 53:9, 55:4,
55:9, 56:20
**JUSTICE** [1] - 23:4
**JUSTIFIES** [1] - 37:25
**JUSTIFY** [1] - 42:11

**K**

**KEEP** [1] - 53:4
**KIND** [4] - 4:20, 28:5,
31:6, 56:19
**KNEW** [4] - 20:22,
39:25, 40:1, 42:24
**KNOW** [34] - 8:25,
23:1, 23:6, 23:7,
23:14, 29:24, 30:3,
31:3, 33:8, 33:12,
33:14, 33:19, 36:24,
37:6, 41:2, 41:15,
41:17, 41:18, 41:25,

42:1, 42:3, 45:3,
49:19, 49:20, 49:23,
53:17, 53:21, 53:24,
54:14, 54:24, 56:14,
57:15, 57:19, 57:20
**KNOWING** [2] - 22:11
**KNOWS** [1] - 39:5
**KUGLER** [2] - 12:15,
24:20

**L**

**LACK** [3] - 12:20,
36:1, 55:3
**LAID** [1] - 4:19
**LANGUAGE** [2] - 46:5,
48:8
**LARGELY** [1] - 35:22
**LAST** [8] - 12:13,
13:12, 18:15, 19:6,
23:24, 33:7, 35:18,
48:4
**LATER** [1] - 19:7
**LAW** [16] - 1:3, 2:3,
4:4, 5:1, 5:4, 16:25,
19:24, 20:8, 20:19,
31:22, 32:21, 32:24,
35:11, 46:13, 50:24,
51:15
**LAWSUIT** [2] - 27:16,
52:14
**LAWSUITS** [1] - 13:8
**LAWYER'S** [1] - 49:1
**LAWYERS** [1] - 23:15
**LEARNED** [2] - 17:6,
34:17, 34:20
**LEAST** [1] - 11:12
**LEAVE** [5] - 11:10,
13:4, 13:9, 51:23,
54:18
**LEAVING** [2] - 31:21,
38:10
**LEGAL** [4] - 14:8,
15:7, 27:17, 55:6
**LEGALLY** [1] - 57:10
**LESS** [2] - 19:16,
39:16
**LESSONS** [1] - 14:9
**LET** [15] - 4:7, 11:22,
15:14, 16:12, 17:23,
22:13, 26:18, 30:24,
37:4, 38:5, 39:23,
40:23, 42:8, 54:1
**LET'S** [3] - 20:6,
37:13, 54:9
**LETTER** [5] - 30:11,
39:19, 50:6, 50:12,
57:14
**LEVEL** [3] - 22:18,
22:21, 45:21

**LIABILITY** [1] - 52:15
**LIFE** [1] - 11:5
**LIGHT** [1] - 33:12
**LIKE** [7] - 13:23, 31:8,
44:11, 46:25, 49:10,
57:13, 57:19
**LIKELY** [3] - 36:20,
38:6, 55:19
**LILY** [1] - 53:23
**LIMIT** [2] - 52:3, 52:6
**LIMITED** [1] - 15:17
**LINE** [3] - 44:20,
44:22, 45:1
**LITIGANTS** [1] - 23:6
**LITIGATE** [3] - 49:10,
50:5, 51:8
**LITIGATION** [18] -
10:24, 27:8, 27:13,
27:24, 29:5, 29:17,
29:21, 29:23, 35:17,
36:20, 50:13, 50:25,
52:16, 55:17, 55:20,
57:5, 57:25, 58:4
**LITTLE** [1] - 34:25
**LLC** [1] - 2:3
**LOCAL** [1] - 7:18
**LOGICAL** [1] - 31:4
**LOGISTICAL** [1] -
55:18
**LOOK** [6] - 30:21,
32:25, 44:4, 48:3,
53:15, 58:13
**LOOKED** [2] - 18:20,
51:20
**LOOKING** [5] - 19:22,
20:23, 38:8, 39:8,
49:7
**LOOKS** [1] - 13:23
**LOT** [6] - 15:6, 29:16,
36:1, 51:11, 55:5,
57:25

**M**

**MACHINATIONS** [1] -
30:22
**MADE** [5] - 7:3, 7:4,
30:17, 38:25, 47:1
**MAIL** [1] - 21:7
**MAILED** [4] - 41:4,
41:6, 41:14, 41:16
**MAILS** [4] - 21:5,
41:17, 42:1, 42:3
**MAKE** [11] - 16:2,
17:2, 17:13, 19:1,
19:3, 19:9, 19:10,
19:11, 44:11, 49:12,
58:3
**MAKING** [1] - 39:7
**MALICIOUS** [2] -

50:13, 52:9
**MANEUVERING**[1] - 7:6
**MANEUVERINGS**[1] - 6:20
**MANNER**[1] - 12:5
**MANY**[1] - 28:1
**MARCH**[16] - 1:8, 9:16, 10:6, 10:9, 10:14, 10:16, 15:23, 16:4, 16:7, 16:10, 17:8, 17:25, 21:14, 21:15, 25:8, 26:8
**MARKET**[1] - 1:21
**MATERIAL**[3] - 6:13, 6:14, 7:17
**MATERIALS**[1] - 23:25
**MATTER**[17] - 12:20, 14:13, 19:21, 19:23, 21:17, 22:16, 22:17, 22:18, 22:22, 24:13, 26:24, 36:7, 45:17, 54:19, 55:15, 56:1, 58:21
**MATTERS**[4] - 4:6, 14:24, 28:10, 39:7
**MAY**[11] - 11:24, 36:6, 37:11, 37:12, 48:9, 48:10, 49:9, 50:21, 51:19, 55:1, 56:20
**MAYBE**[3] - 33:1, 33:11, 45:15
**ME**[78] - 4:7, 5:16, 11:22, 14:21, 14:24, 15:9, 15:14, 15:19, 16:12, 16:14, 17:23, 18:2, 19:5, 19:13, 21:2, 21:13, 22:12, 22:13, 23:20, 23:25, 24:4, 24:15, 25:17, 25:22, 25:24, 26:13, 26:18, 26:19, 26:21, 28:1, 28:24, 29:12, 29:14, 30:24, 32:6, 32:21, 33:16, 36:23, 37:4, 37:24, 38:5, 39:23, 40:23, 41:3, 41:18, 42:2, 42:6, 42:8, 44:7, 45:17, 45:18, 46:18, 47:9, 47:11, 47:12, 47:14, 47:25, 48:4, 49:25, 51:4, 51:9, 51:20, 52:20, 53:2, 53:5, 53:8, 54:1, 55:17, 55:23, 55:25, 56:5, 56:12, 56:20, 56:24, 57:24, 58:4
**MEAN**[9] - 23:8,

29:17, 32:4, 34:14, 44:2, 48:3, 53:23, 56:7
**MEANINGFUL**[3] - 27:8, 29:4, 51:22
**MEANINGFULLY**[1] - 36:19
**MEANT**[1] - 5:24
**MECHANISMS**[1] - 30:9
**MEMORANDUM**[1] - 15:17
**MENTIONED**[1] - 16:7
**MENTOR**[1] - 2:4
**MERELY**[1] - 27:15
**MERIT**[1] - 27:18
**MERITLESS**[1] - 12:17
**MERITS**[1] - 10:13
**MET**[1] - 13:18
**METER**[1] - 52:19
**METHOD**[1] - 21:9
**MIDDLE**[1] - 51:6
**MIGHT**[1] - 55:23
**MIND**[1] - 14:22
**MINDFUL**[1] - 55:7
**MINIMUM**[2] - 48:12, 48:13
**MINUTE**[1] - 16:17
**MISCALCULATED**[1] - 5:13
**MISCONDUCT**[3] - 24:6, 33:1, 36:25
**MISERABLE**[1] - 54:6
**MISSED**[1] - 5:10
**MISSTATEMENTS**[1] - 17:2
**MISUNDERSTOOD**[1] - 5:13
**MITIGATE**[1] - 52:2
**MODIFY**[1] - 26:10
**MOMENT**[3] - 29:12, 41:3, 49:16
**MOMENTS**[1] - 24:23
**MONDAY**[2] - 8:20, 45:11
**MONETARY**[2] - 13:14, 25:4
**MONEY**[2] - 39:7, 51:7
**MONEY-MAKING**[1] - 39:7
**MONTH**[1] - 7:24
**MONTHS**[1] - 19:7
**MOOT**[4] - 17:19, 17:21, 46:21, 46:22
**MORE**[17] - 11:21, 16:12, 16:17, 22:9, 24:5, 36:6, 37:10, 38:6, 44:7, 45:15,

45:19, 47:15, 48:11, 48:13, 50:11, 55:21, 57:7
**MORGAN**[1] - 13:10
**MORNING**[4] - 4:2, 4:9, 4:11, 4:15
**MORTGAGE**[1] - 12:1
**MOTION**[93] - 1:12, 1:12, 5:21, 5:22, 5:23, 6:3, 6:7, 6:12, 6:15, 6:25, 7:1, 7:9, 7:10, 7:13, 7:15, 8:1, 8:20, 9:15, 9:23, 9:25, 10:1, 10:2, 10:3, 10:5, 10:7, 10:10, 10:12, 11:9, 13:4, 15:1, 15:3, 16:8, 17:17, 17:19, 24:22, 26:19, 27:6, 28:17, 28:22, 29:20, 30:4, 30:5, 30:10, 30:16, 31:2, 31:10, 33:14, 33:19, 33:20, 33:21, 34:1, 34:16, 35:20, 35:22, 36:4, 37:2, 37:4, 37:7, 37:18, 37:20, 42:13, 43:8, 43:15, 43:17, 43:19, 43:20, 44:5, 44:6, 45:21, 46:6, 46:9, 46:15, 46:21, 46:22, 46:24, 47:5, 47:7, 47:10, 48:2, 48:5, 48:7, 49:7, 49:24, 53:15, 54:16, 55:13, 56:11, 56:18, 57:16, 57:17, 58:2
**MOTIONS**[6] - 4:21, 11:12, 29:6, 29:7, 35:18, 35:21
**MOTIVATED**[1] - 50:21
**MOVE**[2] - 12:12, 40:11
**MOVED**[2] - 40:14, 40:20
**MOVING**[1] - 35:11
**MR**[179] - 4:9, 4:11, 4:12, 4:15, 4:24, 5:2, 5:4, 5:5, 5:12, 6:14, 6:20, 6:24, 7:16, 8:6, 9:22, 10:6, 10:23, 11:8, 11:15, 11:16, 11:18, 12:2, 12:5, 12:7, 12:16, 12:17, 12:25, 13:2, 13:7, 13:14, 13:15, 13:17, 14:2, 14:7, 14:17, 15:5, 15:14, 15:22, 16:19, 17:12, 18:7,

18:8, 18:16, 18:23, 19:1, 19:8, 19:15, 19:20, 19:23, 20:2, 20:3, 20:10, 20:11, 20:12, 20:14, 20:15, 20:20, 20:24, 21:4, 21:8, 21:12, 21:17, 21:22, 21:25, 22:3, 22:8, 24:6, 26:13, 26:14, 26:19, 26:21, 26:25, 27:3, 27:11, 27:15, 27:20, 27:23, 28:3, 28:13, 28:19, 28:24, 29:11, 29:12, 29:14, 29:21, 30:13, 30:24, 31:6, 31:22, 32:9, 32:16, 33:13, 33:18, 34:3, 35:11, 35:17, 36:1, 36:6, 36:9, 37:6, 37:16, 37:17, 37:21, 38:5, 38:14, 38:22, 39:10, 39:13, 39:14, 39:17, 39:20, 40:3, 40:7, 40:14, 40:17, 41:1, 41:5, 41:8, 41:11, 41:15, 41:24, 42:5, 42:9, 42:14, 42:18, 43:1, 43:4, 43:10, 43:11, 43:13, 43:16, 43:21, 43:24, 44:9, 44:21, 45:2, 45:7, 45:10, 46:7, 46:10, 46:13, 49:9, 49:22, 50:3, 50:21, 50:25, 51:13, 52:12, 53:11, 54:1, 54:4, 54:10, 54:13, 54:14, 54:15, 54:20, 55:4, 55:8, 55:11, 55:12, 55:15, 55:22, 56:3, 56:8, 56:21, 56:23, 57:1, 57:2, 57:4, 57:9, 58:4, 58:7, 58:8, 58:12
**MS**[1] - 15:11
**MUCH**[4] - 5:13, 19:16, 53:17, 58:11
**MY**[48] - 4:18, 10:23, 16:1, 16:23, 19:11, 22:10, 22:14, 22:23, 23:17, 23:19, 25:5, 25:19, 26:7, 28:24, 32:7, 32:12, 32:13, 33:4, 36:5, 36:12, 36:17, 41:16, 41:17, 41:20, 42:1, 42:8, 42:11, 44:8, 45:22, 45:24, 46:5, 46:14, 47:10, 47:24, 48:23, 49:6, 49:22, 50:7,

50:9, 54:1, 54:7, 54:11, 54:18, 55:25, 57:23
**MYSELF**[1] - 55:22

**N**

**NA**[1] - 13:11
**NAMED**[1] - 20:7
**NATIONSTAR**[1] - 12:1
**NEAR**[2] - 50:7, 50:15
**NECESSARILY**[2] - 33:18, 37:1
**NECESSARY**[1] - 9:4
**NEED**[14] - 10:22, 15:21, 17:3, 20:12, 23:7, 24:18, 37:10, 39:11, 47:15, 49:23, 52:21, 53:17, 54:17, 57:3
**NEEDED**[8] - 6:7, 6:9, 6:18, 6:23, 16:12, 16:13, 16:15, 16:17
**NEEDING**[1] - 45:18
**NEGLECT**[5] - 8:22, 8:24, 9:7, 45:16, 45:24
**NEGLIGENCE**[1] - 22:16
**NEGLIGENT**[2] - 48:12
**NEVER**[3] - 30:4, 30:5, 57:18
**NEW**[15] - 10:25, 11:4, 11:7, 11:22, 11:25, 12:16, 13:2, 13:8, 13:11, 39:2, 42:23, 47:1, 47:14, 56:16, 56:22
**NEWLY**[11] - 38:1, 38:2, 38:12, 38:14, 38:19, 42:9, 42:10, 50:20, 51:18, 52:22, 53:7
**NEWS**[1] - 34:24
**NEXT**[4] - 50:15, 53:24, 54:5, 54:9
**NO**[40] - 5:25, 6:9, 6:22, 7:3, 7:4, 8:17, 8:23, 9:2, 9:3, 9:7, 9:12, 9:24, 9:25, 10:15, 16:3, 17:2, 25:23, 26:17, 27:16, 29:18, 29:19, 31:23, 34:19, 35:7, 36:5, 38:14, 43:25, 44:22, 45:7, 46:7, 46:12, 46:21, 51:4, 51:7, 51:25, 52:1, 58:10

**NOLLE** [1] - 55:3
**NONE** [3] - 33:15, 43:14
**NONETHELESS** [2] - 9:14, 26:2
**NOR** [1] - 7:7
**NOT** [121] - 5:19, 6:4, 6:12, 7:6, 7:12, 7:22, 8:8, 8:14, 9:10, 9:17, 12:10, 12:25, 13:5, 15:7, 15:19, 15:20, 16:2, 16:15, 18:18, 20:13, 20:25, 21:3, 21:10, 22:10, 22:12, 22:24, 23:2, 23:11, 23:15, 23:20, 24:1, 24:17, 24:21, 24:24, 25:9, 26:10, 26:23, 27:14, 28:14, 29:4, 29:22, 30:2, 30:7, 30:10, 30:12, 30:14, 31:7, 31:11, 31:12, 32:1, 32:2, 32:5, 33:1, 33:16, 33:22, 34:9, 35:18, 36:3, 36:21, 36:24, 37:7, 38:3, 38:12, 39:22, 40:5, 40:11, 41:21, 42:5, 42:9, 42:10, 42:14, 42:15, 42:19, 42:22, 43:18, 43:25, 44:1, 44:10, 44:16, 45:10, 45:17, 45:18, 45:24, 46:3, 46:8, 46:13, 46:22, 46:25, 47:4, 47:5, 47:17, 48:9, 48:10, 50:1, 50:21, 51:16, 51:17, 51:22, 52:19, 52:23, 53:7, 53:10, 54:7, 54:15, 54:16, 54:17, 54:21, 54:24, 55:2, 55:24, 56:2, 56:3, 56:15, 56:19, 57:8, 57:17, 57:25, 58:5
**NOTE** [3] - 10:13, 38:1, 54:13
**NOTED** [7] - 11:14, 12:3, 12:7, 12:17, 12:21, 23:1, 35:25
**NOTES** [1] - 26:15
**NOTHING** [12] - 10:19, 16:11, 18:1, 21:24, 31:9, 34:8, 34:16, 34:18, 34:20, 34:25, 46:15, 46:23
**NOTICE** [2] - 23:22, 27:6
**NOTING** [1] - 54:5
**NOW** [19] - 23:19,

28:15, 28:25, 31:13, 32:2, 33:12, 34:11, 36:21, 40:8, 40:10, 47:3, 47:8, 47:13, 49:4, 49:6, 49:10, 49:25, 51:20, 54:8
**NUMBER** [17] - 1:3, 4:5, 4:25, 5:14, 6:10, 15:2, 15:16, 16:10, 16:21, 16:23, 28:5, 31:7, 31:9, 31:18, 34:5, 34:6, 39:8
**NUMEROUS** [1] - 35:4

# O

**O'CLOCK** [1] - 7:8
**OATH** [3] - 15:10, 15:12, 19:5
**OBJECTION** [1] - 39:10
**OBJECTIONS** [1] - 39:11
**OBLIGATION** [1] - 48:16
**OBLIGATIONS** [2] - 11:19, 23:14
**OBSERVATION** [1] - 22:11
**OBTAIN** [2] - 28:22, 51:5
**OBTAINED** [3] - 13:9, 27:4, 52:7
**OBTAINING** [1] - 50:22
**OCCASION** [1] - 30:2
**OCCASIONS** [1] - 11:12
**OCTOBER** [10] - 5:25, 6:2, 6:7, 6:16, 6:17, 6:24, 7:2, 8:18, 13:12, 21:20
**OF** [231] - 1:2, 4:6, 4:8, 4:10, 4:12, 4:17, 4:18, 4:20, 4:22, 4:25, 5:8, 5:24, 6:4, 6:13, 6:14, 6:19, 7:3, 7:6, 7:14, 7:16, 7:21, 8:4, 8:5, 8:9, 8:20, 8:21, 8:23, 9:3, 9:7, 9:15, 9:17, 9:21, 10:13, 10:15, 10:23, 10:24, 10:25, 11:1, 11:2, 11:6, 11:7, 11:13, 11:20, 11:22, 11:23, 11:24, 11:25, 12:13, 12:16, 12:19, 12:20, 12:22, 13:2, 13:6, 13:8, 13:9, 13:11, 13:12, 13:18,

13:25, 14:3, 14:6, 14:8, 14:9, 14:11, 14:14, 14:17, 14:20, 15:3, 15:6, 16:4, 16:10, 17:10, 21:6, 21:20, 22:9, 22:11, 22:16, 22:17, 22:24, 22:25, 23:25, 24:3, 24:4, 24:5, 24:6, 24:10, 24:13, 24:20, 25:3, 25:4, 25:12, 25:13, 25:14, 25:17, 25:18, 25:19, 25:20, 26:4, 26:8, 27:6, 27:17, 27:25, 28:5, 28:11, 28:15, 28:21, 28:23, 28:25, 29:3, 29:9, 29:11, 29:17, 29:20, 29:22, 29:23, 30:3, 30:5, 30:17, 30:19, 30:20, 30:21, 31:1, 31:2, 31:5, 31:7, 31:16, 32:5, 32:6, 32:8, 32:13, 32:21, 33:1, 33:9, 33:10, 33:12, 33:15, 34:5, 34:12, 34:20, 34:25, 35:1, 35:5, 35:8, 35:13, 35:17, 35:19, 35:23, 35:24, 36:1, 36:10, 36:11, 36:23, 36:25, 37:16, 37:24, 38:18, 38:20, 38:25, 39:12, 40:19, 40:24, 42:4, 43:14, 44:1, 44:2, 44:4, 44:17, 45:21, 45:25, 46:5, 46:6, 46:12, 46:16, 46:20, 47:4, 47:9, 47:11, 47:17, 49:2, 50:10, 50:14, 50:19, 50:22, 51:6, 51:10, 51:11, 51:15, 51:16, 51:17, 51:20, 52:1, 52:5, 52:10, 52:20, 52:21, 52:25, 53:2, 53:20, 54:7, 54:19, 55:3, 55:6, 55:7, 56:6, 56:9, 56:12, 56:19, 56:24, 56:25, 57:5, 57:9, 57:14, 57:15, 57:24, 58:2, 58:3, 58:20
**OFF** [1] - 53:16
**OFFICIAL** [2] - 1:20, 58:25
**OFTEN** [2] - 19:13, 51:7
**OH** [1] - 2:4
**OKAY** [16] - 18:23,

20:7, 35:15, 42:17, 44:5, 47:6, 48:14, 49:2, 53:4, 53:10, 53:16, 54:3, 55:3, 55:9, 56:25, 58:6
**ON** [113] - 4:10, 4:12, 5:18, 5:21, 5:23, 6:2, 6:20, 6:21, 6:24, 7:2, 7:8, 7:14, 7:21, 8:4, 8:9, 8:13, 8:18, 8:19, 9:14, 9:21, 9:23, 10:1, 10:6, 10:9, 10:14, 10:16, 11:3, 11:11, 12:5, 13:3, 13:14, 13:16, 13:20, 14:12, 14:18, 14:23, 15:2, 15:8, 15:16, 15:23, 16:3, 16:12, 17:8, 17:25, 21:14, 21:20, 22:13, 24:24, 26:7, 26:8, 26:10, 27:12, 27:24, 28:19, 28:20, 31:8, 31:10, 31:11, 31:24, 32:10, 32:11, 33:23, 34:16, 34:23, 34:24, 35:1, 35:2, 35:22, 36:5, 36:6, 36:7, 41:22, 41:23, 42:8, 42:20, 44:6, 44:10, 45:3, 45:21, 45:22, 46:11, 46:13, 47:10, 48:5, 49:1, 49:3, 49:5, 49:20, 49:25, 50:15, 51:9, 51:10, 51:14, 52:4, 52:13, 52:20, 53:18, 53:19, 53:25, 54:4, 54:21, 55:11, 55:13, 56:8, 56:20, 56:22, 57:13
**ONCE** [6] - 17:6, 18:11, 21:13, 40:14, 42:5, 54:19
**ONE** [24] - 6:2, 7:2, 8:21, 10:18, 11:3, 16:21, 17:25, 18:22, 20:5, 25:9, 29:13, 31:3, 31:4, 31:7, 31:18, 34:5, 36:6, 36:11, 37:20, 38:8, 39:8, 41:3, 44:22, 55:15
**ONLY** [13] - 19:23, 19:25, 31:21, 31:22, 34:2, 34:20, 34:21, 35:10, 38:10, 39:17, 52:14, 56:8, 57:4
**OPEN** [1] - 55:5
**OPENS** [1] - 4:1
**OPPONENT** [2] - 29:3,

35:2
**OPPORTUNITY** [4] - 24:14, 25:1, 37:11, 57:22
**OPPOSE** [1] - 49:24
**OPPOSED** [2] - 49:15, 57:18
**OPPOSING** [7] - 31:19, 33:19, 34:10, 34:13, 34:21, 36:10, 49:13
**OPPOSITE** [3] - 29:22, 34:12, 35:13
**OPPOSITION** [3] - 10:12, 16:8, 49:24
**OPTED** [1] - 27:9
**OR** [40] - 5:13, 7:21, 8:18, 9:7, 10:10, 14:18, 17:22, 18:18, 25:3, 26:10, 26:11, 27:7, 27:17, 28:10, 29:8, 30:17, 32:8, 32:17, 32:24, 33:16, 33:24, 34:9, 34:21, 35:2, 35:23, 42:5, 44:15, 45:24, 46:13, 47:17, 50:22, 51:6, 51:9, 51:16, 51:17, 56:16, 57:21
**ORDER** [63] - 1:12, 8:14, 8:15, 8:16, 9:4, 9:6, 9:11, 9:16, 9:18, 11:23, 12:8, 12:9, 12:10, 12:24, 13:6, 13:7, 15:4, 15:10, 15:15, 15:19, 15:20, 16:14, 16:18, 16:20, 17:10, 17:14, 17:18, 17:23, 18:4, 18:5, 18:21, 19:11, 22:22, 23:18, 23:19, 24:16, 25:5, 25:8, 25:11, 25:13, 25:19, 25:25, 26:12, 26:16, 31:20, 32:12, 33:3, 36:13, 39:6, 44:7, 44:8, 45:19, 45:22, 45:24, 46:1, 46:2, 46:4, 46:5, 46:19, 49:18, 55:10
**ORDERED** [1] - 8:10
**ORDERS** [14] - 12:6, 12:23, 22:10, 22:23, 22:24, 23:3, 23:8, 23:11, 24:9, 29:7, 32:7, 54:16
**ORGANIZATIONS** [1] - 16:3
**ORIGINALLY** [1] - 20:4

**OTHER** [28] - 10:21, 10:24, 14:18, 14:21, 17:1, 18:9, 19:16, 19:18, 19:20, 19:25, 20:3, 20:5, 28:5, 31:25, 35:9, 35:14, 36:18, 37:25, 39:3, 39:15, 40:1, 46:25, 47:9, 47:24, 50:5, 50:12, 52:5, 55:15
**OTHERWISE** [1] - 26:11
**OUR** [6] - 10:4, 23:4, 23:8, 31:16, 34:5, 39:20
**OUT** [15] - 4:19, 24:10, 28:6, 31:2, 31:18, 31:20, 32:13, 38:24, 44:10, 46:21, 46:22, 52:6, 53:22, 56:24, 58:2
**OUT-OF-TIME** [1] - 31:2
**OUTLINE** [1] - 57:7
**OUTLINED** [1] - 32:5
**OVER** [3] - 9:2, 23:24, 35:5

**P**

**P.C** [2] - 1:3, 20:8
**P.M** [1] - 6:24
**PA** [3] - 1:9, 1:17, 1:22
**PAGE** [3] - 10:18, 17:25, 44:15
**PAGES** [1] - 15:17
**PAPER** [2] - 51:10, 51:12
**PAPERWORK** [1] - 38:6
**PARENT** [1] - 16:3
**PARSED** [1] - 56:15
**PART** [4] - 12:5, 31:16, 49:1, 50:21
**PARTICIPATE** [1] - 29:4
**PARTICIPATED** [2] - 27:7, 36:19
**PARTICULAR** [1] - 56:21
**PARTIES** [31] - 17:7, 20:4, 27:5, 31:20, 31:21, 34:11, 38:9, 39:14, 39:15, 39:22, 40:2, 40:9, 42:5, 42:21, 42:22, 42:24, 43:4, 43:8, 46:12, 46:16, 46:20, 46:24, 46:25, 47:1, 47:3, 47:4, 47:6, 52:2,

52:5, 52:7
**PARTLY** [1] - 36:23
**PARTS** [2] - 25:3, 52:14
**PARTY** [9] - 27:21, 29:3, 35:9, 38:23, 48:18, 55:17, 55:20, 55:25
**PARTY'S** [1] - 48:19
**PASSED** [1] - 8:23
**PATENTLY** [1] - 31:1
**PATH** [3] - 30:12, 30:14, 30:18
**PATTERN** [3] - 28:5, 29:3, 29:9
**PAY** [1] - 51:4
**PAYING** [1] - 22:10
**PENDING** [2] - 4:21, 15:1
**PENNSYLVANIA** [4] - 1:2, 12:19, 13:25, 14:15
**PEOPLE** [2] - 22:23, 23:3
**PERCEIVED** [1] - 35:23
**PERIOD** [3] - 7:19, 7:22, 21:6
**PERSISTENT** [1] - 36:10
**PERSISTENTLY** [1] - 29:4
**PERSONALLY** [1] - 35:3
**PERSPECTIVE** [2] - 57:3, 58:9
**PHILADELPHIA** [2] - 1:9, 1:22
**PHONE** [6] - 31:15, 34:3, 38:17, 38:25, 39:6, 40:19
**PICTURE** [1] - 24:3
**PIECE** [2] - 51:10, 51:11
**PIKE** [1] - 1:16
**PLACE** [2] - 4:20, 11:3
**PLAINTIFF** [7] - 4:10, 11:8, 11:9, 11:11, 12:3, 28:4, 56:3
**PLAINTIFFS** [19] - 1:18, 5:18, 8:7, 8:10, 8:12, 8:15, 8:17, 9:9, 9:17, 9:25, 10:4, 10:9, 10:17, 18:10, 19:21, 20:7, 27:19, 31:22, 46:1
**PLAY** [1] - 29:24
**PLEAD** [1] - 28:14
**PLEADING** [2] - 11:15, 49:18

**PLEADINGS** [2] - 9:23, 48:6
**PLEASE** [1] - 4:3
**PO** [1] - 2:3
**POINT** [12] - 13:6, 13:23, 31:2, 36:6, 44:9, 51:4, 53:16, 55:21, 56:5, 57:21, 57:23, 58:2
**POINTING** [2] - 29:14, 33:16
**POLICIES** [1] - 54:11
**POSIT** [1] - 15:22
**POSITION** [2] - 29:21, 54:23
**POSSIBILITY** [1] - 50:22
**POSSIBLE** [3] - 27:14, 33:25, 51:14
**POSSIBLY** [1] - 42:23
**POSTURE** [1] - 50:19
**POSTURING** [1] - 6:19
**POTENTIAL** [4] - 31:3, 45:25, 50:23, 55:6
**POTENTIALLY** [1] - 26:11
**POWER** [2] - 32:13, 32:21
**POWERS** [1] - 33:3, 33:4
**PRACTICE** [2] - 14:17, 52:13
**PRECLUSION** [1] - 28:11
**PREDECESSOR** [2] - 4:23, 4:24
**PREDICTABLE** [1] - 28:4
**PREFERENCE** [1] - 30:20
**PRELIMINARY** [1] - 26:7
**PREMATURE** [1] - 10:5
**PREP** [1] - 36:16
**PREPARE** [1] - 6:8
**PREPARING** [1] - 50:13
**PRESCRIBED** [1] - 7:23
**PRESENTLY** [1] - 56:10
**PRESUMABLY** [1] - 18:24
**PRESUME** [1] - 41:7
**PREVAILED** [1] - 57:9
**PREVAILING** [1] - 27:21
**PREVIOUS** [4] - 27:21, 28:13, 52:8,

57:10
**PRIMARILY** [2] - 34:15, 35:2
**PRIOR** [14] - 9:11, 15:19, 17:14, 20:3, 21:20, 27:5, 27:16, 28:11, 28:18, 33:17, 33:21, 39:18, 46:4, 51:1
**PRIVATE** [1] - 52:13
**PRIVILEGE** [4] - 27:13, 57:6, 58:1, 58:5
**PROBABLY** [6] - 7:20, 7:21, 47:18, 54:19, 55:2, 55:20
**PROBLEM** [5] - 21:1, 23:4, 43:22, 47:24
**PROBLEMS** [2] - 23:2, 44:18
**PROCEDURAL** [8] - 6:19, 7:6, 10:20, 11:13, 23:5, 24:4, 30:9, 30:22
**PROCEDURALLY** [2] - 50:4, 50:18
**PROCEDURE** [2] - 11:20, 14:3
**PROCEDURES** [1] - 54:11
**PROCEED** [2] - 19:23, 43:4
**PROCEEDING** [5] - 10:22, 14:16, 37:19, 38:3, 56:8
**PROCEEDINGS** [7] - 1:24, 5:21, 14:7, 28:1, 28:7, 29:15, 58:20
**PROCESS** [4] - 24:13, 28:15, 50:14, 52:10
**PRODUCED** [2] - 1:25, 41:2
**PRODUCT** [1] - 36:25
**PROHIBITING** [1] - 13:7
**PROOF** [1] - 25:17
**PROPERLY** [1] - 38:6
**PROPOSED** [7] - 26:9, 53:6, 53:12, 55:24, 56:9, 56:15, 57:4
**PROPOSING** [1] - 7:3
**PROSECUTE** [1] - 12:4
**PROSECUTION** [3] - 50:13, 52:9, 55:3
**PROVIDE** [3] - 25:12, 25:19, 25:22
**PROVIDES** [1] - 38:2
**PROVIDING** [1] -

25:17
**PROVISION** [1] - 37:24
**PUBLIC** [1] - 34:24
**PUBLISHED** [2] - 34:17, 34:19
**PURPOSES** [1] - 57:23
**PURSUANT** [1] - 19:21
**PURSUE** [3] - 30:14, 31:24, 39:7
**PURSUED** [1] - 54:22
**PUT** [6] - 15:9, 15:11, 38:24, 44:13, 51:10, 52:22

**Q**

**QUESTION** [7] - 10:17, 16:12, 23:13, 33:13, 39:23, 47:9, 47:17
**QUESTIONS** [3] - 15:6, 15:8, 30:25
**QUICK** [1] - 54:2
**QUICKLY** [1] - 40:11
**QUINONES** [2] - 5:15, 33:8
**QUITE** [1] - 35:25
**QUOTE** [10] - 6:9, 9:9, 10:5, 11:18, 12:18, 12:21, 14:11, 37:20, 48:6, 56:4

**R**

**RAISE** [1] - 57:22
**RAISED** [1] - 30:3
**RARELY** [1] - 48:18
**RATHER** [3] - 27:5, 49:9, 54:5
**RE** [1] - 13:21
**REACH** [1] - 21:3
**REACTION** [1] - 23:17
**READ** [5] - 16:10, 35:22, 44:8, 57:16, 57:18
**READING** [2] - 23:24, 23:25
**READY** [1] - 52:9
**REAL** [2] - 43:22, 54:1
**REALLY** [10] - 6:4, 15:7, 22:21, 32:10, 32:13, 35:20, 43:22, 51:25, 56:7, 57:8
**REASON** [6] - 15:9, 34:5, 37:25, 42:19, 43:16, 44:10
**REASONING** [2] -

16:4, 16:21
**REASONS** [4] - 29:11, 36:11, 38:8, 44:1
**REASSIGNED** [1] - 5:16
**RECEIVE** [1] - 40:25
**RECEIVED** [8] - 18:12, 25:25, 34:2, 38:17, 38:23, 40:15, 40:19, 41:25
**RECENTLY** [3] - 11:21, 34:2, 38:18
**RECKLESS** [1] - 48:14
**RECKLESSNESS** [1] - 48:20
**RECOGNIZE** [1] - 23:23
**RECOLLECTION** [1] - 55:25
**RECONSIDER** [1] - 33:21
**RECONSIDERATION** [16] - 7:20, 7:23, 8:1, 27:7, 28:18, 28:22, 31:2, 31:10, 33:15, 34:5, 35:19, 40:4, 40:6, 40:9, 40:12, 40:13
**RECONSIDERED** [1] - 33:17
**RECORD** [11] - 11:3, 18:17, 29:16, 31:8, 34:24, 47:12, 49:14, 49:16, 49:25, 53:3, 58:20
**RECORDED** [1] - 1:24
**RECORDS** [1] - 44:25
**RECOVERING** [1] - 50:22
**REFERRED** [1] - 14:13
**REFERRING** [1] - 19:19
**REFILED** [1] - 6:14
**REGARD** [2] - 17:4, 39:1
**REGARDING** [3] - 12:22, 20:16, 25:5
**REGARDS** [11] - 16:19, 20:5, 21:17, 31:15, 34:3, 34:7, 34:18, 35:13, 39:2, 39:14, 43:2
**RELATED** [2] - 4:22, 13:1
**RELATIVE** [1] - 30:16
**RELATIVELY** [3] - 19:16, 22:4, 38:17
**RELEVANT** [5] -

10:21, 14:23, 47:12, 50:21, 51:21
**RELIED** [2] - 34:16, 34:25
**RELIEF** [4] - 11:12, 14:18, 37:25, 48:18
**RELITIGATE** [2] - 24:21, 28:9
**RELYING** [3] - 34:23, 42:19, 42:20
**REMEDY** [1] - 30:7
**REMEMBER** [2] - 18:16, 18:18
**REMOVAL** [3] - 42:4, 46:12, 52:1
**REMOVE** [7] - 19:22, 34:11, 39:9, 42:24, 43:3, 46:16, 46:20
**REMOVED** [4] - 39:16, 39:18, 39:21, 40:10
**REMOVING** [6] - 35:9, 38:9, 42:21, 42:22, 47:3
**REO** [35] - 2:2, 2:3, 4:12, 4:15, 26:19, 26:21, 26:25, 27:23, 28:3, 29:11, 30:13, 32:16, 35:17, 36:6, 36:9, 37:6, 37:16, 39:10, 39:13, 49:22, 50:3, 52:12, 53:11, 54:1, 54:4, 54:15, 55:15, 56:3, 56:8, 56:21, 57:1, 57:2, 57:4, 58:7
**REO'S** [1] - 55:12
**REO@REOLAW. ORG** [1] - 2:5
**REOPEN** [11] - 10:10, 16:7, 24:23, 37:5, 37:24, 38:8, 47:10, 48:1, 49:7, 52:1
**REOPENING** [1] - 42:11
**REPEATED** [2] - 12:23, 24:8
**REPEATEDLY** [1] - 12:18
**REPLY** [4] - 49:14, 54:10, 55:13, 56:24
**REPORT** [3] - 10:19, 18:1, 21:24
**REPORTED** [2] - 13:22, 13:23
**REPORTER** [3] - 1:20, 13:24, 58:25
**REPORTERS** [1] - 41:23
**REPRESENT** [2] - 55:23

**REPRESENTED** [4] - 6:22, 11:8, 12:3, 54:15
**REPRIMAND** [2] - 13:15, 26:5
**REQUEST** [5] - 5:19, 5:20, 17:4, 43:18, 51:23
**REQUESTED** [3] - 6:21, 16:5, 46:2
**REQUIRE** [1] - 24:19
**REQUIRED** [4] - 9:5, 12:8, 13:15, 18:4
**REQUIREMENT** [1] - 8:9
**REQUIRES** [1] - 8:21
**RESEARCH** [2] - 51:1, 51:14
**RESERVATIONS** [1] - 56:6
**RESERVE** [1] - 56:4
**RESOLVE** [1] - 58:5
**RESOLVED** [4] - 28:10, 37:12, 53:21, 55:14
**RESPECT** [7] - 5:8, 5:22, 7:2, 23:18, 32:7, 54:13, 57:25
**RESPECTFULLY** [1] - 53:11
**RESPECTS** [3] - 28:2, 29:24, 52:25
**RESPOND** [31] - 5:19, 6:25, 8:17, 9:4, 9:9, 9:16, 9:18, 12:6, 12:7, 12:9, 12:10, 15:4, 15:20, 16:13, 16:17, 24:17, 30:25, 31:6, 37:7, 39:13, 42:12, 44:7, 45:19, 46:2, 46:6, 46:9, 46:14, 47:2, 49:4, 49:17, 56:13
**RESPONDED** [4] - 17:17, 43:14, 44:10, 49:13
**RESPONDING** [4] - 29:5, 29:6, 29:7, 32:7
**RESPONSE** [33] - 5:24, 6:1, 6:8, 6:17, 6:20, 7:8, 7:12, 8:17, 9:24, 10:1, 10:14, 13:2, 15:18, 15:24, 16:20, 16:24, 17:10, 20:17, 21:16, 22:5, 26:9, 29:18, 29:19, 30:4, 35:19, 35:20, 39:20, 49:17, 55:11, 55:12, 56:12, 58:1

**RESPONSES** [3] - 15:10, 22:8, 42:7
**RESULT** [3] - 6:19, 6:22, 7:11
**RESULTED** [2] - 5:11, 48:19
**REVISIT** [2] - 24:25, 48:23
**REVISITED** [1] - 47:17
**RIGHT** [25] - 17:16, 18:25, 20:1, 20:9, 20:23, 21:1, 26:18, 30:12, 32:2, 33:18, 36:21, 37:19, 42:24, 43:9, 43:12, 43:15, 46:8, 47:3, 49:6, 51:20, 54:8, 54:19, 56:4, 57:2, 58:12
**RIGHTS** [3] - 27:3, 27:21, 56:6
**RISE** [2] - 15:11, 58:15
**ROBERT** [1] - 20:8
**ROUND** [1] - 36:16
**ROUTINELY** [1] - 23:15
**RPR** [1] - 1:20
**RULE** [35] - 7:18, 7:23, 8:9, 8:21, 9:5, 10:15, 14:2, 14:3, 15:24, 16:5, 16:6, 25:6, 30:8, 30:10, 30:14, 30:18, 31:12, 32:14, 32:18, 32:19, 32:20, 32:24, 33:9, 37:19, 37:23, 47:25, 48:21, 48:23, 49:20, 50:6, 50:12, 51:22, 52:22, 53:1, 57:14
**RULES** [6] - 5:25, 11:11, 11:20, 12:23, 30:19, 49:1
**RULING** [2] - 28:21, 36:5
**RUN** [3] - 11:1, 25:7, 52:19
**RUNNING** [1] - 53:18

## S

**SAFE** [2] - 30:11, 39:19
**SAID** [26] - 6:5, 6:18, 8:3, 9:12, 14:10, 21:13, 21:23, 23:20, 27:23, 34:12, 43:3, 44:12, 45:13, 46:18, 46:21, 47:14, 48:3, 48:6, 48:10, 48:17, 50:1, 50:4, 50:18, 51:24, 57:13, 57:17

**SAME** [4] - 6:11, 6:15, 16:4, 20:21
**SANCTION** [7] - 8:14, 13:14, 23:20, 23:21, 25:4, 32:14, 32:25
**SANCTIONED** [3] - 9:10, 23:15, 46:3
**SANCTIONS** [23] - 1:12, 10:7, 10:12, 10:24, 13:19, 16:8, 23:18, 23:22, 24:2, 24:3, 24:12, 24:15, 25:3, 26:6, 26:9, 32:22, 36:4, 46:1, 52:3, 52:4, 52:6, 55:11
**SAT** [1] - 48:10
**SATISFIED** [1] - 47:25
**SATURDAY** [1] - 45:6
**SAW** [1] - 57:15
**SAY** [11] - 6:6, 6:8, 19:18, 25:4, 31:8, 34:19, 37:9, 46:5, 49:25, 50:17
**SAYING** [11] - 19:8, 21:4, 32:4, 38:15, 44:13, 44:15, 52:12, 52:17, 52:24, 53:9, 56:20
**SAYS** [5] - 10:18, 17:25, 44:18, 45:22, 45:25
**SCHEDULE** [1] - 54:1
**SCHEME** [1] - 39:7
**SEATED** [1] - 4:3
**SECOND** [4] - 10:3, 11:10, 15:3, 37:18
**SECONDLY** [1] - 44:19
**SECTION** [2] - 10:8, 36:5
**SECURED** [1] - 7:6
**SEE** [12] - 36:22, 36:24, 37:13, 44:25, 47:10, 48:8, 48:23, 48:25, 51:1, 56:15, 56:21, 57:14
**SEEING** [1] - 53:2
**SEEK** [1] - 7:19
**SEEKING** [5] - 8:20, 8:22, 11:10, 14:16, 32:5
**SEEKS** [1] - 48:18
**SEEM** [1] - 22:25
**SEEMS** [2] - 29:12
**SEND** [2] - 21:7, 41:23
**SENT** [4] - 39:19, 41:17, 41:18, 41:21
**SEPARATE** [2] - 6:13, 49:18

**SEPTEMBER** [2] - 5:23, 11:7

**SERVE** [2] - 50:6, 50:11

**SERVED** [1] - 5:17

**SERVICE** [4] - 33:10, 54:21, 55:1, 55:3

**SET** [2] - 28:5, 49:15

**SETS** [1] - 30:8

**SEVEN** [4] - 8:11, 8:17, 24:17, 49:17

**SEVERAL** [3] - 44:13, 50:16, 55:21

**SHAKE** [1] - 23:7

**SHARGEL** [7] - 5:1, 5:4, 20:3, 20:8, 20:11, 20:15

**SHE** [4] - 13:14, 13:15, 13:17, 33:10

**SHELTON** [25] - 1:6, 2:6, 4:5, 4:13, 4:24, 5:5, 6:14, 8:6, 9:22, 10:6, 27:3, 27:11, 27:15, 27:20, 28:13, 28:24, 29:14, 29:21, 32:9, 34:3, 50:21, 50:25, 51:13, 55:22, 57:9

**SHELTON'S** [2] - 7:16, 28:19

**SHIPP** [2] - 11:25, 12:3

**SHORT** [2] - 52:20, 53:4

**SHORTLY** [1] - 7:10

**SHOULD** [18] - 8:14, 9:10, 12:25, 22:4, 23:20, 24:3, 24:21, 24:24, 25:3, 28:13, 46:3, 46:13, 49:12, 54:4, 55:6

**SHOW** [39] - 1:12, 7:4, 8:14, 8:16, 9:4, 9:16, 9:18, 12:8, 12:9, 12:10, 12:25, 13:6, 15:4, 15:15, 15:20, 15:24, 16:5, 16:14, 16:18, 16:20, 17:10, 17:14, 17:18, 17:23, 18:5, 23:18, 23:19, 24:16, 32:7, 32:12, 33:3, 36:12, 36:13, 39:3, 44:8, 45:19, 47:25, 49:18

**SHOWING** [7] - 6:4, 8:21, 8:23, 9:2, 9:3, 9:7, 30:11

**SHOWN** [5] - 17:19, 45:17, 45:18, 45:24,

53:12

**SHOWS** [2] - 34:25, 47:12

**SIDE** [4] - 34:10, 50:5, 50:12, 55:16

**SIDE'S** [2] - 36:10, 36:19

**SIGNED** [1] - 25:24

**SIGNIFICANT** [5] - 23:4, 45:23, 45:25, 52:4, 56:23

**SIMANDLE** [3] - 11:8, 11:14, 11:17

**SINCE** [2] - 24:19, 51:20

**SINGLE** [2] - 4:19, 4:20

**SIT** [1] - 26:23

**SMALL** [1] - 22:18

**SO** [101] - 4:4, 4:16, 4:19, 5:8, 6:16, 7:18, 7:21, 8:9, 10:1, 11:1, 11:10, 11:24, 14:20, 14:24, 15:5, 15:8, 15:10, 15:14, 15:19, 15:9, 16:12, 16:14, 17:1, 17:16, 17:20, 18:7, 18:24, 19:4, 19:13, 20:11, 20:18, 21:15, 21:19, 21:20, 22:13, 23:10, 23:17, 24:11, 25:2, 25:6, 26:6, 26:10, 26:17, 27:22, 28:24, 29:8, 29:10, 29:24, 30:15, 30:21, 32:4, 33:3, 34:23, 35:7, 35:24, 36:3, 36:17, 37:2, 37:4, 37:6, 37:11, 37:13, 37:23, 38:20, 38:22, 39:1, 39:8, 39:16, 39:21, 40:8, 41:8, 41:13, 42:8, 44:24, 45:12, 46:11, 48:15, 48:22, 49:2, 49:14, 49:16, 49:23, 50:10, 50:20, 50:24, 51:13, 51:18, 52:11, 53:3, 53:15, 54:11, 54:17, 54:19, 54:25, 55:9, 56:19, 57:23, 58:12

**SO-CALLED** [2] - 50:20, 51:18

**SOLE** [1] - 42:19

**SOLELY** [2] - 24:25, 27:20

**SOLUTIONS** [6] - 2:6, 4:14, 5:6, 8:7, 9:22, 10:7

**SOME** [34] - 4:17, 5:8, 11:1, 13:23, 14:8, 15:6, 22:18, 27:7, 29:13, 29:23, 30:3, 30:8, 30:21, 31:1, 31:14, 33:6, 33:9, 37:12, 45:13, 45:15, 45:21, 47:9, 52:20, 52:25, 53:2, 53:19, 54:21, 55:21, 56:5, 57:15, 57:21, 58:3

**SOMEONE** [1] - 23:11

**SOMETHING** [7] - 20:23, 23:8, 24:14, 33:3, 37:9, 53:4, 57:21

**SOON** [3] - 18:13, 41:18, 45:11

**SORE** [1] - 54:6

**SORT** [12] - 4:22, 6:19, 11:22, 29:22, 30:5, 30:19, 37:23, 52:21, 52:25, 53:20, 56:24, 58:2

**SORTS** [1] - 32:8

**SOUGHT** [2] - 13:4, 32:6

**SOUND** [1] - 51:2

**SOUNDS** [2] - 57:12, 57:19

**SOURCE** [1] - 38:20

**SOURCES** [1] - 32:21

**SPEAK** [3] - 18:9, 19:15, 36:6

**SPEAKING** [3] - 20:5, 20:15, 50:19

**SPECIFIC** [4] - 24:1, 30:8, 38:2, 48:9

**SPECIFICALLY** [17] - 11:17, 12:7, 17:17, 30:6, 31:18, 32:3, 33:21, 34:4, 35:1, 35:9, 38:8, 40:10, 42:15, 43:3, 43:6, 43:19, 44:15

**SPECIFICITY** [1] - 45:15

**SPELL** [1] - 32:13

**STAND** [3] - 26:21, 27:23, 58:14

**STANDARD** [1] - 35:17

**STANDARDS** [2] - 13:16, 38:2

**STANDING** [1] - 51:17

**STANDS** [1] - 55:24

**START** [4] - 4:7, 4:16, 15:15, 42:25

**STATE** [3] - 18:17, 25:14, 35:7

**STATED** [5] - 33:22, 34:4, 34:8, 35:4, 44:11

**STATEMENT** [27] - 6:13, 6:14, 7:16, 8:8, 8:11, 8:24, 10:16, 10:17, 16:16, 16:20, 16:24, 17:3, 17:8, 17:15, 17:24, 17:25, 18:4, 18:13, 18:15, 19:6, 20:19, 21:21, 22:19, 25:6, 25:17, 25:24, 32:11

**STATEMENTS** [1] - 20:13

**STATES** [2] - 1:1, 11:18

**STATUS** [1] - 17:6

**STAYING** [1] - 39:17

**STENOTYPE** [1] - 1:24

**STENOTYPE-COMPUTER** [1] - 1:24

**STEP** [2] - 25:9, 25:11

**STILL** [13] - 6:5, 9:16, 10:14, 15:20, 15:21, 19:2, 19:4, 19:7, 19:10, 19:12, 40:4, 46:25, 54:14

**STIPULATE** [1] - 46:23

**STOPS** [1] - 14:10

**STRAIGHTFORWAR D** [1] - 22:4

**STREET** [1] - 1:21

**STRENGTH** [1] - 30:17

**STRENGTHEN** [1] - 29:21

**STRIKES** [1] - 22:12

**STRUCK** [1] - 6:11

**STRUCTURED** [1] - 17:1

**STUDY** [1] - 57:17

**STUFF** [1] - 52:22

**SUBJECT** [2] - 12:20, 40:2

**SUBMISSION** [1] - 27:11

**SUBMIT** [4] - 15:18, 24:14, 33:24, 37:10

**SUBMITS** [1] - 25:24

**SUBMITTED** [15] - 10:14, 15:23, 16:1, 16:3, 16:6, 17:7, 18:12, 21:14, 31:11, 34:1, 39:20, 42:4, 42:6, 43:17, 44:5

**SUBMITTING** [1] -

17:14

**SUBSTANCE** [1] - 57:8

**SUBSTANTIVE** [1] - 23:5

**SUBSTANTIVELY** [1] - 50:20

**SUCH** [2] - 14:18, 31:1

**SUE** [1] - 52:9

**SUFFICIENCY** [1] - 27:17

**SUGGEST** [1] - 29:16

**SUGGESTED** [1] - 55:16

**SUITE** [1] - 1:16

**SUITS** [1] - 12:18

**SUMMARY** [10] - 5:22, 5:23, 6:12, 7:1, 7:12, 7:15, 29:19, 33:16, 33:20, 43:20

**SUNDAY** [1] - 45:9

**SUPPOSED** [1] - 15:18

**SURE** [12] - 16:2, 17:2, 17:13, 19:1, 19:3, 19:9, 19:10, 19:12, 29:22, 36:24, 54:17, 54:24

**SUSPENSION** [1] - 14:17

**SUZANNE** [2] - 1:20, 58:24

**SWORN** [2] - 15:13, 25:17

**SYSTEM** [3] - 9:1, 23:4, 23:9

**T**

**TACKLE** [1] - 54:12

**TACKLING** [1] - 4:16

**TAKE** [11] - 4:6, 11:22, 24:3, 24:21, 24:24, 24:25, 31:18, 37:8, 38:3, 56:20, 56:22

**TAKING** [2] - 31:20, 37:14

**TALK** [1] - 48:4

**TALKING** [6] - 16:15, 19:14, 32:2, 32:3, 47:2

**TALKS** [1] - 38:1

**TCPA** [2] - 5:1, 5:9

**TELEMARKETERS** [1] - 50:24

**TELL** [15] - 15:19, 16:14, 18:19, 19:13, 20:25, 22:7, 22:13, 23:20, 26:19, 42:8, 44:1, 45:12, 52:24,

55:4, 58:4
**TELLING** [4] - 19:5,
21:2, 24:15, 28:1
**TEMPORARY** [1] -
14:16
**TENDS** [1] - 56:24
**TERMS** [3] - 14:18,
31:1, 56:25
**TERRIBLY** [1] - 22:8
**THAN** [6] - 27:6, 39:3,
48:11, 48:13, 49:10,
52:18
**THANK** [3] - 58:7,
58:10, 58:14
**THAT** [360] - 4:17,
4:19, 4:21, 4:23,
4:24, 5:3, 5:6, 5:9,
5:12, 5:14, 5:15,
5:18, 5:20, 5:24, 6:7,
6:10, 6:11, 6:15,
6:17, 6:20, 7:5, 7:10,
7:18, 7:20, 7:24,
8:24, 9:1, 9:6, 9:7,
10:13, 10:14, 10:18,
10:20, 10:21, 11:2,
11:14, 11:18, 12:2,
12:3, 12:7, 12:8,
12:16, 12:17, 12:20,
12:21, 12:24, 13:3,
13:9, 13:17, 14:1,
14:13, 14:20, 14:21,
14:22, 14:24, 14:25,
15:1, 15:2, 15:6,
15:9, 15:21, 15:22,
15:23, 15:25, 16:2,
16:3, 16:6, 16:7,
16:9, 16:10, 16:11,
16:16, 17:7, 17:10,
17:17, 18:3, 18:4,
18:5, 18:11, 18:12,
18:18, 18:20, 18:21,
19:3, 19:5, 19:6,
19:8, 19:9, 20:17,
20:22, 21:4, 21:9,
21:13, 22:1, 22:5,
22:14, 23:7, 23:22,
23:23, 23:25, 24:2,
24:4, 24:9, 24:12,
24:24, 24:25, 25:5,
25:6, 25:7, 25:9,
25:11, 25:13, 25:18,
25:22, 25:23, 25:25,
26:1, 26:6, 26:10,
26:11, 26:12, 26:17,
26:25, 27:1, 27:2,
27:5, 27:8, 27:9,
27:14, 27:17, 27:18,
27:22, 27:23, 28:3,
28:6, 28:9, 28:10,
28:12, 28:13, 28:14,

28:21, 28:24, 29:1,
29:3, 29:7, 29:13,
30:1, 30:3, 30:7,
30:9, 30:12, 30:15,
30:17, 30:18, 30:20,
30:22, 31:3, 31:4,
31:7, 31:8, 31:9,
31:14, 31:16, 31:23,
32:1, 32:6, 32:21,
32:25, 33:1, 33:2,
33:3, 33:8, 33:10,
33:15, 33:19, 33:22,
33:25, 34:1, 34:3,
34:4, 34:8, 34:9,
34:10, 34:15, 34:18,
34:23, 34:24, 35:4,
35:6, 35:7, 35:13,
35:16, 35:21, 36:5,
36:7, 36:9, 36:14,
36:22, 36:23, 37:2,
37:7, 37:10, 37:12,
37:14, 37:19, 37:20,
37:25, 38:1, 38:9,
38:12, 38:25, 39:2,
39:3, 39:4, 39:5,
39:15, 39:16, 39:21,
39:25, 40:1, 40:7,
40:8, 40:17, 40:18,
40:19, 41:2, 41:13,
41:18, 41:19, 42:2,
42:3, 42:5, 42:6,
42:19, 42:21, 43:2,
43:5, 43:16, 43:19,
43:22, 44:3, 44:8,
44:10, 44:15, 45:3,
45:12, 46:4, 46:16,
46:17, 46:22, 46:23,
47:8, 47:11, 47:12,
47:16, 47:20, 47:24,
48:1, 48:8, 48:13,
48:15, 48:16, 48:17,
48:19, 48:20, 48:24,
49:2, 49:5, 49:6,
49:7, 49:10, 49:15,
49:16, 49:19, 50:2,
50:14, 50:17, 50:21,
51:1, 51:2, 51:5,
51:6, 51:11, 51:13,
51:14, 51:15, 51:16,
51:17, 52:5, 52:7,
52:14, 53:2, 53:3,
53:4, 53:6, 53:15,
53:17, 53:19, 53:24,
54:5, 54:13, 54:21,
55:16, 55:20, 56:4,
56:9, 56:11, 56:12,
56:13, 56:16, 56:17,
56:19, 56:21, 56:22,
56:24, 57:4, 57:7,
57:8, 57:12, 57:13,
58:2, 58:5, 58:19

**THAT'S** [8] - 15:16,
19:2, 19:10, 21:18,
30:13, 37:21, 41:11,
51:3
**THE** [646] - 1:1, 1:2,
1:10, 4:1, 4:2, 4:11,
4:15, 4:17, 4:21,
4:24, 4:25, 5:2, 5:8,
5:9, 5:10, 5:11, 5:12,
5:15, 5:18, 5:19,
5:22, 5:24, 5:25, 6:3,
6:11, 6:14, 6:15,
6:16, 6:17, 6:18,
6:19, 6:20, 6:22, 7:1,
7:2, 7:5, 7:6, 7:7,
7:8, 7:10, 7:11, 7:12,
7:14, 7:15, 7:16,
7:19, 7:22, 7:23, 8:1,
8:7, 8:9, 8:10, 8:11,
8:13, 8:14, 8:15,
8:16, 8:19, 9:1, 9:2,
9:4, 9:6, 9:8, 9:11,
9:16, 9:17, 9:18,
9:20, 9:21, 9:23,
9:24, 9:25, 10:1,
10:2, 10:3, 10:4,
10:5, 10:9, 10:10,
10:11, 10:12, 10:13,
10:15, 10:16, 10:17,
10:20, 10:25, 11:3,
11:8, 11:9, 11:11,
11:17, 11:18, 11:19,
11:22, 11:25, 12:3,
12:4, 12:6, 12:8,
12:9, 12:10, 12:15,
12:16, 12:19, 12:21,
12:22, 12:24, 13:1,
13:3, 13:4, 13:5,
13:6, 13:8, 13:18,
13:24, 13:25, 14:6,
14:8, 14:9, 14:10,
14:12, 14:14, 14:16,
14:17, 14:19, 14:21,
14:24, 14:25, 15:1,
15:2, 15:3, 15:4,
15:14, 15:15, 15:16,
15:19, 15:20, 15:22,
15:23, 15:24, 15:25,
16:2, 16:3, 16:4,
16:5, 16:6, 16:7,
16:8, 16:9, 16:14,
16:15, 16:18, 16:19,
16:20, 16:21, 16:22,
16:24, 17:1, 17:3,
17:4, 17:6, 17:7,
17:9, 17:10, 17:14,
17:15, 17:16, 17:18,
17:23, 17:24, 18:3,
18:4, 18:5, 18:9,
18:12, 18:14, 18:15,
18:17, 18:19, 18:20,

18:24, 19:3, 19:6,
19:13, 19:16, 19:18,
19:20, 19:21, 19:25,
20:3, 20:4, 20:5,
20:6, 20:11, 20:16,
20:18, 20:21, 20:22,
20:23, 20:25, 21:7,
21:10, 21:15, 21:19,
21:20, 21:23, 22:1,
22:2, 22:7, 22:8,
22:11, 22:15, 22:20,
22:22, 23:2, 23:9,
23:12, 23:15, 23:18,
23:24, 23:25, 24:3,
24:4, 24:7, 24:12,
24:15, 24:22, 25:4,
25:5, 25:6, 25:7,
25:10, 25:11, 25:12,
25:13, 25:14, 25:20,
25:21, 25:25, 26:1,
26:3, 26:4, 26:6,
26:8, 26:12, 26:15,
26:16, 26:18, 26:19,
26:23, 26:25, 27:4,
27:5, 27:8, 27:13,
27:19, 27:21, 27:22,
27:23, 27:24, 27:25,
28:1, 28:2, 28:3,
28:7, 28:11, 28:13,
28:18, 28:20, 28:21,
28:23, 29:10, 29:16,
29:17, 29:18, 29:20,
29:22, 30:1, 30:4,
30:6, 30:7, 30:12,
30:14, 30:15, 30:16,
30:17, 30:19, 30:22,
30:25, 31:5, 31:7,
31:8, 31:9, 31:10,
31:12, 31:13, 31:15,
31:20, 31:22, 31:25,
32:1, 32:2, 32:4,
32:6, 32:8, 32:10,
32:15, 32:16, 32:20,
32:21, 32:23, 32:25,
33:2, 33:3, 33:4,
33:5, 33:6, 33:7,
33:9, 33:10, 33:14,
33:17, 33:20, 33:21,
34:2, 34:3, 34:7,
34:10, 34:12, 34:13,
34:20, 34:23, 35:3,
35:5, 35:8, 35:9,
35:12, 35:13, 35:14,
35:15, 35:16, 35:18,
35:19, 35:20, 35:21,
35:22, 35:23, 35:24,
36:2, 36:4, 36:8,
36:9, 36:10, 36:11,
36:12, 36:13, 36:14,
36:15, 36:16, 36:18,
36:22, 37:3, 37:4,

37:5, 37:17, 37:20,
37:23, 38:6, 38:9,
38:12, 38:14, 38:17,
38:18, 38:19, 38:20,
38:24, 38:25, 39:3,
39:9, 39:11, 39:14,
39:15, 39:17, 39:18,
39:23, 40:5, 40:11,
40:13, 40:15, 40:16,
40:17, 40:18, 40:20,
40:21, 40:23, 40:25,
41:4, 41:6, 41:7,
41:10, 41:13, 41:16,
41:20, 41:22, 41:23,
42:1, 42:3, 42:4,
42:6, 42:8, 42:12,
42:16, 42:19, 42:21,
42:22, 42:24, 43:5,
43:7, 43:8, 43:11,
43:14, 43:16, 43:17,
43:19, 43:21, 43:25,
44:3, 44:7, 44:10,
44:17, 44:19, 44:21,
44:22, 44:24, 44:25,
45:1, 45:5, 45:8,
45:12, 45:13, 45:19,
45:21, 45:22, 45:23,
45:25, 46:1, 46:4,
46:6, 46:8, 46:9,
46:11, 46:12, 46:15,
46:21, 46:22, 46:24,
47:3, 47:5, 47:6,
47:8, 47:10, 47:12,
47:13, 47:15, 47:17,
47:21, 48:1, 48:2,
48:5, 48:7, 48:11,
48:16, 48:19, 49:1,
49:6, 49:10, 49:13,
49:14, 49:16, 49:17,
49:18, 49:19, 49:23,
49:24, 49:25, 50:5,
50:6, 50:9, 50:12,
50:14, 50:15, 50:18,
50:19, 50:22, 50:24,
51:6, 51:10, 51:13,
51:14, 51:15, 51:18,
52:1, 52:5, 52:8,
52:11, 52:13, 52:21,
52:25, 53:2, 53:5,
53:6, 53:8, 53:12,
53:14, 53:15, 53:16,
53:23, 54:3, 54:9,
54:12, 54:15, 54:24,
55:2, 55:9, 55:11,
55:12, 55:13, 55:14,
55:15, 55:17, 55:24,
56:1, 56:2, 56:3,
56:4, 56:6, 56:7,
56:8, 56:9, 56:10,
56:11, 56:12, 56:13,
56:15, 56:18, 56:19,

57:2, 57:5, 57:6,
57:7, 57:8, 57:12,
57:15, 57:17, 58:1,
58:2, 58:4, 58:8,
58:12, 58:15, 58:19,
58:20
**THEIR** [8] - 7:9, 31:2,
31:24, 33:2, 36:20,
52:3, 53:14, 57:4
**THEM** [15] - 11:13,
11:22, 20:20, 23:12,
24:19, 26:1, 27:15,
27:16, 39:5, 41:21,
41:23, 42:25, 43:14,
50:6, 55:7
**THEN** [27] - 4:20, 5:3,
5:17, 5:21, 8:3, 9:20,
10:3, 11:21, 12:12,
13:20, 17:18, 18:25,
21:13, 23:9, 32:25,
33:11, 37:4, 37:8,
42:16, 47:8, 47:16,
54:10, 54:12, 55:2,
55:10, 55:13
**THEORY** [1] - 53:18
**THERE** [85] - 4:5,
4:19, 4:22, 5:17,
5:21, 5:23, 5:24,
5:25, 6:9, 7:21, 8:17,
8:20, 8:23, 8:24, 9:7,
11:8, 11:21, 11:24,
12:3, 13:6, 13:10,
16:2, 16:11, 17:2,
18:1, 20:2, 20:25,
21:1, 21:23, 23:5,
24:18, 25:23, 26:17,
27:16, 29:2, 29:8,
29:13, 29:16, 29:18,
29:19, 30:3, 31:20,
32:24, 33:1, 33:5,
33:6, 33:8, 33:25,
34:1, 34:8, 34:14,
34:18, 35:5, 35:7,
35:10, 35:25, 37:9,
38:9, 44:22, 45:2,
45:16, 46:15, 47:9,
47:11, 47:18, 48:1,
48:10, 48:24, 51:4,
51:25, 52:4, 52:14,
53:1, 53:18, 54:12,
56:16, 56:21, 57:22,
57:24, 58:13
**THERE'S** [2] - 29:15,
52:14
**THEREFORE** [1] -
46:20
**THESE** [13] - 14:21,
24:5, 24:12, 27:5,
31:1, 32:20, 38:21,
39:6, 39:7, 46:20,

55:5, 56:14, 56:25
**THEY** [67] - 6:4, 6:5,
6:6, 6:7, 6:8, 6:18,
7:24, 7:25, 8:7, 9:10,
10:18, 14:22, 20:4,
20:13, 23:1, 23:6,
23:7, 23:16, 24:19,
28:5, 28:6, 28:8,
28:12, 28:14, 28:15,
28:18, 32:4, 32:17,
34:23, 34:25, 35:1,
36:19, 39:1, 39:16,
39:18, 39:21, 41:2,
41:4, 41:5, 41:6,
41:8, 41:14, 41:15,
41:17, 41:18, 41:22,
41:23, 41:25, 42:6,
46:2, 46:3, 50:7,
51:1, 51:8, 52:15,
53:12, 53:13, 55:5,
55:16, 56:4, 56:7,
56:14, 56:22, 57:7
**THEY'RE** [1] - 41:10
**THING** [2] - 43:7,
56:19
**THINGS** [13] - 10:23,
29:13, 29:20, 29:24,
30:11, 32:9, 40:24,
49:7, 50:15, 52:6,
56:17, 56:21, 56:25
**THINK** [70] - 4:17,
10:21, 11:2, 14:22,
15:6, 15:9, 17:17,
17:19, 17:21, 22:9,
22:16, 22:25, 23:10,
23:18, 23:21, 24:2,
24:9, 24:12, 24:15,
24:18, 26:6, 26:14,
26:19, 27:22, 30:15,
30:18, 30:21, 32:14,
32:15, 32:17, 32:18,
32:19, 32:20, 35:16,
35:17, 35:20, 35:24,
35:25, 36:3, 36:25,
37:1, 37:9, 43:22,
45:14, 45:16, 47:25,
48:11, 48:12, 48:13,
48:15, 48:16, 48:20,
48:22, 50:3, 52:2,
52:4, 52:20, 52:21,
53:1, 53:8, 54:4,
54:19, 57:10, 57:12
**THINKING** [2] - 23:24,
49:6
**THINKS** [1] - 58:4
**THIRD** [6] - 11:18,
12:22, 24:7, 27:23,
32:23, 38:23
**THIS** [97] - 4:18, 4:22,
4:23, 5:3, 6:8, 7:25,

8:3, 8:7, 8:10, 9:9,
9:20, 9:23, 10:21,
11:1, 11:18, 11:20,
12:18, 14:6, 14:22,
14:24, 15:1, 15:15,
16:12, 19:14, 19:21,
19:22, 20:5, 20:7,
21:17, 22:9, 22:13,
23:2, 23:13, 24:21,
25:12, 25:20, 25:21,
25:23, 27:9, 27:18,
27:19, 28:4, 28:9,
29:25, 31:17, 33:19,
34:6, 34:13, 35:5,
35:9, 35:12, 35:16,
35:18, 36:13, 36:17,
36:20, 36:21, 39:12,
39:25, 40:1, 40:3,
40:10, 42:9, 42:11,
43:21, 43:22, 44:2,
44:5, 44:14, 45:20,
46:11, 47:14, 47:23,
48:3, 48:6, 49:3,
49:5, 49:16, 49:21,
50:5, 50:19, 51:8,
51:22, 51:24, 52:5,
52:18, 53:18, 53:20,
54:25, 55:14, 55:20,
57:16, 57:23
**THOMAS** [103] - 1:15,
1:15, 4:9, 4:10, 4:11,
5:2, 5:12, 6:21, 6:24,
11:8, 11:16, 11:18,
12:2, 12:7, 12:16,
12:18, 12:25, 13:2,
13:7, 13:14, 13:15,
13:17, 13:21, 14:2,
14:7, 15:5, 15:13,
15:14, 15:22, 16:19,
17:12, 18:7, 18:16,
18:23, 19:1, 19:8,
19:15, 19:20, 20:2,
20:10, 20:14, 20:20,
20:24, 21:4, 21:8,
21:12, 21:17, 21:22,
21:25, 22:3, 22:8,
24:6, 26:13, 26:14,
29:12, 30:24, 31:6,
33:13, 33:18, 37:6,
37:17, 37:21, 38:5,
38:14, 38:22, 39:14,
40:3, 40:7, 40:14,
40:17, 41:1, 41:5,
41:8, 41:11, 41:15,
41:24, 42:9, 42:14,
42:18, 43:1, 43:10,
43:13, 43:16, 43:21,
43:24, 44:9, 44:21,
45:2, 45:7, 45:10,
46:7, 46:10, 49:9,
54:10, 54:13, 54:20,

55:4, 55:8, 55:12,
56:23, 58:4, 58:8,
58:10
**THOMAS'** [5] - 11:15,
12:5, 14:11, 14:17,
36:1
**THOMAS'S** [1] - 10:23
**THOSE** [28] - 8:25,
17:5, 17:7, 24:10,
26:6, 26:9, 29:20,
29:24, 30:5, 30:11,
31:15, 31:21, 32:8,
33:2, 34:11, 38:16,
38:18, 38:23, 38:25,
39:2, 40:1, 40:9,
40:19, 40:21, 43:4,
43:7, 46:24, 47:1
**THOUGH** [3] - 19:9,
28:15, 39:24
**THOUGHTS** [1] -
49:22
**THREE** [2] - 15:17,
52:14
**THROAT** [1] - 54:6
**THROUGH** [4] - 11:1,
18:11, 51:21, 57:16
**THURSDAY** [1] - 1:8
**TIME** [36] - 5:13, 8:21,
9:9, 9:15, 9:20,
11:18, 15:3, 15:21,
16:12, 16:13, 16:15,
16:17, 18:3, 18:5,
18:10, 20:21, 21:6,
23:2, 25:5, 31:2,
31:14, 34:13, 35:5,
36:15, 44:7, 44:21,
45:3, 45:19, 46:2,
46:6, 47:21, 47:23,
53:17, 56:5, 56:7
**TIMELY** [13] - 6:1,
12:4, 12:5, 27:6,
28:17, 29:6, 29:8,
33:25, 36:11, 46:9,
47:16, 49:13
**TIMES** [3] - 16:11,
29:16, 44:13
**TO** [520] - 1:12, 4:6,
4:16, 4:18, 4:20, 5:2,
5:9, 5:10, 5:14, 5:16,
5:19, 5:20, 5:22, 6:8,
6:18, 6:22, 6:25, 7:1,
7:2, 7:4, 7:9, 7:12,
7:19, 7:25, 8:3, 8:10,
8:12, 8:14, 8:15,
8:16, 8:17, 9:3, 9:4,
9:9, 9:10, 9:15, 9:16,
9:18, 10:1, 10:5,
10:10, 10:11, 10:12,
10:13, 10:15, 10:19,
10:21, 10:22, 11:1,

11:3, 11:9, 11:10,
11:13, 11:15, 11:16,
12:4, 12:5, 12:6,
12:7, 12:8, 12:9,
12:10, 12:12, 12:24,
12:25, 13:4, 13:6,
13:15, 13:23, 14:3,
14:4, 14:7, 14:8,
14:13, 14:15, 14:17,
14:23, 14:25, 15:3,
15:4, 15:5, 15:6,
15:7, 15:9, 15:10,
15:11, 15:15, 15:17,
15:18, 15:20, 15:21,
15:24, 16:1, 16:5,
16:7, 16:9, 16:13,
16:14, 16:16, 16:17,
16:18, 16:19, 16:20,
16:21, 16:22, 16:23,
17:2, 17:4, 17:10,
17:13, 17:14, 17:16,
17:18, 17:20, 17:21,
17:23, 17:24, 18:1,
18:2, 18:4, 18:5,
18:9, 18:10, 18:17,
18:21, 19:1, 19:3,
19:5, 19:8, 19:10,
19:11, 19:14, 19:15,
19:19, 19:21, 19:22,
20:5, 20:12, 20:16,
20:19, 20:20, 21:11,
21:13, 21:15, 21:17,
21:19, 21:24, 22:3,
22:5, 22:7, 22:10,
22:23, 22:25, 23:6,
23:7, 23:13, 23:14,
23:18, 23:19, 23:21,
24:8, 24:13, 24:14,
24:16, 24:17, 24:20,
24:21, 24:22, 24:23,
24:25, 25:1, 25:5,
25:13, 25:14, 25:16,
25:20, 25:24, 26:2,
26:9, 26:10, 26:12,
26:16, 26:18, 26:21,
27:2, 27:9, 27:10,
27:11, 27:12, 27:20,
27:23, 27:24, 28:9,
28:17, 28:19, 28:20,
28:22, 28:23, 28:25,
29:5, 29:6, 29:7,
29:10, 29:11, 29:12,
29:14, 29:16, 29:18,
29:19, 29:21, 30:1,
30:2, 30:4, 30:5,
30:6, 30:9, 30:20,
30:24, 30:25, 31:4,
31:6, 31:8, 31:9,
31:10, 31:15, 31:17,
31:18, 31:24, 32:6,
32:7, 32:12, 32:13,

32:15, 32:21, 32:24, 32:25, 33:2, 33:3, 33:5, 33:16, 33:20, 33:21, 33:22, 33:24, 34:3, 34:6, 34:7, 34:11, 34:17, 34:18, 34:20, 35:13, 35:16, 35:19, 35:20, 36:3, 36:4, 36:9, 36:11, 36:14, 36:16, 36:20, 37:2, 37:4, 37:7, 37:8, 37:9, 37:10, 37:11, 37:17, 37:18, 37:19, 37:24, 38:8, 38:24, 39:1, 39:2, 39:4, 39:6, 39:7, 39:8, 39:13, 39:14, 40:2, 40:18, 40:20, 41:1, 41:6, 41:14, 41:16, 41:17, 41:18, 41:21, 41:25, 42:2, 42:6, 42:10, 42:12, 42:17, 42:24, 43:2, 43:3, 43:4, 43:14, 43:17, 43:18, 44:1, 44:7, 44:8, 44:11, 44:14, 44:23, 44:25, 45:3, 45:5, 45:8, 45:10, 45:12, 45:18, 45:19, 45:20, 46:2, 46:3, 46:6, 46:9, 46:14, 46:15, 46:16, 46:18, 46:19, 46:20, 46:23, 46:25, 47:8, 47:9, 47:13, 47:14, 47:18, 47:22, 47:25, 48:1, 48:2, 48:4, 48:11, 48:16, 48:22, 49:1, 49:4, 49:5, 49:6, 49:7, 49:8, 49:10, 49:11, 49:14, 49:15, 49:17, 49:18, 49:20, 49:23, 49:24, 49:25, 50:1, 50:5, 50:6, 50:8, 50:10, 50:11, 50:19, 51:1, 51:4, 51:5, 51:9, 51:11, 51:23, 52:1, 52:2, 52:5, 52:9, 52:11, 52:13, 52:14, 52:18, 52:19, 52:20, 52:22, 52:24, 52:25, 53:2, 53:3, 53:5, 53:8, 53:10, 53:14, 53:20, 53:21, 53:22, 53:23, 54:5, 54:14, 54:17, 54:18, 55:1, 55:4, 55:11, 55:16, 55:17, 55:20, 55:22, 55:23, 55:25, 56:4, 56:12, 56:13, 56:15,

56:20, 56:23, 56:24, 57:3, 57:5, 57:6, 57:13, 57:17, 57:22, 57:25, 58:2
**TODAY** [10] - 27:10, 36:10, 36:21, 37:8, 37:12, 50:10, 54:6, 55:10, 57:3, 58:9
**TOLD** [3] - 17:9, 28:24, 33:8
**TOO** [1] - 33:11
**TOOK** [4] - 21:15, 26:15, 33:10, 47:21
**TORT** [1] - 8:5
**TOTAL** [1] - 25:9
**TOWARDS** [1] - 34:9
**TOWNHOUSE** [1] - 12:14
**TRACK** [1] - 54:4
**TRANSCRIPT** [7] - 1:25, 25:12, 25:13, 25:20, 26:1, 43:2, 58:20
**TRANSCRIPTION** [1] - 1:25
**TRANSCRIPTS** [13] - 31:15, 34:2, 38:16, 38:18, 38:21, 38:25, 40:15, 40:16, 40:17, 40:19, 40:25, 55:5, 56:14
**TREAD** [1] - 55:5
**TREAT** [1] - 50:2
**TREMENDOUS** [1] - 44:3
**TRIED** [3] - 14:7, 44:12, 45:10
**TRIGGER** [1] - 55:21
**TRIGGERED** [2] - 7:19, 28:19
**TRIP** [1] - 36:16
**TROUBLE** [1] - 54:7
**TRUMAN** [1] - 14:9
**TRUSTEE** [1] - 14:14
**TRY** [11] - 16:22, 18:10, 19:22, 20:20, 31:24, 39:7, 45:3, 45:5, 45:8, 49:11, 49:14
**TRYING** [9] - 16:21, 18:9, 20:16, 34:6, 34:11, 49:10, 49:15, 49:20, 52:19
**TURN** [4] - 4:20, 8:3, 14:25, 17:23, 26:18, 29:12, 30:24, 33:2, 37:4
**TWO** [16] - 4:22, 6:25, 7:5, 9:21, 11:12, 16:23, 29:12, 29:24,

31:10, 34:6, 34:21, 38:7, 46:20, 46:24, 46:25, 53:18
**TWO-WEEK** [1] - 6:25
**TYPE** [2] - 13:18, 35:1
**TYPES** [1] - 25:2
**TYPICALLY** [2] - 41:22, 51:23

## U

**U.S** [1] - 14:14
**ULTIMATELY** [2] - 12:9, 25:13
**UNABLE** [1] - 18:2
**UNCERTAINTY** [1] - 53:19
**UNDER** [22] - 5:25, 7:18, 10:7, 11:19, 15:10, 15:12, 16:5, 19:5, 32:12, 33:4, 36:12, 37:19, 38:3, 38:7, 38:16, 40:4, 43:3, 48:21, 48:23, 51:24, 53:1, 54:11
**UNDERLINED** [1] - 9:13
**UNDERMINES** [1] - 23:3
**UNDERSTAND** [11] - 20:24, 22:5, 26:13, 34:13, 40:7, 40:9, 42:18, 52:12, 52:16, 54:22, 55:8
**UNDERSTOOD** [3] - 37:18, 40:8, 40:14
**UNDERTAKE** [1] - 56:18
**UNDISPUTED** [3] - 6:13, 6:15, 7:17
**UNFAMILIAR** [1] - 14:9
**UNINTENTIONAL** [1] - 48:9
**UNINTENTIONALLY** [1] - 48:7
**UNITED** [1] - 1:1
**UNNECESSARILY** [1] - 52:19
**UNNECESSARY** [1] - 27:25
**UNOPPOSED** [4] - 10:2, 35:21, 48:7, 50:2
**UNSURE** [2] - 19:4, 19:5
**UNTIL** [9] - 6:7, 7:8, 7:25, 9:15, 21:15, 25:8, 25:24, 28:21, 55:1

**UNTIMELY** [1] - 8:2
**UNUSUAL** [1] - 41:20
**UP** [7] - 4:6, 33:24, 37:8, 37:13, 37:14, 44:12, 55:19
**UPCOMING** [1] - 57:7
**UPDATE** [2] - 40:21
**UPDATED** [1] - 42:7
**UPLOAD** [2] - 44:14, 44:16
**UPLOADED** [1] - 45:4
**US** [1] - 20:25
**USC** [1] - 10:7
**USE** [1] - 53:15
**USED** [1] - 52:13
**USEFUL** [1] - 53:8
**USING** [1] - 28:9

## V

**VACATE** [1] - 26:11
**VACATED** [1] - 5:11
**VALUE** [2] - 33:11, 53:2
**VARIETY** [2] - 4:5, 8:5
**VARIOUS** [3] - 4:21, 10:24, 32:21
**VERDICT** [6] - 2:6, 4:13, 5:5, 8:6, 9:22, 10:6
**VERSUS** [6] - 1:5, 4:4, 11:4, 12:1, 12:14, 13:10
**VERY** [13] - 18:8, 27:14, 30:8, 30:19, 31:4, 34:25, 38:23, 39:4, 49:12, 50:7, 50:14, 53:4, 58:11
**VEXATIOUS** [12] - 26:20, 27:24, 29:23, 33:23, 34:7, 34:9, 34:12, 34:25, 35:8, 35:13, 35:17, 37:3
**VEXATIOUSNESS** [6] - 30:23, 30:25, 32:4, 33:5, 36:25, 37:2
**VICTORIA** [1] - 12:14
**VIEW** [5] - 10:23, 26:7, 30:6, 42:8, 58:3
**VIEWS** [1] - 4:18
**VIOLATE** [1] - 50:24
**VIOLATED** [3] - 11:11, 14:2, 51:15
**VIOLATIONS** [1] - 4:25
**VIRTUE** [1] - 7:6
**VOICE** [1] - 21:5

## W

**WAIT** [1] - 28:21
**WAITED** [2] - 7:7, 7:24
**WAITING** [1] - 31:14
**WAIVER** [1] - 33:10
**WALL** [1] - 51:11
**WANT** [20] - 4:16, 4:18, 11:1, 14:25, 18:17, 21:19, 26:8, 26:9, 26:12, 26:21, 29:10, 46:19, 51:9, 52:11, 52:22, 53:20, 53:21, 53:23, 55:11, 56:13
**WANTED** [15] - 16:22, 16:23, 17:2, 17:13, 19:1, 19:3, 19:8, 19:10, 19:11, 20:20, 22:3, 22:5, 31:17, 31:18, 46:16
**WANTS** [1] - 26:2
**WARNED** [1] - 24:1
**WARNING** [1] - 24:1
**WARRANTING** [1] - 9:8
**WAS** [118] - 5:2, 5:15, 5:16, 5:17, 5:21, 5:23, 5:24, 5:25, 6:7, 6:10, 6:16, 6:17, 6:20, 7:1, 7:8, 7:11, 7:21, 8:4, 8:17, 8:19, 8:20, 8:23, 9:1, 9:4, 9:7, 9:21, 9:24, 10:14, 11:9, 13:4, 13:7, 13:24, 15:2, 15:23, 15:25, 16:2, 16:3, 16:6, 16:21, 16:24, 17:6, 17:11, 17:13, 17:25, 18:10, 18:18, 18:20, 19:1, 19:4, 19:7, 19:10, 19:12, 20:4, 20:14, 20:15, 20:22, 20:23, 20:25, 21:1, 21:23, 22:9, 22:16, 22:17, 23:22, 25:7, 27:1, 27:2, 27:16, 29:18, 29:19, 30:3, 31:7, 31:10, 33:9, 33:22, 33:23, 33:25, 34:8, 34:9, 34:14, 34:15, 34:17, 34:18, 34:24, 38:16, 39:4, 39:5, 39:19, 39:20, 40:3, 40:4, 40:7, 40:9, 43:8, 43:17, 43:18, 44:6, 44:10, 44:12, 44:21, 44:22, 45:2, 47:18, 48:4, 48:11,

48:12, 48:13, 49:20, 54:15, 57:18

**WAY** [7] - 27:8, 30:20, 32:9, 46:9, 47:16, 48:11, 49:16

**WE** [111] - 4:4, 4:17, 4:20, 5:3, 8:3, 9:2, 9:14, 9:24, 9:25, 10:1, 10:12, 10:22, 12:12, 15:22, 16:16, 16:21, 16:22, 18:12, 18:20, 19:9, 21:4, 23:10, 24:22, 26:16, 27:9, 27:22, 30:13, 31:11, 31:12, 31:13, 31:14, 31:16, 31:17, 31:18, 31:19, 31:21, 32:1, 32:2, 32:3, 33:22, 33:24, 34:2, 34:4, 34:6, 34:11, 34:16, 34:17, 34:18, 34:19, 35:3, 35:4, 35:7, 35:9, 35:10, 36:9, 36:11, 36:20, 37:9, 37:11, 37:13, 38:5, 38:8, 38:9, 38:16, 39:8, 39:15, 40:8, 40:9, 40:14, 40:15, 40:20, 42:3, 42:6, 42:19, 42:20, 43:5, 43:17, 44:12, 44:18, 45:20, 46:23, 47:8, 47:14, 47:15, 47:16, 49:12, 49:13, 49:16, 49:25, 50:5, 50:10, 50:11, 50:12, 50:14, 50:17, 52:2, 52:3, 52:7, 54:4, 54:21, 55:2, 55:9, 55:14, 56:8, 57:3, 58:13, 58:14

**WE'RE** [1] - 50:3

**WE'VE** [1] - 54:20

**WEAKNESS** [1] - 30:17

**WEB** [1] - 44:15

**WEBSITE** [1] - 44:15

**WEEK** [5] - 6:2, 6:25, 8:21, 9:3, 54:11

**WEEKEND** [1] - 9:2

**WEEKS** [4] - 7:5, 13:20, 50:16, 53:18

**WEIGH** [2] - 30:2, 30:5

**WELL** [27] - 10:11, 11:2, 11:22, 17:16, 18:19, 18:21, 19:25, 20:6, 21:9, 22:7, 24:7, 26:17, 29:9, 36:2, 38:7, 38:18, 39:1, 42:16, 43:19,

47:6, 47:9, 54:9, 54:24, 57:12, 57:22, 58:3, 58:12

**WENT** [2] - 31:9, 48:7

**WERE** [45] - 4:23, 6:5, 7:6, 8:25, 9:1, 11:13, 14:21, 16:3, 16:6, 16:21, 17:1, 17:2, 18:2, 19:4, 19:5, 19:13, 19:20, 19:22, 20:4, 21:4, 28:12, 33:5, 33:6, 34:4, 39:3, 39:18, 39:21, 40:2, 41:2, 41:4, 41:5, 41:6, 41:8, 41:14, 41:16, 41:17, 41:18, 41:22, 41:25, 42:6, 42:21, 43:8, 43:11, 47:6, 47:22

**WEST** [1] - 1:16

**WESTLAW** [5] - 11:6, 12:1, 12:15, 13:12, 13:22

**WHAT** [45] - 4:18, 6:6, 8:25, 14:25, 15:6, 15:8, 16:24, 17:6, 22:12, 24:2, 24:4, 24:11, 24:20, 28:1, 29:22, 30:3, 30:21, 32:1, 33:14, 33:15, 34:4, 34:15, 38:20, 39:5, 39:8, 40:16, 41:15, 41:17, 43:5, 45:3, 45:13, 47:11, 48:3, 48:25, 50:1, 52:11, 52:16, 52:24, 52:25, 53:9, 53:24, 56:13, 56:22, 57:13

**WHATEVER** [1] - 51:19

**WHATSOEVER** [1] - 31:24

**WHEN** [25] - 8:7, 12:9, 17:7, 17:11, 19:18, 23:3, 25:8, 32:25, 33:2, 35:4, 39:25, 40:1, 40:3, 40:19, 40:25, 41:25, 42:1, 42:6, 43:8, 44:4, 44:12, 48:4, 48:18, 55:25, 57:16

**WHERE** [17] - 4:17, 22:13, 27:22, 28:6, 29:14, 29:16, 31:20, 32:24, 35:10, 37:13, 43:1, 43:21, 46:11, 49:3, 49:5, 50:3, 56:19

**WHETHER** [15] - 14:15, 14:23, 17:21,

19:5, 26:10, 26:12, 29:5, 29:8, 33:11, 33:16, 46:13, 47:17, 56:16, 56:22, 57:20

**WHICH** [42] - 4:25, 5:4, 5:6, 5:10, 5:24, 6:2, 6:17, 6:21, 8:19, 9:5, 10:22, 10:23, 11:5, 11:11, 12:2, 13:3, 13:13, 14:2, 15:17, 22:20, 23:16, 25:15, 25:16, 27:9, 28:5, 30:8, 31:11, 31:18, 32:11, 32:12, 33:23, 34:15, 34:16, 35:3, 38:15, 38:16, 45:13, 47:22, 51:23, 52:2, 53:5, 55:17

**WHILE** [3] - 18:7, 23:22, 51:20

**WHITE** [2] - 1:20, 58:24

**WHO** [8] - 19:20, 19:21, 20:4, 20:15, 23:11, 42:24, 50:23

**WHOEVER** [2] - 55:22, 55:23

**WHOM** [1] - 19:19

**WHY** [40] - 7:5, 7:7, 8:14, 9:3, 9:10, 9:17, 12:25, 15:18, 15:19, 15:21, 16:11, 16:13, 16:14, 16:17, 17:9, 18:2, 19:10, 20:18, 22:1, 23:20, 24:15, 26:19, 30:24, 31:11, 31:17, 32:11, 33:22, 34:6, 38:15, 39:1, 39:16, 43:2, 44:1, 46:3, 47:24, 49:6, 49:12, 53:5, 54:21, 58:4

**WILL** [37] - 4:20, 6:9, 9:12, 10:13, 17:21, 24:23, 25:11, 25:19, 25:21, 25:22, 25:23, 26:16, 32:12, 36:15, 37:8, 37:10, 39:12, 46:1, 46:24, 49:4, 49:18, 50:10, 53:8, 54:10, 54:11, 54:12, 55:2, 55:10, 55:12, 55:13, 55:14, 56:17, 57:14, 57:22, 58:12, 58:13, 58:14

**WILLFUL** [1] - 24:10

**WILLING** [1] - 53:20

**WILMINGTON** [1] - 1:16

**WILMINGTON-WEST**

[1] - 1:16

**WIN** [1] - 51:8

**WIND** [1] - 37:13

**WINNING** [1] - 27:15

**WITH** [60] - 5:8, 5:22, 7:2, 8:15, 9:11, 13:18, 14:9, 14:24, 15:15, 15:19, 16:1, 16:23, 16:25, 17:4, 18:8, 18:9, 19:23, 20:5, 20:15, 21:1, 21:2, 21:6, 22:20, 22:23, 22:24, 23:2, 23:3, 23:11, 23:17, 24:8, 24:9, 25:5, 25:17, 25:21, 25:22, 26:1, 26:2, 27:5, 31:9, 32:7, 34:17, 34:20, 35:11, 42:4, 43:4, 43:22, 45:15, 46:4, 46:23, 48:16, 49:17, 50:1, 50:4, 50:6, 50:12, 50:17, 54:13, 55:5, 57:25

**WITHIN** [2] - 7:22, 8:11

**WITHOUT** [4] - 9:17, 11:10, 13:9, 27:12

**WOLSON** [1] - 1:10

**WORD** [1] - 29:22

**WORKING** [1] - 9:1

**WOULD** [41] - 6:22, 7:20, 9:5, 13:18, 15:22, 21:13, 25:6, 31:8, 31:19, 31:23, 33:11, 35:7, 35:13, 36:21, 38:7, 38:15, 39:15, 41:1, 41:16, 41:20, 41:25, 42:2, 43:3, 44:9, 44:11, 46:17, 46:21, 47:19, 49:10, 49:13, 49:15, 50:17, 51:23, 52:20, 53:1, 55:18, 55:20, 55:22, 58:3

**WRIGHT** [1] - 13:10

**WRITING** [2] - 24:14, 25:25

**WRITTEN** [2] - 34:15, 34:24

**WRONG** [2] - 13:4, 24:15

---

## Y

**YASHAYEV** [4] - 5:2, 5:4, 20:9, 20:12

**YEAR** [4] - 8:10, 12:13, 13:12, 33:24

**YES** [11] - 20:17,

20:24, 21:18, 26:15, 36:8, 36:22, 37:22, 41:5, 51:7, 51:8, 53:25

**YET** [7] - 9:18, 16:16, 40:6, 47:2, 53:10, 53:12, 56:19

**YORK** [1] - 11:5

**YOU** [214] - 15:5, 15:7, 15:10, 15:11, 15:17, 15:18, 15:19, 15:21, 16:7, 16:11, 16:13, 16:14, 16:17, 17:9, 17:17, 17:19, 18:2, 18:4, 18:14, 18:19, 18:21, 18:22, 18:24, 19:3, 19:4, 19:5, 19:6, 19:13, 19:18, 19:19, 20:7, 20:18, 20:22, 20:25, 21:2, 21:7, 21:11, 21:20, 21:23, 22:1, 22:7, 22:11, 22:12, 22:13, 22:14, 22:15, 22:20, 22:23, 22:24, 22:25, 23:1, 23:14, 23:20, 23:21, 24:1, 24:14, 24:15, 24:17, 24:20, 24:24, 25:5, 25:8, 25:11, 25:15, 25:16, 25:19, 25:21, 25:22, 26:1, 26:2, 26:13, 26:19, 26:21, 26:23, 28:1, 29:13, 29:24, 30:9, 30:10, 30:12, 30:22, 30:25, 31:3, 31:4, 32:5, 32:6, 32:10, 32:17, 33:8, 33:14, 33:15, 35:18, 35:25, 36:24, 37:6, 37:9, 37:10, 37:13, 37:15, 37:18, 37:20, 38:3, 39:12, 39:23, 39:25, 40:1, 40:5, 40:11, 40:13, 40:25, 41:2, 42:8, 42:11, 42:17, 42:23, 42:24, 44:1, 44:3, 44:5, 44:6, 44:7, 44:8, 44:19, 44:24, 44:25, 45:5, 45:8, 45:12, 45:13, 45:15, 45:16, 45:17, 45:18, 45:21, 45:23, 46:8, 46:16, 46:18, 46:21, 47:2, 47:12, 47:13, 47:16, 47:20, 47:21, 47:22, 47:25, 48:3, 48:4, 48:6, 48:10, 48:15, 48:22, 49:4, 49:7, 49:19, 49:20, 49:22,

49:23, 49:24, 49:25,
50:1, 51:9, 51:10,
52:12, 52:17, 52:18,
52:21, 52:24, 53:3,
53:5, 53:6, 53:9,
53:15, 53:17, 53:21,
53:22, 53:23, 53:24,
54:14, 54:17, 54:19,
54:24, 54:25, 55:4,
55:6, 56:13, 57:13,
57:19, 57:22, 58:1,
58:7, 58:10, 58:14
**YOU'RE** [1] - 57:20
**YOU'VE** [5] - 17:17,
23:2, 23:21, 47:1,
54:25
**YOUR** [78] - 4:9,
15:10, 18:24, 19:14,
21:2, 21:3, 23:13,
23:14, 24:5, 24:6,
24:8, 24:22, 25:20,
25:24, 26:5, 26:8,
26:14, 26:21, 28:6,
30:4, 30:6, 30:13,
32:17, 33:12, 34:8,
34:12, 35:18, 36:7,
37:16, 37:18, 37:20,
37:22, 41:6, 41:12,
41:14, 41:21, 42:14,
42:16, 44:11, 44:12,
44:17, 45:7, 46:7,
46:10, 46:18, 47:22,
48:4, 48:8, 48:9,
49:7, 49:9, 49:14,
49:17, 50:4, 50:18,
51:10, 51:24, 52:19,
53:18, 54:10, 54:14,
54:18, 54:20, 54:22,
55:11, 56:10, 56:20,
56:22, 57:1, 57:3,
57:14, 57:15, 58:3,
58:7, 58:9, 58:10,
58:13
**YOURSELF** [2] - 25:1,
47:21