**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **JACOVETTI LAW, P.C., et al.**, | **Case No. 2:20-cv-00163-JDW** |
| *Plaintiffs*, | |
| v. | |
| **JAMES EVERETT SHELTON, et al.**, | |
| *Defendants*. | |

## MEMORANDUM

Joshua Thomas does not want this Court's decision sanctioning him to stand. That much the Court understands. What the Court does not understand are the arguments Thomas makes to support his reconsideration motion. Thomas ignores the notice that he received about the sanctions, he ignores the Court's analysis in sanctioning him, and he conflates the publicity about the Court's prior order with the sanctions themselves. The Court can best describe Thomas's arguments with one word: "Nonsense." The Court will not reconsider its prior order. However, it also will not disqualify Thomas as counsel in this case, as Defendants request.

## I.      STANDARD FOR RECONSIDERATION

To succeed on a motion for reconsideration, the moving party must show one of three things: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need correct a clear error of law or fact or prevent manifest injustice. *See Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (*per curiam*). Disagreement with the Court's ruling is not proper grounds for a motion for reconsideration. *See Mayberry v. Trans Union LLC*, Civ. A. No. 18-3262, 2020 WL 1904591, at * 1 (E.D. Pa. Apr. 17, 2020). A reconsideration motion is not an opportunity

to present previously available evidence or new arguments. *See id.* (quoting *Federico v. Charterers Mut. Assur. Ass'n Ltd.*, 158 F. Supp.2d 575, 578 (E.D.Pa. 2001)).

## II.    ANALYSIS

Thomas argues in his motion that there was a clear error of law and manifest injustice. But he has not shown either. Thomas also asks the Court to reconsider its instruction to him that he limit his argument to issues already presented. The Court will not do so. Thomas's request demonstrates his lack of understanding of the purpose of reconsideration. Every argument that he makes now is one that he could have made before. He has not shown any extenuating circumstance to justify new arguments.

### A.    Due Process

Thomas complains that the Court "failed to provide: (1) notice that *sua sponte* sanctions were being considered via the Court's inherent authority; and (2) what missed deadlines were being considered." (ECF No. 38 at 5.) The argument borders on the frivolous. On February 14, 2020, the Court issued an Order directing Thomas to show cause why the Court should not sanction them. (ECF No. 7.) It did so *sua sponte*. Then, on March 12, 2020, the Court held a hearing on, among other things, the imposition of sanctions pursuant to the Order to show cause. The Court explained that the "Order to show cause is something that I believe arises under my inherent powers." (Tr. of Hearing dated Mar. 12, 2020, at 33; *see also id.* at 32 (noting that the order to show cause is a "function of my inherent power to sanction".) The Court also laid out the specific sanctions it was considering. (*Id.* at 24-26.) That same day, the Court issued a second Order to show cause again laying out the sanctions that the Court was considering. (ECF No. 22.)

Against this backdrop, Thomas's argument is hard to fathom. He knew that the Court raised the issue of sanctions *sua sponte* in an order to show cause. The Court told him that the sanctions

2

under consideration stemmed from the Court's inherent authority. And he knew exactly what sanctions the Court was considering. He also knew exactly what deadlines led to the sanctions because the Court told him that in orders to show cause and on the record.

**B.      Propriety Of *Sua Sponte* Sanctions**

Thomas points out that courts should employ *sua sponte* sanctions rarely, and with restraint and discretion. Indeed, the Court said just that in its prior decision. (ECF No. 28 at 9.) Thomas also notes that the Court should resort to its inherent authority when the conduct before it jeopardizes the integrity of the judicial process. Again, that is the standard that the Court articulated in its sanctions decision. (*Id.*)

Thomas asserts that *sua sponte* sanctions were not appropriate here, but he offers no analysis. In any event, he is wrong. As the Court explained, Thomas has demonstrated bad faith. The Court found that Thomas willfully disregarded the Court's Orders. Then, Thomas doubled down and lied to the Court when he had the opportunity to explain his failures. (*Id.* at 10-11.) Disregarding the Court's Orders and lying to the Court are precisely the type of conduct that jeopardize the judicial process and justify the Court's use of its *sua sponte* sanctions authority.

**C.      Types Of Sanctions**

Thomas points out that he has been the subject of negative press and disciplinary action as a result of the Court's sanctions. He therefore argues that the Court should impose lesser sanctions. But the publicity, the way that his opponents use that negative press, and the disciplinary actions against him are not sanctions. They are consequences of the sanctions order. The fact that those consequences have arisen does not suggest that the Court should lessen the sanctions that it imposed.

Thomas also complains that his history of misconduct should not impact the entry of sanctions or the sanctions entered. The Court agrees that Thomas's long history of misconduct does not justify the sanctions here. To be clear, the Court has not sanctioned Thomas for anything that he did in any case other than this case. The Court sanctioned Thomas because, in this case, he willfully ignored the Court's instruction to file a Rule 7.1 disclosure statement. Then, when the Court asked Thomas about his reasons, Thomas lied and claimed he did not have the necessary information. That conduct, in this case, justifies the sanctions. The Court can, however, consider Thomas's history in determining whether lesser sanctions will have the deterrent effect that they should have. The fact that lesser sanctions imposed in other cases have not corrected his behavior demonstrates that lesser sanctions would not be effective here. There was no error of law or manifest injustice in the Court making that determination.

### D.      Disqualification

The Court sees no basis to disqualify Thomas for his conduct since the Court sanctioned him. He apparently made a mistake in complying with the Court's Order by sending the Order to the Pennsylvania and New Jersey Bar Associations, instead of the Supreme Court disciplinary committees. But he has now cured that mistake. He also has shown that he complied with the Court's Order in communicating with his clients. The Court will not deprive Thomas's clients of their chosen counsel based on these minor issues of noncompliance.

## III.   CONCLUSION

The Court knows that its sanctions in this case were harsh. That sprung from the Court's assessment of whether lesser sanctions would correct the problem. Thomas has not shown anything to suggest that the Court's prior decision was legal error or that it caused a manifest injustice. However, given that Mr. Thomas has cured the mistakes identified in the Defendants' Motion to

4

Disqualify, the Court sees no reason to deprive the Plaintiffs of having Mr. Thomas represent them.

The Court will therefore deny both Motions.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

Dated:  May 20, 2020