IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOVETTI LAW, P.C. et al.<br>PLAINTIFFS,<br><br>V.<br><br>JAMES EVERETT SHELTON, et al.<br>DEFENDANTS. | CIVIL ACTION NO.: 2:20-cv-00163-JDW<br><br>*Civil Action* |

**RESPOSNE TO ORDER TO SHOW CAUSE**

Even the most sophisticated law firms with the most state-of-the-art calendaring and docketing vendors and internal practices and controls can suffer the nightmare of having a filing deadline fall through the cracks. *See*, *Pincay v. Andrews*, 389 F.3d 853, 854-855 (9th Cir. 2004). Rule 6(b)(1)(B) provides that for any act that must be done by a party to a federal court proceeding within a specified time frame, the court may "for good cause, extend the time…after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is, at bottom, an equitable doctrine, without a precise definition in the Federal Rules. *Pioneer Investment Services Co. v. Brunswick Associates, Ltd. Partnership*, 507 U.S. 380, 395 (1992). The U.S. Supreme Court has provided guidance on what constitutes excusable neglect in the *Pioneer* case, where the Court laid out a four-factor balancing test for what constitutes excusable neglect. In a passing reference endorsing the standard of excusable neglect enunciated by the court below, the factors to be considered in excusable neglect are (in no particular order):

1. Whether the delay in filing was within the reasonable control of the movant;
2. The length of the delay and the delay's potential impact on judicial proceedings;
3. The danger of prejudice to the non-moving party; and

1

    4. Whether the movant acted in good faith.

The underlying premises of the excusable neglect doctrine is that it exists to prevent victories by default. *Newgen, LLC. v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (observing that it is "the general rule that default judgments are ordinarily disfavored). It is an oft-stated but often undervalued principle of the federal civil procedure system that cases should, in the main, be decided *on the merits*, not on technicalities. *Rodriguez v. Village Green Realty, LLC*, 788 F.3d 31, 47 (2d. Cir. 2015) (citing *Cargill, Inc. v. Sears Petroleum & Transp. Corp.*, 334 F. Supp. 2d 197, 247 (NDNY 2014) and observing that there is a strong preference for resolving disputes on the merits).

In this case, the four factors should be considered met, and the motion not struck off. As for part 1, the delay was in the reasonable control of the movant. Put simply, when the opposition was calendared, it was calendared a week later than it should have been, hence why it was filed on July 14th, rather than the 7th. This was not an intentional act, and merely an error on the part of the attorney when the scheduled date was added. As for part 2, the "length of the delay and the delay's potential impact on judicial proceedings" while it was a 7 day delay, there had been no filings in between, no orders in between, and nothing submitted by opposing counsel in between, to show any impact on judicial proceedings. In fact, the Motion to strike, along with opposing counsel's reply, filed two days after the pleading was submitted, seemed to have been only submitted after this rule to show cause was filed. That brings us to point 3, and in neither of those documents, which will be responded to in a timely manner, did defendants' counsel assert prejudice; merely rehashing the same arguments already used in the prior motions which, to date, have not been ruled on yet.

Finally as to point 4, good faith. While it is acknowledge that this court and opposing counsel are certain to try and frame this in light of the prior proceedings, this delayed filing was not an action of bad faith. Again, while the pleading was a week late, this was due solely to an improper calendaring, and nothing more. Further, the arguments have not changed, and the fact of the matter is, this case, and specifically, the frivolous motion for sanctions, should be heard on their merits, and ruled in favor of Plaintiff.

Defendants' motions and responses again utterly lack merit and were again filed for an improper purpose, and its denial should be compounded by a corresponding levy of sanctions and costs against Defendants. Further, the new evidence that was part of the pleadings submitted by Plaintiffs clearly show the intentional acts on the part of Defendants, and their attorney. As previously stated, the motion is procedurally deficient as well, as there was no attempt to send a safe harbor letter, in this matter, merely the filing of the frivolous motion and bold faced threats as discussed in the email. As previously stated, Defendants' attorney has now taken to making the exact same types of threats as his client has done. (See Exhibit A – Email chain and see broadly Exhibit B – February 19, 2020 Transcripts and Exhibit C – May 15, 2020 Transcripts, all incorporated by reference). Further, in contrast to defendants claims, there is evidence of conspiracy with third parties, not even including Mr. Reo, who may himself be in on the scheme, and which seems more and more likely, with every correspondence he sends to Plaintiffs' counsel.

We will repeat, there is reason to believe that Mr. Reo, in fact, should be sanctioned, as he apparently goes along with this scheme by virtue of often joining in on the cases for Mr. Shelton after he files them, as previously stated and as shown in his most recent email where he uses the exact same type of language as his client. This is clearly an attempt to shirk his ethical duties, as the scheme seems to be Shelton files the cases Pro Se, and makes all of the wild accusations he

wants, such as again Plaintiffs. If he goes too far and after the damage is done, and more specifically, if the victims, such as the Plaintiffs in this matter, don't simply pay to make him go away, then Mr. Reo comes in, and "cleans up" the accusations of Shelton. This is clearly a pattern and practice as discussed in the numerous other cases of Shelton. This is exactly what happened in this case, and this should all be taken seriously by the court, and the case should proceed on the merits. That is why the response should not be struck off, so it can heard on its merits.

Date: _July 20, 2020_  By:_/s/ Joshua L. Thomas_____
                                                                  Joshua L. Thomas, Esq.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOVETTI LAW, P.C. et al.<br>    PLAINTIFFS,<br><br>V.<br><br>JAMES EVERETT SHELTON, et al.<br>    DEFENDANTS. | CIVIL ACTION NO.: 2:20-cv-00163-JDW<br><br>*Civil Action* |

## CERTIFICATE OF SERVICE

I, Joshua L. Thomas, Esq., do hereby certify that service of a true and correct copy of the attached pleadings, and attachments thereto, was delivered by first class mail and/or electronic filing to the below named interested parties.

<u>Party</u>
Bryan A. Reo, Esq. P.O. Box 5100 Mentor, OH 44061


Date: _July 20, 2020_                                By: _/s/ Joshua L. Thomas_____
                                                                         Joshua L. Thomas, Esq.