**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JACOVETTI LAW, P.C. et al.<br>    PLAINTIFFS,<br><br>               V.<br><br>JAMES EVERETT SHELTON, et al.<br>    DEFENDANTS. | CIVIL ACTION NO.: 2:20-cv-00163-JDW<br><br>          *Civil Action* |

**PLAINTIFF'S MOTION FOR LEAVE TO SERVE PROCESS**

**PURSUANT TO F.R.C.P. 4(m).**

Plaintiff hereby moves this honorable court to extend time for service in this matter pursuant to F.R.C.P. 4(m). Plaintiffs aver as follows:

1.  Fed. R. Civ. P 4(m) states ""If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant **or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. …** ".

2.  Plaintiff filed this case on January 9, 2020.

3.  The complaint was sent for service to be attempted on Dan Boger at 333 Dean Drive Rockville, Maryland 20551 on January 13, 2020.

4.  At the time service was attempted, there was no one present to accept the service.

5.  Further, a search  was unable to find another valid address for Dan Boger at that time.

6.  An amended complaint was then filed on May 4, 2020.

7.  It included facts against Defendant Boger dating back to at least the end of 2018, an extend

through to the present.

8.  Again, service was sent to be attempted on Dan Boger at 333 Dean Drive Rockville,

Maryland 20551 but because of the recent Covid-19 outbreak, that service was not attempted

until July 27, 2020, but again, it could not be made and no alternative address could be

found.

9.  However, there are numerous complaint that Defendant Boger ahs filed in the District of

Maryland, including:

    a.  8:16-cv-01962-RWT    Boger v. Fast Capital Partners, LLC

    b.  8:16-cv-00546-PJM    Boger v. Sprout Lending, LLC

    c.  8:16-cv-00794-PJM    Boger v. World Business Lenders, LLC

    d.  8:17-cv-00965-PX    Boger v. Mariam, Inc. et al

    e.  8:17-cv-01729-TDC    Boger v. Trinity Heating & Air, Inc. et al

    f.  8:17-cv-02248-TDC    Boger v. Prosperum Capital LLC

    g.  8:19-cv-00170-PWG    Boger v. Matrix Warranty Solutions, Inc. et al

    h.  8:19-cv-01234-PX    Boger v. Citrix Systems, Inc.

    i.  8:19-cv-01240-PWG    Boger v. Energy Telemarketers Incorporation et al

    j.  8:19-cv-01681-GJH    Boger v. Prime Leads Network, LLC et al

10. In each of those cases, there are often at least, one, or sometimes more than one, attorney

who has represented Mr. Boger.

11. Since it appears Mr. Boger has not been accepting service at his known address, it is

requested that the court grant an extension of time to permit service to made to the attorneys

who have represented him in these cases; so this case may proceed on its merits.

As such, Plaintiff requests that an extension of time be granted so that service can now be

made and so the remaining claims against Defendant Boger can proceed on their merits.

Date: September 7, 2020                          ___/s/ Joshua Thomas_____
                                                 Joshua L. Thomas and Associates
                                                 Joshua Thomas Esq.
                                                 Supreme Court ID No. 003992012
                                                 225 Wilmington-West Chester Pike
                                                 Suite 200
                                                 Chadds Ford, PA 19317
                                                 Phone: (215) 806-1733
                                                 Email: JoshuaLThomas@gmail.com

**VERIFICATION**

The undersigned, Joshua L. Thomas, Esq. in the within action hereby states that he is the

Attorney for the Plaintiffs in this action and verifies that the statements in the foregoing pleading

are true and correct to the best of his knowledge, information, and belief.  The undersigned

understands that the statements therein are made subject to the penalties of 18 Pa. C.S. §4904

relating to unsworn falsifications to authorities.


**DATED:** _ September 7, 2020                    _/s/ Joshua L. Thomas_____
                                                                              Joshua L. Thomas, Esq.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JACOVETTI LAW, P.C. et al.
    PLAINTIFFS,

      V.

JAMES EVERETT SHELTON, et al.
    DEFENDANTS.

CIVIL ACTION NO.: 2:20-cv-00163-JDW

*Civil Action*

**O R D E R**

AND NOW, this        day of                  , 2020, it is hereby ORDERED and

DECREED that Plaintiffs' Motion For Leave To Serve Process Is GRANTED.

Plaintiffs has _____ days from the filing of this order to service the complaint on

Defendant Dan Boger.

.

BY THE COURT:

J._____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JACOVETTI LAW, P.C. et al.<br>    PLAINTIFFS,<br><br>           V.<br><br>JAMES EVERETT SHELTON, et al.<br>    DEFENDANTS. | CIVIL ACTION NO.: 2:20-cv-00163-JDW<br><br>*Civil Action* |

**<u>CERTIFICATE OF SERVICE</u>**

        I, Joshua L. Thomas, Esq., do hereby certify that service of a true and correct copy of the attached pleadings, and attachments thereto, was delivered by first class mail and/or electronic filing to the below named interested parties.

<u>Party</u>
Bryan A. Reo, Esq. P.O. Box 5100 Mentor, OH 44061

And

Dan Boger 333 Dean Drive Rockville, Maryland 20551.

Date:  September 7, 2020                      By: /s/ Joshua L. Thomas_____
                                                        Joshua L. Thomas, Esq.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JACOVETTI LAW, P.C. et al.
     PLAINTIFFS,

       V.

JAMES EVERETT SHELTON, et al.
     DEFENDANTS.

CIVIL ACTION NO.: 2:20-cv-00163-JDW

*Civil Action*

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO SERVE PROCESS
PURSUANT TO F.R.C.P. 4(m).**

Plaintiff hereby moves this honorable court for leave to serve process in this matter pursuant to F.R.C.P. 4(m). Fed. R. Civ. P 4(m) states ""If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant **or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. …** ".

When considering extending the time for service under Rule 4(m), the Court must employ a two-pronged inquiry. *See McCurdy v. American Bd. of Plastic Surgery,* 157 F.3d 191, 196 (3d Cir. 1998). First, the Court must consider whether good cause exists for the failure to effect service within the [90] day window. *See id.* If good cause exists, the Court should grant an extension of time to serve the complaint. *See id.* If good cause does not exist, the Court has discretion to grant an extension. *See id.* Good cause, in the context of Rule 4(m), means "`a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" *MCI Telecommunications Corp. v. Teleconcepts, Inc.,* 71

F.3d 1086, 1097 (3d Cir.1995) (quoting *Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1312

(3d Cir.1995)). "[T]he primary focus is on the plaintiff's reasons for not complying with the time

limit in the first place." *Id.* Good cause does exist in this case. However, if the court were to find

it did not, "the court may in its discretion decide whether to dismiss the case without prejudice or

extend time for service." *Id.* Even if the plaintiff has not effected service within the given time as

required by Rule 4(m), the court may permit the plaintiff with an additional period of time, until

to complete service of process. See Harris v. Laford CIVIL ACTION NO. 14-1304  (E.D. Pa.

2014).

The Court must next decide whether to exercise its discretion and allow the Plaintiff an

extension of time to serve the Defendants. *Shore v. Henderson*, 168 F. Supp. 2d 428 (E.D. Pa.

2001). When considering prejudice in the context of exercising the Court's discretion, prejudice

"`involves impairment of defendant's ability to defend on the merits, rather than foregoing such a

procedural or technical advantage.'" *Boley v. Kaymark,* 123 F.3d 756, 759 (3d Cir.1997) (quoting

*National Union Fire Ins. Co. v. Barney Assoc.,* 130 F.R.D. 291, 294 (S.D.N.Y.1990)). In the instant

case, the Defendants' ability to prepare an appropriate defense has not been impaired. In addition,

"actual notice to a defendant that an action was filed militates against a finding of prejudice." *Id.*

Plaintiff filed this case on January 9, 2020. The complaint was sent for service to be

attempted on Dan Boger at 333 Dean Drive Rockville, Maryland 20551 on January 13, 2020. At

the time service was attempted, there was no one present to accept the service. Further, a search

was unable to find another valid address for Dan Boger at that time. An amended complaint was

then filed on May 4, 2020. It included facts against Defendant Boger dating back to at least the

end of 2018, an extend through to the present. Again, service was sent to be attempted on Dan

Boger at 333 Dean Drive Rockville, Maryland 20551 but because of the recent Covid-19 outbreak,

that service was not attempted until July 27, 2020, but again, it could not be made and no alternative address could be found. Additionally, in Maryland everything essentially reopened on Monday, August 31, as the Maryland courts entered into Phase 4, so service should be able to be performed much quicker now. Additionally, there are numerous complaint that Defendant Boger ahs filed in the District of Maryland, including:

    a.  8:16-cv-01962-RWT     Boger v. Fast Capital Partners, LLC

    b.  8:16-cv-00546-PJM     Boger v. Sprout Lending, LLC

    c.  8:16-cv-00794-PJM     Boger v. World Business Lenders, LLC

    d.  8:17-cv-00965-PX     Boger v. Mariam, Inc. et al

    e.  8:17-cv-01729-TDC     Boger v. Trinity Heating & Air, Inc. et al

    f.  8:17-cv-02248-TDC     Boger v. Prosperum Capital LLC

    g.  8:19-cv-00170-PWG     Boger v. Matrix Warranty Solutions, Inc. et al

    h.  8:19-cv-01234-PX     Boger v. Citrix Systems, Inc.

    i.  8:19-cv-01240-PWG     Boger v. Energy Telemarketers Incorporation et al

    j.  8:19-cv-01681-GJH     Boger v. Prime Leads Network, LLC et al

In each of those cases, there are often at least, one, or sometimes more than one, attorney who has represented Mr. Boger. Since it appears Mr. Boger has not been accepting service at his known address, it is requested that the court grant an extension of time to permit service to made to the attorneys who have represented him in these cases; so this case may proceed on its merits. Taking these factors into account and considering the preference to resolving cases on the merits, the Court should exercise its discretion to extend the Plaintiffs' time for service, so Plaintiffs will not suffer prejudice, by having the case dismissed before it can be heard on its merits regarding Defendant Boger.

Date: September 7, 2020                                    /s/ Joshua Thomas
                                          Joshua L. Thomas and Associates
                                          Joshua Thomas Esq.
                                          Supreme Court ID No. 003992012
                                          225 Wilmington-West Chester Pike
                                          Suite 200
                                          Chadds Ford, PA 19317
                                          Phone: (215) 806-1733
                                          Email: JoshuaLThomas@gmail.com