# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JACOVETTI LAW, P.C., et al.**, *Plaintiffs*, v. **JAMES EVERETT SHELTON, et al.**, *Defendants*. | Case No. 2:20-cv-00163-JDW |

## ORDER

**AND NOW**, this 8th day of September, 2020, upon consideration of Plaintiffs Jacovetti Law, P.C.'s and Robert Jacovetti's Motion for Leave to Serve Process (ECF No. 65), the Court notes as follows.

1. Plaintiffs filed a Complaint in this action on January 9, 2020, naming Dan Boger as a Defendant. (ECF No. 1.) Plaintiffs never served the Complaint on Mr. Boger.

2. On May 4, 2020, Plaintiffs filed an Amended Complaint, and again, named Mr. Boger as a Defendant. (ECF No. 39.) It is 127 days later, and Plaintiffs still have not served Mr. Boger with process.

3. On September 1, 2020, the Court issued a Memorandum and Order granting Defendants James Everett Shelton's and Final Verdict Solutions' Motion to Dismiss the Amended Complaint for failure to state a claim for a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and wire fraud. (ECF Nos. 59-60.)

4. That same day, the Court issued an Order to Show Cause why it should not dismiss all claims against Mr. Boger for Plaintiffs' failure to effect service pursuant to Fed. R. Civ. P. 4(m). (ECF No. 61.)

5. On September 7, 2020, Plaintiffs moved for additional time to serve Mr. Boger and also sought permission to make alternate service on attorneys who represent Mr. Boger in litigation in the United States District Court for the District of Maryland. (ECF No. 65.)

6. In the Amended Complaint, Plaintiffs allege that Mr. Boger engaged in the same conduct as Defendants Shelton and Final Verdict Solutions ("FVS"). (ECF No. 39 at ¶ 37.) The Court has determined that that alleged conduct does not state a claim for a violation of RICO and wire fraud. (ECF No. 59.) Plaintiffs cannot maintain these claims against Mr. Boger any more than they can against Shelton or FVS.

7. While "the court must extend the time for service for an appropriate period" where the plaintiff demonstrates good cause for its failure to make timely service, Fed. R. Civ. P. 4(m), courts deny motions for additional time to effect service when doing so would be futile, such as when the claims are subject to dismissal. *See Turner v. Shirey*, No. 16-cv-3886, 2017 WL 1709811, at *3 (E.D. Pa. May 2, 2017); *Washington v. Sedlock*, No. 17-cv-988, 2020 WL 4353198, at *8 (W.D. Pa. May 12, 2020), *report and recommendation adopted*, 2020 WL 4350242 (W.D. Pa. July 29, 2020); *Basemore v. Vihlida*, No. 13-cv-669, 2014 WL 640257, at *18 (W.D. Pa. Feb. 19, 2014), *aff'd*, 605 F. App'x 105 (3d Cir. 2015).

Therefore, for the foregoing reasons, it is **ORDERED** that Plaintiff's Motion for Leave to Serve Process (ECF No. 65) is **DENIED**.

It is **FURTHER ORDERED** that this matter is **DISMISSED WITHOUT PREJUDICE** against Defendant Dan Boger, pursuant to Fed. R. Civ. P. 4(m). The Clerk of Court shall mark this case closed for statistical purposes.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.